Duane M. Geck
Cal. State Bar No. 114823
dmg@severson.com
Donald H. Cram
Cal. State Bar No. 160004
Tex. State Bar No. 05000300
dhc@severson.com
SEVERSON & WERSON
A Professional Corporation
One Embarcadero Center, Suite 2600
San Francisco, California 94111
Telephone: (415) 398-3344
Facsimile: (415) 956-0439

Attorneys for Secured Creditor
FORD MOTOR CREDIT COMPANY LLC

# UNITED STATES BANKRUPTCY COURT

# NORTHERN DISTRICT OF TEXAS

# LUBBOCK DIVISION

| | | |
|---|---|---|
| IN RE: <br><br> **REAGOR-DYKES MOTORS, LP** <br><br> Debtor. | § § § § § § | Case No. 18-50214-rlj11 |
| IN RE: <br><br> **REAGOR-DYKES IMPORTS, LP** <br><br> Debtor. | § § § § § § | Case No. 18-50215-rlj11 <br> (Jointly Adminstered Under Case No. 18-50214) |
| IN RE: <br><br> **REAGOR-DYKES AMARILLO, LP** <br><br> Debtor. | § § § § § § | Case No. 18-50216-rlj11 <br> (Jointly Adminstered Under Case No. 18-50214) |
| IN RE: <br><br> **REAGOR-DYKES AUTO COMPANY, LP** | § § § § | Case No. 18-50217-rlj11 <br> (Jointly Adminstered Under |

|                              |   |                                                                                      |
|------------------------------|---|--------------------------------------------------------------------------------------|
| Debtor.                      | § § | Case No. 18-50214)                                                                 |
| IN RE:                       | § § |                                                                                    |
| REAGOR-DYKES PLAINVIEW, LP   | § § § | Case No. 18-50218-rlj11<br>(Jointly Adminstered Under<br>Case No. 18-50214)      |
| Debtor.                      | § § |                                                                                    |
| IN RE:                       | § § |                                                                                    |
| REAGOR-DYKES FLOYDADA, LP    | § § § | Case No. 18-50219-rlj11<br>(Jointly Adminstered Under<br>Case No. 18-50214)      |
| Debtor.                      | § |                                                                                    |

## MOTION TO APPOINT CHAPTER 11 TRUSTEE

### PURSUANT TO 11 U.S.C. § 1104(a) and (b)

Secured Creditor, Ford Motor Credit Company LLC ("Ford Credit"), by and through its undersigned counsel, moves this Court to appoint a Chapter 11 Trustee in this bankruptcy case pursuant to 11 U.S.C. § 1104(a) and (b), on the grounds that Reagor-Dykes Motors, LP and other related Debtors entities ("Debtors") have committed acts constituting fraud, dishonesty, and gross mismanagement of the affairs of the Debtors, and such appointment is therefore in the best interests of creditors.

This Motion is based upon the following memorandum of points and authorities, the attached exhibits, declaration of Paul A. Boudreau and oral argument that the Court may allow at a hearing on this Motion.

### JURISDICTION AND VENUE

This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper in the Northern District of Texas pursuant to 28 U.S.C. §§ 1408 and 1409. This subject matter of this Motion is a core proceeding pursuant to 28 U.S.C. § 157. The statutory predicates for the relief requested herein are 11 U.S.C. §§ 105(a) and 1104(a) of the Bankruptcy Code.

## MEMORANDUM OF POINTS AND AUTHORITIES

### INTRODUCTION

Up until July 30, 2018, Debtors sold new and used cars financed by Ford Credit and, instead of honoring their promise and contractual obligations to repay Ford Credit the amount it had loaned Debtors to acquire those vehicles, Debtors pocketed over $41 million previously advanced by Ford Credit. This may be one of the largest floor-plan-financing frauds in the history of the United States.

Debtors hid this massive breach from Ford Credit in several ways. First, Debtors fraudulently mispresented sales-reporting data to Ford Credit such that Ford Credit believed Debtors were timely paying off cars it sold to the public. In reality, Debtors had been engaging in a scheme similar to check-kiting whereby it actually sold vehicles on average 55 days before telling Ford Credit, thus allowing Debtors to "float" the debt it owed to Ford Credit.

Second, Debtors fraudulently secured double-flooring from Ford Credit. Double-flooring refers to automobile dealers who receive acquisition funding twice for the same vehicle. This is a serious violation of any inventory financing agreement and represents a significant violation of a dealer's representations and warranties made to its lenders. *See U.S. v. Hoover* (5th Cir. 2006) 467 F.3d 496, 497 (double flooring is "an illegal practice whereby a single vehicle is used as collateral for more than one loan.").

Third, Debtors fraudulently obtained inventory financing for cars it had already sold. In other words, while Debtors no longer possessed and had no rights in the car, they would represent to Ford Credit that they still held the car as inventory and then obtained additional financing.

There is ample cause to appoint a Chapter 11 Trustee. Debtors' pervasive fraud and dishonesty have harmed the estate and its creditors. Debtors have already squandered more than $41 million on the current management's watch—through either their own fraud or gross mismanagement. Either way, a Chapter 11 Trustee is necessary to protect what is left of the estate's assets and to righteously pursue claims of prepetition misdeeds.

## STATEMENT OF FACTS

Ford Credit is the "floor plan" or "inventory" lender and it financed Debtors' inventory of cars and trucks for resale to consumers. Prior to the petition, Ford Credit and Debtors entered into agreements titled Automotive Wholesale Plan Application for Wholesale Financing and Security Agreement (the "Wholesale Agreement"), by which Ford Credit agreed to finance Debtors' acquisition of new and used automobiles, trucks and other vehicles.

In consideration of Ford Credit's agreement to finance Debtors' inventory, and to secure Debtors' obligations under the Wholesale Agreement owed to Ford Credit, Debtors granted Ford Credit a blanket security interest in Debtors' inventory of vehicles as well as all parts, furniture, fixtures, equipment and general intangibles (primarily the franchise value), and the income generated by the sale of those assets (the "Collateral"). Ford Credit has a perfected, first priority security interest in the Collateral.

### Mechanics of "Floor Plan" Lending

Ford Credit provides floor plan financing, or "flooring," that dealers use to pay vehicle manufacturers for new vehicles. When a dealer sells a "floored" vehicle, it must repay Ford Credit within deadlines contractually agreed to by the dealer. If it fails to do so, in effect converting the borrowed funds to its own use, the dealer breaches its financing agreement with Ford Credit and is said to be "out of trust" or "SOT" (sold out of trust). Because Ford Credit normally has only the floored vehicles as security for repayment, it demands immediate payment of out of trust obligations and/or seeks additional security.

The process by which Debtors obtained financing for used vehicles differed from the process by which it obtained new vehicles. On their own initiative, Debtors searched for, selected, and purchased used vehicles from auctions and other sources. To purchase these vehicles, Debtors had to request funding from Ford Credit to add those used vehicle purchases to its floor plan.

Ford Credit required Debtors to pay the unpaid balance of any loan with respect to a vehicle no later than seven days after the sale date. Failure to comply with this payment

obligation constitutes a breach of the Wholesale Agreement. If a vehicle is sold, and the outstanding balance is not paid off as required, the vehicle is SOT.

Ford Credit's normal custom and practice is to conduct periodic audits to confirm that dealer-borrowers like Debtors are complying with their loan repayment requirements. These audits can occur as little as twice a year, or as often as once a month or more. During its audits, Ford Credit's auditors visit the dealership to count the vehicles and determine whether a dealer-borrower is repaying Ford Credit in compliance with its obligations. If Ford Credit discovers a sold vehicle for which loan repayment is due, Ford Credit makes demand for payment at the conclusion of the audit. If the loan repayment is not made, then the vehicle is deemed "SOT."

Ford Credit is harmed when a dealer like Debtors sells a vehicle "out of trust" because Ford Credit's collateral is gone. A SOT is a serious breach of the Wholesale Agreement because the dealer's debt to Ford Credit becomes unsecured—Ford Credit cannot recover a vehicle sold to a customer in the ordinary course of business under Texas Business & Commerce Code § 9.320.

### Pre-Petition Fraud and Litigation

Ford Credit audited the Debtors in June of 2018. While an initial examination of the audit report showed that the Debtors had a commendably low percentage of vehicles in violation, subsequent inspection of the audit report revealed significant red flags. Typically, Ford Credit expects about 5% of a dealership's inventory to be "Sold Not Due," vehicles which have been sold within the last few days to which payment to Ford Credit is not yet due. However, an average of 25.02% of the Debtors' inventory was listed as Sold Not Due. This number indicated to Ford Credit that the Debtors had either sold 25% of their inventory within the last week, an unlikely scenario, or that the Debtors were falsifying their sales dates. In response, Ford Credit obtained sales and registration data from the Texas DMV to compare the sale dates reported by the Debtors with the official sale dates identified by the Texas DMV.

Ford Credit compared a total of 150 reported sales by the Debtors and determined that 147 of the 150 sale dates reported by the Debtors did not match the official sale dates identified by the Texas DMV. Of the 147 falsified sale dates, there was an average discrepancy of 55 days

between the official sale date as identified by the Texas DMV and the falsified sale date reported by Debtors to Ford Credit. In other words, for nearly every vehicle it sold leading up to the June 2018 audit, Debtors fraudulently concealed (and ultimately misrepresented) the sale date from Ford Credit so that the Debtors could retain (*i.e.,* float) the sales proceeds without having to repay Ford Credit as required under the Wholesale Agreement.

Ford Credit has also determined that Debtors double-floored at least 85 vehicles under its floor plan financing agreements with Ford Credit. In those instances, Debtors obtained floor plan financing for a vehicle at one of their six dealerships, but then did so again for the same vehicle at a different dealership. Here's an example of how the scheme worked: one of Debtors' dealerships ("Store A") represents to Ford Credit that it purchased a Ford Explorer for $40,000. In response, Ford Credit advances $40,000 in acquisition financing to Store A. But then, unbeknownst to Ford Credit, Store A transfers the Ford Explorer to another of Debtors' dealerships ("Store B"). Store B then fraudulently represents to Ford Credit that it has purchased a Ford Explorer for $40,000, which prompts Ford Credit to advance ***an additional*** $40,000 in acquisition financing to Store B.

Ford Credit discovered the double-flooring after an internal risk assessment report discovered 16 double-floored vehicles. While Ford Credit's analysis of the double-floored vehicles is ongoing, Ford Credit estimates external financers advanced $3.7 million to Debtors for acquisition of the 115 vehicles which were already floored by Ford Credit.

Finally, Ford Credit discovered that Debtors fraudulently sought and obtained floor plan financing for several vehicles it had already sold—and obtained the sales proceeds of. In those instances, Debtors represented to Ford Credit that it possessed certain used vehicles and requested floor plan financing to cover the costs of acquisition. That proved to be untrue. In fact, Debtors had already sold those vehicles, obtained the sales proceeds, and had no further interest or rights in the vehicles. Ford Credit has yet to determine how much it advanced to Debtors for its acquisition of the vehicles Debtors had already sold at the time it requested floor plan financing.

On July 26 and 27, 2018, Ford Credit conducted another audit of Debtors' vehicle inventory. The July audit revealed that Debtors was significantly out-of-trust. As of July 31, 2018, Ford Credit determined that Debtors had failed to repay Ford Credit as required under the Wholesale Agreement on vehicles totaling *over $41 million* in unpaid loan advances for which the vehicle collateral is gone.

As the foregoing shows, Debtors have committed multiple acts constituting fraud, dishonesty, and gross mismanagement of the affairs of the Debtors. Accordingly, the appointment of a Chapter 11 Trustee is in the best interests of creditors.

## **STANDARD OF REVIEW**

Section 1104(a)(1) of the United States Bankruptcy Code provides for the appointment of a trustee in a Chapter 11 case:

> At any time after the commencement of the case but before confirmation of the plan, on request of a party in interest or the United States trustee, and after notice and a hearing, the court shall order the appointment of a trustee –
>
> (1)   for cause, including fraud, dishonesty, incompetence, or gross mismanagement of the affairs of the Debtors by current management, either before or after the commencement of the case or similar cause, but not including the number of holders of securities of the Debtors or the amount of assets of liabilities of the Debtors;
>
> (2)   if such appointment is in the interests of creditors, any equity security holdeers, and other interests of the estate, without regard to the number of holders of securities of the Debtors or the amount of assets or liabilities of the Debtors.

11 U.S.C. § 1104(a).

Whether there are sufficient grounds for appointment of a trustee under § 1104(a) is a matter for the Court's discretion. See, *In re American Preferred Prescription, Inc.*, 250 B.R. 11, 15-18 (E.D.N.Y. 2000) *amended on other grounds*, 265 B.R. 13 (E.D.N.Y. 2000), judgment reversed on other grounds, 255 F.3d 87 (2d Cir. 2001) (explaining when a trustee may be appointed under § 1104(a) of the Bankruptcy Code); *In re Anchorage Boat Sales, Inc.*, 4 B.R.

635, 644 (Bankr. E.D.N.Y. 1980) (same); *In re L.S. Good & Co.*, 8 B.R. 312, 314 (Bankr. N.D.W.Va. 1980) (same).

As explained below, the factors for the appointment of a chapter 11 trustee as set forth in 11 U.S.C. § 1104(a) are satisfied in this case.

## ARGUMENT

### I. A CHAPTER 11 TRUSTEE SHOULD BE APPOINTED FOR CAUSE, BECAUSE CURRENT MANAGEMENT HAS COMMITTED ACTS OF FRAUD, DISHONESTY, INCOMPETENCE, AND GROSS MISMANAGEMENT.

Cause exists for the appointment of a chapter 11 Trustee, due to the fraud, dishonesty, incompetence, and gross mismanagement of the affairs of the Debtors.

There are several instances of fraud, any one of which would be sufficient grounds for appointing a trustee. First, Debtors' current management has already committed several frauds. The current management has intentionally misrepresented the reported sales dates of vehicles in order to hold on sales proceeds that Debtors agreed to repay Ford Credit within 7 days of a vehicle sale. Rather than timely remitting payment to Ford Credit, Debtors surreptitiously retained hundreds of thousands of dollars owed to Ford Credit.

The current management has also engaged in fraudulent double-flooring of vehicles. Double flooring is more than just a contract breach. It is loan fraud and, if proven to be true, a crime punishable by years in prison.[1]

The current management committed similar fraud by obtaining floor plan financing for vehicles it had already sold to other customers. Debtors knew it no longer possessed nor had any rights in the vehicle and yet it nevertheless falsely represented to Ford Credit that it did. Ford Credit relied on Debtors' representation and advanced hundreds of thousands to Debtors.

There is also good cause to appoint a trustee due to the current management's incompetence and gross mismanagement. Debtors may have caused one of the largest floor-

---

[1] See generally, *USA v. Spangenberg et al.* (US District Court, District Oregon, Case No. 3:12-cr-00004-SI-1). (Federal prosecution against former owners of car dealership for floor plan inventory fraud including double-flooring vehicles; owners sentenced to 18 months and one year, respectively, in prison).

plan-financing defaults in the history of the United States. And while the size of the default is certainly significant, the fact that it occurred during years of unprecedented car-sale growth is just as telling. Since its nadir in 2009, the automotive market for new and used cars and trucks has exploded. Annual U.S. car and truck sales topped 17 million for the third straight year in 2017.[2] But despite the sustained market growth, Debtors' business has cratered. Indeed, the current management has run Debtors' operations into the ground, causing a $41 million default. Simply put, a trustee is necessary to take over Debtors' operations and turnaround the business.

## II. A CHAPTER 11 TRUSTEE WILL BE ABLE TO RECOVER AND PRESERVE ASSETS FOR THE ORDERLY LIQUIDATION OF THE DEBTORS AND PROVIDE PAYMENT TO CREDITORS.

Section 1104(b) provides for the appointment of a trustee "if such appointment is in the interests of creditors." 11 U.S.C. § 1104(b). Appointing a chapter 11 trustee would provide the Debtors with a true fiduciary to the bankruptcy estate. A true fiduciary is necessary to recover and preserve assets for the reorganization of the Debtors, and to provide payment to creditors.

Debtors already misappropriated over $41 million. Where did that money go? How much of that money was fraudulently transferred? The current management is not the proper fiduciary to address the improprieties that occurred. They will not seek to recover fraudulent transfers. They will not seek to recover preferences. They will not cause the Debtors to sue itself for misappropriation of corporate assets. To the contrary, the current management has demonstrated that they will take any and all measures within their power to frustrate Debtors' creditors.

## III. REQUEST FOR SHORTENED NOTICE AND EXPEDITED HEARING

Ford Credit requests that this Motion be heard on an expedited basis in conjunction with the continued hearing on use of cash collateral Scheduled for August 16, 2018 at 10:00 a.m.

---

[2] In comparison, U.S. car and truck sales totaled only 10.4 million in 2009.

Ford Credit also requests that the Court shorten notice on this motion so that it may be heard on August 16, 2018.

## CONCLUSION

Cause exists for the appointment of a chapter 11 Trustee, due to the fraud, dishonesty, incompetence, and gross mismanagement of the affairs of the Debtors. The appointment of a chapter 11 Trustee is also critical, as the current management has little incentive to recover and preserve assets for the reorganization of the Debtors and/or provide payment to creditors.

**WHEREFORE**, Movant prays that the Court will (i) consider this Motion on an expedited basis; (ii) grant the Motion for Appointment of a Chapter 11 Trustee; and (iii) grant such other relief in favor of the Movant that is just, equitable and proper.

DATED: August 9, 2018          SEVERSON & WERSON
                               A Professional Corporation


                               By:    /s/ Donald H. Cram
                                      Donald H. Cram

                               Attorneys for Secured Creditor
                               FORD MOTOR CREDIT COMPANY LLC

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing Motion was served on the following parties in interest via ECF on this 9th day of August, 2018:

1. David R. Langston and Brad W. Odell
   Mullin Hoard & Brown, L.L.P.
   P.O. Box 2585
   Lubbock, TX 79408-2585
   Counsel for Debtors

2. U.S. Trustee's Office
   1100 Commerce St., Room 9C60
   Dallas, TX 75242

3. All parties receiving notice via ECF in this case.

I further certify that a true and correct copy of the foregoing motion will be served on the following parties in interest listed on the attached matrix via regular U.S. Mail on this 9th day of August, 2018.

                                                      /s/ Donald H. Cram
                                                         Donald H. Cram

Label Matrix for local noticing
0539-5
Case 18-50214-rlj11
Northern District of Texas
Lubbock
Thu Aug 9 12:04:12 CDT 2018

AmeriCredit Financial Services, Inc. d/b/a G
c/o Stephen P. Strohschein
McGlinchey Stafford, PLLC
301 Main Street, 14th Floor
Baton Rouge, LA 70801-0012

Dallas County
Linebarger Goggan Blair & Sampson, LLP
c/o Elizabeth Weller
2777 N Stemmons Frwy Ste 1000
Dallas, TX 75207-2328

Fayebuck Family, LLC
c/o Reuben L. Hancock, P.C.
7480 Golden Pond Pl., #200
Amarillo, TX 79121-1964

First Bank & Trust
9816 Slide Road
Lubbock, TX 79424-5781

Gulf States Toyota, Inc.
c/o Jimmy D. Parrish, Esq.
Baker & Hostetler, LLP
200 S. Orange Ave.
SunTrust Center, Suite 2300
Orlando, FL 32801-3432

Jack Morris Ford Lincoln Mercury, Inc.
c/o Roger S. Cox
Underwood Law Firm
P.O. Box 9158
Amarillo, TX 79105-9158

Lubbock Central Appraisal District
C/O Laura J. Monroe
Perdue, Brandon, Fielder, Collins & Mott
PO Box 817
Lubbock, TX 79408-0817

Lubbock National Bank
P.O. Box 6100
Lubbock, TX 79493-6100

Reagor-Dykes Amarillo, LP
1215 Ave. J
Lubbock, Tx 79401-4019

Reagor-Dykes Auto Company, LP
1215 Ave. J
Lubbock, Tx 79401-4019

Reagor-Dykes Floydada, LP
1215 Ave. J
Lubbock, Tx 79401-4019

Reagor-Dykes Imports, LP
1215 Ave. J
Lubbock, TX 79401-4019

Reagor-Dykes Motors, LP
1215 Ave. J
Lubbock, Tx 79401-4019

Reagor-Dykes Plainview, LP
1215 Ave. J
Lubbock, Tx 79401-4019

U.S. Attorney
1100 Commerce, 3rd Floor
Dallas, TX 75242-1074

U.S. Attorney General
Department of Justice
Washington, DC 20001

Vista Bank
Wick Phillips c/o Jason Rudd
3131 McKinney Ave., Suite 100
Dallas, TX 75204-2430

WTG Fuels, Inc.
c/o Michael G. Kelly
P.O. Box 1311
Odessa, TX 79760-1311

306 Federal Building
1205 Texas Avenue
Lubbock, TX 79401-4037

AER Manufacturing
P.O. Box 974180
Dallas, TX 75397-4180

Advanced Auto Repair
2003 Seminole Rd.
Lamesa, TX 79331-4121

Alamo Auto Supply
5923 Gateway West
El Paso, TX 79925-3304

Alan Buchanan dba Above All Hand
2414 W. Wall St.
Midland, TX 79701-6316

AmeriCredit Financial Services, Inc.
d/b/a GM Financial
Stephen P. Strohschein
McGlinchey Stafford, PLLC
301 Main Street, 14th Fl.
Baton Rouge, LA 70801-0012

America's Key and Lock Supply
2000 S. Market St. #301
Brenham, TX 77833-5800

American Tire Distributors
Payment Processing Center
P.O. Box 889
Huntersville, NC 28070-0889

Andrew Aldrich
1212 S. Ave. M
Lamesa, TX 79331-7248

Angelica Lopez
1008 N. 12th
Lamesa, TX 79331-3104

Assured Safety
P.O. Box 65612
Lubbock, TX 79464-5612

| | | |
|---|---|---|
| Auto Tech<br>312 N. Dallas<br>Lamesa, TX 79331-5520 | Auto Zone Inc.<br>P.O. Box 116067<br>Atlanta, GA 30368-6067 | Bobby Soliz<br>806 N. 22nd<br>Lamesa, TX 79331-2102 |
| Bristo Battery<br>124 E. Slaton Rd.<br>Lubbock, TX 79404-5308 | Bumper Manufacturing<br>2500 Minis Drive<br>Haltom City, TX 76117-4858 | Carroll Jarrett<br>809 N. 18th St.<br>Lamesa, TX 79331-2405 |
| Cheryl Turner<br>810 N. 13th St.<br>Lamesa, TX 79331-3147 | Christopher McCulloch<br>1212 N. Bryan Ave.<br>Lamesa, TX 79331-3640 | City of Lamesa<br>601 S. 1st St.<br>Lamesa, TX 79331-6247 |
| Concho Supply Inc.<br>P.O. Box 3487<br>San Angelo, TX 76902-3487 | Connie Acy<br>614 S. Main St.<br>Lockney, TX 79241 | Craig Johnson<br>101 N. 22nd Place<br>Lamesa, TX 79331-2301 |
| Daniel M Leon Guerrero Quantum<br>P.O. Box 6682<br>Lubbock, TX 79493-6682 | Davis Furniture<br>P.O. Box 278<br>Lamesa, TX 79331-0278 | Dealer Addendums<br>P.O. Box 581107<br>Salt Lake City, UT 84158-1107 |
| Dean Johnson<br>907 CR 20<br>Lamesa, TX 79331-2907 | Debra Alexander<br>1306 S. Boston<br>Lamesa, TX 79331-7740 | Descriptive Auto Design, LLP<br>P.O. Box 64366<br>Lubbock, TX 79464-4366 |
| Digicut System<br>7700 East 38th St.<br>Tulsa, OK 74145-3211 | Donna Burkett<br>120 N. 20th<br>Lamesa, TX 79331-2608 | Earl Owens Company, LLC<br>P.O. Box 111787<br>Carrollton, TX 75011-1787 |
| Elmer Walton<br>605 N. 23rd<br>Lamesa, TX 79331-2207 | Fender Truck Accessories<br>P.O. Box 2576<br>Midland, TX 79702-2576 | Fluhman Outdoor Media<br>505 S. Arthur St.<br>Amarillo, TX 79102-3224 |
| Ford Motor Credit Co.<br>9009 Carothers Parkway<br>Franklin, TN 37067-1704 | Frank Supply<br>13513 S. Gessner<br>Suite 200<br>Missouri City, TX 77489-1018 | Glass Magic<br>4302 W. Loop 289<br>Lubbock, TX 79407-3769 |
| Gregory Teague<br>805 Skyline Dr.<br>Lamesa, TX 79331-6519 | Gullo Ford of Conroe<br>925 I-45 South<br>Conroe, TX 77301-4274 | Higginbotham Bartlett Co.<br>P.O. Box 455<br>Comanche, TX 76442-0455 |

Hilliard Office Solutions
P.O. 52510
Midland, TX 79710-2510

Internal Revenue Service
1100 Commerce St.
MC 5027 DAL
Dallas, TX 75242-1100

Internal Revenue Service
Special Procedures - Insolvency
P.O. Box 7346
Philadelphia, PA 19101-7346

Janelise Bowman
2702 S. Hwy. 137
Lamesa, TX 79331-5950

Jason Barrera dba Jasons Paint
411 S. Dallas Ave.
Lamesa, TX 79331-6319

John Luna
1211 S. 4th
Lamesa, TX 79331-6023

Keith Langley and Brandon Bains
Langley, LLP
1301 Solana Blvd.
Bldg. 1, Suite 1545
Westlake, TX 76262-1689

Keystone Automotive Operations
P.O. Box 417450
Boston, MA 02241-7450

Lamesa Auto Glass, LLC
6505 85th St.
Lubbock, TX 79424-4765

Lamesa Bearing INc.
Box 460
Lamesa, TX 79331-0460

Lamesa Chevrolet
P.O. Box 1227
Lamesa, TX 79331-1227

Lamesa Tire & Battery
107 Dallas Ave.
Lamesa, TX 79331-5515

Laura Monroe
Perdue Brandon Fielder Collins & Mott
P.O. Box 817
Lubbock, TX 79408-0817

Leif Johnson Ford
P.O. Box 4648
Austin, TX 78765-4648

Lesco Distributing
1628 W. Crosby Rd.
Suite 115
Carrollton, TX 75006-6679

Lubbock Auto Spa
3305 81st St.
Lubbock, TX 79423-2028

Lubbock County Appraisal District
2109 Ave. Q
Lubbock, TX 79411-2031

Lubbock Power Wash
5306 CR 7350
Lubbock, TX 79424-5743

Meyer Distributing
560 East 25th St.
Jasper, IN 47546-8117

Mike Burkett
120 N. 23rd St.
Lamesa, TX 79331-2306

Napa Auto Parts
310 N 4th
Lamesa, TX 79331-4609

O'Reilley Auto Parts
P.O. Box 9464
Springfield, MO 65801-9464

Officewise Furniture & Supply
P.O. Box 2688
Amarillo, TX 79105-2688

Peerless Tire
5000 King Street
Denver, CO 80239

Reagor Dykes Auto Mall Midland
2200 W. Wall St.
Midland, TX 79701-6302

Reagor Dykes Cadillac
4004 Spur Business 84
Snyder, TX 79549-6840

Reagor Dykes Chevrolet
221 S. Main. St.
Floydada, TX 79235-2725

Reagor Dykes Direct Dallas
16280 Midway Rd.
Addison, TX 75001-4214

Reagor Dykes Ford Plainview
808 N. I 27
Plainview, TX 79072-5829

Reagor Dykes Mitsubishi
6540 82nd St.
Lubbock, TX 79424-7012

Reagor Dykes Plainview toyota
1220 S. I 27
Plainview, TX 79072

Reagor Dykes Toyota
1220 S. I 27
Plainview, TX 79072

Reid Bethel Tire Co.
P.O. Box 29
Lamesa, TX 79331-0029

Restorations
3208 32nd St.
Lubbock, TX 79410-3122

Reynolds and Reynolds
P.O. Box 182206
Columbus, OH 43218-2206

Robert Bird
2225 S. 6th
Lamesa, TX 79331-6513

Robert Moreno
607 N. 7th
Lamesa, TX 79331-4525

Rogers Ford
4200 West Wall Street
Midland, TX 79703-7720

SAWCO Industries, LLC
3901 Clovis Highway Ste A
Lubbock, TX 79415-1300

Sam Pack's Five Star Ford
P.O. Box 910227
Dallas, TX 75391-0227

Scoggin Dickey
P.O. Box 64910
Lubbock, TX 79464-4910

Sewell Ford Inc
P.O. Box 3432
Odessa, TX 79760-3432

Shawn Flesher dba Dr. Vinyl
P.O. Box 81179
Midland, TX 79708-1179

Sherry Hill
1414 12th St.
Lamesa, TX 79331-3008

Stanely Cox
408 Terrace Circle
Lamesa, TX 79331-5014

(p)TEXAS COMPTROLLER OF PUBLIC ACCOUNTS
REVENUE ACCOUNTING DIV - BANKRUPTCY SECTION
PO BOX 13528
AUSTIN TX 78711-3528

Tascosa Office Machines
423 S. 1st
Lamesa, TX 79331-6243

The Ding King Training Institute
3100 Airway Ave., Ste. 141
Costa Mesa, CA 92626-4614

The Reinalt-Thomas Corporation
P.O. Box 29851
Phoenix, AZ 85038-9851

The Tint Shop
3504 Bankhead Hwy.
Midland, TX 79701-6709

Thomas Lopez
1008 N. 12th
Lamesa, TX 79331-3104

Toyota of Midland
800 N Loop 250
Midland, TX 79703-5206

U.S. Attorney
1000 Commerce St.
3rd Floor
Dallas, TX 75202-3716

U.S. Trustee's Office
1100 Commerce St.
Room 9C60
Dallas, TX 75242-1011

United States Trustee
1100 Commerce Street
Room 976
Dallas, TX 75242-0996

Valvaline LLC
3499 Blazer Parkway
Lexington, KY 40509-1830

Vickie Williams
102 N. 18th
Lamesa, TX 79331-3320

Wesley Teague
1307 S. 11th
Lamesa, TX 79331-7209

West Texas Filters
P.O. Box 16560
Lubbock, TX 79490-6560

Wilson Electronics
3301 E. Deseret Drive
Saint George, UT 84790-5446

Brad W. Odell  
Mullin Hoard & Brown, L.L.P.  
P.O. Box 2585  
Lubbock, Tx 79408-2585

David R. Langston  
Mullin, Hoard & Brown  
P.O. Box 2585  
Lubbock, TX 79408-2585

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

State Comptroller of Public Accounts  
Revenue Accounting Division - Bankruptcy  
P.O. Box 13528  
Austin, TX 78711

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

(u)FirstCapital Bank of Texas

(u)Ford Motor Company

(u)Ford Motor Credit Company LLC

(du)Ford Motor Credit Company, LLC

(u)Wells Fargo Bank, N.A.

End of Label Matrix  
Mailable recipients    121  
Bypassed recipients      5  
Total                  126