United States Department of Justice
Office of the United States Trustee
1100 Commerce Street
Dallas, Texas 75242
(214) 767-1073

Stephen P. McKitt,
For the United States Trustee

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# LUBBOCK DIVISION

| | | |
|---|---|---|
| **IN RE:** § | | |
| § | | |
| **REAGOR-DYKES MOTORS, LP** § | **Case No. 18-50214-rlj11** | |
| § | | |
| Debtor. § | | |

| | | |
|---|---|---|
| **IN RE:** § | | |
| § | | |
| **REAGOR-DYKES IMPORTS, LP** § | **Case No. 18-50215-rlj11** | |
| § | **(Jointly Administered Under** | |
| Debtor. § | **Case No. 18-50214)** | |
| § | | |

| | | |
|---|---|---|
| **IN RE:** § | | |
| § | | |
| **REAGOR-DYKES AMARILLO, LP** § | **Case No. 18-50216-rlj11** | |
| § | **(Jointly Administered Under** | |
| Debtor. § | **Case No. 18-50214)** | |
| § | | |

| | | |
|---|---|---|
| **IN RE:** § | | |
| § | | |
| **REAGOR-DYKES AUTO COMPANY,** § | **Case No. 18-50217-rlj11** | |
| **LP** § | **(Jointly Administered Under** | |
| § | **Case No. 18-50214)** | |
| Debtor. § | | |

| | | |
|---|---|---|
| **IN RE:** § | | |
| § | | |
| **REAGOR-DYKES PLAINVIEW, LP** § | **Case No. 18-50218-rjl11** | |
| § | **(Jointly Administered Under** | |
| Debtor. § | **Case No. 18-50214)** | |

**IN RE:** §

**Page 1 of 9**

| | | |
|---|---|---|
| **REAGOR-DYKES FLOYDADA, LP** § § § | | Case No. 18-50219-rlj11 (Jointly Administered Under |
| Debtor. § | | Case No. 18-50214) |

**United States Trustee's Objection to Debtors'-in- Possession Emergency Joint Application to Employ Chief Restructuring Officer**

TO THE HONORABLE ROBERT L. JONES, U.S. BANKRUPTCY JUDGE:

The United States Trustee for Region 6 files this objection to Debtors'-in- Possession Emergency Joint Application to Employ Chief Restructuring Officer. The United States Trustee would show:

**Summary**

The Debtors sought bankruptcy protection after Ford filed a district court lawsuit alleging they are $41 million out of trust in connection with their vehicle floor plan financing agreement. The Debtors propose retaining a CRO whose expanded powers would permit him, among other things, to independently investigate Debtors' prior financial transactions and their owners and officers. Such duties belong to a chapter 11 trustee or an examiner, not a CRO. For this reason, the Court should deny the Debtors' application to employ a CRO.

**Jurisdiction**

1. The Court has subject matter jurisdiction under 28 U.S.C. § 1334, 28 U.S.C. § 157(a)(1), and the standing order of reference. Appointing a chief restructuring office ("CRO") impacts the case administration and therefore is a core matter that the Court has the power to resolve. 28 U.S.C. § 157(b)(2)(A).

**Facts**

2. On August 1, 2018, the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code.

3. The Debtors are six auto dealerships. The Debtors are part of a larger network of auto dealerships referred to as the Reagor-Dykes Auto Group.

4. Pre-petition, the Debtors received floor financing from Ford Motor Credit Company ("Ford").

5. On July 31, 2018, the day before this case was filed, Ford filed a lawsuit against the Debtors in the United States District Court for the Northern District of Texas, Lubbock Division. In the complaint, Ford alleges, among other things, that the Debtors are $41 million out of trust in regards to the floor financing agreement with Ford. This lawsuit appears to have been the catalyst for the Debtors filing for bankruptcy

6. The Debtor' petitions are signed by Bart Reagor as Managing Member of Reagor Auto Mall I LLC, General Partner, and Rick Dykes, Managing Member of Reagor Auto Mall I LLC, General Partner.

7. Dykes and Reagor also are the owners/control persons of the Debtors. [docket no. 38, ¶ 10].

8. On August 8, 2018, the Debtors filed an emergency application to employ BlackBriar Advisors as Chief Restructuring Officer in this case. Specifically, the application seeks to appoint Bob Schleizer, a "Certified Turnaround Professional" to this position. [docket no. 38].

9. Additionally, according to the application, Mr. Scheilzer would also perform the responsibilities of a Chief Financial Officer.

10. According to the engagement letter attached to the application, the CRO's responsibility in this case would include:

> **SCOPE OF SERVICES**
>
> The financial advisory services (the "Services") that BlackBriar Advisors LLC ("BlackBriar") will perform as CRO for the Company include:
>
> - Assistance with the preparation of Chapter 11 bankruptcy schedules including the Statement of Financial Affairs and supporting schedules;
> - Review/prepare cash flow forecasts and budgets to be filed with the Court;
> - Preparation of schedules and monthly operating reports to support Chapter 11 administration;
> - Conduct all investigations deemed necessary to determine any financial wrongdoing done on the part of any present, former, or both officers, directors, and owners of the Debtors;
> - Conduct all investigations deemed necessary related to the lending relationship between Ford Motor Credit Company and the Debtors;
> - Provide testimony to support Debtors in bankruptcy hearings as required;
> - Administer post-petition banking facilities;
> - Secure Debtor in Possession financing, as required during the case;
> - Negotiate with existing creditors to restructure current financing agreements to support the Company's restructuring/reorganization plan;
> - Secure exit financing, as required to support the Company's reorganization, as required;
> - Review ongoing strategic initiatives and assess financial and liquidity impact;
> - Negotiate/Communicate with lenders, creditors and stakeholders;
> - Direct operations with management including oversight and approval of disbursements, approval of all contracts for construction completion and administrative services;

11. Neither the engagement letter nor motion describe who the CRO would report to, the CRO's fiduciary duties, or, if need be, the process by which the CRO could be removed.

12. The only explanation to be found of how the CRO's authority will interact with the current leadership of the Debtor is the following from the application to employ: "Robert Schleizer, the Partner in Charge on this engagement with BlackBriar, will be employed as a corporate officer of the Debtors and, as such, will consult with Debtor's Ownership in connection with his duties."

13. The motion makes no mention of where the CRO's authority fits in to the hierarchy of the Debtor's current management. [docket no. 38, ℙ 33].

14. On the August 10, 2018, Ford moved for the appointment of a chapter 11 trustee.

## **Analysis**

### The Bankruptcy Code contains no provisions for the appointment of a court-appointed responsible person

15. While Mr. Schleizer job title in this case will be CRO, his true role is that of a responsible person with responsibilities akin to those performed by a trustee or a debtor-in-possession. His duties give wide latitude and authority to chart the course of the Debtors' estate, and the bankruptcy cases as whole.

16. The motion requesting the employment of the CRO permits Mr. Schleizer to assume control of the Debtors including but not limited to overseeing its reorganization efforts (whether through a plan of reorganization or a § 363 sale); analyzing creditor claims; and fulfilling all reporting requirements to the United States Trustee and creditors. Mr. Schleizer would also be charged with conducting a fraud investigation into the Debtors' pre-petition transactions with Ford as well as investigating Debtors' officers and owners. These are all roles traditionally held by a chapter 11 trustee. *See* 11 U.S.C. §§ 704(a) and 1106(a).

17. The problem with appointing a responsible person versus a chapter 11 trustee is that the Bankruptcy Code does not provide any independent powers to a responsible person. The only types of fiduciaries provided for under the Code are trustees and examiners. *See* 11 U.S.C. § 1104. *See also In re Adelphia Comm. Corp.,* 336 B.R. 610, 664 (Bankr. S.D.N.Y. 2006)(holding that court could not appoint independent fiduciary because no basis in Bankruptcy Code for their appointment). Permitting Mr. Schleizer to serve as a de facto responsible person puts the estate at risk for actions taken under his authority. For example, the Code does not define whether such a person is able to hire professionals, pursue chapter 5 causes or action, or carry out the functions normally reserved to debtors-in-possession or chapter 11 trustees. The Court – or an appeals court – may reverse any actions taken under Mr. Schleizer's authority. In contrast, a chapter 11 trustee has clearly defined powers under the Bankruptcy Code to hire professionals and pursue

such causes of action.

18. As this Court stated in *In re Roxwell Performance Drilling, LLC,* "the authority under chapter 11 to manage the debtor's assets and affairs lies exclusively with either the debtor as the debtor in possession or a chapter 11 trustee." 2013 WL 6799118, 4 (Bankr. N.D.T.X. 2013). While the issue in *Roxwell* concerned the authority of a state court receiver to file voluntary chapter 11 petition, the holding in that case is applicable in this instance: the Bankruptcy Code does not allow for individuals other than the debtor-in-possession or a chapter 11 trustee to manage a debtor's assets and affairs in a chapter 11 case. Given the pending motion to appoint a trustee, it appears the better course of action would be to deny the request for a CRO, and have the court direct the appointment of a trustee to manage this case.

<u>In the alternative, CRO application should be tailored to reflect traditional relationship between CRO and Debtor's management</u>

19. The United States Trustee recommends that the Court tailor Mr. Schleizer employment order to encompass only those duties typically permitted CROs. For example, Mr. Schleizer should be employed as a CRO who answers to the Debtor's management and the board.

20. The United States Trustee reserves all other rights, including to the seek appointment of and order directing appointment of a chapter 11 trustee.

For these reasons, the United States Trustee files his objection. The United States Trustee requests any other relief to which he is entitled.

DATED: August 13, 2018    Respectfully submitted,
　　　　　　　　　　　　　　　WILLIAM T. NEARY
　　　　　　　　　　　　　　　UNITED STATES TRUSTEE

　　　　　　　　　　　　　　　/s/ Stephen P. McKitt

Stephen P. McKitt
Ohio Bar No. 0096017
Office of the United States Trustee
1100 Commerce St. Room 976
Dallas, Texas 75242
Stephen.McKitt@usdoj.gov
(214) 767-1073

CERTIFICATE OF SERVICE

I certify that a copy of this document was sent by regular first class United States mail, postage prepaid, or via ECF on August 13, 2018, to the persons listed below.

/s/ Stephen P. McKitt
Stephen P. McKitt

CERTIFICATE OF SERVICE

I certify that a copy of this document was sent by regular first class United States mail, postage prepaid, or via ECF on August 13, 2018, to the persons listed below.

**Reagor-Dykes Motors, LP**
1215 Ave. J
Lubbock, Tx 79401

**David R. Langston**
Mullin, Hoard & Brown
P.O. Box 2585
Lubbock, TX 79408-2585
806-765-7491
drl@mhba.com

**AmeriCredit Financial Services, Inc.
d/b/a GM Financial**
c/o Stephen P. Strohschein
McGlinchey Stafford, PLLC
301 Main Street, 14th Floor
Baton Rouge, LA 70801
(225) 383-9000

(225) 343-3076 (fax)
sstroh@mcglinchey.com

**Dallas County**
Linebarger Goggan Blair & Sampson, LLP
c/o Elizabeth Weller
2777 N Stemmons Frwy Ste 1000
Dallas, TX 75207
214-880-0089
469-221-5003 (fax)
dallas.bankruptcy@publicans.com

**Fayebuck Family, LLC**
c/o Reuben L. Hancock, P.C.
7480 Golden Pond Pl., #200
Amarillo, TX 79121
806-373-1713
806-373-8400 (fax)
rlh@rlhancock.com

**First Bank & Trust**
9816 Slide Road
Lubbock, TX 79424
8067880800

**Bruce E. Bagelman**
Lackey Hershman, LLP
3102 Oak Lawn Ave., Ste. 777
Dallas, TX 75206
(214) 560-2201
(214) 560-2203 (fax)
bruce.bagelman@stinson.com

**FirstCapital Bank of Texas**
**John F. Massouh**
Sprouse Shrader Smith, P.C.
701 S. Taylor, Suite 500
Box 15008
Amarillo, TX 79101
(806) 468-3337
(806) 373-3454 (fax)
bankruptcy.docs3@sprouselaw.com

**Ford Motor Company**
**Thomas M Byrne**
Eversheds Sutherland (US) LLP
999 Peachtree Stree NE
Atlanta, GA 30309

**Ford Motor Credit Company LLC**
**Brandon Kevin Bains**
Langley LLP
1301 Solana Blvd
Bldg 1, Ste 1545
Westlake, TX 76262
(214) 722-7171
(214) 722-7161 (fax)
bbains@lwllp.com

**GM, LLC**
c/o Mark E. Andrews
Dykema Cox Smith
1717 Main St., Suite 4200
Dallas, TX 75201

**Gulf States Toyota, Inc.**
c/o Jimmy D. Parrish, Esq.
Baker & Hostetler, LLP
200 S. Orange Ave.
SunTrust Center, Suite 2300
Orlando, FL 32801-3432
407-649-4000
407-841-0168 (fax)
jparrish@bakerlaw.com

**Jack Morris Ford Lincoln Mercury, Inc.**
c/o Roger S. Cox
Underwood Law Firm
P.O. Box 9158
Amarillo, TX 79105
806-242-9651
806-379-0316 (fax)
roger.cox@uwlaw.com

**Lubbock Central Appraisal District**
C/O Laura J. Monroe
Perdue, Brandon, Fielder, Collins & Mott
PO Box 817
Lubbock, TX 79408
806-744-5091
806-744-9953 (fax)
lmbkr@pbfcm.com

**Lubbock National Bank**
P.O. Box 6100
Lubbock, TX 79493-6100
**Roger A. Key**
Key & Terrell, LLP
4825 Fiftieth St.
P.O. Box 64968
Lubbock, TX 79464
(806) 792-1944
rkey@keyandterrell.com

**MUSA Auto Finance, LLC**
Padfield & Stout, LLP
c/o Alan B. Padfield

421 W. Third Street, Suite 910
Fort Worth, TX 76102
US
817-338-1616
817-338-1610 (fax)
abp@padfieldstout.com

**Midland CAD**
Teshida Tara LeDay
McCreary, Veselka, Bragg & Allen, P.C.
700 Jeffrey Way, Suite 100
Round Rock, TX 78665
(512) 323-3200
(512) 323-3205 (fax)
tleday@mvbalaw.com

**Nyle Maxwell of Taylor, LLC**
Joseph D. Martinec
Martinec Winn & Vickers, PC
611 S. Congress Ave., Suite 450
Austin, TX 78704-1771
(512) 476-0750
(512) 476-0753 (fax)
martinec@mwvmlaw.com

**Bart W. Reagor**
Louis M. Phillips
KELLY HART & PITRE
301 Main Street, Suite 1600
Baton Rouge, LA 70801
(225) 381-9643
(225) 336-9763 (fax)
louis.phillips@kellyhart.com

**Universal Underwriters Service Corporation**
Tommy J. Swann
McCleskey, Harriger, Brazill & Graf
5010 University Ave, Floor 5
Lubbock, TX 79413-4422
(806) 796-7340
tswann@mhbg.com

**Vista Bank**
Wick Phillips c/o Jason Rudd
3131 McKinney Ave., Suite 100
Dallas, TX 75204
jason.rudd@wickphillips.com

**WTG Fuels, Inc.**
c/o Michael G. Kelly
P.O. Box 1311
Odessa, TX 79760-1311

**Wells Fargo Bank, N.A.**
Thomas A. Connop
Locke Lord Bissell & Liddell LLP
2200 Ross Ave., Ste. 2200
Dallas, TX 75201
(214)740-8547
(214)740-8800 (fax)
tconnop@lockelord.com

/s/ Stephen P. McKitt
Stephen P. McKitt