**R. Byrn Bass, Jr.**
SBN: 01889500
4716 4th Street, Suite 100
Lubbock, Texas 79416
Phone: (806) 785-1250
Facsimile: (806)771-1260
E-mail: bbass@bbasslaw.com
*Attorney for Eighty Second Street Investments, LLC*
*and Lubbock Windmill Real Estate, LLC*

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**LUBBOCK DIVISION**

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| **REAGOR-DYKES MOTORS, LP** | § | Case No. 18-50214-rlj |
| | § | |
| Debtor. | § | |

---

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| **REAGOR-DYKES IMPORTS, LP,** | § | Case No. 18-50215-rlj11 |
| | § | (Jointly administered under |
| Debtor. | § | Case No. 18-50214) |

---

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| **REAGOR-DYKES AMARILLO, LP,** | § | Case No. 18-50216-rlj11 |
| | § | (Jointly administered under |
| Debtor. | § | Case No. 18-50214) |

---

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| **REAGOR-DYKES AUTO COMPANY, LP,** | § | Case No. 18-50217-rlj11 |
| | § | (Jointly administered under |
| Debtor. | § | Case No. 18-50214) |

---

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| **REAGOR-DYKES PLAINVIEW, LP** | § | Case No. 18-50218-rlj11 |
| | § | (Jointly administered under |
| Debtor. | § | Case No. 18-50214) |

---

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| **REAGOR-DYKES FLOYDADA, LP,** | § | Case No. 18-50219-rlj11 |
| | § | (Jointly administered under |
| Debtor. | § | Case No. 18-50214) |

---

**MOTION TO COMPEL DEBTOR-IN-POSSESSION TO
ACCEPT OR REJECT LEASE OF NON-RESIDENTIAL REAL PROPERTY**

**TO THE HONORABLE ROBERT L. JONES, BANKRUPTCY JUDGE:**

EIGHTY SECOND STREET INVESTMENTS, LLC ("Eighty Second Street") and LUBBOCK WINDMILL REAL ESTATE, LLC ("Lubbock Windmill") file this their Motion to Compel Debtor-in-Possession to Accept or Reject Lease of Non-Residential Property and would show the Court as follows, to wit:

1. On August 2, 2018, Reagor-Dykes Imports, LP ("Debtor") filed a Voluntary Petition for Relief under Chapter 11 of Title 11 of the United States Code.

2. On the day that this case was filed, Debtor was a party to a First Amended and Restated Commercial Lease Agreement dated December 17, 2012 and in which Eighty Second Street was and is a Lessor and pursuant to which Debtor leased from Eighty Second Street the following described property:

> Playa Vista Tract B, Playa Vista Addition to the City of Lubbock, Lubbock County, Texas, said premises being located at 6540 82nd Street, Lubbock, Texas 79424.

3. The term of the Lease was for a period of one hundred eighty (180) months beginning September 10, 2014 and terminating September 9, 2029 and calling for a base rent to be paid in the amount of $20,000.00 per month on the first day of each month.

4. Also on the day this case was filed, Debtor was a party to a Commercial Lease Agreement as Lessee and which Eighty Second Street and Lubbock Windmill Real Estate were Lessors and pursuant to which Debtor leased the following described property, to wit:

> 4.437 Acres out of Tract 1, Section 30, Block AK, Abstract 748, Southwest Acres, City of Lubbock, Texas; and 1.938 Acres out of Tract 1F, Section 30, Block AK, Abstract 1405, City of Lubbock, Texas, both tracts also being located at 6540 82nd Street, Lubbock, Texas.

5. The term of this Lease was for a period of one hundred eighty (180) months "beginning 31 days after Certificates of Occupancy" were issued by the City of Lubbock.

6. On the day this case was filed, Debtor had not paid the rent due pursuant to the Commercial Lease Agreement or the First Amended and Restated Commercial Lease Agreement in the amounts of $20,000.00 and $35,000.00, respectively.

7. On or shortly after this case was filed, representatives of Debtor represented to James J. (Jim) Burns, Managing Member of Lessors, that the rent then due and for August of 2018 would be paid. Though having represented that Lessors' checks were in the mail, they in fact were not. Then additional representations were made that the rent for

August of 2018 and subsequent months would be authorized and paid out of "cash collateral". However, the use of cash collateral approved by the Court did not include the payment of the rent due to Lessors on both of the above referenced Leases.

8. Lessors have obligations that need to be paid and customarily are paid out of the monthly rent from Debtor and received from the above described property. Lessors will have to borrow money in the absence of that rent being paid in order to meet those obligations.

9. If Lessors are not going to immediately cure the defaults that exist in the above described Leases and accept those Leases, then they need to immediately reject those leases in order that Lessors can take over that property and re-lease that property. In the alternative, they need to immediately make "adequate protection" payments to Eighty Second Street and Lubbock Windmill.

10. In addition to defaulting in the payment of rent required by the Leases, Lessors have not been furnished proof of casualty insurance with Lessors named as additional insureds and as required by the covenants set forth in the Leases.

**WHEREFORE**, after notice and hearing, Lessors pray for an Order compelling Debtor to either immediately cure any and all defaults and accept the Leases herein described, or reject said Leases in order that Lessors might expeditiously re-lease the property and that they be granted such other and further relief to which they may show themselves justly entitled.

**DATED** this 23rd day of August, 2018.

**EIGHTY SECOND STREET INVESTMENTS, LLC**
**and LUBBOCK WINDMILL REAL ESTATE, LLC**

BY:*/s/ R. Byrn Bass, Jr.*
**R. BYRN BASS, JR.**
SBN: 01889500
Attorney-at-Law
Compass Bank Building
4716 4th Street, Suite 100
Lubbock, Texas 79416
Phone: (806) 785-1250
Facsimile: (806) 771-1260
E-mail: bbass@bbasslaw.com

**CERTIFICATE OF SERVICE**

  I hereby certify that on this day, a true and correct copy of the foregoing Motion to Compel was filed electronically with all parties receiving electronic notice of said filings presumptively receiving a copy of same. A copy was also sent to the other creditors and parties-in-interest on the mailing matrix attached hereto.

            BY: /s/ R. Byrn Bass, Jr.
            **R. BYRN BASS, JR.**