IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| REAGOR-DYKES MOTORS, LP, | § | CASE NO. 18-50214-rlj-11 |
| | § | (Jointly Administered) |
| Debtor. | § | |

**LIMITED OBJECTION AND RESERVATION OF RIGHTS OF
PLAINVIEW LANDLORD TO ENTRY OF
FINAL ORDER ON DEBTORS' JOINT MOTION FOR
AUTHORITY TO USE CASH COLLATERAL**

**Patti Sue Noel, Independent Executor of the Estate of M.I. "Jack" Morris, Deceased**,[1] a creditor and party in interest (***"Plainview Landlord"***), submits the following limited objection and reservation of rights with respect to the entry of final order on Debtors' Joint Motion for Authority to Use Cash Collateral ("***the Cash Collateral Motion***"):[2]

### 1.     Introduction/Summary

1.     Plainview Landlord is the owner (lessor/landlord) of the real property where ***Reagor-Dykes Ford Lincoln -Plainview*** is located (defined below as "***the Plainview Dealership Property***").  Plainview Landlord is not affiliated with any of the Debtors or their principals – this is an arm's length, third party real property lease/rental relationship.  As of this motion, no post-petition rent had been paid to Plainview Landlord for the use and occupancy of the subject property.

2.     Plainview Landlord reserves all rights with respect to the payment of rent to the Plainview Landlord for the use and occupancy of the Plainview Dealership Property and to

---

[1] And joined, as necessary, by Patti Sue Noel, Trustee of the Scottie Morris Credit Trust.

[2] *See* Doc. Nos. 8 and 150 in the jointly administered case.

**LIMITED OBJECTION AND RESERVATION OF RIGHTS OF PLAINVIEW LANDLORD TO ENTRY OF
FINAL ORDER ON DEBTORS' JOINT MOTION FOR AUTHORITY TO USE CASH COLLATERAL**
Page 1

clarify any misconceptions to the effect that all dealership facilities are owned by affiliates or insiders of the Debtors.

## 2. Facts

3. Plainview Landlord, Jack Morris Ford Lincoln Mercury, Inc., and the Debtor, **Reagor Dykes Auto Company, L.P.** (the Debtor and Debtor in Possession in **Case No. 18-50217-rlj-11**) ("*RD Auto Company*"), are the parties to a written agreement governing and arising out of the 2010 sale of the Plainview, Texas Ford-Lincoln Mercury automobile dealership from Plainview Landlord and affiliates of Plainview Landlord to the Debtor or an affiliate of the Debtor. That agreement contemplated a lease agreement governing the Debtor's use and occupancy of non-residential real property ("*the Lease*") generally known as:

> 808 Interstate 25 (Access Road)
> Plainview, Texas 76102 (*"the Plainview Dealership Property"*).

4. The Plainview Dealership Property serves as the location of the entity doing business as Reagor Dykes Ford Lincoln Mercury, believed to be an assumed name of RD Auto Company.[3] *See*, www.reagordykesfordplainview.com

5. The Plainview Dealership Property fronts the northbound access road of Interstate 27 and also U.S. Highway 70 / Olton Road, in Plainview, and it consists of buildings and improvements suitable for, and used as, a Ford-Lincoln vehicle dealership.[4]

6. The monthly (net) base rental payable to the Plainview Landlord is presently $6,500.00. Alternatively, the reasonable net rental value of the Dealership Property (exclusive of costs and ad valorem taxes) is equal to or exceeds $6,500.00 per month.[5]

---

[3] According to the applicable Texas dealer license, RD Auto Company is operating Reagor Dykes Ford Lincoln on the Dealership Property.

[4] The Dealership Property was platted as Lot 22, Blk. 2, Wilcox Addition Unit No. 4, Plainview, Texas, by M. I. (Jack) Morris, et al. in 1969. On information and belief, Mr. Morris, individually and as trustee of the Credit Trust held record title at the time of his death in July, 2018.

**LIMITED OBJECTION AND RESERVATION OF RIGHTS OF PLAINVIEW LANDLORD TO ENTRY OF FINAL ORDER ON DEBTORS' JOINT MOTION FOR AUTHORITY TO USE CASH COLLATERAL**
Page 2

7. As of this filing, the Debtor(s) are in ongoing use and occupancy of the Plainview Dealership Property. Substantial vehicle and parts inventory is on-site, either offered for sale by the applicable Debtor or otherwise effectively being stored by Ford Motor Credit.

8. Despite the ongoing use and occupancy of the Plainview Dealership Property by the Debtors and/or Ford Motor Credit, no post-petition rent has been paid to Plainview Landlord since the Order for Relief in this case.[6] *See*, 11 U.S.C. § 365(d)(3) (lessee debtor/trustee must perform under the lease until the lease is assumed or rejected).

### 3. Relief Requested

9. Plainview Landlord objects to the entry of any final (or another interim) cash collateral order authorizing the expenditure of cash collateral or other estate funds for payment of any rent, lease, or other occupancy expenses incurred by affiliates of the Debtors or any of the Debtors' insiders, unless or to the extent that Plainview Landlord has been and is being paid timely for the Debtors' (or Ford Motor Credit's) use and occupancy of the Plainview property.

10. Any budgets developed or utilized by the Debtors involving the use of cash collateral or estate funds should provide for the payment of all expenses (including base rent payable to the Plainview Landlord) attributable to the use and occupancy of the Plainview Dealership Property.

11. Plainview Landlord reserves all rights, including the right to payment for the Debtors' post-petition use and occupancy of the Plainview Dealership Property and other rights

---

[5] Net of expenses such as ad valorem taxes, insurance, and certain maintenance obligations, which are the responsibility of the tenant/occupant.

[6] Again, the tenant/lessee is responsible for payment of substantially all costs related to the Premises; e.g., payment of ad valorem taxes, insurance premiums, maintenance, etc.

**LIMITED OBJECTION AND RESERVATION OF RIGHTS OF PLAINVIEW LANDLORD TO ENTRY OF FINAL ORDER ON DEBTORS' JOINT MOTION FOR AUTHORITY TO USE CASH COLLATERAL**
Page 3

under 11 U.S.C. § 365, including the right to compel assumption or rejection of any lease between the applicable Debtor and Plainview Landlord.

### 4. Prayer

12. Plainview Landlord prays that the Court condition the approval of the use of any cash collateral or other estate funds upon the Debtors' current payment of all of the post-petition cost of use and occupancy of the Plainview Dealership Property, including, but not limited to, base rental or lease payments payable to the Plainview Landlord. Plainview Landlord prays for general relief.

Respectfully submitted,

*/s/ Roger S. Cox*
ROGER S. COX, Texas State Bar No. 04956200
UNDERWOOD
P. O. Box 9158
Amarillo, Texas 79105-9158
Telephone (Direct): (806) 242-9651
Fax: (806) 379-0316
E-mail: roger.cox@uwlaw.com

Counsel for Jack Morris Ford Lincoln Mercury, Inc., and Patti Sue Noel, Independent Executor of the Estate of M.I. (Jack) Morris, Deceased

### CERTIFICATE OF SERVICE

A copy of the foregoing was served by ECF (electronic) notification in this case.

Date of service: August 23, 2018

*/s/ Roger S. Cox*