IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| REAGOR-DYKES MOTORS, LP, | § | CASE NO. 18-50214-rlj-11 |
| | § | (Jointly Administered) |
| Debtor. | § | |

**AMENDED LIMITED OBJECTION AND RESERVATION OF RIGHTS OF
PLAINVIEW LANDLORD TO ENTRY OF
FINAL ORDER ON DEBTORS' JOINT MOTION FOR
AUTHORITY TO USE CASH COLLATERAL**

**Patti Sue Noel, Independent Executor of the Estate of M.I. "Jack" Morris,
Deceased**,[1] a creditor and party in interest (**"*Plainview Landlord*"**), submits the following
limited objection and reservation of rights with respect to the entry of final order on Debtors'
Joint Motion for Authority to Use Cash Collateral ("***the Cash Collateral Motion***"):[2]

### 1.     Introduction/Summary

1.      Plainview Landlord is the owner (lessor/landlord) of the real property where
***Reagor-Dykes Ford Lincoln -Plainview*** is located (defined below as "***the Plainview Dealership
Property***").  Plainview Landlord is not affiliated with any of the Debtors or their principals – this
is an arm's length, third party real property lease/rental relationship.  As of this motion, no post-
petition rent had been paid to Plainview Landlord for the use and occupancy of the subject
property.

2.      Plainview Landlord reserves all rights with respect to the payment of rent to the
Plainview Landlord for the use and occupancy of the Plainview Dealership Property and to
clarify any misconceptions to the effect that all dealership facilities are owned by affiliates or

---

[1] And joined, as necessary, by Patti Sue Noel, Trustee of the Scottie Morris Credit Trust.

[2] *See* Doc. Nos. 8 and 150 in the jointly administered case.

**AMENDED LIMITED OBJECTION AND RESERVATION OF RIGHTS OF PLAINVIEW LANDLORD TO
ENTRY OF FINAL ORDER ON DEBTORS' JOINT MOTION FOR AUTHORITY TO USE CASH
COLLATERAL**

insiders of the Debtors. Moreover, there are or may be other executory obligations owing from the applicable Debtor(s) to the Plainview Landlord – Plainview Landlord reserves all rights with respect to any such executory obligations.

## 2.    Facts

3.    Plainview Landlord, Jack Morris Ford Lincoln Mercury, Inc., and the Debtor, **Reagor Dykes Auto Company, L.P.** (the Debtor and Debtor in Possession in **Case No. 18-50217-rlj-11**) ("*RD Auto Company*"), are the parties to a written agreement governing and arising out of the 2010 sale of the Plainview, Texas Ford-Lincoln Mercury automobile dealership from Plainview Landlord and affiliates of Plainview Landlord to the Debtor or an affiliate of the Debtor. That agreement contemplated a lease agreement governing the Debtor's use and occupancy of non-residential real property ("*the Lease*") generally known as:

> 808 Interstate 25 (Access Road)
> Plainview, Texas 76102 (*"the Plainview Dealership Property"*).

4.    The Plainview Dealership Property serves as the location of the entity doing business as Reagor Dykes Ford Lincoln Mercury, believed to be an assumed name of RD Auto Company.[3] *See*, www.reagordykesfordplainview.com

5.    The Plainview Dealership Property fronts the northbound access road of Interstate 27 and also U.S. Highway 70 / Olton Road, in Plainview, and it consists of buildings and improvements suitable for, and used as, a Ford-Lincoln vehicle dealership.[4]

---

[3] According to the applicable Texas dealer license, RD Auto Company is operating Reagor Dykes Ford Lincoln on the Dealership Property.

[4] The Dealership Property was platted as Lot 22, Blk. 2, Wilcox Addition Unit No. 4, Plainview, Texas, by M. I. (Jack) Morris, et al. in 1969. On information and belief, Mr. Morris, individually and as trustee of the Credit Trust held record title at the time of his death in July, 2018.

**AMENDED LIMITED OBJECTION AND RESERVATION OF RIGHTS OF PLAINVIEW LANDLORD TO ENTRY OF FINAL ORDER ON DEBTORS' JOINT MOTION FOR AUTHORITY TO USE CASH COLLATERAL**

6. The monthly (net) base rental payable to the Plainview Landlord is presently $6,500.00. Alternatively, the reasonable net rental value of the Dealership Property (exclusive of costs and ad valorem taxes) substantially exceeds $6,500.00 per month.[5]

7. As of this filing, the Debtor(s) are in ongoing use and occupancy of the Plainview Dealership Property. Substantial vehicle and parts inventory is on-site, either offered for sale by the applicable Debtor or otherwise effectively being stored by Ford Motor Credit.

8. Despite the ongoing use and occupancy of the Plainview Dealership Property by the Debtors and/or Ford Motor Credit, no post-petition rent has been paid to Plainview Landlord since the Order for Relief in this case.[6] *See*, 11 U.S.C. § 365(d)(3) (lessee debtor/trustee must perform under the lease until the lease is assumed or rejected).

### 3. Relief Requested

9. Plainview Landlord objects to the entry of any final (or another interim) cash collateral order authorizing the expenditure of cash collateral or other estate funds for payment of any rent, lease, or other occupancy expenses incurred by affiliates of the Debtors or any of the Debtors' insiders, unless or to the extent that Plainview Landlord has been and is being paid timely for the Debtors' (or Ford Motor Credit's) use and occupancy of the Plainview property.

10. Any budgets developed or utilized by the Debtors involving the use of cash collateral or estate funds should provide for the payment of all expenses (including appropriate rent payable to the Plainview Landlord) attributable to the use and occupancy of the Plainview Dealership Property.

---

[5] Net of expenses such as ad valorem taxes, insurance, and certain maintenance obligations, which are the responsibility of the tenant/occupant. Additionally, the applicable Debtor(s) may also have other executory obligations to Plainview Landlord that may be implicated upon an attempted assumption of any lease.

[6] Again, the tenant/lessee is responsible for payment of substantially all costs related to the Premises; e.g., payment of ad valorem taxes, insurance premiums, maintenance, etc.

**AMENDED LIMITED OBJECTION AND RESERVATION OF RIGHTS OF PLAINVIEW LANDLORD TO ENTRY OF FINAL ORDER ON DEBTORS' JOINT MOTION FOR AUTHORITY TO USE CASH COLLATERAL**
Page 3

Case 18-50214-rlj11 Doc 157 Filed 08/23/18 Entered 08/23/18 15:59:08 Page 4 of 4

11.     Plainview Landlord reserves all rights, including the right to payment for the Debtors' post-petition use and occupancy of the Plainview Dealership Property and other rights under 11 U.S.C. § 365 or otherwise, including the right to compel assumption or rejection of any lease between the applicable Debtor and Plainview Landlord and to require the cure of any other defaults that may be necessary in order to assume any lease with Plainview Landlord.

## 4.      Prayer

12.     Plainview Landlord prays that the Court condition the approval of the use of any cash collateral or other estate funds upon the Debtors' current payment of all of the post-petition cost of use and occupancy of the Plainview Dealership Property, including, but not limited to, base rental or lease payments payable to the Plainview Landlord. Plainview Landlord prays for general relief.

Respectfully submitted,

*/s/ Roger S. Cox*
ROGER S. COX, Texas State Bar No. 04956200
UNDERWOOD
P. O. Box 9158
Amarillo, Texas 79105-9158
Telephone (Direct): (806) 242-9651
Fax: (806) 379-0316
E-mail: roger.cox@uwlaw.com

Counsel for Jack Morris Ford Lincoln Mercury, Inc., and Patti Sue Noel, Independent Executor of the Estate of M.I. (Jack) Morris, Deceased

## CERTIFICATE OF SERVICE

A copy of the foregoing was served by ECF (electronic) notification in this case.

Date of service: August 23, 2018

*/s/ Roger S. Cox*

**AMENDED LIMITED OBJECTION AND RESERVATION OF RIGHTS OF PLAINVIEW LANDLORD TO ENTRY OF FINAL ORDER ON DEBTORS' JOINT MOTION FOR AUTHORITY TO USE CASH COLLATERAL**
Page 4