MULLIN HOARD & BROWN, L.L.P.
David R. Langston, SBN: 11923800
Brad W. Odell, SBN: 24065839
P.O. Box 2585
Lubbock, Texas 79408-2585
Telephone: (806) 765-7491
Facsimile: (806) 765-0553
drl@mhba.com
bodell@mhba.com
*Counsel for Debtors, Reagor-Dykes
Motors, LP; Reagor-Dykes Imports, LP;
Reagor-Dykes Amarillo, LP; Reagor-Dykes
Auto Company, LP; Reagor-Dykes
Plainview, LP; Reagor-Dykes Floydada, LP*

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## LUBBOCK DIVISION

| | | |
|---|---|---|
| **IN RE:** | § | |
| | § | |
| **REAGOR-DYKES MOTORS, LP** | § | **Case No. 18-50214-rlj11** |
| | § | |
| Debtor. | § | |
| **IN RE:** | § | |
| | § | |
| **REAGOR-DYKES IMPORTS, LP** | § | **Case No. 18-50215-rlj11** |
| | § | **(Jointly Administered Under** |
| Debtor. | § | **Case No. 18-50214)** |
| | § | |
| **IN RE:** | § | |
| | § | |
| **REAGOR-DYKES AMARILLO, LP** | § | **Case No. 18-50216-rlj11** |
| | § | **(Jointly Administered Under** |
| Debtor. | § | **Case No. 18-50214)** |
| | § | |
| **IN RE:** | § | |
| | § | |
| **REAGOR-DYKES AUTO COMPANY, LP** | § | **Case No. 18-50217-rlj11** |
| | § | **(Jointly Administered Under** |
| Debtor. | § | **Case No. 18-50214)** |
| | § | |

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| **REAGOR-DYKES PLAINVIEW, LP** | § | **Case No. 18-50218-rjl11** |
| | § | **(Jointly Administered Under** |
| Debtor. | § | **Case No. 18-50214)** |
| IN RE: | § | |
| | § | |
| **REAGOR-DYKES FLOYDADA, LP** | § | **Case No. 18-50219-rlj11** |
| | § | **(Jointly Administered Under** |
| Debtor. | § | **Case No. 18-50214)** |

## MOTION TO EMPLOY MULLIN HOARD & BROWN, L.L.P., NUNC PRO TUNC, AS COUNSEL FOR DEBTORS FROM AUGUST 1, 2018 THROUGH AUGUST 21, 2018 AND TO WITHDRAW AS COUNSEL FOR THE DEBTORS

TO THE HONORABLE ROBERT L. JONES, U.S. Bankruptcy Judge:

NOW COMES Mullin Hoard & Brown, L.L.P. and files this Motion To Employ MULLIN HOARD & BROWN, L.L.P., Nunc Pro Tunc to the Petition Date pursuant to L.B.R. 2014-1(b)(1), as Counsel For Reagor-Dykes Motors, LP, Reagor-Dykes Imports, LP, Reagor-Dykes Amarillo, LP, Reagor-Dykes Auto Company, LP, Reagor-Dykes Plainview, LP, and Reagor-Dykes Floydada, LP (each a "Debtor," and collectively, the "Debtors") From August 1, 2018 through 12:00 p.m. prevailing central time on August 21, 2018 and to Withdraw as Counsel for the Debtors (the "Motion") in the above-referenced bankruptcy proceeding, and in support of such Motion would respectfully show the Court as follows:

### BACKGROUND

1.     In July of 2018, Ford Motor Credit Company ("Ford") performed a surprise audit on the Debtors. Based on Ford's surprise audit, Ford asserts that the Debtors are more than $40 million out of trust for vehicles the Debtors had floor planned with Ford. After the surprise audit, Ford placed personnel at each of the Debtors' dealerships, took possession of vehicle keys, took

possession of MSOs and titles, and notified indirect lenders that all proceeds from contracts in transit should be submitted to Ford instead of the Debtors. These actions caused for the Debtors to be unable to operate in the normal course of their business.

2. On July 29, 2018, MULLIN HOARD & BROWN, L.L.P. was contacted by the limited partners of the Debtors and two non-debtor entities, Reagor Auto Mall, Ltd. ("RAM") and Reagor Dykes Snyder, LP ("RD Snyder"), and the managing members of the Debtors' and non-debtors' general partners to discuss the current financial situation of the Debtors and the non-debtors (collectively, "RDAG"). RDAG consists of approximately twelve (12) dealerships in West Texas and Dallas which are operated as a consolidated group of auto dealerships. Ford provides the floor financing for the Debtors, and several other lenders provide the floor financing for RAM and RD Snyder.

3. Over the next several days, MULLIN HOARD & BROWN, L.L.P. worked with RDAG to analyze their financial situation. MULLIN HOARD & BROWN, L.L.P. likewise worked with RDAG to negotiate with Ford a resolution of the situation resulting from Ford's surprise audit. Despite every effort to do so, Ford filed its Original Complaint and Application for Writ of Sequestration (the "Complaint") in the U.S. District Court for the Northern District of Texas, Lubbock Division on July 31, 2018. The Complaint named the Debtors, the Debtors' general partners, and Mr. Reagor and Mr. Dykes.

4. On account of the situation facing the Debtors and the filing of the Complaint, Rick Dykes and Bart Reagor decided to put the Debtors into chapter 11 bankruptcy. Therefore, on August 1, 2018 (the "Petition Date"), Mr. Dykes and Mr. Reagor, on behalf of the Debtors, executed corporate resolutions authorizing the Debtors to file voluntary petitions for relief under chapter 11 of

title 11 of the United States Code (the "Bankruptcy Code") and to employ MULLIN HOARD &
BROWN, L.L.P. as counsel for the Debtors in their capacity as Debtors-in-Possession in their
bankruptcy cases.

5.      Because RAM and RD Snyder did not have its floor financing with Ford and these
entities were not named in the Complaint, Mr. Dykes and Mr. Reagor determined not to file
bankruptcy petitions for RAM and RD Snyder. Nonetheless, MULLIN HOARD & BROWN, L.L.P.
continued to represent them to deal with any issues the non-debtor entities might experience as a part
of the filing of the Complaint and the filing of the bankruptcy cases for the Debtors.

6.      As part of the agreement to represent the Debtors, RAM, and RD Snyder, MULLIN
HOARD & BROWN, L.L.P. required a retainer in the amount of $500,000, $250,000 of which was
paid from personal funds of Rick Dykes around the Petition Date. The other $250,000 came from the
personal funds of Bart Reagor around the time that it looked potentially necessary to put RAM and
RD Snyder in to chapter 11 bankruptcy. The entire retainer of $500,000 was immediately placed in
MULLIN HOARD & BROWN, L.L.P.'s trust account upon receipt. Contemporaneously with the
filing of this Motion, MULLIN HOARD & BROWN, L.L.P. is filing its Disclosure of Attorney
Compensation with the Court. A true and correct copy of the Disclosure of Attorney Compensation
is attached hereto as Exhibit "A."

7.      Upon the filing of the Petitions, MULLIN HOARD & BROWN, L.L.P. continued its
representation of the Debtors in their bankruptcy cases through filings of pleadings, attendance and
representation at hearings, responding to inquiries of creditors, working with the accounting staff,
meeting with the principals regarding potential sources of alternative financing, conducting discovery
in conjunction with the cases, and negotiations with creditors. During the first three weeks of the

Debtors' cases, the Court held hearings on the Debtors' use of cash collateral, the Debtors' payment of prepetition employee wages, and the interim retention of BlackBriar Advisors LLC as CRO for the Debtors.

8.    Likewise, MULLIN HOARD & BROWN, L.L.P. continued to represent RAM and RD Snyder outside of bankruptcy providing advice to RAM and RD Snyder on its operations, negotiating with its creditors and floor plan lenders, and advising on the potential need for RAM and RD Snyder to file for protection under the Bankruptcy Code.

9.    During this time, MULLIN HOARD & BROWN, L.L.P. consulted with and received direction for any actions taken by the Debtors, RAM, and RD Snyder from its principals Rick Dykes and Bart Reagor. Once the Debtors, RAM, and RD Snyder sought to employ the assistance of BlackBriar Advisors LLC ("BlackBriar") as CRO for the Debtors, RAM, and RD Snyder, MULLIN HOARD & BROWN, L.L.P. worked with and consulted with BlackBriar on actions to be taken in the bankruptcy cases.

10.    After the entry of the interim order approving the employment of BlackBriar as CRO, around 12:00 p.m. prevailing central time on August 21, 2018, MULLIN HOARD & BROWN, L.L.P. was informed by the CRO, through its managing partner Mr. Robert (Bob) Schleizer, that the Debtors, RAM, and RD Snyder had made the decision to seek to employ other counsel for their representation and to relieve MULLIN HOARD & BROWN, L.L.P. effective immediately from its legal services on behalf of the Debtors, RAM, and RD Snyder. Accordingly, as of noon on Tuesday, August 21, 2018, MULLIN HOARD & BROWN, L.L.P. ceased conducting any legal work on behalf of the Debtors, except for actions needed to facilitate a smooth transition to new counsel.

11. On August 23, 2018, MULLIN HOARD & BROWN, L.L.P. received a letter ratifying the actions of the CRO the day before from Mr. Reagor and Mr. Dykes on behalf of the Debtors, RAM, and RD Snyder.

12. After being relieved of its duties as counsel for the Debtors, MULLIN HOARD & BROWN, L.L.P. contacted the Office of the United States Trustee to disclose the situation, discuss the receipt and possession of the retainer, the question of whether the retainer funds constitute property of the estate or the personal funds of Mr. Dykes and Mr. Reagor, and to discuss steps to move forward with retaining MULLIN HOARD & BROWN, L.L.P. as counsel for the Debtors for the duration described herein, withdrawal as counsel for the Debtors, the application for payment of its fees and expenses out of the retainer, and a smooth transition between it and new counsel for the Debtors.

13. After consulting with representatives of the Office of the U.S. Trustee MULLIN HOARD & BROWN, L.L.P. decided to proceed to file a motion to have the Court approve its employment from the Petition Date to the date of its termination, proceed to file an appropriate application for compensation and reimbursement of fees and expenses for the period of its engagement, and seek an order from the Court relating to the character and disposition of the balance of the retainer funds after payment of its approved fees and expenses.

## JURISDICTION, VENUE, AUTHORITY, AND STATUS OF CASES

14. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. Consideration of this Motion is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue of this proceeding is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

15. The authority for the relief requested in this Motion is 11 U.S.C. § 327 and Federal Rule of Bankruptcy Procedure 2014.

16. Pursuant to §§ 1107(a) and 1108 of the Bankruptcy Code, the Debtors continue to operate their businesses and manage their properties, affairs, and assets as debtors-in-possession. The Office of the U.S. Trustee has not appointed a committee in these cases.

## AUTHORIZATION TO EMPLOY MULLIN HOARD & BROWN, L.L.P.

17. Pursuant to 11 U.S.C. § 327, MULLIN HOARD & BROWN, L.L.P. desires for the Court to authorize the employment of the law firm of MULLIN HOARD & BROWN, L.L.P., P.O. Box 2585, Lubbock, Texas 79408-2585, as bankruptcy counsel in this bankruptcy proceeding for such compensation and reimbursement of expenses as is just for the time period of July 29, 2018 through 12:00 p.m. prevailing central time on August 21, 2018. Such law firm is a firm of attorneys duly admitted to practice in this Court, selected by the Debtors because of its experience in bankruptcy and reorganization matters.

## DISCLOSURE OF DISINTERESTEDNESS AS TO THE DEBTORS

18. To the best of the firm's knowledge, after reasonable inquiry, MULLIN HOARD & BROWN, L.L.P., is a disinterested firm and does not represent or hold any interest adverse to the Debtors with respect to the matters on which they were employed, and has no other connections with any other creditor, or any other party in interest in this case, except as disclosed below:

    a. MULLIN HOARD & BROWN, L.L.P. would disclose that it has represented in unrelated matters Wells Fargo Bank, N.A. Mullin Hoard & Brown, L.L.P. does not represent Wells Fargo Bank, N.A. on any matters directly involving the Debtors.

    b. MULLIN HOARD & BROWN, L.L.P would also disclose that it has represented one of the limited partners of the Debtors, Rick Dykes, in matters unrelated to the Debtors.

c.       Bennett Cook, a partner with MULLIN HOARD & BROWN, L.L.P., provided legal services to the principals of the Debtors, and organized and formed various Debtor entities while he was employed with his prior law firm.

d.       Additionally, MULLIN HOARD & BROWN, L.L.P. has represented one of the landlords, Fayebuck Family, LLC, for Reagor Dykes Amarillo, LP in unrelated matters. MULLIN HOARD & BROWN, L.L.P. does not represent and has not represented Fayebuck Family, LLC on any matters directly involving Reagor Dykes Amarillo, LP or the Debtors.

Attached hereto as Exhibit "A" is a copy of an Affidavit of Disinterestedness which has been

executed by David R. Langston on behalf of the firm of MULLIN HOARD & BROWN, L.L.P.

## DISCLOSURE OF DISINTERESTEDNESS AS TO RAM AND RD SNYDER

19.       To provide full disclosure to the Court, MULLIN HOARD & BROWN, L.L.P. is a

disinterested firm and does not represent or hold any interest adverse to RAM and RD Snyder with

respect to the matters on which it was employed, and has no other connections with any other

creditor, or any other party in interest of RAM and RD Snyder, except as disclosed below:

a.       MULLIN HOARD & BROWN, L.L.P. discloses that it has represented in unrelated matters FirstCapital Bank of Texas and First Bank & Trust; nonetheless, MULLIN HOARD & BROWN, L.L.P. does not represent, and has not represented, any of these entities on any matters directly relating to RAM, RD Snyder, or the Debtors.

b.       David R. Langston, the lead attorney on the representation of the Debtors, RAM, and RD Snyder, is a stockholder of First Bancshares of Texas, Inc., the holding company of FirstCapital Bank of Texas.

c.       Bennett Cook, a partner with MULLIN HOARD & BROWN, L.L.P., provided legal services to the principals of the Debtors, RAM, and RD Snyder, and organized and formed various Debtor and non-debtor entities while he was employed with his prior law firm.

## DISCLOSURE OF COMPENSATION

20.       In regard to compensation for services rendered, MULLIN HOARD & BROWN,

L.L.P., will seek reimbursement of fees and expenses as is just and authorized by the Court.

MULLIN HOARD & BROWN, L.L.P., has informed the Debtors, RAM, and RD Snyder, that it charges $200.00 to $450.00 per hour for partners' and associates' time, and $80.00 to $135.00 per hour for paralegals' and law clerks' time.

21.     As approval of employment of MULLIN HOARD & BROWN, L.L.P. is only being sought for the time period of July 29, 2018 through August 21, 2018, MULLIN HOARD & BROWN, L.L.P. will file a Final Application for Compensation and Reimbursement of Expenses with the Bankruptcy Court seeking authority to draw on its retainer and final approval of its fees and expenses incurred during the time of employment for the Debtors, RAM, and RD Snyder. The fee application will contain a detailed statement showing services performed by these attorneys and the particular compensation and reimbursement sought.

### **AUTHORIZATION TO WITHDRAW AS COUNSEL FOR THE DEBTORS**

22.     As stated above, around 12:00 p.m. prevailing central time on August 21, 2018, the CRO for the Debtors informed David Langston that the Debtors have determine to seek the employment of a different law firm to serve and act as counsel for the Debtors-in-Possession. Mr. Bob Schleizer, with BlackBriar Advisors LLC, informed Mr. Langston that effective immediately the services of MULLIN HOARD & BROWN, L.L.P. were no longer necessary.

23.     On account of the Debtors' desire to hire different counsel to represent the Debtors in these bankruptcy cases, MULLIN HOARD & BROWN, L.L.P. seeks to withdraw as counsel for the Debtors.

24.     Because the Debtors no longer seek to use the services of MULLIN HOARD & BROWN, L.L.P. cause exists for the firm to withdraw as counsel for the Debtors.

25.    On August 22, 2018, MULLIN HOARD & BROWN, L.L.P. contacted the CRO, counsel for Mr. Rick Dykes, and counsel for Mr. Bart Reagor, and informed them of the pending deadlines to respond to motions filed by various creditors, to prepare and file schedules and statement of financial affairs, and to attend the Debtors' initial interview with the Office of the U.S. Trustee.

26.    MULLIN HOARD & BROWN, L.L.P. believes that the Debtors will be seeking to employ the law firm of Foley & Lardner, LLP, which recently merged with Gardere Wynne Sewell LLP, and Marcus A. Helt as counsel for the Debtors-in-Possession. MULLIN HOARD & BROWN, L.L.P. will work with new counsel for the Debtors on any transition after the firm's withdrawal as counsel for the Debtors as needed.

WHEREFORE, PREMISES CONSIDERED, MULLIN HOARD & BROWN, L.L.P. prays for an order approving the employment of MULLIN HOARD & BROWN, L.L.P., as attorneys for the Debtors, RAM, and RD Snyder for the time period of July 29, 2018 through 12:00 p.m. prevailing central time on August 21, 2018, for an order authorizing MULLIN HOARD & BROWN, L.L.P. to withdraw as counsel for the Debtors, RAM, and RD Snyder effective as of 12:00 p.m. prevailing central time on August 21, 2018, for an order authorizing MULLIN HOARD & BROWN, L.L.P. to file its Final Application for Payment of Fees and Expenses, and for such other and further relief as the Court deems necessary and proper.

Respectfully Submitted,

MULLIN HOARD & BROWN, L.L.P.
P.O. Box 2585
Lubbock, Texas 79408-2585
Telephone: (806) 765-7491
Facsimile: (806) 765-0153

/s/ David R. Langston
David R. Langston, SBN: 11923800
Brad W. Odell, SBN: 24065839
*Counsel for Debtors, Reagor-Dykes*
*Motors, LP; Reagor-Dykes Imports, LP;*
*Reagor-Dykes Amarillo, LP; Reagor-Dykes*
*Auto Company, LP; Reagor-Dykes*
*Plainview, LP; Reagor-Dykes Floydada, LP*

## CERTIFICATE OF CONFERENCE

The undersigned certifies that on August 22, 2018, he spoke with Mr. Stephen McKitt and Nancy Resnick with the Office of the United States Trustee. Mr. McKitt and Ms. Resnick expressed to the undersigned that the Office of the United States Trustee does not oppose the relief requested in this Motion.

The undersigned further certifies that he spoke with Mr. Marcus A. Helt on August 24, 2018 to confirm that the law firm of Foley & Lardner, LLP would be seeking to be employed by the Debtors as counsel for the Debtors upon MULLIN HOARD & BROWN, L.L.P.'s withdrawal. Mr. Helt expressed that he believes he will be employed by the Debtors, but could not confirm his employment. As such, Mr. Helt was not able to represent whether the Debtors oppose the relief requested in this Motion.

/s/ David R. Langston
David R. Langston

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing Motion was served on the following parties in interest via Email and/or ECF on this *34* day of August 2018:

1.    Reagor Dykes Auto Group
1215 Ave. J
Lubbock, Texas 79401

2.    U.S. Trustee's Office
Attn: Stephen McKitt
1100 Commerce St., Room 9C60
Dallas, Texas 75242
Email: Stephen.McKitt@usdoj.gov

3.    Mr. Bart Reagor
Managing Member of the Debtors and non-debtors
General Partners
1215 Ave. J
Lubbock, Texas 79401
Email: breagor@reagordykes.com

4.    Mr. Rick Dykes
Managing Member of the Debtors and non-debtors
General Partners
1215 Ave. J
Lubbock, Texas 79401
Email: dykesrick@yahoo.com

5.    Louis Phillips
Kelly Hart & Pitre
301 Main Street, Suite 1600
Baton Rouge, LA 70801
Email: Louis.Phillips@kellyhart.com

6.    Tom Kirkendall
Law Offices of Tom Kirkendall
2 Violetta Ct.
The Woodlands, TX 77381
Email: bigkirk@kir.com

7.    Bob Schleizer
      BlackBriar Advisors LLC
      3131 McKinney Ave., #600
      Dallas, TX 75204
      Email: bschleizer@blackbriaradvisors.com

8.    Marcus Helt
      Foley & Lardner, LLP
      2021 McKinney Ave., Suite 1600
      Dallas, TX 75201
      Email: mhelt@foley.com

9.    All parties receiving notice via ECF in this case.

                                    /s/ David R. Langston
                                    David R. Langston

STATE OF TEXAS

COUNTY OF LUBBOCK

### AFFIDAVIT OF DAVID R. LANGSTON

Before me, the undersigned authority, on this day personally appeared David R. Langston, a partner in the law firm of MULLIN HOARD & BROWN, L.L.P., being duly sworn by me, upon oath deposed and said:

1.     That he is a resident of Lubbock, Lubbock County, Texas, that he is over 21 years of age and is of sound mind and has never been convicted of an offense; that he is an attorney practicing in Lubbock County, Texas, and possesses all of the qualifications of an attorney or counselor of law in the State.

2.     That the law firm of Mullin Hoard & Brown, L.L.P., consists of attorneys admitted to practice with extensive knowledge and experience in bankruptcy practice and said attorneys of the firm are in all respects qualified to render the necessary legal services requested by the Debtors, RAM, and RD Snyder.

3.     That the law firm of Mullin Hoard & Brown, L.L.P., is disinterested and has no connection with any of the creditors of the estate, or any party of interest, their respective attorneys and accountants, the U.S. Trustee or any person employed in the office of the U.S. Trustee except as disclosed in said Motion.

4.     That the Debtors, RAM, RD Snyder, and Mullin Hoard & Brown, L.L.P. have entered into an agreement regarding its fees for representation in this case, and that a retainer of $500,000.00 has been paid by the controlling members of the general partnership of the Debtors, as well as RAM, and RD Snyder to the law firm of Mullin Hoard & Brown, L.L.P. Mullin Hoard & Brown, L.L.P. has placed the retainer in its firm trust account. Mullin Hoard & Brown, L.L.P. will file a Motion For Compensation and Reimbursement of Expenses with this Bankruptcy Court seeking authority to draw on its retainer and final approval of its fees and expenses.

FURTHER AFFIANT SAITH NOT.

/s/ David R. Langston
David R. Langston

SUBSCRIBED AND SWORN to before me this 24th day of August, 2018.

MITZI EMERT
Notary Public, State of Texas
My Commission Expires 06-22-2019

/s/ Mitzi Emert
NOTARY PUBLIC IN AND FOR
THE STATE OF TEXAS

B2030 (Form 2030) (12/15)

# United States Bankruptcy Court
## Northern District of Texas

| | |
|---|---|
| In re  **Reagor-Dykes Motors, LP** | Case No.  **18-50214** |
| Debtor(s) | Chapter  **11** |

## DISCLOSURE OF COMPENSATION OF ATTORNEY FOR DEBTOR(S)

1.   Pursuant to 11 U.S.C. § 329(a) and Fed. Bankr. P. 2016(b), I certify that I am the attorney for the above named debtor(s) and that compensation paid to me within one year before the filing of the petition in bankruptcy, or agreed to be paid to me, for services rendered or to be rendered on behalf of the debtor(s) in contemplation of or in connection with the bankruptcy case is as follows:

| | | |
|---|---|---|
| For legal services, I have agreed to accept | $ | 500,000.00 |
| Prior to the filing of this statement I have received | $ | 500,000.00 |
| Balance Due | $ | 0.00 |

2.   The source of the compensation paid to me was:

☐ Debtor    ■ Other (specify):    **Managing Member, Rick Dykes - $250,000**
**Managing Member, Bart Reagor - $250,000**

3.   The source of compensation to be paid to me is:

☐ Debtor    ■ Other (specify):    **N/A**

4.   ■  I have not agreed to share the above-disclosed compensation with any other person unless they are members and associates of my law firm.

☐  I have agreed to share the above-disclosed compensation with a person or persons who are not members or associates of my law firm.  A copy of the agreement, together with a list of the names of the people sharing in the compensation is attached.

5.   In return for the above-disclosed fee, I have agreed to render legal service for all aspects of the bankruptcy case, including:

a.   Analysis of the debtor's financial situation, and rendering advice to the debtor in determining whether to file a petition in bankruptcy;
b.   Preparation and filing of any petition, schedules, statement of affairs and plan which may be required;
c.   Representation of the debtor at the meeting of creditors and confirmation hearing, and any adjourned hearings thereof;
d.   Representation of the debtor in adversary proceedings and other contested bankruptcy matters;
e.   [Other provisions as needed]

6.   By agreement with the debtor(s), the above-disclosed fee does not include the following service:

## CERTIFICATION

I certify that the foregoing is a complete statement of any agreement or arrangement for payment to me for representation of the debtor(s) in this bankruptcy proceeding.

**08·24·18**
_Date_

David R. Langston 11923800
_Signature of Attorney_
**Mullin Hoard & Brown, L.L.P.**
**P.O. Box 2585**
**Lubbock, TX 79408**
**806-765-7491  Fax: 806-765-0553**
**drl@mhba.com**
_Name of law firm_

EXHIBIT
A