Duane M. Geck
Cal. State Bar No. 114823
dmg@severson.com
Donald H. Cram
Cal. State Bar No. 160004
Tex. State Bar No. 05000300
dhc@severson.com
SEVERSON & WERSON
A Professional Corporation
One Embarcadero Center, Suite 2600
San Francisco, California 94111
Telephone: (415) 398-3344
Facsimile: (415) 956-0439

Keith A. Langley
State Bar No. 11919500
Brandon K. Bains
State Bar No. 24050126
LANGLEY LLP
1301 Solana Blvd
Building 1, Suite 1545
Westlake, Texas 76262
Telephone:    214.722.7171
Facsimile:    214.722.7161
bbains@l-llp.com

Attorneys for Secured Creditor
FORD MOTOR CREDIT COMPANY LLC

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF TEXAS**
**LUBBOCK DIVISION**

| | | |
|---|---|---|
| **IN RE:** § § | | |
| **REAGOR-DYKES MOTORS, LP** § § § | | **Case No. 18-50214-rlj11** |
| Debtor. § | | |
| **IN RE:** § § | | |
| **REAGOR-DYKES IMPORTS, LP** § § § | | **Case No. 18-50215-rlj11** |
| Debtor. § | | |
| **IN RE:** § § | | |

10872.0173/11357932.2

RESPONSE TO MOTION TO EMPLOY MULLIN HOARD & BROWN L.L.P. AND TO WITHDRAW

| | | |
|---|---|---|
| **REAGOR-DYKES AMARILLO, LP** | § § § | Case No. 18-50216-rlj11 |
| Debtor. | § | |
| IN RE: | § § | |
| **REAGOR-DYKES AUTO COMPANY, LP** | § § § § | Case No. 18-50217-rlj11 |
| Debtor. | § | |
| IN RE: | § § | |
| **REAGOR-DYKES PLAINVIEW, LP** | § § § | Case No. 18-50218-rlj11 |
| Debtor. | § | |
| IN RE: | § § | |
| **REAGOR-DYKES FLOYDADA, LP** | § § § | Case No. 18-50219-rlj11 |
| Debtor. | § | |

**RESPONSE TO MOTION TO EMPLOY MULLIN HOARD & BROWN, L.L.P., *NUNC PRO TUNC*, AS COUNSEL FOR DEBTORS FROM AUGUST 1, 2018 THROUGH AUGUST 21, 2018 AND TO WITHDRAW AS COUNSEL FOR THE DEBTORS**

**I. INTRODUCTION**

Ford Motor Credit Company LLC ("Ford Credit") responds to Mullin Hoard & Brown, L.L.P.'s Motion to Employ Mullin Hoard & Brown L.L.P., *Nunc Pro Tunc*, as Counsel for Debtors from August 1, 2018 through August 21, 2018 and to Withdraw as Counsel for the Debtors (the "Motion"). Ford Credit objects to the Motion on two grounds.

First, Ford Credit objects to the retention of Mullin Hoard & Brown L.L.P. as Debtors' bankruptcy counsel as the firm had an adverse interest to the bankruptcy estate. Mullin Hoard & Brown L.L.P. received a retainer payment from partners of the Debtors. While payment of a retainer by *any* third party may divert the loyalty of the attorney to the third party creating a disqualifying adverse interest, payment by partners of a debtor is especially likely to cause the attorney to have an adverse interest due to the inherent conflict of interests between a debtor and its partners in bankruptcy. Here, Mullin Hoard & Brown L.L.P.'s conflicted loyalty to the

partners of the Debtors is further shown by the prior attorney-client relationship between Mullin Hoard & Brown L.L.P. and one of partners of the Debtors. Ford Credit requests that the Court deny the motion to employ Mullin Hoard & Brown L.L.P. as the firm has an adverse interest to the bankruptcy estate, as indicated by the relationship between the firm and the Debtors' partners.

Additionally, Ford Credit objects to the employment of Mullin Hoard & Brown L.L.P. *nunc pro tunc* as the firm has not made the required showing sufficient for the court to grant nunc pro tunc approval of the application. Mullin Hoard & Brown L.L.P. failed to file an application for employment prior to performing services and instead requests approval after the fact. Mullin Hoard & Brown L.L.P. provides no explanation for the late filing. Courts approve retroactive employment only when the reason for late filing is sufficient. Because Mullin Hoard & Brown L.L.P. has not provided any justification for the late filing, Ford Credit requests that the Court deny the motion to employ Mullin Hoard & Brown L.L.P. *nunc pro tunc* as impermissibly untimely.

## II. PERTINENT FACTS

1. Prior to the bankruptcy filings on July 29, 2018, Rick Dykes and Bart Reagor, limited partners of the Debtors, contacted Mullin Hoard & Brown L.L.P. to analyze the financial situation of the Debtors and related entities and negotiate a resolution with the Debtors' creditors.[1]

2. On August 1, 2018, Rick Dykes and Bart Reagor executed corporate resolutions authorizing the Debtors to file voluntary petitions for relief under Chapter 11 of the Bankruptcy Code and to employ Mullin Hoard & Brown L.L.P. as counsel for the Debtors.[2] The Debtors did not file and application to employ Mullin Hoard & Brown L.L.P. with the Court.

---

[1] Motion to Employ Mullin Hoard & Brown L.L.P., Nunc Pro Tunc, as Counsel for Debtors From August 1, 2018 Through August 21, 2018 and to Withdraw as Counsel for the Debtors. Dkt no. 159 at 3 para. 2.

[2] *Id.* at para. 4.

3. The limited partners of the Debtors, Rick Dykes and Bart Reagor, each individually paid Mullin Hoard & Brown L.L.P. a retainer totaling $500,000 for Mullin Hoard & Brown L.L.P. to represent the Debtors in bankruptcy.[3]  Mullin Hoard & Brown L.L.P. did not disclose this payment to the Court at the outset of the bankruptcy representation.

4. Mullin Hoard & Brown L.L.P. has previously represented Rick Dykes individually in legal matters.[4]

5. The Debtors did not file an application to employ Mullin Hoard & Brown L.L.P. prior to Mullin Hoard & Brown L.L.P. performing services.

6. On August 21, 2018, the CRO BlackBriar Advisors LLC informed Mullin Hoard & Brown L.L.P. that the Debtors had decided to seek to employ other counsel.[5]

7. On August 24, 2018, Mullin Hoard & Brown L.L.P. filed the Motion requesting the Court approve Mullin Hoard & Brown L.L.P.'s employment nunc pro tunc and permit Mullin Hoard & Brown L.L.P. to withdraw as counsel.[6]

### III. DISCUSSION

8. Under § 327 an applicant bears the burden of establishing that the chosen professional meets the requirements of the Code and the rules  This is done by application and accompanying affidavits. Rules 2014 and 2016, F.R.B.P.  Sections 327, 328 and 329 are all implicated in the disclosure process which enables a court to determine whether a professional should be employed and compensated.[7]

---

[3] *Id.* at 4 para. 6.

[4] *Id.* at 7 para. 18(b).

[5] *Id.* at 5 para. 10.

[6] *Id.*

[7] In *Jensen v. United States Trustee (In re Smitty's Truck Stop, Inc.)*, 210 B.R. 844, 848 (10th Cir. B.A.P. 1997) had the disclosure issue not arisen almost three years after counsel in that case had been employed, *id.* at 847, it may well have been that the attorney would not have been employed.  In any event, *Interwest Business* provides sufficient support for the proposition that insufficient financial disclosure is a basis for not employing a professional. *Id.*, at 317.

9. The disclosure requirements of § 329 are mandatory, not permissive. A corollary of that requirement is that an application for employment is not complete until the requisite disclosure has been made. The failure to file a sufficiently detailed disclosure, even if the failure is merely negligent or inadvertent, does not provide the Court and parties in interest the information they need to judge whether the Code's standards are being met.

> [I]t is not the court's job to search through the record to find all relevant facts relating to an attorney's employment. It is counsel's [or applicant's] duty to provide the court with the information necessary to determine whether to appoint counsel.

*Smitty's Truck Stop*, 210 B.R. at 849. (Citations omitted). And it should go without saying that the disclosures must be accurate.

10. Bankruptcy Rule 2016 requires disclosure of any payment or agreement regarding attorneys' fees by filing and serving a statement under § 329 within fourteen days of receipt of any payment (whether or not from a third party).

A. **Adverse Interests to the Estate**

11. The payment of Mullin Hoard & Brown L.L.P.'s retainer by limited partners of the Debtors and the fact that Mullin Hoard & Brown L.L.P. has represented one of the limited partners previously, indicate that Mullin Hoard & Brown L.L.P. holds an adverse interest to the bankruptcy estate and therefor may not be retained as counsel to the Debtors.

12. A trustee or debtor in possession may employ attorneys that (1) hold no adverse interest to the bankruptcy estate and (2) are disinterested persons. 11 U.S.C.A. § 327. The Fifth Circuit applies a strict standard for disinterestedness, holding that "attorneys engaged in the conduct of a bankruptcy case 'should be free of the slightest personal interest which might be reflected in their decisions concerning matters of the debtor's estate or which might impair the high degree of impartiality and detached judgment expected of them during the course of administration.'" *In re W. Delta Oil Co., Inc.*, 432 F.3d 347, 355 (5th Cir. 2005). Inquiry into alleged conflicts requires "painstaking analysis of the facts and precise application of precedent." *Id.* When an actual conflict of interests is present, no more needs to be shown to support denial of compensation. *Id.*

13. Because payment of a retainer by third party may subject counsel to the temptation of furthering the payor's interests and deviating from the duty of undivided loyalty to the real client, third party payment of a retainer may result in a disqualifying conflict of interest for an attorney. 9 Norton Bankr. L. & Prac. 3d §§ 172:10-17; *In re Am. Int'l Refinery, Inc.*, 676 F.3d 455, 462 (5th Cir. 2012). "Loyalty to a third-party due to the payment of a retainer would obviously render a party not disinterested." *Am. Int'l Refinery*, 676 F.3d at 462.

14. The Fifth Circuit has adopted the totality of the circumstances approach for deciding whether third-party payment of a retainer creates a disqualifying interest. *Id.*

15. The *Kelton* factors, which focus on notice and the appearance of conflict, are utilized to determine whether there is a disqualifying interest due to third party payment. The Fifth Circuit has endorsed applying the *Kelton* factors as a method for evaluating the totality of the circumstances. *American International Refinery, Inc.*, 676 F.3d at 462 (5th Cir. 2012). The *Kelton* factors state:

> a. The arrangement must be fully disclosed to the debtor/client and the third party payor/insider;
>
> b. The debtor must expressly consent to the arrangement;
>
> c. The third party payor/insider must retain independent legal counsel and must understand that the attorney's duty of undivided loyalty is owed exclusively to the debtor/client;
>
> d. The factual and legal relationship between the third party payor/insider, the debtor, the respective attorneys, and their contractual arrangement concerning the fees, must be fully disclosed to the Court at the outset of the debtor's bankruptcy representation;
>
> e. The debtor's attorney/applicant must demonstrate and represent to the Court's satisfaction the absence of facts which would otherwise create non-disinterestedness, actual conflict, or impermissible potential for a conflict of interest.

*In re Lotus Properties LP*, 200 B.R. 388, 393 (Bankr. C.D.Cal. 1996) (citing *In re Kelton*, 109 B.R. 641, 658 (Bankr. D.Vt. 1989)).

16. Additionally, when a debtor's insiders, such as the debtor's partners, fund counsel for a debtor there is a high likelihood that the attorney may hold an interest adverse to the estate. 2 Norton 3d § 30:5. "The intricacies of the bankruptcy process are such that what is best for the debtor is distinct from, and may be opposite to, what is best for any partner or guarantor of the debtor." *In re Kuykendahl Place Assocs., Ltd.*, 112 B.R. 847, 851 (Bankr. S.D. Tex. 1989). There is "inherent tension" between a non-debtor officer and a debtor entity. *In re TMA Assocs., Ltd.*, 129 B.R. 643, 647 (Bankr. D. Colo. 1991). In these cases, the mere potential for conflict found is grounds for disqualification. *In re W.F. Dev. Corp.*, 905 F.2d 883, 884 (5th Cir. 1990).

17. If, when a debtor's partner funds counsel for the debtor, the attorney has represented the partner previously or is providing any specific advantage to the partner, then the attorney has a disqualifying an adverse interest. *In re Missouri Min., Inc.,* 186 B.R. 946, 949 (Bankr. W.D. Mo. 1995).

18. Applying the *Kelton* factors to evaluate the totality of the circumstances in this case, Mullin Hoard & Brown L.L.P. is shown to have an adverse interest to the bankruptcy estate disqualifying the firms from retention as counsel.

    a. No evidence has been provided to indicate that the arrangement was fully disclosed to the Debtors.

    b. No evidence has been provided to indicate that the Debtors expressly consented to the arrangement.

    c. There is no indication that Bart Reagor and Rick Dykes understood that Mullin Hoard & Brown L.L.P.'s duty of undivided loyalty was owed exclusively to the Debtors.

    d. The factual and legal relationship between Bart Reagor, Rick Dykes, the Debtors, Mullin Hoard & Brown L.L.P., and the fee arrangement was not fully disclosed to the Court at the outset of the bankruptcy representation.

    e. Mullin Hoard & Brown L.L.P. failed to timely file and serve the requisite

statement within fourteen days of receipt of the retainer and/or agreement regarding attorneys' fees pursuant to Bankruptcy Rule 2016 and Bankruptcy Code § 329.

f. Mullin Hoard & Brown L.L.P. has not demonstrated and represented to the Court's satisfaction the absence of facts which would otherwise create non-disinterestedness, actual conflict, or impermissible potential for a conflict of interest. Instead, Mullin Hoard & Brown L.L.P. has represented that the firm previously represented Rick Dykes individually and was replaced as Debtors counsel by the advice of the CRO.

*Kelton*, 109 B.R. at 658.

19. Here, Mullin Hoard & Brown L.L.P. was paid by partners of the Debtors, heightening the likelihood of impermissible conflict of interest. *Kuykendahl Place*, 112 B.R. at 851.

20. Further, the motion indicates that Mullin Hoard & Brown L.L.P. performed services for the Debtors and other non-debtor entities and individuals prepetition. However, Mullin Hoard & Brown L.L.P. received the retainer post-petition. There is no statement or evidence that Mullin Hoard & Brown L.L.P. was paid for the prepetition work it performed for Debtors and the non-debtor entities and individuals. As such, Mullin Hoard & Brown L.L.P. is a prepetition creditor of the Debtors which creates a further conflict.

21. Additionally, Mullin Hoard & Brown L.L.P. has represented one of the paying partners, Rick Dykes, previously. This relationship is a disqualifying conflict of interest. *Missouri Min.,* 186 B.R. at 949.

22. The Court should not grant the application to employ Mullin Hoard & Brown L.L.P. as Mullin Hoard & Brown L.L.P. has an interests adverse to the estate, as evidenced by the payment of the retainer by the Debtors' limited partners, Mullin Hoard & Brown L.L.P. has represented one of the limited partners previously, and Mullin Hoard & Brown L.L.P. did not properly disclose the third party payment at the outset of the arrangement.

**B.     Untimely Application for Employment**

23.     The application to employ Mullin Hoard & Brown L.L.P. as attorney for the Debtors is untimely and should not be granted *nunc pro tunc*.

24.     Attorneys in bankruptcy cases must be employed by application under Bankruptcy Rule 2014.  Employment of attorneys by a bankruptcy trustee or debtor in possession must be approved by the bankruptcy court.  9 Norton 3d § 172:14.  Approval by the court is required even if the attorney is not to be compensated from estate funds.  Collier on Bankruptcy 3-327.03.  Courts enter orders approving the employment of attorneys only after the trustee or debtor in possession makes application for such appointment.  2 Norton 3d Appendix 30-A § 30-A:1.  Courts have uniformly held that if the employment of a professional by a trustee or debtor in possession has not been approved by the court pursuant to § 327 or 1103, the professional is not entitled to compensation.  2 Norton 3d § 30:9.

25.     When professionals fail to obtain court approval prior to performing services courts then must consider retroactive approval of employment, or *nunc pro tunc* employment. "While the rules contemplate court approval prior to attorney's employment, they do not in terms or necessary implication prohibit the court in its discretion from granting its approval, nunc pro tunc, at a date subsequent to the employment and after the services are rendered, providing that the required showing is made."  *Matter of Triangle Chemicals, Inc.*, 697 F.2d 1280, 1284 (5th Cir. 1983).

26.      To determine what circumstances are appropriate for retroactive approval of employment, the central question is whether the reason for late filing will be sufficient to allow retroactive approval of employment.  2 Norton 3d § 30:9.

27.     There are several circumstances in which courts have generally entered retroactive orders: (a) where the professional services are provided at the beginning of a case, and an employment application is presented shortly thereafter; (b) where professional services are required on an emergency basis, and the application is filed shortly thereafter; and (c) where the professional was reasonably relying on a third party to present the application.  2 Norton 3d § 30:9.

28. Here, Mullin Hoard & Brown L.L.P. has not provided justification for the delayed application for employment. This application comes nearly a month after the commencement of the case, only after the Debtors have sought new counsel. Mullin Hoard & Brown L.L.P. does not attempt to explain or justify the delay in filing the application.

29. The Court should not enter a retroactive order granting employment of Mullin Hoard & Brown L.L.P. as Mullin Hoard & Brown L.L.P. has not made the required showing necessary for approval nunc pro tunc.

### IV. CONCLUSION

For the reasons set forth above, Ford Credit respectfully requests that this Court:

1. Deny the Motion to Employ Mullin Hoard & Brown L.L.P., Nunc Pro Tunc, as Counsel for Debtors from August 1, 2018 through August 21, 2018 and Withdraw as Counsel as Mullin Hoard & Brown L.L.P. may not be employed by the estate due to its adverse interest to the estate; and

2. Deny the Motion to Employ Mullin Hoard & Brown L.L.P., Nunc Pro Tunc, as Counsel for Debtors from August 1, 2018 through August 21, 2018 and Withdraw as Counsel as the Motion is impermissibly untimely.

DATED: August 29, 2018

SEVERSON & WERSON
A Professional Corporation

By:     /s/ Donald H. Cram
        Donald H. Cram
Cal. State Bar No. 160004
Tex. State Bar No. 05000300
SEVERSON & WERSON
A Professional Corporation
One Embarcadero Center, Suite 2600
San Francisco, California 94111
Telephone: (415) 398-3344
Facsimile: (415) 956-0439
dhc@severson.com

Attorneys for Secured Creditor
FORD MOTOR CREDIT COMPANY LLC

## **CERTIFICATE OF SERVICE**

  The undersigned hereby certifies that a true and correct copy of the foregoing has been served electronically by the Court's ECF System on all parties registered to receive such service on the 29th day August 2018.

                /s/ Donald H. Cram\_\_\_
                Donald H. Cram