Roger S. Cox (SBN 04956200)
UNDERWOOD
P.O. Box 9158
Amarillo, TX 79101
Telephone (Direct): (806) 242-9651
Fax: (806) 379-0316
E-mail: roger.cox@uwlaw.com
*Counsel for Patti Sue Noel, Independent Executor of*
*The Estate of M.I. "Jack" Morris, Deceased, et al.*

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| REAGOR-DYKES MOTORS, LP, | § | **Case No. 18-50214-rlj-11** |
| | § | (Jointly Administered) |
| Debtor. | § | |
| | | |
| REAGOR-DYKES AUTO COMPANY, LP | § | Case No. 18-50217-RLJ-11 |
| | § | |
| Debtor. | § | |

**PLAINVIEW LANDLORD'S RESERVATION OF RIGHTS**
**UNDER SALE PROCEDURE MOTION**

**Patti Sue Noel, Independent Executor of the Estate of M.I. "Jack" Morris, Deceased**,[1] a creditor and party in interest ("***Movant***" or "***Plainview Landlord***"), files this *Reservation of Rights Under Sale Procedure Motion* [Doc. No. 230]:

1. Plainview Landlord does not object to a possible sale of the assets of the respective debtors; however, it reserves any and all rights with respect to its status as an owner/lessor/landlord of the real property identified in other pleadings as the Plainview Dealership Property (the physical location of Reagor Dykes Ford-Lincoln, 808 N. I-27, Plainview, Texas).

2. Without limitation, Plainview Landlord reserves all rights under 11 U.S.C. § 365(d)(3), including the statutory mandate that all rent be paid between the time of the order for

---

[1] And joined, as necessary, by Patti Sue Noel, Trustee of the Scottie Morris Credit Trust, and by Jack Morris Ford.

relief and any assumption or rejection or deadline for assumption or rejection of any lease or executory contract.

3. The pendency of a possible sale procedure motion or proposed sale does not obviate or limit the requirement that the debtor-in-possession pay interim rent – in this case, at a bare minimum, such minimum rent should be not less than $6,500.00 per month until assumption or rejection. The reasonable rental value of the Plainview Dealership Property, which features a 25,000+ square foot dealership facility and nearly five acres of paved display space, substantially exceeds that amount.[2]

4. Plainview Landlord further reserves all other rights under Section 365, including, in the case of a purported assumption, the right to a full cure of all past defaults and the adequate assurance of future performance by the debtor or assignee of the debtor. In this case, that may include the assumption of other executory, deferred payment obligations coincident with the base cash lease payments.

5. Because of the nature and extent of the potential economic impact on the Plainview Landlord, the Plainview Landlord should be allowed access to any data room and otherwise potentially be a consultation party to the extent any such parties are identified.

6. By not specifically objecting to the proposed sale procedure motion, Plainview Landlord, however, does not consent to the extension of the deadline under 11 U.S.C. § 365(d)(4). To the contrary, Plainview Landlord presently has a motion pending to compel assumption or rejection (or compliance with Section 365(d)(3)). To reiterate what is stated in that motion, any extension of the deadline for assumption or rejection should be subject to and predicated upon the payment of minimum base cash rental to Plainview Landlord. Unless

---

[2] Any reference to base rent refers only to base cash rent, net of other obligations and expenses to be undertaken by the applicable tenant, including the payment of ad valorem taxes, insurance premiums, and other expenses under a "triple net" lease arrangement.

expressly stated to the contrary, no consent to or participation in the proposed sale procedure is to be implied as a consent to the extension of this deadline.

7. Also to reiterate what has been stated in other pleadings, the Plainview Landlord's property is presently being utilized by the debtor-in-possession and by its senior secured lender, Ford Motor Credit, for which use Plainview Landlord should be compensated, and this should not be lost in the flurry of activity surrounding any proposed sale procedure.

Plainview Landlord prays that the court take notice of this reservation of rights in consideration of any motion or other requested relief with respect to the pending sale procedure motion. Plainview Landlord prays for general relief.

Respectfully submitted,

*/s/ Roger S. Cox*
ROGER S. COX, Texas State Bar No. 04956200
UNDERWOOD
P. O. Box 9158
Amarillo, Texas 79105-9158
Telephone (Direct): (806) 242-9651
Fax: (806) 379-0316
E-mail: roger.cox@uwlaw.com

Counsel for Patti Sue Noel, Independent Executor of the Estate of M.I. "Jack" Morris, Deceased and Jack Morris Ford Lincoln Mercury, Inc.

**CERTIFICATE OF SERVICE**

A copy of the foregoing was served by ECF (electronic) notification in this case.

Date of service: September 12, 2018

*/s/ Roger S. Cox*