Marcus A. Helt (TX 24052187)
C. Ashley Ellis (TX 00794824)
**FOLEY GARDERE**
**FOLEY & LARDNER LLP**
2021 McKinney Avenue, Suite 1600
Dallas, TX 75201
Telephone: 214.999.3000
Facsimile: 214.999.4667

**PROPOSED COUNSEL TO DEBTORS**
**REAGOR-DYKES MOTORS, LP** *et al.*

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## LUBBOCK DIVISION

| | |
|---|---|
| **IN RE:** § | |
| § | |
| **REAGOR-DYKES MOTORS, LP,** *et al.*[1] § | **Case No. 18-50214-rlj-11** |
| § | **Jointly Administered** |
| Debtor. § | |

## DEBTORS' OBJECTION TO NYLE MAXWELL OF TAYLOR LLC'S
## MOTION TO LIFT AUTOMATIC STAY

Reagor-Dykes Motors, LP; Reagor-Dykes Imports, LP; Reagor-Dykes Amarillo, LP;

Reagor-Dykes Auto Company, LP; Reagor-Dykes Plainview, LP; Reagor-Dykes Floydada, LP

(collectively, "***Reagor-Dykes***" or the "***Debtors***"), as debtors and debtors-in-possession in the

above-styled and captioned case hereby file this files this *Objection to Nyle Maxwell of Taylor LLC's*

*Motion to Lift Automatic Stay* ("***Objection***") to Nyle Maxwell of Taylor, LLC's ("***Nyle Maxwell***")

Motion to Lift Automatic Stay (the "***Motion***") on the following grounds:

---

[1] The Debtors are Reagor-Dykes Imports, LP (Case No. 18-50215), Reagor-Dykes Amarillo (Case No. 18-50216), Reagor-Dykes Auto Company, LP (Case No. 18-50217), Reagor-Dykes Plainview, LP (Case No. 18-50218), and Reagor-Dykes Floydada, LP (Case No. 18-50219).

## I.
## ADMISSIONS AND DENIALS

1.      Paragraph 1 of the Motion calls for a legal conclusion; therefore, no response is required. To the extent and answer is required, the Debtors are without knowledge or information sufficient to form a belief as to the truth of the allegations; thus, they deny the same.

2.      The Debtors admit the averments contained in Paragraph 2 of the Motion.

3.      The Debtors admit the averments contained in Paragraph 3 of the Motion.

4.      The Debtors are without knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 4 of the Motion; therefore, they deny the same.

5.      The Debtors are without knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 5 of the Motion; therefore, they deny the same.

6.      The Debtors are without knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 6 of the Motion; therefore, they deny the same. Further, to the extent that Paragraph 6 calls for a legal conclusion, no response is required.

7.      Paragraph 7 of the Motion calls for a legal conclusion; therefore, no response is required. To the extent factual averments exist in Paragraph 7, the Debtors are without knowledge or information sufficient to form a belief as to the truth of the averments; therefore, they deny the same.

8.      The Debtors are without knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 8 of the Motion; therefore, they deny the same.

9.      Paragraph 9 of the Motion is a procedural request; therefore, no response is necessary.

10.      Paragraph 10 of the Motion calls for a legal conclusion; therefore, no response is required.

11.     Unless expressly admitted above, the Debtors deny every averment in the Motion.

## II.
## SUMMARY OF RESPONSE

As this Court knows, the last 40 days have been a challenge for these Debtors. As the undersigned advised the Court on August 30, the newly-assembled team of BlackBriar, Elm Tree, and proposed replacement Debtors' counsel have been working diligently to stabilize the Debtors. Stabilization efforts to date have focused on information gathering, facilitating communications with parties in interest, and maintaining the status quo.

The Debtors' immediate, pressing goals include the following (a) preserving information, (b) securing assets, (c) gathering information, (d) assisting with accounting functions, (e) establishing procedures / protocols to control proposed transactions, (f) communicating with employees, (g) communicating with creditors, (h) understanding operations and the status of such operations, (i) controlling cash and expenses necessary to sustain the business at going-concern levels, (j) setting up a hotline to handle customer concerns, (k) preserving value of the businesses and working to find working capital to maximize value and monetize that value in a fair and open bidding process, and (l) developing and implementing a controlled and systematic process overseen by this Court to manage and ultimately determine the priority of the many competing claims and interests against property of the estates. In the near future, the Debtors will implement an efficient and standardized process through which this Court may thoughtfully and responsibly hear arguments raised by claimants with alleged interests in property of the estates, the debtors, and end users who allege bona-fide purchaser / buyer-in-ordinary-course status and consider evidence introduced by the same.

Lifting the automatic stay at this critical juncture is antithetical to the Debtors' efforts. If any Debtor ever needed the breathing room provided by the automatic stay, these Debtors do. No single creditor should be allowed to disrupt the orderly process to be implemented by the Debtors

for the benefit of all creditors and parties in interest. Granting relief from the stay at this time would destabilize the proposed sale process already in motion, and upend the Debtors' plans for a regulated, equitable process supervised by this Court to determine the priority of competing interests in favor of haphazard and piecemeal proceedings. Accordingly, the Motion should be denied.

## III.
## BACKGROUND

On August 1, 2018 (the "**Petition Date**"), the Debtors filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101, *et seq.* (the "**Bankruptcy Code**"), thereby initiating the above-captioned, jointly-administered bankruptcy cases (the "**Chapter 11 Cases**") in the Bankruptcy Court for the Northern District of Texas (the "**Court**") and creating their bankruptcy estates (the "**Estates**").

On August 30, 2018, BlackBriar Advisors, L.L.P. ("**BlackBriar**") was approved on a final basis by the Court as Chief Restructuring Officer of the Debtors, and on that same day, this Court approved the withdrawal of Debtors' prior counsel, effective as of August 21, 2018. Subject to this Court's approval, the Debtors hired the undersigned as (replacement) counsel to the Debtors effective as of August 22, 2018, and will shortly be filing an employment application to formalize same, together with an application to employ John Thompson at Elm Tree Advisors V, LLV ("**Elm Tree**") as their investment banker and strategic-alternative advisor.

The Debtors have further determined in their business judgment to conduct a competitive bid-and-sale process for the orderly sale of all or substantially all of the Debtors' assets (the "**Assets**") under § 363(b) and (f) of the Bankruptcy Code and transition the Dealerships to a new ownership group.[2] KamKad Automotive Holdings, LLC ("**KamKad**") is the proposed Stalking Horse Bidder, and has already issued a press release that has been widely reported in the media:

---

[2] See *Motion for Entry of an Order (I) Authorizing and Approving: (A) Bid Procedures; (B) Stalking Horse Bidder and Overbid Protections; and (C) Form and Manner of Notices; (II) Scheduling an Auction and Sale Hearing; (III) Approving the Sale of Substantially*

*KamKad Automotive Group is proud to enter a Stalking-Horse Bid for the Reagor Dykes Organization's. KamKad Automotive hopes to quickly and efficiently make it through the bidding process and restore the faith and commitment to the West Texas communities affected by this ordeal.*

*The Reagor Dykes Organization have [sic] always been focused on giving back and serving the communities in which they operated, KamKad Automotive intends to continue this legacy of commitment. KamKad recognizes that numerous employee's and their families have been displaced by these proceeding's. Upon completion of the bid process, KamKad intends to quickly restore employment to as many previous employees as possible.*

*KamKad is dedicated to seeing customers through this tough time and restoring the confidence that was once in place not that long ago. KamKad looks forward to years of service to the West Texas communities and the families that call them home.*

The alleged property interests of any one creditor in gaining priority relief or payment are not paramount to the interests of all creditors of the estates in the controlled and methodical sale of the Assets and the appropriate dissemination of the sales proceeds in accordance with the waterfall as dictated by the Bankruptcy Code. It is unclear from the Motion whether Nyle Maxwell actually asserts a security interest in property of the estate, or whether Nyle Maxwell is actually seeking reclamation, so to speak, and the mere right to file an unsecured claim. However, any alleged security interest Nyle Maxwell claims to have will attach to the proceeds of any sale of the Assets, and the priority and treatment of such interests should be considered, along with the interests of Ford, BFP consumer purchasers, and all parties in interest in a single, controlled process – and not in fits and starts based on whomever files a motion to lift stay first. That chaotic state of affairs is precisely what the automatic stay is designed to prevent.

**WHEREFORE**, the Debtors request the Court to deny the relief requested in the Motion and grant the Debtors such other and further relief as the Court deems just and proper.

---

*All of the Debtors Assets Free and Clear of All Liens, Claims, Encumbrances, and Interests; and (IV) Granting Related Relief [Docket No. 222].*

DATED:  September 12, 2018                  Respectfully submitted by:

                                           */s/ Marcus A. Helt*
                                           Marcus A. Helt (TX 24052187)
                                           C. Ashley Ellis (TX 00794824)
                                           **FOLEY GARDERE**
                                           **FOLEY & LARDNER LLP**
                                           2021 McKinney Avenue, Suite 1600
                                           Dallas, TX  75201
                                           Telephone:  214.999.3000
                                           Facsimile:  214.999.4667

                                           **PROPOSED COUNSEL TO DEBTORS**
                                           **REAGOR-DYKES MOTORS, LP *et al.***

<u>**CERTIFICATE OF SERVICE**</u>

    I hereby certify that, on September 12, 2018, a true and correct copy of the foregoing document was served electronically by the Court's PACER system, and in the form and manner as set forth hereinabove.

                                           */s/ Marcus A. Helt*
                                           Marcus A. Helt