H. Brandon Jones
State Bar. I.D. No. 24060043
Joshua N. Eppich
State Bar I.D. No. 24050567
**BONDS ELLIS EPPICH SCHAFER JONES LLP**
420 Throckmorton Street, Suite 1000
Fort Worth, Texas 76102
(817) 405-6900 telephone
(817) 405-6902 facsimile

Jimmy D. Parrish (*pro hac vice*)
Florida Bar No. 0526401
**BAKER & HOSTETLER, LLP**
200 S. Orange Ave.
Sun Trust Center, Suite 2300
Orlando, Florida 32801-3432
(407) 649-4000 telephone
(407) 841-0168 facsímile

*Attorneys for Gulf States Toyota, Inc.*

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## LUBBOCK DIVISION

| | |
|---|---|
| **In re:**<br><br>**REAGOR-DYKES MOTORS, LP**, *et al*.<br><br>Debtors, | Case No. 18-50214-rlj-11<br>Jointly Administered |

**OBJECTION OF GULF STATES TOYOTA, INC. TO THE MOTION FOR ENTRY OF AN ORDER (I) AUTHORIZING AND APPROVING: (A) BID PROCEDURES; (B) STALKING HORSE BIDDER AND OVERBID PROTECTIONS; AND (C) FORM AND MANNER OF NOTICES; (II) SCHEDULING AN AUCTION AND SALE HEARING; (III) APPROVING THE SALE OF SUBSTANTIALLY ALL THE ASSETS OF THE DEBTORS, FREE AND CLEAR OF ALL LIENS, CLAIMS, ENCUMBRANCES AND INTERESTS; AND (IV) GRANTING RELATED RELIEF**

Gulf States Toyota, Inc. ("GST"), by and through its undersigned counsel, hereby objects to the *Motion for Entry of an Order (I) Authorizing and Approving: (A) Bid Procedures: (B) Stalking Horse Bidder and Overbid Protections; and (C) Form and Manner of Notices; (II) Scheduling an Auction and Sale Hearing; (III) Approving the Sale of Substantially All the Assets of the Debtors, Free and Clear of All Liens, Claims, Encumbrances and Interests; and (IV) Granting Related Relief* (the "Motion"), and in support thereof, states as follows:

**BACKGROUND**

1. On or about August 1, 2018 (the "Petition Date"), Reagor-Dykes Plainview, LP ("Reagor Plainview") along with its affiliates Reagor-Dykes Motors, LP, Reagor-Dykes Imports, LP, Reagor-Dykes Amarillo, LP, Reagor-Dykes Auto Company, LP, and Reagor-Dykes Floydada, LLP ("each a "Debtor" and collectively, the "Debtors") filed voluntary petitions for chapter 11 relief under title 11 of the United States Code (the "Bankruptcy Code"). Each is operating as a debtor in possession.

2. Among the dealerships operated by the Debtors, Reagor Plainview operates a Toyota dealership.

3. GST is a distributor of Toyota automobiles and products and supplier to Reagor Plainview in connection with its ownership and operation of a Toyota dealership located in Plainview, Texas (the "Dealership").

4. Reagor Plainview's operation of the Dealership is subject to the terms and conditions of the Toyota Dealer Agreement effective as of November 9, 2015 (the "Dealer Agreement"). The term of the Dealer Agreement was originally set to expire on November 8, 2017, but was extended by agreement of the parties until November 8, 2018.

5. Under the Dealer Agreement, Reagor Plainview is appointed as an authorized Toyota dealer which gives it the right: (i) to buy and resell Toyota products; (ii) identify itself as an authorized Toyota dealer utilizing approved signage at its dealership; and (iii) to use the name Toyota, Toyota trademarks, and other intellectual property as provided in the Dealer Agreement.

6. Each of the rights afforded to Reagor Plainview under the Dealer Agreement are subject to certain obligations back to GST. Reagor Plainview is in breach of many of these obligations including: (i) failure to maintain the required minimum net working capital

requirements; (ii) failure to maintain an adequate flooring line; (iii) failure to pay off consumer trade-in obligations; (iv) failure to maintain acceptable sales customer satisfaction performance; (v) failure to maintain minimum vehicle inventories; (vi) failure to actively and effectively advertise, merchandise, promote and sell Toyota products; (vii) failure to comply with consumer protection statutes, rules, and regulations; (viii) failure to maintain an adequate genuine Toyota parts inventory; and (ix) failure to keep dealership operations open for business during customary hours.

7. By the Motion, Reagor Plainview seeks an order approving, inter alia, the procedures for the sale of the Dealership and the assumption and assignment of related executory contracts, including, presumably the Dealer Agreement notwithstanding the fact that the Dealer Agreement expires under its own terms on November 8, 2018.

8. Moreover, even if the Dealer Agreement did not expire or is extended by agreement, GST has contractual and statutory rights to review and either approve or disapprove any proposed sale of the Dealership or change in management, and also has a contractual right of first refusal on any proposed sale, which GST can trigger despite the qualifications or capabilities of a proposed buyer (the "ROFR").

9. In its current form, the Motion: (i) ignores the obvious expiration date of the Dealer Agreement; (ii) attempts to strip GST of its contractual and statutory approval and ROFR rights; and (iii) attempts to alter other contractual rights of GST.

**OBJECTION**

10. GST objects to the Motion to the extent it seeks procedures related to the transfer of the Dealer Agreement that is set to expire under its own terms on November 8, 2018. Moreover, GST objects to the Motion to the extent it seeks to limit, impair, or otherwise alter GST's rights

under the Dealer Agreement, Section 2301.359 of the Texas Occupations Code, Texas common law, Section 365 of the Bankruptcy Code, and other applicable law.

11. First and foremost, the Debtors cannot assume and assign an agreement that has expired under its own terms. The Dealer Agreement was originally set to expire on November 8, 2017, but was extended by six (6) months on two separate occasions. The last extension was granted on April 15, 2018 and extended the term until November 8, 2018.

12. Bankruptcy courts have routinely recognized that the filing of a bankruptcy petition does not grant a debtor the right to extend the term of an agreement beyond its express terms. *Shell Oil Co. v. Anne Cara Oil Co., Inc. (In re Anne Cara Oil Co., Inc.)*, 32 B.R. 643, 648 (Bankr. D. Mass. 1983); *In re Nashville White Trucks, Inc.*, 5 B.R. 112, 116 (Bankr. M.D. Tenn. 1980); *In re Rigg*, 198 B.R. 681, 685 (Bankr. N.D. Tex. 1996). The Debtor's proposed sale schedule extends past the natural expiration of the Dealer Agreement. Notwithstanding the natural expiration of the Dealer Agreement, initial indications from the Debtors suggests their intent to include the Dealership in the proposed sale.

13. GST objects to any alteration of the Dealer Agreement, including any attempt to coerce GST into extending the term of the Dealer Agreement.

14. Even if GST and the Debtors could reach an agreement on an extension of the term of the Dealer Agreement, the proposed procedures would still be objectionable because they attempt to strip GST of other essential contractual and statutory rights.

15. Specifically, the Dealer Agreement contains several other restrictions with respect to the ownership, management, and sale of the Dealership, including but not limited to: (i) Section VI provides that the Dealer Agreement is a personal service contract; (ii) Section VI provides that any change in ownership or change in the general manager requires prior written consent of GST;

and (iii) Section IX incorporates the Toyota Dealer Agreement Standard Provisions which provides GST with a right of first refusal with respect to the transfer of the ownership interest in the Dealership and procedures related to those rights.

16. In addition to the various restrictions under the Dealer Agreement, the transfer or sale of the Dealership is subject to the requirements of Section 2301.359 of the Texas Occupations Code, which is titled Transfer of Ownership by Dealer. Section 2301.359 provides, in relevant part, that any proposed transfer of a dealership is subject to review and approval by GST. Texas Occupations Code § 2301.359. Specifically, the statute provides a sixty (60) day period for a distributor, such as GST, to determine whether the prospective transferee is qualified to be a dealer of its products. *Id*. The sixty (60) day period does not begin to run until GST has been provided with a completed application that includes the prospective transferee's business experience and financial qualifications, copies of all pertinent agreements regarding the proposed assignment, sale or transfer, completed application forms and related information generally used by GST in reviewing prospective dealers, and the transferee's written agreement to comply with the terms of the franchise *Id*. at (c)(1)-(3). These documents and information must be provided and GST afforded its full sixty (60) days to evaluate the documents and information submitted before GST either approves or disapproves the proposed transfer.

17. GST has a recognized statutory right: (i) to determine the qualifications of any proposed purchaser of the Dealership or any interests therein, including any transfer of the Dealer Agreement; and (ii) to either approve or disapprove of the proposed transaction. Yet, the proposed sale procedures provide no reference to the terms of the Dealer Agreement or the applicable statute. Moreover, the proposed bid procedures do not provide an adequate framework or timeframe for GST to receive a completed application and approve or disapprove the proposed stalking horse

bidder or any other bidder.

18. Instead, the proposed procedures, if approved, would allow the Debtors to sell the Dealership and transfer the Dealer Agreement without giving GST the ability to properly consider and approve or disapprove the purchaser, all in direct violation of the express terms of the Dealer Agreement and the applicable Texas statutes. GST objects to any procedures that seek to circumvent its contractual and statutory rights to review and approve or disapprove of any proposed purchaser.

19. The proposed bid procedures also fail to provide any mechanism whatsoever to address GST's right of first refusal. Without a mechanism to deal with these rights, the proposed procedures are destined to fail.

20. The Debtors should not be permitted, and thus this Court should not authorize any sale procedures that fail to appropriately recognize GST's contractual and statutory rights. The Debtors cannot run afoul of Section 2301.359 of the Texas Occupations Code. Any sales procedure must still follow Texas state law and recognize GST's rights under the Dealer Agreement as section 2301.359 of the Texas Occupations Code constitutes "applicable non-bankruptcy law" within the meaning of Section 365(c)(1)(A). *See In re Lil' Things, Inc.*, 220 B.R. 583, 591 (Bankr. N.D. Tex. 1997) (stating that the rights of third parties under § 365(c)(1)(A) are paramount where the identity of the party rendering performance under the contract is material to the contract, and the contract is non-delegable under applicable non-bankruptcy law).

21. Finally, the proposed procedures reference the stalking horse bid which provides that GST must agree to reinstate previous new-vehicle incentives for the bidder, notwithstanding previous incentive payments to the Debtors. GST will not agree to pay any incentives already paid out to the Debtors under any circumstances and objects to any sale that would require GST to

reinstate previous incentives notwithstanding previous payment to the Debtors.

22. The proposed bid procedures do not comply with the Bankruptcy Code and fail to recognize and preserve GST's rights under the Dealer Agreement, Texas state law, and the Bankruptcy Code and consequently should be denied.

**WHEREFORE**, GST respectfully requests that the Court enter an order: (i) denying the Motion; (ii) requiring any proposed sale procedures to recognize and account for GST's contractual and statutory rights; and (iii) granting such other and further relief as is appropriate under the circumstances.

Dated: September 14, 2018

Respectfully submitted,

**BONDS ELLIS EPPICH SCHAFER JONES LLP**

/s/ *Joshua N. Eppich*
H. Brandon Jones
State Bar. I.D. No. 24060043
Joshua N. Eppich
State Bar I.D. No. 24050567
420 Throckmorton Street, Suite 1000
Fort Worth, Texas 76102
(817) 405-6900 telephone
(817) 405-6902 facsimile
Brandon@bondsellis.com
Joshua@bondsellis.com

-and-

**BAKER & HOSTETLER LLP**

Jimmy D. Parrish
Florida Bar No. 0526401
SunTrust Center, Suite 2300
Orlando, FL 32801-3432
(407) 649-4000 telephone
(407) 841-0168 facsímile
jparrish@bakerlaw.com

*Attorneys for Gulf States Toyota, Inc.*

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing was served electronically through the Court's ECF system this 14th day of September, 2018, to all parties requesting notice pursuant to Bankruptcy Rule 2002, and via first class mail, postage pre-paid to the below:

> United States Trustee
> 1100 Commerce Street
> Room 976
> Dallas, TX 75242
>
> Marcus A. Helt (TX 24052187)
> C. Ashley Ellis (TX 00794824)
> FOLEY GARDERE
> FOLEY & LARDNER LLP
> 2021 McKinney Avenue, Suite 1600
> Dallas, TX 75201

*/s/ Joshua N. Eppich*
Joshua N. Eppich