Marcus A. Helt (TX 24052187)
C. Ashley Ellis (TX 00794824)
**FOLEY GARDERE**
**FOLEY & LARDNER LLP**
2021 McKinney Avenue, Suite 1600
Dallas, TX 75201
Telephone: 214.999.3000
Facsimile: 214.999.4667

**PROPOSED COUNSEL TO DEBTORS**
**REAGOR-DYKES MOTORS, LP** *et al.*

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**LUBBOCK DIVISION**

| | | |
|---|---|---|
| **IN RE:** | § | |
| | § | |
| **REAGOR-DYKES MOTORS, LP,** *et al.*[1] | § | **Case No. 18-50214-rlj-11** |
| | § | **Jointly Administered** |
| Debtor. | § | |

**APPLICATION FOR AUTHORITY TO EMPLOY**
**ELM TREE ADVISORS V LLC AS INVESTMENT BANKER**

Reagor-Dykes Motors, LP; Reagor-Dykes Imports, LP; Reagor-Dykes Amarillo, LP; Reagor-Dykes Auto Company, LP; Reagor-Dykes Plainview, LP; Reagor-Dykes Floydada, LP (collectively, "***Reagor-Dykes***" or the "***Debtors***"), as debtors and debtors-in-possession in the above-styled and captioned case hereby file this *Application for Authority to Employ Elm Tree Advisors V LLC as Investment Banker* (the "**Application**"). In support of the Application, the Debtors respectfully represent as follows:

---

[1] The Debtors are Reagor-Dykes Imports, LP (Case No. 18-50215), Reagor-Dykes Amarillo (Case No. 18-50216), Reagor-Dykes Auto Company, LP (Case No. 18-50217), Reagor-Dykes Plainview, LP (Case No. 18-50218), and Reagor-Dykes Floydada, LP (Case No. 18-50219).

# I.
# JURISDICTION AND VENUE

1. This Court has jurisdiction over this Motion under 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2), and venue is proper under 28 U.S.C. §§ 1408 and 1409.

2. The legal predicates for the relief requested in this Motion are §§ 105(a), 363, 365, 503(b), 507(a), 541, 1107(a), and 1108 of title 11 of the United States Code (the "Bankruptcy Code"), and rules 2002, 6004, 6006, 9007, and 9014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

# II.
# BACKGROUND

3. On On August 1, 2018 (the "Petition Date"), the Debtors filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"), thereby initiating the above-captioned, jointly-administered bankruptcy cases (the "Chapter 11 Cases") in the Bankruptcy Court for the Northern District of Texas (the "Court") and creating their bankruptcy estates (the "Estates"). Together with two non-debtor entities, Reagor Auto Mall, Ltd. and Reagor Dykes Snyder, LP, the Debtors operate eight (8) dealerships with thirteen (13) locations – twelve (12) in West Texas and one (1) location in Dallas – as a consolidated group (collectively, the "Dealerships").

4. The Debtors continue to operate and to manage their businesses as "debtors-in-possession" pursuant to §§ 1107 and 1108 of the Bankruptcy Code. However, on August 30, 2018, BlackBriar Advisors, L.L.P. ("BlackBriar") was approved on a final basis by the Court as Chief Restructuring Officer of the Debtors.

5. On August 30, 2018, this Court approved Mullin Hoard & Brown, L.L.P.'s withdrawal as counsel to the Debtors effective as of August 21, 2018.

6. Subject to this Court's approval, the Debtors hired the undersigned as (replacement) counsel to the Debtors effective as of August 22, 2018. On September 10, 2018, the Debtors filed their Application for an Order Pursuant to 11 U.S.C. § 327(a) and Bankruptcy Rules 2014 and 2016 Authorizing Employment and Retention of Foley Gardere, Foley & Lardner LLP, as Counsel to the Debtors and Debtors-in-Possession Effective August 22, 2018 [Docket No. 254].

### III.
### RELIEF REQUESTED

7. In connection with this Application, Reagor-Dykes intends to file shortly a Motion for Entry of an Order (I) Authorizing and Approving: (A) Bid Procedures, (B) Form of Asset Purchase Agreement; and (C) Form and Manner of Notices; (II) Scheduling an Auction and Sale Hearing; (III) Approving the Sale of Substantially All of Reagor-Dykes' Assets Free and Clear of All Liens, Claims, Encumbrances, and Interests; and (IV) Granting Related Relief (the "**Sale Motion**") seeking entry of an order approving first bid procedures for, and then secondly approving the sale of all or substantially all of Reagor-Dykes' assets.

8. After considering all available options, and after consultation with the CRO, putative new undersigned counsel, and other interested parties, Reagor-Dykes has determined that the most prudent course of action forward in these case is to conduct a sale process for the orderly sale of all or substantially all of Reagor-Dykes' assets under section 363 of the Bankruptcy Code, to the highest and best bidder, pursuant to a Court approved auction process. By this Application, Reagor-Dykes seeks authority to employ and retain Elm Tree Advisers V LLC ("**Elm Tree**") pursuant to Bankruptcy Code § 327 and 328(a) to provide financial advisory consulting services to ensure that the ultimate price paid for Reagor-Dykes' assets is the highest and best price the market will bear.

# IV.
# SCOPE OF ASSISTANCE TO BE PROVIDED

9. Reagor-Dykes seeks authority to engage Elm Tree during these Chapter 11 Cases to assist Reagor-Dykes in the marketing and sale of all or substantially all of its assets, after notice and an opportunity for hearing, pursuant to a properly filed and noticed Sale Motion. As consultants and advisors to Reagor-Dykes, Elm Tree may perform the following services as may be requested by the Debtors:

    i    assist Reagor-Dykes in the review and distribution of marketing and related solicitation materials, including financial projections and business plan presentations, in an effort to create interest in and to consummate a sale(s) of assets;

    ii    canvas the marketplace to identify and contact potential qualified buyers, evaluate indications of interest and proposals regarding a sale(s) from potential purchasers;

    iii    work closely with the Debtors' professionals to assist first in collecting and coalescing information for a data room, and second coordinating and arranging for potential buyers to conduct due diligence investigations, together with the execution of normal and customary non-disclosure agreements, and participating as a representative of Reagor-Dykes in negotiations with potential purchasers and their advisors;

    iv    assist Reagor-Dykes with the development, structuring, negotiation and implementation of any sale(s);

    v    advise and attend meetings of Reagor-Dykes' principals, creditor groups, official constituencies and other interested parties, as Reagor-Dykes determines to be necessary or desirable; and

    vi    provide such other financial advisory services as may be agreed upon by Elm Tree and Reagor-Dykes.

# V.
# ELM TREE'S QUALIFICATIONS AND DISINTERESTEDNESS

10. Reagor-Dykes has made a diligent inquiry into the qualifications and competence of Elm Tree and believes that Elm Tree is quite capable of providing the financial advisory

services detailed above.  Reagor-Dykes has selected Elm Tree based on its experience and expertise in assisting clients in evaluating their capital structure, and identifying and pursuing financing in the senior secured and mezzanine financial market spaces.  Elm Tree is not a creditor, insider or affiliate of the Debtors, and has not provided any services to the Debtors or their principals other than as described herein.

11. Elm Tree's principal, John Thompson, Jr. did provide similar services as those proposed via this Application to Reagor-Dykes prepetition.  Specifically, Mr. Thompson and Elm Tree were engaged as advisors to Reagor-Dykes for approximately sixteen (16) months prior to these cases being filed for the express purpose of addressing the companies' capital needs.  Mr. Thompson and Elm Tree were paid for the services as and when provided, but Mr. Thompson was not an employee of any Reagor-Dykes entity, and neither Mr. Thompson nor Elm Tree was owed any money by any one of the Debtors on the petition date.  Given Elm Tree's expertise in advising distressed companies generally and Mr. Thompson and Elm Tree's familiarity with these Debtors specifically, Reagor-Dykes believes that the employment of Elm Tree is necessary and in the best interests of the Debtors' estates.  A Declaration executed by Elm Tree's principal Mr. Thompson, describing both Elm Tree's qualifications, prior experience with the Debtors and disinterestedness is attached hereto as **Exhibit A** and incorporated as if fully set forth herein.

## VI.
## PROFESSIONAL COMPENSATION

12. Subject to this Court's approval Reagor-Dykes proposes the following compensation for Elm Tree:

> **DEFERRED COMPENSATION FEE**. To engage Elm Tree to perform financial advisory and consulting services, Reagor-Dykes shall pay Elm

Tree a fee equal to 1.00% of the total value of the investment into or on behalf of Reagor-Dykes and obligations of Reagor-Dykes assumed by any third party incident to the closing of a sale pursuant to the Sale Motion (the "**Fee**").

**EXPENSE REIMBURSEMENT**. Without regard to whether a sale is consummated, reasonable and documented out-of-pocket travel and lodging expenses incurred by Elm Tree during the term of the engagement in connection with the services rendered hereunder (the "**Expenses**").

## VII.
## BASIS FOR RELIEF

13. Reagor-Dykes seeks approval of the Fee and Expenses pursuant to section 328(a) of the Bankruptcy Code, which provides, in relevant part, that Reagor-Dykes "with the court's approval, may employ or authorize the employment of a professional person under section 327 ... on any reasonable terms and conditions of employment, including on a retainer ...." 11 U.S.C. § 328(a). Consequently, section 328(a) of the Bankruptcy Code permits this Court to approve the terms of Elm Tree's engagement as set forth herein.

14. Section 328 of the Bankruptcy Code permits the compensation of professionals on flexible terms that more accurately reflect the nature of their services and market conditions. As the United States Court of Appeals for the Fifth Circuit has recognized:

> Prior to 1978 the most able professionals were often unwilling to work for bankruptcy estates where their compensation would be subject to the uncertainties of what a judge thought the work was worth after it had been done. That uncertainty continues under the present § 330 of the Bankruptcy Code, which provides that the court award to professional consultants "reasonable compensation" based on relevant factors of time and comparable costs, etc. Under present § 328 the professional may avoid that uncertainty by obtaining court approval of compensation agreed to with the trustee (or debtor or committee).

*In re National Gypsum Co.*, 123 F.3d 861, 862 (5th Cir. 1997) (internal citations omitted).

15. Furthermore, under the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, certain modifications were made to section 328(a) of the Bankruptcy Code, which now provides as follows:

> The trustee, or a committee appointed under section 1102 of this title, with the court's approval, may employ or authorize the employment of a professional person under section 327 or 1103 of this title, as the case may be, on any reasonable terms and conditions of employment, including on a retainer, on an hourly basis, <u>on a fixed percentage fee basis, or on a contingent fee basis.</u>

11 U.S.C. § 328(a) (emphasis added). Section 328(a) of the Bankruptcy Code, as amended, now makes clear that debtors may retain, subject to bankruptcy court approval, a professional on a contingent basis such as that proposed by the Debtors herein.

16. Reagor-Dykes submits that the compensation structure proposed herein (i) appropriately reflects the nature and scope of services to be provided by Elm Tree, and (ii) is consistent with the compensation structures typically utilized by Elm Tree in transactions similar to the prospective sale(s) and with that of other leading financial advisory and consulting companies who do not bill their clients on an hourly basis. Elm Tree does not customarily maintain detailed time records similar to those customarily maintained by attorneys, and Elm Tree's services will not be compensated by reference to the number of hours spent on its efforts to negotiate and consummate a sale transaction, but on the ultimate price if/as/when Reagor-Dykes' assets are sold. Reagor-Dykes therefore requests that Elm Tree be relieved of the obligation to record its time on an hourly basis or in other increments thereof.

17. Reagor-Dykes believes that the terms and conditions of the proposed compensation of Elm Tree are fair, reasonable and market-based under the standards set forth in section 328(a) of the Bankruptcy Code. Reagor-Dykes does not intend to file any other or further application(s) for allowance of Elm Tree's Fee and Expenses with this Court; Elm Tree's

compensation will instead be subject to the standard of review of section 328(a) of the Bankruptcy Code.

18. Reagor-Dykes' retention of Elm Tree will benefit the estate by providing them with objective and skilled professionals to assist in, among other things, evaluating and implementing a sale(s) of all or substantially all of their assets for the highest and best price, all in accordance with the Sale Motion. Accordingly, such employment is in the best interests of Reagor-Dykes' estate, creditors, and other parties in interest.

WHEREFORE, based upon the foregoing, Reagor-Dykes respectfully requests that the Court enter an Order authorizing Reagor-Dykes to engage Elm Tree on the terms described above pursuant to sections 327 and 328 (a) of the Bankruptcy Code and granting such other and further relief as the Court may deem just and proper.

DATED: September 14, 2018                Respectfully submitted by:

*/s/ Marcus A. Helt*
Marcus A. Helt (TX 24052187)
C. Ashley Ellis (TX 00794824)
**FOLEY GARDERE**
**FOLEY & LARDNER LLP**
2021 McKinney Avenue, Suite 1600
Dallas, TX 75201
Telephone: 214.999.3000
Facsimile: 214.999.4667

**PROPOSED COUNSEL TO DEBTORS REAGOR-DYKES MOTORS, LP** *et al.*

## Certificate of Service

I hereby certify that, on September 14, 2018, a true and correct copy of the foregoing document was served electronically by the Court's PACER system, and in the form and manner as set forth hereinabove.

/s/ Marcus A. Helt
Marcus A. Helt