**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION**

| | | |
|---|---|---|
| IN RE: | § § | |
| REAGOR-DYKES MOTORS, LP, *et al.*[1] | § § § | Case No. 18-50214-rlj-11<br>Jointly Administered |
| Debtor. | § | |

**DECLARATION OF JOHN THOMPSON, JR. IN SUPPORT OF
APPLICATION  FOR AUTHORITY TO EMPLOY
ELM TREE ADVISORS V LLC**

I, John Thompson, Jr. hereby declare under penalty of perjury, and in connection with the above-captioned Chapter 11 bankruptcy cases, that the following facts are true and correct to the best of my knowledge, information and belief:

1.     I am the founder and a principal of Elm Tree Advisors V, LLC ("**Elm Tree**" or the "**Firm**"), a financial advisory and consulting firm based out of Austin, Texas with a business address of 3112 Windsor Rd, Suite 365-A, Austin, TX 78701.  I am authorized to make this declaration on behalf of the Firm.  I am over eighteen years of age and have personal knowledge of the facts set forth herein and, if called as a witness, would testify competently with respect thereto from my own personal knowledge except as otherwise stated.

2.     I submit this Declaration pursuant to Bankruptcy Rule 2014(a) in support of the *Application for Authority to Employ Elm Tree Advisors V, LLC* (the "**Application**").  I have reviewed the Application and, to the best of my knowledge, the factual representations contained therein regarding the Firm's intended representation of the Debtors are materially true and correct.

---

[1] The Debtors are Reagor-Dykes Imports, LP (Case No. 18-50215), Reagor-Dykes Amarillo (Case No. 18-50216), Reagor-Dykes Auto Company, LP (Case No. 18-50217), Reagor-Dykes Plainview, LP (Case No. 18-50218), and Reagor-Dykes Floydada, LP (Case No. 18-50219).

A. **Qualifications**

3. The Firm and its predecessor companies, founded over fifteen (15) years ago, is a financial advisory and consulting firm with substantial experience and expertise in assisting clients in evaluating their capital structure and capital needs, and then assisting management in solving their financing needs primarily in the senior secured, bond and mezzanine financial markets. I am the founder and owner of the Firm, and was formerly a securities lawyer licensed to practice law in New York State and a leveraged finance investment banker at Citicorp and Salomon Smith Barney in New York. I have provided independent debt market-related financial advisory services with my own firm since 2001.

B. **Scope of Services to be Provided**

4. The Firm has experience working with distressed companies looking to sell assets as part of a larger endeavor to address deficiencies in their capital structure. The Firm is highly qualified to participate in the following tasks:

   (a) assist Reagor-Dykes in the review and distribution of marketing and related solicitation materials, including financial projections and business plan presentations, in an effort to create interest in and to consummate a sale(s) of assets;

   (b) canvas the marketplace to identify and contact potential qualified buyers, evaluate indications of interest and proposals regarding a sale(s) from potential purchasers;

   (c) work closely with the Debtors' professionals to assist first in collecting and coalescing information for a data room, and second coordinating and arranging for potential buyers to conduct due diligence investigations, together with the execution of normal and customary non-disclosure agreements, and participating as a representative of Reagor-Dykes in negotiations with potential purchasers and their advisors;

   (d) assist Reagor-Dykes with the development, structuring, negotiation and implementation of any sale(s);

    (e)    advise and attend meetings of Reagor-Dykes' principals, creditor groups, official constituencies and other interested parties, as the Reagor-Dykes determines to be necessary or desirable; and

    (f)    provide such other financial advisory services as may be agreed upon by Elm Tree and Reagor-Dykes.

**C.**     <u>Compensation Structure</u>

5.    The proposed overall compensation structure is comparable to, yet actually more favorable to the Debtors than, compensation generally charged by financial advisory and consulting firms of similar stature for comparable engagements, both in and out of court.

6.    Together with reimbursement of reasonable travel expenses, Elm Tree has agreed to the following compensation structure proposed by the Debtor:

    (a)    **DEFERRED COMPENSATION FEE**. To engage Elm Tree to perform financial advisory and consulting services, Reagor-Dykes shall pay Elm Tree a fee equal to 1.00% of the total value of the investment into or on behalf of Reagor-Dykes and obligations of Reagor-Dykes assumed by any third party incident to the closing of a sale pursuant to the Sale Motion.

    (b)    **EXPENSE REIMBURSEMENT**. Without regard to whether a sale is consummated, reasonable and documented out-of-pocket travel and lodging expenses incurred by Elm Tree during the term of the engagement in connection with the services rendered hereunder.

7.    In my opinion, this compensation structure (i) appropriately reflects the nature and scope of services to be provided by the Firm and the Firm's substantial experience in assisting clients with respect to similar sales, and (ii) is consistent with the compensation structures typically utilized by the Firm in comparable transactions and with that of other financial firms in the industry who do not bill their clients on an hourly basis. Elm Tree does not customarily maintain detailed time records similar to those customarily maintained by attorneys, and Elm Tree's services will not be compensated by reference to the number of hours spent on its marketing efforts, but on the

ultimate terms of a sale. Consistent therewith, Elm Tree does not intend to file any other or further application(s) for allowance of Elm Tree's fees and expenses with this Court.

**D.** **Disinterestedness**

8. Elm Tree has conducted a conflicts check pursuant to a list of the Debtors' creditors provided to me by the Debtors' bankruptcy professionals. Based on the results of the conflicts search conducted to date, I believe that the Firm does not, insofar as I have been able to ascertain: (1) hold or represent any interest adverse to the Debtors or their Chapter 11 cases that would impair the Firm's ability to objectively perform professional services for the Debtors, in accordance with Section 327 of the Bankruptcy Code; or (2) have any connection with creditors and other parties-in-interest relating to the Debtors or their Chapter 11 cases. I will also conduct an ongoing review of Elm Tree's engagements to ensure that no conflicts or other disqualifying circumstances exist or arise. If any new material facts, connections or relationships are discovered or arise, I will supplement this disclosure to the Court.

9. I did provide similar services as those proposed via the Application to the Debtors prepetition. Specifically, I and Elm Tree were engaged as advisors to the Debtors for approximately sixteen (16) months prior to these cases being filed for the express purpose of addressing the companies' capital needs. I and Elm Tree were paid for the services as and when provided, but neither I nor Elm Tree was an employee of any Reagor-Dykes entity, and neither I nor Elm Tree was owed any money by any one of the Debtors on the petition date. Therefore, to the best of my knowledge, neither the Firm nor any of its professionals: (1) is a creditor, an equity security holder, or an insider of the Debtors as of the Petition Date; (2) is or was, within two years before the Petition Date, a director, officer or employee of the Debtors; or (3) has an interest materially adverse

to the interest of the estate or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with or interest in the Debtors or for any other reason.

10. Elm Tree has not been retained to assist any entity or person other than the Debtors on matters relating to these chapter 11 cases. If the Court approves the Firm's retention, the Firm will not accept any engagement or perform any service for any entity or person other than the Debtors in these chapter 11 cases.

11. None of the professionals comprising or employed by the Firm is related to any judge of the United States Bankruptcy Court for the Northern District of Texas, the U.S. Trustee, or to any person employed by the U.S. Trustee.

12. Pursuant to § 504 of the Bankruptcy Code, no agreement or understanding exists between Elm Tree or any other person to share any compensation or reimbursement of expenses to be paid to the Firm in this proceeding.

I declare pursuant to 28 U.S.C. § 1746 under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed this __10th__ day of September, 2018.

_____
John Thompson, Jr.