Mark E. Andrews (Tex. Bar No. 01253520)
mandrews@dykema.com
Jesse T. Moore (Tex. Bar No. 24056001)
jmoore@dykema.com
DYKEMA COX SMITH
1717 Main Street, Suite 4200
Dallas, TX 75201
Telephone: (214) 462-6400
Facsimile: (214) 462-6401

*Attorneys for General Motors LLC*

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## LUBBOCK DIVISION

| | | |
|---|---|---|
| **IN RE:** § | | **Case No. 18-50214-rlj-11** |
| **REAGOR-DYKES MOTORS, LP** § | | **(Jointly Administered Under** |
|  § | | **Case No. 18-50214)** |
| Debtor. § | | |
| _____ § | | |

## GENERAL MOTORS LLC'S LIMITED OBJECTION AND RESERVATION OF RIGHTS IN OPPOSITION TO DEBTORS' MOTION TO AUTHORIZE BID AND SALE PROCEDURES

COMES NOW, General Motors LLC (hereinafter "GM") and makes and files this objection and reservation of rights to Debtors' *Motion for Entry of an Order (I) Authorizing and Approving: (A) Bid Procedures; (B) Stalking Horse Bidder and Overbid Protections; and (C) Form and Manner of Notices; (II) Approving the Sale of Substantially all of the Debtors Assets Free and Clear; (III) Approving the Sale of Substantially All of the Assets of the Debtors, Free and Clear of All Liens, Claims, Encumbrances and Interests; and (IV) Granting Related Relief* [D.I. 222].

### I.

GM manufactures and distributes automobiles throughout the United States and the rest of the world. As a core part of its business, GM strives to ensure that its products are sold in a consistent way by well capitalized dealers of high integrity. As a result, GM zealously vets parties applying to become authorized dealers, and only approves those applicants which meet or exceed GM's criteria.

**GENERAL MOTORS LLC'S LIMITED OBJECTION AND RESERVATION OF RIGHTS IN OPPOSITION TO DEBTORS' MOTION TO AUTHORIZE BID AND SALE PROCEDURES**    **PAGE 1 OF 4**

4849-9590-1555.3
106069\000633

**II.**

Debtors are Reagor-Dykes Motors, L.P. and various affiliate entities which filed bankruptcy on or about August 1, 2018. Among the entities filing bankruptcy, GM had authorized a Chevrolet dealer at the Floydada, Texas location. As of the date these papers were written, GM also authorized a Chevrolet dealer at the Snyder, Texas location which is not currently before the Court in that it has not filed bankruptcy.

**III.**

Debtors, understandably seek authority from this Court to engage in a process to sell the assets to a third party. As is usual under these circumstances, the Debtors have set out a process beginning with approval of the procedures based on a proposal from Kamkad. In the Motion, Debtors then set out milestones for a fully negotiated Asset Purchase Agreement along with identification of assets to be conveyed.

GM has no opposition to the Debtors engaging in that process but files this objection and reservation of rights to make clear the following:

(A)  No GM dealership can operate without the consent of GM, nor can any party become a GM dealer operator or operate a GM dealership without the consent and approval of GM. The GM dealer services agreement is personal to the operators with whom GM has contracted. This is not a property right the Debtors have the ability to convey. The right to operate as a GM dealer is GM's right to grant, and the ability to operate a GM franchise is neither property of the estate nor something that can be conveyed or purchased. Debtors may be able to convey the physical dealership assets, but it cannot sell its status as a Chevrolet dealer.

(B)  Moreover, as Debtors are aware, the sale and transfer of an automotive dealership in Texas is governed by Texas law, including but not limited to Tex. Occ. Code. 2301.359, which sets forth the required notice procedure concerning such a proposed transfer, including the receipt by the manufacturer of the "information generally used by the manufacturer . . . in reviewing prospective dealers[.]" Further, Texas law provides a 60 day review period during which a manufacturer may reject a potential transferee based upon, among other things, the manufacturer's analysis of "the extent to which a prospective transferee satisfies any criteria developed by the manufacturer . . to determine the business experience and financial qualifications of a prospective transferee." *Id.* Other considerations include an analysis of "the

GENERAL MOTORS LLC'S LIMITED OBJECTION AND RESERVATION OF RIGHTS IN OPPOSITION
TO DEBTORS' MOTION TO AUTHORIZE BID AND SALE PROCEDURES                              PAGE 2 OF 4

4849-9590-1555.3
106069\000633

prospective transferee's financial and operational performance as a franchised dealer" and "he prospective transferee's moral character." *Id.*

(C) In order to avoid disappointment to the parties and to avoid misleading the Court, GM objects and reminds Debtors that GM has unfettered discretion in approving dealers, and that such a process is lengthy, complex, multi-faceted, and never undertaken lightly. That a potential purchaser of Debtors' assets might operate other automotive dealers alone is insufficient. Becoming a GM dealer requires participation in an application process and an associated period of analysis and diligence. Any purchaser of Debtors' Floydada assets must understand that GM is not obligated to approve that purchaser as a GM dealer, and that such a purchaser may never operate a GM dealership.

(D) It is the GM brand and reputation that are on the line at each dealership, and this reputation is zealously guarded.

(E) The Snyder, Texas GM dealer while seemingly part of the papers, is not yet before this Court. The Court thus currently does not have jurisdiction over any aspect of this dealership. However, as if and when the Snyder dealer is placed into bankruptcy, GM's position will be the same. Until that time, Snyder may only be transferred consistent with the terms of Snyder's agreement with GM.

(F) Finally, GM reserves its rights regarding any ongoing operations. With due respect to the CRO, GM has not authorized any operators other than the previous operators at Floydada, and the operation by a third party is without its consent. This alone is a breach of the Dealer Agreement, and provides GM with an independent basis to terminate the franchise. Further, the value to GM of any dealership operations at Floydada has been irreparably harmed by the inability to operate, leading consumers to take their business elsewhere and harming GM's interests.

Wherefore, GM requests that this Court grant its objection and for such other and further relief to which it may be entitled.

**GENERAL MOTORS LLC'S LIMITED OBJECTION AND RESERVATION OF RIGHTS IN OPPOSITION TO DEBTORS' MOTION TO AUTHORIZE BID AND SALE PROCEDURES** **PAGE 3 OF 4**

4849-9590-1555.3
106069\000633

Dated: September 17, 2018                    Respectfully submitted,

**DYKEMA COX SMITH**
1717 Main Street, Suite 4200
Dallas, TX 75201
Phone: (214) 462-6400
Fax: (214) 462-6401

By: */s/ Mark E. Andrews*
Mark E. Andrews (Tex. Bar No. 01253520)
mandrews@dykema.com
Jesse T. Moore (Tex. Bar No. 24056001)
jmoore@dykema.com

**ATTORNEYS FOR GENERAL MOTORS LLC**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was served on all the parties in interest via ECF and or email on September 17, 2018.

*/s/ Mark Andrews*
Mark Andrews

**GENERAL MOTORS LLC'S LIMITED OBJECTION AND RESERVATION OF RIGHTS IN OPPOSITION TO DEBTORS' MOTION TO AUTHORIZE BID AND SALE PROCEDURES**                    **PAGE 4 OF 4**

4849-9590-1555.3
106069\000633