John Massouh, SBN 24026866
John.massouh@sprouselaw.com
SPROUSE SHRADER SMITH PLLC
701 S. Taylor, Suite 500
P.O. Box 15008
Amarillo, Texas  79105-5008
(806) 468-3300; (806) 373-3454 FAX

*Attorneys for FirstCapital Bank of Texas*

UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

| | | |
|---|---|---|
| IN RE: | § § | |
| REAGOR-DYKES MOTORS, LP | § § | Case No. 18-50214-rlj11 |
| Debtor | § | |

| | | |
|---|---|---|
| IN RE: | § § | |
| REAGOR-DYKES IMPORTS, LP | § § | Case No. 18-50215-rlj11<br>Joint Administered Under |
| Debtor | § | Case No. 18-50214 |

| | | |
|---|---|---|
| IN RE: | § § | |
| REAGOR-DYKES AMARILLO, LP | § § | Case No. 18-50216-rlj11<br>Joint Administered Under |
| Debtor | § | Case No. 18-50214 |

| | | |
|---|---|---|
| IN RE: | § § | |
| REAGOR-DYKES AUTO COMPANY, LP | § § | Case No. 18-50217-rlj11<br>Joint Administered Under |
| Debtor | § | Case No. 18-50214 |

| | | |
|---|---|---|
| IN RE: | § § | |
| REAGOR-DYKES PLAINVIEW, LP | § § | Case No. 18-50218-rlj11<br>Joint Administered Under |
| Debtor | § | Case No. 18-50214 |

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| REAGOR-DYKES FLOYDADA, LP | § | Case No. 18-50219-rlj11 |
| | § | Joint Administered Under |
| Debtor | § | Case No. 18-50214 |

**FIRSTCAPITAL BANK OF TEXAS'S MOTION**
**FOR RELIEF FROM AUTOMATIC STAY**

**NOTICE OF HEARING:** PLEASE SEE THE "NOTICE" SET FORTH BELOW, REGARDING THE DEADLINE FOR FILING A RESPONSE TO THIS MOTION AND THE DATE OF A FINAL HEARING IF A TIMELY RESPONSE IS FILED.

**PLEASE FURTHER NOTE THAT THE MOVANT MAY REQUEST A PRELIMINARY HEARING OR EMERGENCY HEARING PRIOR TO THE RESPONSE DEADLINE OR FINAL HEARING DATE, WHICH MAY BE THE SUBJECT OF A SEPARATE NOTICE**.

TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:

FIRSTCAPITAL BANK OF TEXAS ("FCB") files this Motion for Relief from Automatic Stay, and would show the Court as follows:

**I.**
**JURISDICTION AND VENUE**

1. The Court has jurisdiction over this matter under 28 U.S.C. §§ 157 and 1334. This is a core proceeding under 28 U.S.C. § 157(b)(2). Venue of this case and this motion is proper under 28 U.S.C. §§ 1408 and 1409.

2. The statutory predicate for this Motion is 11 U.S.C. §362.

**II.**
**FACTUAL BACKGROUND**

1. Reagor-Dykes Amarillo, LP, Reagor-Dykes Floydada, LP, Reagor-Dykes Imports, LP, Reagor-Dykes Auto Company, LP, and Reagor-Dykes Plainview, LP (collectively the "**Debtors**") filed for relief under Chapter 11 of the Bankruptcy Code on August 1, 2018 (the "**Petition Date**").

2. On June 16, 2017, Debtors, along with a non-debtor entity, Reagor Auto Mall, Ltd, (collectively "**Borrowers**") executed a promissory note in favor of FCB in the original principal amount of $2,480,789. This promissory note was renewed and extended by a promissory note dated June 21, 2018 (the "**Note**"). As of the Petition Date, the outstanding amounts due on the obligations under the Note totals $2,442,613.28, which includes principal and accrued interest. The obligations under the Note are all due and owing. Interest and attorney's fees continue to accrue on the balance due on the Note. In addition to the obligations owed under the Note, Borrowers combined owe obligations to FCB in excess of $9,000,000.

3. To secure the obligations under the Note, on June 16, 2017, and then again on June 21, 2018, Borrowers executed a security agreement (the "**Security Agreement**") covering the collateral set forth therein, including the pledging a certificate of deposit containing certificate number 52500 dated June 9, 2017 (the "**CD**"). The Security Agreement provides that acts as security for "[a]ll present and future debts from [Borrowers] to [FCB], even if this Agreement is not specifically referenced, the future debts are also secured by other collateral, or if the future debt is unrelated to or of a different type of debt." Accordingly, the Security Agreement not only secures the specific obligations under the Note, but also secures all other obligations owed to FCB by the Borrowers.

4. True and correct copies of the Note and Security Agreement are attached hereto as **Exhibits 1 and 2**, respectively, and incorporated herein by reference. The Note and Security Agreement shall be collectively referred to as the "**Loan Documents**" or individually as defined.

5. Borrowers are in default under the terms of the Loan Documents under the terms of the Loan Documents. Because of the defaults under the Loan Documents, FCB seeks and is

entitled to relief from the automatic stay in order to apply the CD to the outstanding obligations owed to FCB under the Note or otherwise.

## II.
### REQUEST FOR RELIEF FROM THE AUTOMATIC STAY

6. FCB requests the Court to grant relief from the automatic stay under section 362 to allow FCB to apply the CD to the outstanding amounts due and owing by the Borrowers. Such relief is authorized under Bankruptcy Code section 362(d).

7. "[T]he party opposing stay relief has the ultimate burden of persuasion as to all issues except the existence of equity, but the party requesting relief from the automatic stay must sustain an initial burden of production or going forward with evidence to establish that a *prima facie* case for relief exists before the debtor is obligated to go forward with his proof." *In re Kleibrink*, 346 B.R. 734, 760 (Bankr. N.D. Tex. 2006) (citing 11 U.S.C. § 362(g)).

8. Pursuant to 11 U.S.C. § 362, all persons are enjoined from any act to obtain possession of property of the estate or to perfect or enforce liens against property of the estate. *See* 11 U.S.C. § 362(a)(3,4,5). However, a creditor is entitled to have the automatic stay terminated "for cause," including a failure to provide adequate protection for an interest in property of a party in interest. *See* 11 U.S.C. § 362(d)(1). Moreover, under 11 U.S.C. § 362(d)(2) the Court shall grant relief from stay if: (A) the debtor does not have any equity in such property; and (B) such property is not necessary to an effective reorganization. The stay should be lifted because FCB's security interest is not adequately protected, the CD is not necessary for an effective reorganization, and Debtors have no equity in the CD. *See* 11 U.S.C. § 362(d)(1),(2).

9. FCB's security interests are not adequately protected because Debtors do not have the ability to pay the outstanding obligations owed to FCB. Cause exists to lift the stay. *See* 11

U.S.C. § 362(d)(1). The Debtors cannot meet their burden of proof as to adequate protection and they are unable to provide FCB with any adequate protection.

10. In addition, there is no equity in the CD and the CD is not necessary for an effective reorganization. First, there is no equity in the CD as the amount of the CD is significantly less than the combined obligations owed to FCB, which total in excess of $11,000,000 owed by the Borrowers.

11. Likewise, the CD is not necessary for an effective reorganization. Debtor has the burden of proof to establish that there is "a reasonable possibility of a successful reorganization within a reasonable time." *United Sav. Ass'n of Tex. v. Timbers of Inwood Forest Assocs.*, 484 U.S. 365, 376 (1988). This requires more than a mere showing that there is conceivably some means by which the debtor can effectively reorganize. *Id.* at 375-76. "A reasonable possibility [of successful reorganization] cannot be grounded solely on speculation and the Debtor cannot meet its burden of proof through conjecture and speculation." *In re Anderson Oaks (Phase I) Ltd., Partnership*, 77 B.R. 108, 110 (Bankr. W.D. Tex. 1987). Instead, Debtor must show that there is an effective reorganization "in prospect." *Timbers*, 484 U.S. at 375-76. The fact that it is early in the bankruptcy process is not an absolute bar to requiring Debtor to establish that it has a reasonable prospect of effectively reorganizing. *See Anderson Oaks*, 77 B.R. 108 (granting motion for relief from stay based on lack of ability to effectively reorganize "almost immediately after the bankruptcy filings").

12. In fact, the Debtors have no intention of reorganizing. The Debtors have started (and the Court has granted) the process for a sale pursuant to section 363 of the Bankruptcy Code. As such, the Debtors have no intention of reorganizing and, therefore, the CD would not be necessary for any reorganization efforts.

13. Therefore, FCB asks the Court to terminate the stay to allow it to exercise its rights with respect to the CD pursuant to the Loan Documents.

14. FCB seeks all other relief to which it may be entitled under 11 U.S.C. §362 or alternatively, §105, as necessary to preserve and protect its interest in and to the collateral. Therefore, FCB asks the Court to terminate the stay to allow it to exercise its state law rights with respect to the collateral.

15. FCB asks the Court waive the stay afforded by Rule 4001(a)(3) of the Federal Rules of Bankruptcy Procedure so that its Order may take effect immediately

### III.
### RELIEF REQUESTED

WHEREFORE, PREMISES CONSIDERED, FCB requests that this Court enter an order terminating the automatic stay with respect to it, award reasonable attorneys' fees, and grant such other and further relief as it may be entitled.

Respectfully submitted,

John Massouh, SBN 24026866
John.massouh@sprouselaw.com
SPROUSE SHRADER SMITH PLLC
701 S. Taylor, Suite 500
P.O. Box 15008
Amarillo, Texas 79105-5008
(806) 468-3300; (806) 373-3454 FAX

*/s/ John Massouh*
John Massouh

*Attorneys for FirstCapital Bank of Texas*

## NOTICE

**NO HEARING WILL BE CONDUCTED HEREON UNLESS A WRITTEN RESPONSE IS FILED WITH THE CLERK OF THE UNITED STATES BANKRUPTCY COURT AT 1205 TEXAS AVENUE, ROOM 306, LUBBOCK, TEXAS 79401, BEFORE THE CLOSE OF BUSINESS FOURTEEN (14) DAYS FROM THE SERVICE OF THIS MOTION.**

**ANY RESPONSE SHALL BE IN WRITING AND FILED WITH THE CLERK, AND A COPY SHALL BE SERVED UPON COUNSEL FOR THE MOVING PARTY PRIOR TO THE TIME DESCRIBED ABOVE. IF NO RESPONSE IS TIMELY FILED, THE RELIEF REQUESTED SHALL BE DEEMED UNOPPOSED AND THE COURT MAY ENTER AN ORDER GRANTING THE RELIEF SOUGHT. IF A RESPONSE IS FILED, A FINAL HEARING WILL BE HELD AT *1:30 PM, OCTOBER 17, 2018, AT 1205 TEXAS AVENUE, ROOM 314, LUBBOCK, TEXAS 79401*.**

**THE RESPONSE MUST CONTAIN THE INFORMATION REQUIRED BY N.D. TEX. LOCAL BANKRUPTCY RULE 4001.1(b).**

**[PLEASE NOTE THAT THE MOVANT MAY REQUEST A PRELIMINARY OR EMERGENCY HEARING, WHICH MAY BE SET UNDER A SEPARATE NOTICE]**

## CERTIFICATE OF CONFERENCE

The undersigned counsel for *FirstCapital Bank of Texas* certifies that he contacted counsel for Debtors regarding the relief requested. Debtors' counsel has not yet responded and it is assumed that Debtors oppose the relief requested.

*/s/ John Massouh*
John Massouh

## CERTIFICATE OF SERVICE

I hereby certify that on **October 3, 2018** a true and correct copy of the above and foregoing was served electronically through the Court's ECF system or mailed in the United States mail, postage prepaid, to persons entitled to such notice.

*/s/ John Massouh*
John Massouh

4739.361
1062679_1.docx