**Thomas A. Connop**
Texas Bar No. 04702500
Email: tconnop@lockelord.com
**Matthew H. Davis**
Texas Bar No. 24069580
Email: mdavis@lockelord.com
**Catherine A. Curtis**
Texas Bar No. 24095708
Email: catherine.curtis@lockelord.com
**LOCKE LORD LLP**
2200 Ross Avenue, Suite 2800
Dallas, Texas 75201
(214) 740-8000 (Telephone)
(214) 740-8800 (Facsimile)

ATTORNEYS FOR WELLS FARGO BANK, N.A.

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## LUBBOCK DIVISION

| | | |
|---|---|---|
| **IN RE:** § § **REAGOR-DYKES MOTORS, LP,** § § **Debtor.** § § | | **CASE NO. 18-50214-rlj-11** **(Jointly Administered Under Case No. 18-50214)** |
| **IN RE:** § § **REAGOR-DYKES IMPORTS, LP,** § § **Debtor.** § § | | **CASE NO. 18-50215-rlj-11** **(Jointly Administered Under Case No. 18-50214)** |
| **IN RE:** § § **REAGOR-DYKES AMARILLO, LP,** § § **Debtor.** § § | | **CASE NO. 18-50216-rlj-11** **(Jointly Administered Under Case No. 18-50214)** |
| **IN RE:** § § **REAGOR-DYKES AUTO COMPANY, LP,** § § **Debtor.** § | | **CASE NO. 18-50217-rlj-11** **(Jointly Administered Under Case No. 18-50214)** |

| | | |
|---|---|---|
| **IN RE:** § § **REAGOR-DYKES PLAINVIEW, LP,** § §     Debtor. § § § | | **CASE NO. 18-50218-rlj-11** (Jointly Administered Under Case No. 18-50214) |
| **IN RE:** § § **REAGOR-DYKES FLOYDADA, LP,** § §     Debtor. § | | **CASE NO. 18-50219-rlj-11** (Jointly Administered Under Case No. 18-50214) |

**WELLS FARGO BANK, N.A.'S LIMITED OBJECTION AND RESPONSE TO MOTION FOR ORDER AUTHORIZING AND DIRECTING RETAIL LENDERS TO PAY OUTSTANDING TAX, TITLE, AND LICENSE FEES AND TRADE-LIEN PAYOFFS (DOC. 349)**

TO THE HONORABLE BANKRUPTCY JUDGE:

Wells Fargo Bank, N.A., d/b/a Wells Fargo Auto ("Wells Fargo") files this Limited Objection and Response to Debtors' Motion for Order Authorizing and Directing Retail Lenders to Pay Outstanding Tax, Title, and License Fees and Trade-Lien Payoffs (the "Motion"), and makes the following limited objections thereto:

### I. BACKGROUND

1. On or about August 1, 2018 (the "Petition Date"), Reagor-Dykes Motors, LP, Reagor-Dykes Imports, LP, Reagor-Dykes Amarillo, LP, Reagor-Dykes Auto Company, LP, Reagor-Dykes Plainview, LP, and Reagor-Dykes Floydada, LP (each a "Debtor" and collectively, the "Debtors") commenced this case by filing petitions in bankruptcy and by reason of such filing an automatic stay was put in place by 11 U.S.C. § 362.

2. Wells Fargo is a lender that, among other business activities, provides financing for the retail purchase of motor vehicles in Texas and throughout the United States.

3. Wells Fargo has been informed by a number of its borrowers that, in connection with their purchases of vehicles from the Debtors, they traded in vehicles that were subject to

purchase money liens securing loans from Wells Fargo; however, the Debtors have failed to satisfy Wells Fargo's liens on the trade-in vehicles.

4. As a result of Debtors' failure to satisfy Wells Fargo's liens at trade-in, Wells Fargo's borrowers remain obligated on their motor vehicle retail installment financing agreements for these vehicles, despite having surrendered these vehicles to the Debtors. Moreover, neither Wells Fargo nor its borrowers have any knowledge of what Debtors did with the vehicles subject to Wells Fargo's liens after taking possession.

5. In their Motion, Debtors request that the Court enter an order requiring: "(i) all lenders who hold titles on property related to the Debtors or sold by the Debtors to provide a list of all such titles to the Debtors immediately, (ii) all Retail Lenders [defined as the "consumer's retail financing lenders" for vehicles purchased from the Debtors] to remit the amount necessary to pay the TT&L Fees and Trade Lien Payoffs for their respective Affected Consumers in accordance with their obligations under the "Holder Rule" and applicable non-bankruptcy law to the Debtors, and (iii) all lenders who assert Trade Lien Payoffs to remove any negative comments or marks placed on an Affected Consumers (sic) credit report due to the failure to timely pay Trade Lien Payoffs,…".

## II. LIMITED OBJECTION

6. In regard to Debtors' first request that the Court order lenders "who hold titles on property related to the Debtors or sold by the Debtors" to provide a list of the collateral affected by the unpaid trade lien payoffs, Wells Fargo has previously provided a list to Debtors' counsel identifying its borrowers who have advised they traded vehicles to the Debtors but the Debtors failed to satisfy the debt owed to Wells Fargo and secured by the vehicles, together with the make, model, and Vehicle Identification Numbers of the vehicles, and has requested that Debtors

provide information regarding the whereabouts of the Wells Fargo collateral. A list of these vehicles is attached hereto as Exhibit "A". Despite repeated requests by Wells Fargo, Debtors have failed to provide any information regarding the location, status, or condition of the vehicles securing the indebtedness owed to Wells Fargo. Debtors further have failed to identify all the Affected Consumers with outstanding Wells Fargo payoffs. Although Debtors have information regarding unsatisfied liens against vehicles they took in trade, lenders such as Wells Fargo can only determine if one of their borrowers is involved with a transaction "related to the Debtors or sold by the Debtors" if that *borrower* informs the trade-in lender of that fact. Accordingly, a direction to Wells Fargo to provide the information required by the Debtors' first request for relief is impossible, and Wells Fargo objects to this aspect of that request. While Wells Fargo is intensely interested in obtaining payment for its loans, it requests that any order be limited to requiring a lender to inform the Debtors of the necessary title information within a reasonable time of learning that its collateral was taken in trade by the Debtors without payment.[1]

7. Wells Fargo also objects to Debtors' third request for relief—that the Court order all lenders who assert trade lien payoffs to remove any negative comments or marks on affected consumers' credit reports. The Federal Fair Credit Reporting Act ("FCRA") governs lenders' credit reporting obligations. Wells Fargo cannot determine in the abstract whether the circumstances involved in any unspecified transaction require correction of a customer's credit reporting. A borrower may have credit issues completely separate from the issues arising from the Debtors' pre-petition malfeasance. Moreover, while the Debtors' objectives are laudable, the

---

[1] The Debtors' first request suffers from another ambiguity. Wells Fargo, for example, financed purchases of vehicles from the Debtors pre-petition. To Wells Fargo's knowledge these transactions do not suffer from the same TT&L and lien satisfaction problems relating to trade-ins that are the intended subject of the Motion, although the reference to "property related to the Debtors or sold by the Debtors", could bring these transactions into the scope of the Motion. If that is the Debtors' intent, Wells Fargo objects to that aspect of the Motion as well.

relief they seek—a blanket order mandating changes to credit reporting—is outside this Court's jurisdiction to grant. Wells Fargo intends to comply with its credit reporting obligations as imposed by federal law.

8. The relief requested in item (ii) of the prayer for relief expressed in the Motion is ambiguous. While the Debtors seek to recover amounts from the Retail Lenders necessary to satisfy "Trade Lien Payoffs", they do not address the disposition of funds once they are received by the Debtors. Any order approving such relief should direct: (a) that funds remitted by a Retail Lender to satisfy a Trade Lien Payoff be sufficient to pay the Trade Lien Payoff amount in full, and paid to the Trade Lien Lender; (b) that Trade Lien Lenders retain their liens until their liens are paid in full; and (c) that the "Holder Rule" relief requested from the Retail Lenders does not limit the Trade Lien Lenders' contractual or statutory rights. Subject to the foregoing conditions, Wells Fargo does not object to the relief requested in item (ii) of the prayer for relief expressed in the Motion, so long as that relief is within the proper boundaries of the "Holder Rule".

### III.  REQUESTED RELIEF

WHEREFORE, Wells Fargo requests that the Court sustain its objections and tailor any order granting the Motion to account for these objections. Wells Fargo also requests such other relief in law or equity to which it may justly be entitled.

Respectfully submitted,

*/s/ Thomas A. Connop*
**Thomas A. Connop**
Texas Bar No. 04702500
tconnop@lockelord.com
**Matthew H. Davis**
Texas Bar No. 24069580
mdavis@lockelord.com
**Catherine A. Curtis**
Texas Bar No. 24095708
catherine.curtis@lockelord.com
**LOCKE LORD LLP**
2200 Ross Avenue, Suite 2800
Dallas, TX 75201
(214) 740-8000 (Telephone)
(214) 740-8800 (Facsimile)

**ATTORNEYS FOR WELLS FARGO BANK, N.A.**

## CERTIFICATE OF SERVICE

I certify that on October 15, 2018, a true and correct copy of the foregoing was served via the Court's Case Management/Electronic Case Filing System to all parties authorized to receive notice in this proceeding.

*/s/ Catherine A. Curtis*
Catherine A. Curtis