Duane M. Geck
Cal. State Bar No. 114823
dmg@severson.com
Donald H. Cram
Cal. State Bar No. 160004
Tex. State Bar No. 05000300
dhc@severson.com
SEVERSON & WERSON
A Professional Corporation
One Embarcadero Center, Suite 2600
San Francisco, California 94111
Telephone: (415) 398-3344
Facsimile: (415) 956-0439

Keith A. Langley
State Bar No. 11919500
Brandon K. Bains
State Bar No. 24050126
LANGLEY LLP
1301 Solana Blvd
Building 1, Suite 1545
Westlake, Texas 76262
Telephone:    214.722.7171
Facsimile:    214.722.7161
bbains@l-llp.com

Attorneys for Secured Creditor
FORD MOTOR CREDIT COMPANY LLC

**UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION**

| | | |
|---|---|---|
| **IN RE:** | § | |
| | § | |
| **REAGOR-DYKES MOTORS, LP** | § | **Case No. 18-50214-rlj11**[1] |
| | § | **(Jointly Administered)** |
| Debtor. | § | |

---

[1] The Debtors are Reagor-Dykes Imports, LP (Case No. 18-50215), Reagor-Dykes Amarillo, LP (Case No. 18-50216), Reagor-Dykes Auto Company, LP (Case No. 18-50217), Reagor-Dykes Plainview, LP (Case No. 18-50218), and Reagor-Dykes Floydada, LP (Case No. 18-50219).

10872.0173/12946471.1

OBJECTION TO FIRST AND FINAL APPLICATION FOR APPROVAL OF FEES AND EXPENSES
OF MULLIN HOARD & BROWN L.L.P.

## OBJECTION TO FIRST AND FINAL APPLICATION FOR APPROVAL OF FEES AND EXPENSES OF MULLIN HOARD & BROWN, L.L.P.

### I. INTRODUCTION

Ford Motor Credit Company LLC ("Ford Credit") objects to Mullin Hoard & Brown, L.L.P.'s ("MHB") firsts and final application for approval of fees and expenses (the "Application"). The Application seeks approval of nearly a quarter of a million dollars for work MHB performed over the course of a little over three weeks. Ford Credit objects to the Application on the grounds that the fees sought are not reasonable and that any fee award should be adjusted downward given the result obtained for the estate.

### II. PERTINENT FACTS

1. Prior to the bankruptcy filings on July 29, 2018, Rick Dykes and Bart Reagor, limited partners of the Debtors, contacted MHB to analyze the financial situation of the Debtors and related entities and negotiate a resolution with the Debtors' creditors.[2]

2. On August 1, 2018, Rick Dykes and Bart Reagor executed corporate resolutions authorizing the Debtors to file voluntary petitions for relief under Chapter 11 of the Bankruptcy Code and to employ MHB as counsel for the Debtors.[3] MHB did not invoice or collect pre-petition legal fees incurred by the Debtors or the non-debtor entities.[4]

3. After the filing of the bankruptcy cases, the limited partners of the Debtors, Rick Dykes and Bart Reagor, each individually paid MHB a retainer totaling $500,000 for MHB to represent the Debtors in bankruptcy.[5]

4. Although RAM and RD/Snyder were not debtors in bankruptcy, MHB continued to represent these entities after the Debtors filed for bankruptcy relief and for which MHB seeks compensation.[6]

---

[2] Application [*Docket No. 470*] at ¶ 11.

[3] *Id.* at ¶¶ 14-17, 34.

[4] *Id.* at ¶ 19.

[5] *Id.* at ¶¶ 34-35.

10872.0173/12946471.1

2

OBJECTION TO FIRST AND FINAL APPLICATION FOR APPROVAL OF FEES AND EXPENSES OF MULLIN HOARD & BROWN L.L.P.

5.  On August 21, 2018, the CRO BlackBriar Advisors LLC informed MHB. that the Debtors had decided to seek to employ other counsel.[7]

6.  On August 24, 2018, MHB filed the Motion requesting the Court approve MHB's employment *nunc pro tunc* to August 31, 2018 and permit MHB to withdraw as counsel.[8] That motion was granted by Court order entered October 11, 2018.

### III.  DISCUSSION

7.  The Fifth Circuit employs the "lodestar" method to determine what constitutes reasonable attorneys' fees both within the bankruptcy context. *Cahill v. Walker & Patterson, P.C. (In re Cahill)*, 428 F.3d 536, 539–40 (5th Cir. 2005) (affirming the bankruptcy court's application of the lodestar method in determining a reasonable fee award for Chapter 13 debtors' attorneys).

8.  Courts compute the lodestar fee by multiplying the number of hours an attorney would reasonably spend for the same type of work by the prevailing hourly rate in the community. *Blum v. Stenson*, 465 U.S. 886, 888, 104 S.Ct. 1541, 79 L.Ed.2d 891 (1984); *Cahill*, 428 F.3d at 540. Courts may then adjust the lodestar up or down based on its consideration of the *Johnson* factors that are not subsumed within the initial calculation of hours reasonably expended at a reasonable hourly rate. *Hensley v. Eckerhart*, 461 U.S. 424, 434, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983); *Saizan v. Delta Concrete Prods. Co.*, 448 F.3d 795, 800 (5th Cir. 2006).

9.  The United States Supreme Court emphasized the importance of the "lodestar" approach in calculating the reasonableness of attorneys' fees, noting that because the method is readily administrable and objective it "cabins the discretion of trial judges, permits meaningful judicial review, and produces reasonably predictable results." *Perdue v. Kenny*, 559 U.S. 542, 130 S.Ct. 1662, 1672, 176 L.Ed.2d 494 (2010). While courts have considerable discretion in determining the amount of a fee award, they must explain the weight given to each factor

---

[6] *Id.* at ¶¶ 32-33.

[7] *Id.* at ¶ 37.

[8] *Id.* at ¶ 40.

10872.0173/12946471.1

3

OBJECTION TO FIRST AND FINAL APPLICATION FOR APPROVAL OF FEES AND EXPENSES
OF MULLIN HOARD & BROWN L.L.P.

considered. *Cahill*, 428 F.3d at 540 (*citing In re First Colonial Corp. of Am.*, 544 F.2d 1291, 1298 (5th Cir. 1977)).

10. The Court must first determine the number of compensable hours in the fee statements, including only those hours reasonably expended by MHB's attorneys. *Hensley*, 461 U.S. at 434, 103 S.Ct. 1933 ("Cases may be overstaffed, and the skill and experience of lawyers vary widely. Counsel should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary...."); *League of United Latin Am. Citizens # 4552 v. Roscoe Indep. Sch. Dist.*, 119 F.3d 1228, 1232 (5th Cir. 1997) (noting that any hours not reasonably expended, excessive, or duplicative should be excluded from consideration). The burden is on the party seeking payment of its attorneys' fees to show that the hours requested are reasonable. *Hensley*, 461 U.S. at 437, 103 S.Ct. 1933; *Firth v. Don McGill of West Houston, Ltd.*, No. H–04–0659, 2006 WL 846377, at *4 (S.D. Tex. Mar. 28, 2006), *aff'd* 233 Fed.Appx. 346 (5th Cir. 2007). The evidence presented must be sufficient to prove that this burden is met; indeed, an award of fewer hours may be appropriate "if the documentation is vague or incomplete." *Firth*, 2006 WL 846377, at *4 (*quoting La. Power & Light Co. v. Kellstrom*, 50 F.3d 319, 324 (5th Cir. 1995)).

11. In the present case, the Application indicates that nine attorneys as well as two paralegals billed Reagor-Dykes Auto Group ("RDAG") (a non-debtor entity) for their professional services delivered to debtor and non-debtor entities. MHB charged RDAG a total of $274,456.01 for the three weeks of services reflected in the invoices. This sum encompasses $250,154.00 for 747.70 hours of work by the professionals and $24,302.01 in expenses, including.

12. Of the 747.70 hours of professional services billed, a number of the entries contain duplicative, redundant, excessive, and unreasonable hours, in addition to services unrelated to the Bankruptcy Cases. In addition, many of the billing entries are vague or incomplete, or are otherwise too confusing to decipher. Further, the Court should review MHB's request in the light of the outcome obtained and accordingly reduce any fee award accordingly.

10872.0173/12946471.1

4

OBJECTION TO FIRST AND FINAL APPLICATION FOR APPROVAL OF FEES AND EXPENSES OF MULLIN HOARD & BROWN L.L.P.

**A.    Pre-Petition Services**

13.    MHB seeks approval of fees for 17 hours of work that occurred on July 29, 30 and 31, 20018 – prior to the bankruptcy filings. These fees should not be approved. MHB's employment was approved *nunc pro tunc* to August 1, 2018.

**B.    Services Unrelated To Bankruptcy Cases**

14.    MHB seeks approval of $33,789.00 in fees for "work for non-debtor entities." These services conferred no benefit to the estate and should not be approved as a part of any fee award in MHB's former representation of the Debtors.

15.    MHB also seeks approval of $34,822.00 for services related to "potential causes of action." Similarly, no benefit to the estate resulted from these services.

16.    The Court should not approve these fees as they are unreasonable. *Hensley*, 461 U.S. at 434, 103 S.Ct. 1933.

**C.    Unreasonable Services**

17.    The Application seeks approval of fees for many MHB entries that are patently unreasonable. For instance, David Langston charges .20 on July 31, 2018 for calling his office to reserve a small conference room. On August 5, 2018, Mr. Langston billed 2 hours for arranging conference calls and notifying the participating in the call. These and many other similar charges should not be approved.

**D.    Redundant Services**

18.    The Application is replete with duplicative or redundant—including entries with overlapping tasks, billings by multiple professionals for the same interoffice or client conferences, and excessive time spent bringing various attorneys up to speed on tasks begun by another attorney in the firm.

19.    MHB has not explained the need for multiple attorneys at such meetings or the necessity for meetings between attorneys. Fees for these redundant services should not be approved. *Hensley*, 461 U.S. at 434, 103 S.Ct. 1933; *Cahill*, 428 F.3d at 542 (affirming the bankruptcy court's factual finding of duplication of effort, and corresponding reduction of hours, where the attorneys had worked on overlapping portions of the case and billed hours for bringing

10872.0173/12946471.1         5

OBJECTION TO FIRST AND FINAL APPLICATION FOR APPROVAL OF FEES AND EXPENSES
OF MULLIN HOARD & BROWN L.L.P.

each other up to speed on work begun by the other); *In re Saunders*, 124 B.R. 234, 236–37 (Bankr. W.D. Tex. 1991) (decreasing a fee award for duplicative billing where two attorneys involved in a case billed their clients for a substantial number of conferences attended by both attorneys).

E.   **Vague, Ambiguous And Block Entries**

20.   The Application suffers from a multitude of vague, ambiguous and block time entries. For example, on August 2, 2018, Bennett Cook charges 2 hours for "[v]arious telephone conferences with multiple parties; start on organization of files." On the same day, David Langston bills 6.5 hours for, "call with John Massouh regarding release of funds and opening of DIP accounts; review of American Century checks; discussion regarding opening DIP accounts at Prosperity and need for immediate credit; discussion with D. Geck, D. Cram and K. Langley regarding agreement for interim use of cash collateral; worked and revised cash flow projections; calls with John Massouh to allow release of funds through pledge of First Bancshares stock of Rick Dykes; discussion regarding placing $300,000 each at Prosperity to back immediate release of funds to pay pre-petition wages." These vague, ambiguous and block entries should be disallowed. *Firth*, 2006 WL 846377, at *4–5.

F.   **Excessive Time**

21.   The time spent by MHB attorneys on certain tasks was excessive. For example, on August 4, 2018, David Langston bills 7 hours for, "work on financial information for FMCC."[9] This excessive time spent on tasks is unreasonable and should not be approved. *Hensley*, 461 U.S. at 434, 103 S.Ct. 1933; *In re Osborne*, 375 B.R. 216, 229 (Bankr. M.D. La. 2007) (reducing the number of hours an attorney claimed he invested in the litigation due to the excessive time he spent on certain tasks, including preparing for status conferences, bankruptcy court appearances, and oral arguments in the Fifth Circuit).

---

[9] Mr. Langston has billed a total of 296.40 hours which roughly equates to over 14 hours of work per day for a 21 day period while MHB was employed.

10872.0173/12946471.1

6

OBJECTION TO FIRST AND FINAL APPLICATION FOR APPROVAL OF FEES AND EXPENSES
OF MULLIN HOARD & BROWN L.L.P.

**G.     Result MHB Obtained**

22.    The fees approved should be adjusted downward based upon the limited benefit MHB added to the estate and the fact that MHB was ultimately fired by the Debtors. *See Roussell v. Brinker Int'l, Inc.*, No. H–05–3733, 2010 WL 1881898, at *3 (S.D. Tex. Jan. 13, 2010) (citing *Hensley*, 461 U.S. at 434, 103 S.Ct. 1933) (noting that the most important of the Johnson factors to be considered in adjustments to the lodestar fee is "overall degree of success achieved"); *Arnold*, 2000 WL 354395, at *7–8 (*citing Shipes v. Trinity Indus.*, 987 F.2d 311, 320 (5th Cir.), *cert. denied*, 510 U.S. 991, 114 S.Ct. 548, 126 L.Ed.2d 450 (1993)) (considering the results obtained in making a downward adjustment to the lodestar fee); *Migis v. Pearle Vision, Inc.*, 135 F.3d 1041, 1048 (5th Cir. 1998) (holding that even after a ten percent reduction to the lodestar fee, the district court abused its discretion by failing to adequately consider the result obtained relative to the attorney's fees requested).

23.    Here the fees incurred by MHB had little benefit to the estate and resulted in MHB being terminated as counsel for Debtors. The hasty bankruptcy filings were arguably ill conceived and left Debtors with no cash, no sale and no post-petition financing. Further, basic tasks, such as closing pre-petition bank accounts and the preparation and filing of bankruptcy schedules, failed to occur. Any fee award should be adjusted downward given the poor results.

### III.  CONCLUSION

For the reasons set forth above, Ford Credit respectfully requests that this Court:

1.     Disallow the fees sought for pre-petition work; duplicative, redundant, excessive, and unreasonable work; for services unrelated to the Bankruptcy Cases; and for entries that are vague or incomplete, or are otherwise too confusing to decipher.

2.     Adjust any fee award downward given the result obtained for the estate.

10872.0173/12946471.1

7

OBJECTION TO FIRST AND FINAL APPLICATION FOR APPROVAL OF FEES AND EXPENSES
OF MULLIN HOARD & BROWN L.L.P.

DATED: November 29, 2018  SEVERSON & WERSON
A Professional Corporation

By:    /s/ Donald H. Cram
    Donald H. Cram
Cal. State Bar No. 160004
Tex. State Bar No. 05000300
SEVERSON & WERSON
A Professional Corporation
One Embarcadero Center, Suite 2600
San Francisco, California 94111
Telephone: (415) 398-3344
Facsimile: (415) 956-0439
dhc@severson.com

Attorneys for Secured Creditor
FORD MOTOR CREDIT COMPANY LLC

10872.0173/12946471.1

8

OBJECTION TO FIRST AND FINAL APPLICATION FOR APPROVAL OF FEES AND EXPENSES
OF MULLIN HOARD & BROWN L.L.P.

## **CERTIFICATE OF SERVICE**

  The undersigned hereby certifies that a true and correct copy of the foregoing has been served electronically by the Court's ECF System on all parties registered to receive such service on the 29th day November 2018.

                  /s/ Donald H. Cram\_\_\_
                  Donald H. Cram

10872.0173/12946471.1           9

OBJECTION TO FIRST AND FINAL APPLICATION FOR APPROVAL OF FEES AND EXPENSES
OF MULLIN HOARD & BROWN L.L.P.