Marcus A. Helt (TX 24052187)
C. Ashley Ellis (TX 00794824)
**FOLEY GARDERE**
**FOLEY & LARDNER LLP**
2021 McKinney Avenue, Suite 1600
Dallas, TX  75201
Telephone:  214.999.3000
Facsimile:  214.999.4667
**PROPOSED COUNSEL TO DEBTOR**
**REAGOR AUTO MALL I LLC**

**UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**LUBBOCK DIVISION**

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| REAGOR-DYKES MOTORS, LP, *et al.*[1] | § | Case No. 18-50214-rlj-11 |
| | § | Jointly Administered |
| Debtor. | § | |

**APPLICATION PURSUANT TO 11 U.S.C. §§ 105(A), 327(A), AND 363(B) FOR AUTHORITY TO (I) RETAIN BLACKBRIAR ADVISORS LLC AS CHIEF RESTRUCTURING OFFICER AND CERTAIN ADDITIONAL PERSONNEL FOR THE DEBTOR *NUNC PRO TUNC* TO THE PETITION DATE**

> **THIS APPLICATION RELATES TO REAGOR AUTO MALL I LLC**
>
> YOU ARE HEREBY NOTIFIED THAT, PURSUANT TO THE BANKRUPTCY RULES AND THE LOCAK RULES OF THIS COURT, YOU ARE GIVEN UNTIL DECEMBER 22, 2018, WHICH IS TWENTY-ONE (21) DAYS FROM THE DATE OF SERVICE HEREOF, TO FILE YOUR WRTTEN OBJECTION TO THIS APPLICATION WITH THE BANKRUPTCY CLERK. NO OBJECTION TO THIS APPLICATION WILL BE CONSIDERED UNLESS A WRITTEN OBJECTION IS TIMELY FILED WITH THE CLERK OF THE UNITED STATES BANKRUPTCY COURT, ROOM 306, GEORGE MAHON BUILDING, 1205 TEXAS AVENUE, LUBBOCK, TEXAS 79401. IF AN OBJECTION IS FILED, A

---

[1] The chapter 11 cases of Debtors Reagor-Dykes Imports, LP (Case No. 18-50215), Reagor-Dykes Amarillo (Case No. 18-50216), Reagor-Dykes Auto Company, LP (Case No. 18-50217), Reagor-Dykes Plainview, LP (Case No. 18-50218), Reagor-Dykes Floydada, LP (Case No. 18-50219), Reagor-Dykes Auto Mall I LLC (18-50325), Reagor Dykes II (18-50323), and Reagor-Dykes III LLC (18-50322) are jointly administered in Case No. 18-50214-rlj-11 (the "**Bankruptcy Case**").

4830-4296-8961.2

**HEARING WILL BE SET WITH NOTICE GIVEN ONLY TO THE OBJECTING PARTIES.**

Reagor Auto Mall I LLC (the "**Debtor**"), as debtor and debtor-in-possession in the above captioned chapter 11 case, hereby files this *Application Pursuant to 11 U.S.C. §§ 105(a), 327(a), and 363(b) for authority to (I) Retain BlackBriar Advisors LLC as Chief Restructuring Officer and Certain Additional Personnel for the Debtor Nunc Pro Tunc to the Petition Date* requesting authorization from the Court to employ BlackBriar Advisors LLC ("**BlackBriar**") as Chief Restructuring Officer of the Debtor ("**Application**"). In support of this Application, the Debtor respectfully state as follows:

## I.
## JURISDICTION AND VENUE

1. This Court has jurisdiction to consider this Application pursuant to 28 U.S.C. §§ 157 and 1334. Consideration of this Application is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue of this proceeding is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409. The Debtor seeks relief pursuant to 11 U.S.C. §§105(a), 327(a), 363(b), 503(b), and 507(a) (the "**Bankruptcy Code**") and Rules 2016 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**").

## II.
## BACKGROUND

2. On November 2, 2018 (the "**Petition Date**"), the Debtor filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**") thereby initiating the above-captioned bankruptcy case (the "**Chapter 11 Case**"). Pursuant to §§ 1107(a) and 1108 of the Bankruptcy Code, the Debtor continues to operate its businesses and manage its properties, affairs, and assets as debtors-in-possession.

3.  The Debtor is a Texas general partnership which owns an interest in six other related debtor entities. The Debtor owns an interest in Reagor-Dykes Floydada LP, Reagor-Dykes Amarillo, LP, Reagor-Dykes Imports, LP, Reagor-Dykes Motors, LP, Reagor-Dykes Snyder, LP, and Reagor Auto Mall, Ltd ("LP Debtors"). Each LP Debtor owns and operates its respective dealership.

4.  Together with the other ten debtor[2] entities, the Debtor operates eight (8) dealerships with thirteen (13) locations—twelve (12) in West Texas and one (1) location in Dallas—as a consolidated group (collectively, the "**Dealerships**").

## III.
## RELIEF REQUESTED

5.  The Debtor files this Application and seeks authority to hire Robert (Bob) Schleizer and his team at BlackBriar as CRO. As CRO, BlackBriar will oversee the Debtor's operations and reorganization efforts. BlackBriar will also conduct the various services described both in Section V of this Application and Schleizer's Declaration. In addition to the services described herein, the Debtor also seeks have the duties of BlackBriar to include providing third party accounting and assistance to the Chief Financial Officer ("**Additional Services**"). Through BlackBriar's representation on CRO of the debtors in the Existing Bankruptcy Cases, BlackBriar is familiar with the Debtor and BlackBriar's involvement with financial affairs of the Debtor will facilitate restructuring efforts.

---

[2] The other ten debtor entities are: Reagor-Dykes Motors, LP (18-50214), Reagor-Dykes Imports, LP (Case No. 18-50215), Reagor-Dykes Amarillo (Case No. 18-50216), Reagor-Dykes Auto Company, LP (Case No. 18-50217), Reagor-Dykes Plainview, LP (Case No. 18-50218), Reagor-Dykes Floydada, LP (Case No. 18-50219) (collectively, the "**Existing Bankruptcy Cases**"), Reagor-Dykes Snyder, L.P. (Case No. 18-50321), Reagor Auto Mall, Ltd. (18-50324); Reagor –Dykes III LLC (18-50322), Reagor-Dykes II LLC (Case No. 18-50323).

6.	The experience and qualifications of BlackBriar are outlined in the attached Exhibit "A", which also includes their rates for services and terms of engagement.

7.	In support of this Application, Debtors submit the Declaration of Robert (Bob) Schleizer, who will be the Partner in Charge on this engagement with the Debtors (the "**Declaration**"), attached hereto as Exhibit "B".

## IV.
## BASIS FOR RELIEF

8.	Section 327(a) of the Bankruptcy Code provides that the Debtors are permitted to employ professional persons "that do not hold or represent an interest adverse to the estate, and that are disinterested persons." 11 U.S.C. § 327(a).

9.	Bankruptcy Rules 2014 provides that an application for retention of a professional person include:

> [S]pecific facts showing the necessity for the employment, the names of the person to be employed, the reasons for the selection, the professional services to be rendered, any proposed arrangement for compensation, and to the best of the applicant's knowledge, all of the person's connections with the debtor, creditors, and any other party in interest, their respective attorneys and accountants, the United States Trustee, or any person employed in the office of the United States Trustee.

FED. R. BANKR. P. 2014.

10.	Further, this Court may approve retention and payment of a chief restructuring officer under § 363. *See, e.g., In re Colctd Group, Inc.,* 324 B.R. 208, 215 (Bankr. W.D.N.Y. 2005); *In re 1031 Tax Group, LLC.* 2007 WL 2085384, at *5 (Bankr. S.D.N.Y 2007). The retention of interim corporate officers such as a CRO and other temporary employees is proper under section 363 of the Bankruptcy Code. Section 363(b)(1) of the Bankruptcy Code provides in relevant part that "[t]he trustee, after notice and a hearing, may use, sell, or lease, other than in the ordinary course of

business, property of the estate." 11 U.S.C. §363(b) (1). In approving retention under § 363, courts look to whether the debtor has "a good business reason" in seeking approval of the application. *Committee of Equity Security Holders v. Lionel Corp. (In re Lionel Corp.),* 722 F.2d 1063, 1071 (2d Cir. 1983); *In re 1031 Tax Group, LLC,* 2007 WL 2085384, at *5.

11. The debtor's business judgment is given significant weight. *See, e.g., Meyers v. Martin (In re Martin),* 91 F.3d 389, 395 (3d Cir. 1996) (citing *Fulton Slate Bank v. Schipper (In re Schipper),* 933 F.2d 513, 515 (7th Cir. 1991)); *Comm of Equity Sec Holders v. Lionel Corp. (In re Lionel Corp.)* 722 F.2d 1063, 1070 (2d Cir. 1983); *In re Delaware &Hudson Ry. Co.,* 124 B.R. 169 (D. Del. 1991) (courts have applied a "sound business purpose" test to evaluate motions brought pursuant to section 363(b)); *Comm. of Asbestos-Related Litigants v. Johns-Manville Corp. (In re Johns-Manville Corp),* 60 B.R. 612 (Bankr. S.D.N.Y. 1986) ("Where the debtor articulates a reasonable basis for its business decisions (as distinct from decision made arbitrarily or capriciously), courts will generally not entertain objections to the debtor's conduct"). The business judgment rule is respected within the context of a chapter 11 case and shields a debtor's management from judicial second-guessing.

12. Bankruptcy courts have considered the propriety of a debtor in possession's employment of a corporate officer under Bankruptcy Code Section 363 on numerous occasions and regularly concluded that it is an appropriate exercise of the debtor's business judgment to employ a corporate officer in such manner. *See, e.g. In re Seahowk Drilling, Inc.,* Case No. 1120089 (Bankr. S.D. Tex. Feb. 14, 2011); *In re GulfCoast Oil Corp.,* Case No. 08-50213 (Bankr. S.D. Tex. Sept. 29, 2008).

13. While Debtor believes that it is fully capable of fulfilling its role as debtor-in-possession consistent with its obligation under the Bankruptcy Code, Debtor has determined in its business judgment that the retention of a CRO will provide the Debtor with stability, oversight, and operational assistance to determine and resolve the disputes with Debtor's lenders, and provide other creditors and parties in interest greater confidence in the Debtor's operations. Such retention will significantly reduce the adversarial nature of this case and will permit Debtor a reasonable period to explore its option for reorganization via an independent party—the CRO. Debtor believes that the employment of BlackBriar will enhance its ability to analyze its option from an independent perspective, including the possibility of a viable plan of reorganization, to explore whether there are possible exit financing options, and, with the expertise of BlackBriar, potentially to improve operations, controls, and capital. Debtor has determined in its business judgment that retaining BlackBriar will benefit Debtor and its estate, while at the same time fulfilling the policy of chapter 11 of the Bankruptcy Code to allow Debtor the chance, as debtor-in-possession, to control its own reorganization process. *See In re Blue Stone Real Estate, Construction & Dev. Corp.,* 392 B.R. 897, 905 (Bankr. M.D. Ha. 2008).

## V.
## SERVICES TO BE PROVIDED

14. As Chief Restructuring Officer, Black Briar will provide the following services:

   a. review all aspects of operations, accounting, and the business activities of Debtor;

   b. evaluate the Debtor's inventory and other assets;

    c. evaluate the Debtor's capital needs;

    d. set or adjust compensation for other employees of Debtor, if necessary;

    e. review Debtor's books and records;

    f. conduct such investigation as it deems necessary to fulfill the required components of its engagement as described above;

    g. direct the preparation of budget projections, cash disbursements and receipts and results of operations to determine long and short-term needs;

    h. to provide CFO and outside accounting services that will include preparation of the Debtor's Monthly Operating Reports;

    i. oversee the analysis and investigation of possible recapitalization or merger options and the determination of whether any such possibilities could reach fruition;

    j. pursue and oversee a sale process for Debtor's assets if BlackBriar in consultation with Ownership determines it is in the best interests of the estate;

    k. oversee the process for determining whether formulation and filing of a joint chapter 11 plan and disclosure statement is a viable possibility; and

    l. perform other services as directed by the Bankruptcy Court and mutually agreed by BlackBriar.

## VI.
## DISINTERESTEDNESS OF BLACKBRIAR ADVISORS LLC

15. To the best of Debtor's knowledge and based upon the Declaration, BlackBriar is a "disinterested person" as that term is defined in § 101(14), as modified by § 1107(b) of the Bankruptcy Code.

16. To the best of Debtor's knowledge and based upon the Declaration, BlackBriar does not hold or represent an interest adverse to Debtor or its estate, in accordance with § 327 of the Bankruptcy Code.

17. To the best of Debtor's and BlackBriar's knowledge, information, and belief, and based upon the Declaration, (a) BlackBriar does not have any connection with Debtor, creditors of the Debtor, the United States Trustee's office, any person employed

4830-4296-8961.2

in the office of the United States Trustee's office, or any other party with an actual or potential interest in these chapter 11 cases or their respective attorneys or accountants; except as disclosed in the Declaration; (b) BlackBriar is not a creditor, equity security holder, or insider of Debtors; (c) none of BlackBriar's partners or associates are, or were, within two years of the Petition Date, a director, officer, or employee of Debtor; and (d) BlackBriar (or any of its partners or associates) neither holds nor represents an interest adverse to Debtor, its estate, or any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, the Debtor, or for any other reason.

18. In addition, BlackBriar represents that it is not a potential direct or indirect purchaser of Debtor's assets. Further, it agrees that in the event potential purchasers or investors become known to it, it will immediately disclose any connections with such potential purchasers or investors.

19. Debtor submits that retention of BlackBriar is in the best interest of Debtor, its estate, and the creditors.

## VII.
## TERMS OF RETENTION

20. As more fully set forth in the Engagement Letter attached to this Application, BlackBriar will be engaged to perform the duties described above and be paid on an hourly basis at the rates described in the Engagement Letter. As a professional of the Debtor's bankruptcy estate, BlackBriar will be paid in accordance with the Bankruptcy Code, the Bankruptcy Rules, and any order of this Court dealing with interim compensation procedures.

4830-4296-8961.2

## VIII.
## NOTICE

21. No trustee or examiner has been appointed in the Chapter 11 Case. Notice of the Application has been provided to: (a) the U.S. Trustee; (b) the twenty (20) largest unsecured creditors of the bankruptcy estate; (c) those persons who have formally appeared and requested notice in this case pursuant to Bankruptcy Rule 2002; and (d) the Internal Revenue Service and other governmental agencies that no other or further notice need be provided.

22. The pleadings in this Chapter 11 Case and supporting papers are available on the Debtor's website at www.jndla.com/cases/rdmotors or on the Bankruptcy Court's website at https://ecf.txwb.uscourts.gov/. You can request any pleading you need from (i) the proposed noticing agent at: JND Corporate Restructuring, 8269 E. 23rd Avenue, Suite 275, Denver, Colorado, 80238, 855-612-3123 (toll-free), or (ii) counsel for the Debtors at: Foley Gardere, Foley & Lardner LLP, c/o Marcus Helt, 2021 McKinney Avenue, Suite 1600, Dallas, Texas 75201 (mhelt@foley.com).

**WHEREFORE**, the Debtor respectfully requests that the Court enter an order authorizing the Debtor to employ BlackBriar Advisors LLC as the Chief Restructuring Officer of the Debtor. Further, the Debtor prays for such other and further relief, at law or in equity, to which the Debtor may show itself justly entitled.

Respectfully Submitted,

By; */s/ Marcus A. Helt*
Marcus A. Helt (TX 24052187)
C. Ashley Ellis (TX 00794824)
Melina Bales (TX 24106851)
**FOLEY GARDERE**
**FOLEY & LARDNER**
2021 McKinney Ave., Suite 1600
Dallas, TX 75201
Telephone: 214-999-3000
Facsimile: 214-999-4667

**PROPOSED COUNSEL TO DEBTOR AND DEBTOR-IN-POSSESION**

## CERTIFICATE OF SERVICE

I hereby certify that, on December 3, 2018, a true and correct copy of the foregoing document was served on all parties consenting to electronic service of this case via the Court's *ECF system* for the Northern District of Texas.

/s/ *Melina Bales*
Melina Bales

4830-4296-8961.2