**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**LUBBOCK DIVISION**

| | | |
|---|---|---|
| **IN RE:** | § | |
| | § | |
| **REAGOR-DYKES MOTORS, LP,** *et al.*[1] | § | **Case No. 18-50214-rlj-11** |
| | § | **Jointly Administered** |
| **Debtors.** | § | |

**SCHEDULES OF ASSETS AND LIABILITIES FOR**
**REAGOR AUTO MALL I LLC**
**(18-50325)**

---

[1]The Debtors are Reagor-Dykes Imports, LP (Case No. 18-50215), Reagor-Dykes Amarillo (Case No. 18-50216), Reagor-Dykes Auto Company, LP (Case No. 18-50217), Reagor-Dykes Plainview, LP (Case No. 18-50218), Reagor-Dykes Floydada, LP (Case No. 18-50219), Reagor-Dykes Snyder, L.P. (Case No. 18-50321), Reagor-Dykes III LLC (Case No. 18-50322), Reagor Dykes II LLC (Case No. 18-50323), Reagor Auto Mall, Ltd. (Case No. 18-50324) and Reagor-Dykes Auto Mall I LLC (Case No. 18-50325)

Marcus A. Helt (TX 24052187)
C. Ashley Ellis (TX 00794824)
**FOLEY GARDERE**
**FOLEY & LARDNER LLP**
2021 McKinney Avenue, Suite 1600
Dallas, TX 75201
Telephone: (214) 999-3000
Facsimile: (214) 999-4667
mhelt@foley.com
aellis@foley.com

**COUNSEL TO DEBTORS**
**REAGOR-DYKES MOTORS, LP** *et al.*

### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE NORTHERN DISTRICT OF TEXAS
### LUBBOCK DIVISION

| | | |
|---|---|---|
| **IN RE:** | § | |
| | § | |
| **REAGOR-DYKES MOTORS, LP,** *et al.*[1] | § | **Case No. 18-50214-rlj-11** |
| | § | **Jointly Administered** |
| Debtor. | § | |

### GLOBAL NOTES AND STATEMENT OF LIMITATIONS, METHODOLOGY, AND DISCLAIMER REGARDING SCHEDULES AND STATEMENTS OF DEBTORS

> # These Global Notes Relate only to Debtor Reagor Auto Mall I LLC

The Schedules of Assets and Liabilities (the "**Schedules**")[2] and Statement of Financial Affairs (the "**Statements**" and, collectively with the Schedules, the "**Schedules and Statements**") filed by Reagor-Dykes Snyder, LP; Reagor-Dykes II LLC; Reagor-Dykes III LLC; Reagor Auto Mall, Ltd.; Reagor Auto Mall I LLC, as debtors and debtors-in-possession (collectively, "**Reagor-Dykes**" or the " **New Debtors**"), in the above-captioned bankruptcy cases pending before the United States Bankruptcy Court for the Northern District of Texas, Lubbock

---

[1] The Debtors are: Reagor-Dykes Motors, LP (Case No. 18-50214), Reagor-Dykes Imports, LP (Case No. 18-50215), Reagor-Dykes Amarillo (Case No. 18-50216), Reagor-Dykes Auto Company, LP (Case No. 18-50217), Reagor-Dykes Plainview, LP (Case No. 18-50218), Reagor-Dykes Floydada, LP (Case No. 18-50219), Reagor Auto Mall, Ltd. (Case No. 18-50324), Reagor Auto Mall I LLC (Case No. 18-50325), Reagor-Dykes II LLC (Case No. 18-50323), Reagor-Dykes III LLC (Case No. 18-50322), and Reagor-Dykes Snyder (Case No. 18-50321).

[2] The term "Schedules" includes: Schedules A/B, D, E/F, G, and H, along with the applicable summaries and all attachments appurtenant thereto.

Division (the "**Bankruptcy Court**") were prepared pursuant to 11 U.S.C. § 521 and Federal Rule of Bankruptcy Procedure 1007 by the Debtors' management, in coordination with the Debtors' Chief Restructuring Officer at BlackBriar Advisors LLC ("**BlackBriar**"). The Schedules and Statements are unaudited. While the persons responsible for the preparation of the Schedules and Statements have made a reasonable effort to ensure that the Schedules and Statements are accurate and complete based on information known to them at the time of preparation after reasonable inquiries, inadvertent errors may exist and/or the subsequent receipt of information may result in material changes in financial and other data contained in the Schedules and Statements that may warrant amendment of same. Moreover, because the Schedules and Statements contain unaudited information that is subject to further review and potential adjustment, there be can no assurance that these Schedules and Statements are complete or accurate. These Global Notes comprise an integral part of the Schedules and Statements and should be referred to and considered in connection with any review of them.

1. <u>Cases</u>. On November 2, 2018 (the "**Petition Date**"), the New Debtors filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.* (the "**Bankruptcy Code**"). The resulting cases (the "**Chapter 11 Cases**") were administratively consolidated into Case No. 18-50214. The New Debtors are authorized to continue operating their businesses and manage their property as debtors-in-possession pursuant to §§ 1107(a) and 1108 of the Bankruptcy Code. "**Chapter 11 Case**" shall mean the main bankruptcy case for Reagor Dykes Motors, LP Case No. 18-50214 with which the New Debtors are jointly administered. On December 3, 2018, the New Debtors filed an application to employ BlackBriar with the Court as Chief Restructuring Officer of the New Debtors.

2. <u>Amendments</u>. New Debtors reserve their right to amend the Schedules and Statements in all respects at any time as may be necessary or appropriate, including, without limitation, the right to dispute or to assert offsets or defenses to any claim reflected on the Schedules and Statements as to amount, to liability, or to classification, or to otherwise subsequently designate any claim as "disputed," "contingent," or "unliquidated." Any failure to designate a claim as "contingent," "unliquidated," or "disputed" does not constitute an admission by New Debtors that such claim is not "contingent," "unliquidated," or "disputed."

3. <u>Estimates and Assumptions</u>. The preparation of the Schedules and Statements requires the New Debtors to make estimates and assumptions that affect the reported amounts of assets and liabilities, the disclosures of contingent assets and liabilities on the date of the Schedules and Statements, and the reported amounts of revenues and expenses during the reporting period.

4. <u>Unknown Amounts</u>. Some of the scheduled assets and liabilities may be unknown and unliquidated at this time. In such cases, the amounts may be listed as "Unknown" or "Unliquidated." Accordingly, the Schedules and the Statements may not accurately reflect the aggregate amount of the New Debtors' assets and liabilities.

5. <u>Prepetition v. Post-Petition</u>. New Debtors have sought to allocate liabilities between the pre-petition and post-petition periods based on the information from research that was conducted with the preparation of these Schedules and Statements. As additional information becomes available and further research is conducted, the allocation of liabilities

between pre-petition and post-petition periods may change.

6.    GAAP.  Given the difference between the information requested in the Schedules and Statements, and the financial information utilized under generally accepted accounting principles in the United States ("**GAAP**"), the aggregate asset values and claim amounts set forth in the Schedules and Statements do not necessarily reflect the amounts that would be set forth in a balance sheet prepared in accordance with GAAP.

7.    Assets.  It would be prohibitively expensive, unduly burdensome, and time consuming to physically inspect all of the New Debtors' property interests.  Therefore, there can be no assurance that the New Debtors owned such property on the Petition Date.  To the extent an asset is listed on the Schedules and described in the Statements, unless otherwise noted therein, such assets disclosed in the Schedules and Statements were included therein as a result of the New Debtors' books and records having reflected the existence of such assets as of the Petition Date.  The assets disclosed in the Schedules and Statements are not listed therein as a result of a comprehensive inspection conducted by the New Debtors.

8.    Asset Values.  It would likewise be prohibitively expensive, unduly burdensome, and time consuming to obtain current market valuations of the New Debtors' property interests. Accordingly, to the extent any asset value is listed herein, unless otherwise noted therein, net book values rather than current market values of the New Debtors' property interests are reflected in the applicable Schedule.  As applicable, assets that have been fully depreciated or were expensed for accounting purposes have no net book value.  And, unless otherwise indicated, all asset amounts are listed as of the New Debtors' November 1, 2018 Financial Statements, which is ending November 1, 2018.

9.    Causes of Action.  Despite making commercially reasonable efforts to identify all known assets, the New Debtors may not have listed all of their causes of action or potential causes of action against third-parties as assets in the Schedules and Statements, including, without limitation, causes of action arising under the provisions of chapter 5 of the Bankruptcy Code and any other relevant non-bankruptcy laws to recover assets or avoid transfers.

The New Debtors reserve all rights with respect to any cause of action (including avoidance actions), controversy, right of setoff, cross claim, counterclaim, equitable subordination rights, or recoupment and any claim on contracts or for breaches of duties imposed by law or in equity, demand, right, action, lien, indemnity, guaranty, suit, obligation, liability, damage, judgment, account, defense, power, privilege, license, and franchise of any kind or character whatsoever, known, unknown, fixed or contingent, matured or unmatured, suspected or unsuspected, liquidated or unliquidated, disputed or undisputed, secured or unsecured, assertable directly or derivatively, whether arising before, on, or after the Petition Date, in contract or in tort, in law or in equity, or pursuant to any other theory of law (collectively "Causes of Action") they may have, and neither these Global Notes nor the Schedules and Statements shall be deemed a waiver of any claims or Causes of Action or in any way prejudice or impair the assertion of such claims or Causes of Action.

10.    Insiders.  In the circumstances where the Schedules and Statements require information regarding insiders and/or officers and directors, included therein are New Debtors'

(a) managers, general partners, and/or limited partners (or persons in similar positions), (b) employees that are, or were during the relevant period, officers (or persons in control), (c) family members of managers/partners, and (d) affiliates as such term is defined in the Bankruptcy Code. The listing of a party as an insider is not intended to be nor should it be construed as a legal characterization of such party as an insider and does not act as an admission of any fact, claim, right, or defense, and all such rights, claims, and defenses are hereby expressly reserved. Further, employees that are not managers or partners have not been included in this disclosure. Nothing contained in the Schedules and Statements is deemed to be an admission or legal conclusion as the comprehensive scope of the inclusion or exclusion of persons qualifying as "insiders" in terms of control of the New Debtors, management responsibilities or functions, decision-making or corporate authority and/or as otherwise defined by applicable law, including, without limitation, the federal securities laws, or with respect to any theories of liability or for any other purpose. The New Debtors reserve all rights to amend, supplement, revise the Schedules and Statements with regard to any matters concerning its "insiders," as such term is defined in the Bankruptcy Code and their progeny. The New Debtors reserve all rights to require an order from the Bankruptcy Court regarding the scope of particular persons deemed to be "insiders." Item 4 of the Statements requires the New Debtors to disclose payments or transfers made within 1 year before filing the bankruptcy case on debts owed to an insider or guaranteed or co-signed by an insider unless the aggregate value of all property transferred to or for the benefit of the insider is less than $6,425.

11.     <u>Administrative Claims</u>. The creditors and claims disclosed on the New Debtors' Schedule E table of claims subject to priority treatment are an estimate based on the New Debtors' books and records. Out of an abundance of caution, the New Debtors have included the creditors and claims in Schedule E; however, the New Debtors may have been over-inclusive in the claims and/or amounts set forth therein. Accordingly, the information set forth in Schedule E is not to be deemed an admission or an allowance as to the claims disclosed therein. No claims will be allowed as an administrative expense priority claim without a prior order from the Bankruptcy Court allowing such claim.

12.     <u>Partners, Directors, or Officers</u>.  The New Debtors disclosed the identity of certain officers and/or directors in Section 28 of each Statement. The New Debtors' inclusion of these persons in Section 28 of each Statement is not intended to be an admission or a legal conclusion as the status of such persons as "Directors," "Officers," "Managers," "Partners," "Insiders," or otherwise a "person in control" of the Debtor. For the sake of clarity and out of an abundance of caution, the New Debtors have included such persons in response to Section 28 of the Statement for the purpose of candid disclosure of information in these Bankruptcy Cases. The New Debtors reserve all rights to amend, supplement, revise the Schedules and Statements with regard to any matters concerning any persons deemed to be "Directors," "Officers," "Managers," "Partners," "Partnerships," "Insiders," or otherwise a "person in control" of the New Debtors, as such terms may be defined in the Bankruptcy Code and their progeny. The New Debtors reserve all rights to require an order from the Bankruptcy Court regarding the scope of particular persons deemed to be "Directors," "Officers," "Managers," "Partner,", "Partnership" "Insiders," or otherwise a "person in control" of the New Debtors.

13.     <u>Schedule F</u>. As set forth in the New Debtors' Schedule F table of general unsecured creditors, there are multiple creditors disclosed therein whose names and other

information have been redacted to protect the New Debtors' confidential, proprietary and competitive information. The New Debtors intend to file a motion for protective order in the Bankruptcy Court seeking approval to disclose the redacted information under seal.

14.    <u>Summary of Reporting Policies and Practices</u>.  The following conventions were adopted by the New Debtors in preparation of the Schedules and Statements:

a.    <u>Fair Market Value; Book Value</u>.  Unless otherwise noted therein, the Schedules and Statements reflect the carrying value of the assets/liabilities as listed in the New Debtors' books and records. Except as set forth above with respect to membership interests owned by the New Debtors, where the current market value of assets is unknown, the New Debtors have based their valuation on book value; however, the actual value may differ.  Where known, accumulated depreciation of assets has been noted.

b.    <u>Inventories</u>.  Unless otherwise noted therein, inventories are valued in the Schedules and Statements at the values indicated on the New Debtors' books and records, and at the current value of those inventories, as noted in the Schedules and Statements.

c.    <u>Leased Real and Personal Property</u>.  In the ordinary course of its business, the New Debtors may lease real property and various articles of personal property, including, without limitation, furniture, fixtures and equipment, from certain third-party lessors. The New Debtors have endeavored to include all such leases in the Schedules and Statements.  The property subject to leases is not reflected in the Schedules and Statements as either owned property or assets of the New Debtors or property or assets of third-parties within the control of the New Debtors.  Nothing in the Schedules or Statements is or shall be construed as an admission or determination as to legal status of any lease (including whether to assume and assign or reject such lease or whether it is a true lease or a financing arrangement) or the assets subject to such leases, and the New Debtors reserve all of its rights with respect to all such issues, including any challenges thereto.

d.    <u>Disputed, Contingent and/or Unliquidated Claims</u>.  Schedules D, E, and F permit the New Debtors to designate a claim as disputed, contingent, and/or unliquidated.  A failure to designate a claim on any of these Schedules and Statements as disputed, contingent, and/or unliquidated does not constitute an admission that such claim is not subject to objection.  The New Debtors reserve the right to dispute, or assert offsets or defenses to, any claim reflected on these Schedules and Statements as to amount, liability, or status.

e.    <u>Revenues</u>. In reference to Section 1 of Part 1 in Form 207 of the New Debtors' Statements, the New Debtors' disclosure of their

gross revenue includes revenue through November 1, 2018. The New Debtors' books and records for fiscal year 2018 has not yet been closed.

f.   <u>Claims</u>. Certain of the Schedules and Statements list creditors of the New Debtors as of the Petition Date. As discussed below, the Court has authorized (but not directed) the New Debtors to, among other things, continue certain prepetition practices regarding some of those claims. Under this authority, the New Debtors paid a number of prepetition claims, including, without limitation, certain prepetition wages and employee compensation/benefits.

g.   <u>Employee Claims</u>. The Bankruptcy Court entered an order on, November 9, 2018 [Docket No. 38] authorizing the New Debtors to pay prepetition and post-petition wages, salaries, benefits and other obligations. Accordingly, only employee claims against the New Debtors for prepetition amounts that have not been paid as of the time that the Schedules and Statements were prepared, if any, and employee claims for items not authorized to be paid by order of the Bankruptcy Court, if any, have been included in the Schedules and Statements.

15.   <u>First-Day Orders</u>. Pursuant to various orders issued by the Court, the New Debtors were authorized to pay certain outstanding prepetition claims, including, without limitation, to the following claims relating to employee compensation, benefits, and reimbursable business expenses. To the extent claims have been paid, such claims have not been listed on the Schedules and Statements. To the extent such a claim is listed on the Schedules and Statements, inadvertently or otherwise, the New Debtors do not waive any right to amend the Schedules and Statements or subsequently object to such claims.

16.   <u>Ordinary Course of Business</u>. In the ordinary course of its business, the New Debtors apply credits against amounts otherwise due to vendors. These credits arise because, among other matters, materials ordered and paid for may not be delivered, materials delivered are damaged or unusable, and vendors provide volume rebates and cash discounts. Certain of these credits are subject to change. Vendor claims are listed at the amounts entered on the New Debtors' books and records ***as of the Petition Date***, which may reflect credits or allowances due from such creditors to the Debtor. The actual amount owed or owing by such vendors is subject to change upon application of pending and/or future credits and debits. Accordingly, such vendor balances are subject to potential amendment in due course of treatment in this Bankruptcy Case. The Debtor reserves all of its rights respecting such credits and allowances.

17.   <u>Executory Contracts and Unexpired Leases</u>. For purposes of the Schedules and Statements, the New Debtors have only scheduled claims and executory contracts for which the New Debtors may be contractually and/or directly liable. While every reasonable effort has been made to ensure the accuracy of Schedule G regarding executory contracts and unexpired leases, inadvertent errors or omissions may have occurred. The New Debtors hereby reserve all of their rights to dispute the validity, status or enforceability of any contract, agreement, or lease set forth on Schedule G that may have expired or may have been modified, amended, and supplemented

from time to time by various amendments, restatements, waivers, estoppel certificates, letters and other documents, instruments, and agreements which may not be listed on Schedule G. Certain of the leases and contracts listed on Schedule G may contain certain renewal options, guarantees of payment, options to purchase, rights of first refusal, and other miscellaneous rights. Such rights, powers, duties and obligations are not set forth on Schedule G. Certain of the executory agreements may not have been memorialized in writing and could be subject to dispute. In addition, the New Debtors may have entered into various other types of agreements in the ordinary course of its business, such as easements, right of way, subordination, non-disturbance and attornment agreements, supplemental agreements, amendments/letter agreements, title agreements and confidentiality agreements. Such documents may not be set forth on Schedule G. The New Debtors reserve all of their rights to dispute or to challenge the characterization of the structure of any transaction, or any document or instrument related to a creditor's claim. In the ordinary course of business, each Debtor may have entered into agreements, written or oral, for the provision of certain services on a month-to-month or at-will basis. Such contracts may not be included on Schedule G. The New Debtors reserve the right to assert that such agreements constitute executory contracts. Listing a contract or agreement on Schedule G does not constitute an admission that such contract or agreement is an executory contract or unexpired lease. The New Debtors reserve all rights to challenge whether any of the listed contracts, leases, agreements or other documents constitute an executory contract or unexpired lease, including if any are unexpired non-residential real property leases. Any and all of the Debtor's rights, claims, and causes of action regarding the contracts and agreements listed on Schedule G are hereby reserved and preserved.

18.    <u>Reservation of Rights</u>.  Reasonable efforts have been made to prepare and file complete and accurate Statements and Schedules; however, inadvertent errors or omissions may exist. The New Debtors reserve all rights to (i) amend or supplement the Statements and Schedules from time to time, in all respects, as may be necessary or appropriate, including, without limitation, the right to amend the Statements and Schedules with respect to claim ("**Claim**") description or designation; (ii) dispute or otherwise assert offsets or defenses to any Claim reflected in the Statements and Schedules as to amount, liability, priority, status or classification; (iii) subsequently designate any Claim as "disputed," "contingent," or "unliquidated;" or object to the extent, validity, enforceability, priority, or avoidability of any Claim. Any failure to designate a Claim in the Statements and Schedules as "disputed," "contingent," or "unliquidated" does not constitute an admission by the New Debtors (or any individual debtor) that such Claim or amount is not "disputed," "contingent," or "unliquidated." Listing a Claim does not constitute an admission of liability by the Debtor against which the Claim is listed. Furthermore, nothing contained in the Statements and Schedules shall constitute a waiver of rights with respect to each Debtor's chapter 11 case, including, without limitation, issues involving Claims, substantive consolidation, defenses, equitable subordination, and/or causes of action arising under the provisions of chapter 5 of the Bankruptcy Code and any other relevant non-bankruptcy laws to recover assets or avoid transfers. Any specific reservation of rights contained elsewhere in the Global Notes does not limit in any respect the general reservation of rights contained in this paragraph. Notwithstanding the foregoing, the New Debtors shall not be required to update the Statements and Schedules except as may be required by applicable law.

19.    <u>Liabilities</u>.  The New Debtors have sought to allocate liabilities between the

prepetition and post-petition periods and between Debtor and Non-Debtor entities based on the information and research conducted in connection with the preparation of the Statements and Schedules. As additional information becomes available and further research is conducted, the allocation of liabilities between the prepetition and post-petition periods may change. Accordingly, each Debtor reserves all of its rights to amend, supplement, or otherwise modify its Statements and Schedules as is necessary or appropriate.

The liabilities listed on the Schedules do not reflect any analysis of Claims under section 503(b)(9) of the Bankruptcy Code. Accordingly, the New Debtors reserve all of their rights to dispute or challenge the validity of any asserted Claims under section 503(b)(9) of the Bankruptcy Code or the characterization of the structure of any such transaction or any document or instrument related to any creditor's Claim.

20. <u>Excluded Assets and Liabilities</u>. The New Debtors have excluded certain categories of assets, and liabilities from the Statements and Schedules, including, without limitation, certain assets and liabilities that they believe are property or obligations of Non-Debtor affiliates. The New Debtors have also excluded rejection damage Claims of counterparties to executory contracts and unexpired leases that may or may not be rejected, to the extent such damage Claims exist. In addition, certain immaterial assets and liabilities may have been excluded.

The Bankruptcy Court has authorized (but not directed) the New Debtors to pay, in their discretion, certain outstanding Claims on a post-petition basis. Prepetition liabilities that have been paid post-petition or those that each Debtor anticipates paying via this authorization have not been included in the Schedules. Please see the notes to Schedule E/F for additional information.

21. <u>Intangibles and Intellectual Property</u>. The Debtor may have disclosed on the Schedules and Statements various intangibles owned by the Debtor, including, without limitation, equity interests, intellectual property, trademarks, copyrights, domain names, websites, and the like. The value of such intangible property is listed in the aggregate, and is not assigned to any particular category of intellectual property or intangible. There can be no assurance that such values are complete or accurate. Exclusion of any intellectual property shall not be construed as an admission that such intellectual property rights have been abandoned, terminated, assigned, expired by their terms, or otherwise transferred pursuant to a sale, acquisition, or other transaction.

22. <u>Challenge of Liens</u>. The New Debtors reserve the right to dispute or to challenge the validity, perfection, or immunity from avoidance of any lien purported to be granted or perfected in any specific asset to a secured creditor listed on Schedule D. Moreover, although the New Debtors may have scheduled claims of various creditors as secured claims, the New Debtors reserve all of their rights to dispute or to challenge the secured nature of any such creditor's claim or the characterization of the structure of any such transaction or any document or instrument related to such creditor's claim. The descriptions provided on Schedule D are intended only to be a summary. Reference to the applicable loan agreements and related documents is necessary for a complete description of the collateral and the nature, extent and priority of any liens. Nothing in the Global Notes or the Schedules and Statements shall be

deemed a modification or interpretation of the terms of such agreements.

23.    <u>Classifications</u>.  Listing (a) a Claim on Schedule D as "secured," (b) a Claim on Schedule E/F as "priority," (c) a Claim on Schedule E/F as "unsecured," or (d) a contract on Schedule G as "executory" or "unexpired," does not constitute an admission by any Debtor of the legal rights of the claimant or a waiver of any Debtor's rights to re-characterize or reclassify such Claims or contracts or to setoff of such Claims.

24.    <u>Currency</u>.  Unless otherwise indicated, all amounts are reflected in U.S. dollars.

25.    <u>Intercompany Payables and Receivables</u>.  Intercompany receivables/payables are set forth on Schedules B and E/F, respectively. The listing by each Debtor of any account between a Debtor and another affiliate is a statement of what appears in the New Debtors' books and records and does not reflect any admission or conclusion of any Debtor regarding the allowance, classification, characterization, validity, or priority of such account. The New Debtors periodically record intercompany amounts for combined entities, which could result in discrepancies for allocation between legal entities. The New Debtors take no position in these Statements and Schedules as to whether such accounts would be allowed as a Claim, an Interest, or not allowed at all. The New Debtors and all parties in interest reserve all rights with respect to such accounts.

26.    <u>Setoff or Recoupment Rights</u>.  The Debtor has not included on Schedule D parties that may believe their claims are secured through setoff rights, deposits posted by or on behalf of the Debtor, or inchoate statutory lien rights.

27.    <u>New Debtors' Addresses</u>.  For the purposes of the Statements and Schedules, all addresses for all New Debtors have been reported as the New Debtors' headquarters address in Lubbock, Texas.

Neither the New Debtors, their agents, nor their attorneys guarantee or warrant the accuracy, the completeness, or correctness of the data that is provided herein or in the Schedules and Statements, and none are liable for any loss or injury arising out of or caused in whole or in part by the acts, errors or omissions, whether negligent or otherwise, in procuring, compiling, collecting, interpreting, reporting, communication or delivering the information herein. While every effort has been made to provide accurate and complete information herein, inadvertent errors or omissions may exist. The New Debtors and their agents, attorneys and advisors expressly do not undertake any obligation to update, modify, revise or re-categorize the information provided herein, or to notify any third party should the information be updated, modified, revised or re-categorized. In no event shall the New Debtors or their agents, attorneys and advisors be liable to any third party for any direct, indirect, incidental, consequential or special damages (including, but not limited to, damages arising from the disallowance of a potential claim against the New Debtors or damages to business reputation, lost business or lost profits), whether foreseeable or not and however caused, even if the New Debtors or their agents, attorneys and advisors are advised of the possibility of such damages.

<b>#END OF GLOBAL NOTES#</b>

**Fill in this information to identify the case:**

Debtor name: **Reagor-Dykes Auto Mall I LLC**

United States Bankruptcy for the District of: **Northern Texas**

Case number: **18-50325**

☐ **Check if this is an amended filing**

## Summary of Assets

**1. Schedule A/B: Assets - Real and Personal Property** (Official Form 206A/B)

| | |
|---|---|
| 1a. **Real property:** | $0.00 |
| Copy line 88 from Schedule A/B | |
| 1b. **Total personal property:** | $0.00 |
| Copy line 91A from Schedule A/B | |
| 1c. **Total of all property:** | $0.00 |
| Copy line 92 from Schedule A/B | |

## Summary of Liabilities

**2. Schedule D: Creditors Who Have Claims Secured by Property** (Official Form 206D)
Copy the total dollar amount listed in Column A, Amount of claim, from line 3 of Schedule D                    $0.00

**3. Schedule E/F: Creditors Who Have Unsecured Claims** (Official Form 206E/F)

3a. **Total claim amounts of priority unsecured claims:**                    $0.00
   Copy the total claims from Part 1 from line 5a of Schedule E/F

3b. **Total amount of claims of nonpriority amount of unsecured claims:**                    $0.00
   Copy the total of the amount of claims from Part 2 from line 5b of Schedule E/F

**4. Total Liabilities**                    $0.00
Lines 2 + 3a + 3b

**Fill in this information to identify the case:**

Debtor name: Reagor-Dykes Auto Mall I LLC

United States Bankruptcy for the District of: Northern Texas

Case number: 18-50325

☐ Check if this is an amended filing

Official Form 206A/B

## Schedule A/B: Assets — Real and Personal Property 12/15

Disclose all property, real and personal, which the debtor owns or in which the debtor has any other legal, equitable, or future interest. Include all property in which the debtor holds rights and powers exercisable for the debtor's own benefit. Also include assets and properties which have no book value, such as fully depreciated assets or assets that were not capitalized. In Schedule A/B, list any executory contracts or unexpired leases. Also list them on Schedule G: Executory Contracts and Unexpired Leases (Official Form 206G).

Be as complete and accurate as possible. If more space is needed, attach a separate sheet to this form. At the top of any pages added, write the debtor's name and case number (if known). Also identify the form and line number to which the additional information applies. If an additional sheet is attached, include the amounts from the attachment in the total for the pertinent part.

For Part 1 through Part 11, list each asset under the appropriate category or attach separate supporting schedules, such as a fixed asset schedule or depreciation schedule, that gives the details for each asset in a particular category. List each asset only once. In valuing the debtor's interest, do not deduct the value of secured claims. See the instructions to understand the terms used in this form.

### Part 1: Cash and cash equivalents

**1. Does the debtor have any cash or cash equivalents?**

◉ No. Go to Part 2.

◯ Yes. Fill in the information below.

| All cash or cash equivalents owned or controlled by the debtor | Current value of debtor's interest |
|---|---|

**2. Cash on hand**

2.1 _____ $0.00

**3. Checking, savings, money market, or financial brokerage accounts** *(Identify all)*

Name of institution (bank or brokerage firm)     Type of account     Last 4 digits of account #

3.1 _____ _____ _____ $0.00

**4. Other cash equivalents** *(Identify all)*

4.1 _____ $0.00

**5. Total of Part 1**

Add lines 2 through 4 (including amounts on any additional sheets). Copy the total to line 80.

| $0.00 |
|---|

### Part 2: Deposits and prepayments

**6. Does the debtor have any deposits or prepayments?**

◉ No. Go to Part 3.

◯ Yes. Fill in the information below.

| | **Current value of debtor's interest** |
|---|---|

**7. Deposits, including security deposits and utility deposits**
Description, including name of holder of deposit

7.1 _____ | $0.00

**8. Prepayments, including prepayments on executory contracts, leases, insurance, taxes, and rent**
Description, including name of holder of prepayment

8.1 _____ | $0.00

**9. Total of Part 2**

Add lines 7 through 8. Copy the total to line 81. | $0.00

---

## Part 3: Accounts receivable

**10. Does the debtor have any accounts receivable?**

( • ) No. Go to Part 4.

( ) Yes. Fill in the information below.

| | **Current value of debtor's interest** |
|---|---|

**11. Accounts receivable**

11a.  90 days old or less:  _____  −  _____  = ........  ➔  | $0.00
       face amount                doubtful or uncollectible accounts

11b.  Over 90 days old:  _____  −  _____  = ........  ➔  | $0.00
       face amount                doubtful or uncollectible accounts

**12. Total of Part 3**

Current value on lines 11a + 11b = line 12. Copy the total to line 82. | $0.00

---

## Part 4: Investments

**13. Does the debtor own any investments?**

( ) No. Go to Part 5.

( • ) Yes. Fill in the information below.

| | **Valuation method used for current value** | **Current value of debtor's interest** |
|---|---|---|

**14. Mutual funds or publicly traded stocks not included in Part 1**
Name of fund or stock:

14.1  NONE | | $0.00

**15. Non-publicly traded stock and interests in incorporated and unincorporated businesses, including any interest in an LLC, partnership, or joint venture**
Name of entity:                                          % of
                                                         ownership:

| | | | |
|---|---|---|---|
| 15.1 | REAGOR AUTO MALL, LTD | 100 % | UNKNOWN |
| 15.2 | REAGOR DYKES MOTORS, LP | 100 % | UNKNOWN |
| 15.3 | REAGOR DYKES IMPORTS, LP | 100 % | UNKNOWN |
| 15.4 | REAGOR DYKES AMARILLO, LP | 100 % | UNKNOWN |
| 15.5 | REAGOR DYKES FLOYDADA, LP | 100 % | UNKNOWN |
| 15.6 | REAGOR DYKES SNYDER, LP | 100 % | UNKNOWN |
| 15.7 | REAGOR DYKES DALLAS, LP | 100 % | UNKNOWN |
| 15.8 | REAGIR DYKES AUSTIN, LP | 100 % | UNKNOWN |

**16. Government bonds, corporate bonds, and other negotiable and non-negotiable instruments not included in Part 1**

Describe:

16.1 _____ _____ $0.00

**17. Total of Part 4**

Add lines 14 through 16. Copy the total to line 83.

$0.00

| Part 5: | Inventory, excluding agriculture assets |
|---|---|

**18. Does the debtor own any inventory (excluding agriculture assets)?**

○ No. Go to Part 6.

○ Yes. Fill in the information below.

| General description | Date of the last physical inventory | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|---|
| **19. Raw materials** | | $ | | $0.00 |
| **20. Work in progress** | | $ | | $0.00 |
| **21. Finished goods, including goods held for resale** | | $ | | $0.00 |

**22. Other inventory or supplies**

| | $ | | $0.00 |
|---|---|---|---|

**23. Total of Part 5**

Add lines 19 through 22. Copy the total to line 84.

| $0.00 |
|---|

24. Is any of the property listed in Part 5 perishable?

- ◉ No
- ○ Yes

**25. Has any of the property listed in Part 5 been purchased within 20 days before the bankruptcy was filed?**

- ◉ No
- ○ Yes    Book value $_____    Valuation method _____    Current value $_____

26. Has any of the property listed in Part 5 been appraised by a professional within the last year?

- ◉ No
- ○ Yes

| **Part 6:** | Farming and fishing-related assets (other than titled motor vehicles and land) |
|---|---|

**27. Does the debtor own or lease any farming and fishing-related assets (other than titled motor vehicles and land)?**

- ◉ No. Go to Part 7.
- ○ Yes. Fill in the information below.

| General description | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|
| **28. Crops—either planted or harvested** | | | |
| | $ | | $0.00 |
| **29. Farm animals** *Examples:* Livestock, poultry, farm-raised fish | | | |
| | $ | | $0.00 |
| **30. Farm machinery and equipment** (Other than titled motor vehicles) | | | |
| | $ | | $0.00 |
| **31. Farm and fishing supplies, chemicals, and feed** | | | |
| | $ | | $0.00 |
| **32. Other farming and fishing-related property not already listed in Part 6** | | | |
| | $ | | $0.00 |

**33. Total of Part 6**

Add lines 28 through 32. Copy the total to line 85.

$0.00

**34. Is the debtor a member of an agricultural cooperative?**

◉ No

◯ Yes. Is any of the debtor's property stored at the cooperative?

    ◉ No

    ◯ Yes

**35. Has any of the property listed in Part 6 been purchased within 20 days before the bankruptcy was filed?**

◉ No

◯ Yes    Book value   $ _____    Valuation method _____    Current value   $ _____

**36. Is a depreciation schedule available for any of the property listed in Part 6?**

◉ No

◯ Yes

**37. Has any of the property listed in Part 6 been appraised by a professional within the last year?**

◉ No

◯ Yes

| Part 7: | Office furniture, fixtures, and equipment; and collectibles |
|---------|-------------------------------------------------------------|

**38. Does the debtor own or lease any office furniture, fixtures, equipment, or collectibles?**

◉ No. Go to Part 8.

◯ Yes. Fill in the information below.

| General description | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|
| **39. Office furniture** | | | |
| 39.1 _____ | $ _____ | _____ | $0.00 |
| **40. Office fixtures** | | | |
| 40.1 _____ | $ _____ | _____ | $0.00 |
| **41. Office equipment, including all computer equipment and communication systems equipment and software** | | | |
| 41.1 _____ | $ _____ | _____ | $0.00 |
| **42. Collectibles** *Examples:* Antiques and figurines; paintings, prints, or other artwork; books, pictures, or other art objects; china and crystal; stamp, coin, or baseball card collections; other collections, memorabilia, or collectibles | | | |
| 42.1 _____ | $ _____ | _____ | $0.00 |

**43. Total of Part 7**

Add lines 39 through 42. Copy the total to line 86.

$0.00

**44. Is a depreciation schedule available for any of the property listed in Part 7?**

◉ No
○ Yes

**45. Has any of the property listed in Part 7 been appraised by a professional within the last year?**

◉ No
○ Yes

---

| **Part 8:** | **Machinery, equipment, and vehicles** |

**46. Does the debtor own or lease any machinery, equipment, or vehicles?**

◉ No. Go to Part 9.
○ Yes. Fill in the information below.

| General description<br>Include year, make, model, and identification numbers (i.e., VIN, HIN, or N-number) | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|
| **47. Automobiles, vans, trucks, motorcycles, trailers, and titled farm vehicles** | | | |
| 47.1 | $ | | $0.00 |
| **48. Watercraft, trailers, motors, and related accessories** Examples: Boats, trailers, motors, floating homes, personal watercraft, and fishing vessels | | | |
| 48.1 | $ | | $0.00 |
| **49. Aircraft and accessories** | | | |
| 49.1 | $ | | $0.00 |
| **50. Other machinery, fixtures, and equipment (excluding farm machinery and equipment)** | | | |
| 50.1 | $ | | $0.00 |

**51. Total of Part 8.**

Add lines 47 through 50. Copy the total to line 87.

$0.00

**52. Is a depreciation schedule available for any of the property listed in Part 8?**

◉ No
○ Yes

**53. Has any of the property listed in Part 8 been appraised by a professional within the last year?**

○ No

○ Yes

## Part 9: Real Property

**54. Does the debtor own or lease any real property?**

● No. Go to Part 10.

○ Yes. Fill in the information below.

**55. Any building, other improved real estate, or land which the debtor owns or in which the debtor has an interest**

| Description and location of property Include street address or other description such as Assessor Parcel Number (APN), and type of property (for example, acreage, factory, warehouse, apartment or office building), if available. | Nature and extent of debtor's interest in property | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|---|
| 55.1 | | $ | | $0.00 |

**56. Total of Part 9.**

Add the current value on lines 55.1 through 55.6 and entries from any additional sheets. Copy the total to line 88.

$0.00

**57. Is a depreciation schedule available for any of the property listed in Part 9?**

● No

○ Yes

**58. Has any of the property listed in Part 9 been appraised by a professional within the last year?**

● No

○ Yes

## Part 10: Intangibles and intellectual property

**59. Does the debtor have any interests in intangibles or intellectual property?**

● No. Go to Part 11.

○ Yes. Fill in the information below.

| General description | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|
| **60. Patents, copyrights, trademarks, and trade secrets** | | | |
| 60.1 | $ | | $0.00 |
| **61. Internet domain names and websites** | | | |
| 61.1 | $ | | $0.00 |

**62. Licenses, franchises, and royalties**

62.1 _____    $ _____    _____    $0.00

**63. Customer lists, mailing lists, or other compilations**

63.1 _____    $ _____    _____    $0.00

**64. Other intangibles, or intellectual property**

64.1 _____    $ _____    _____    $0.00

**65. Goodwill**

65.1 _____    $ _____    _____    $0.00

**66. Total of Part 10.**

Add lines 60 through 65. Copy the total to line 89.

$0.00

**67. Do your lists or records include personally identifiable information of customers** (as defined in 11 U.S.C. §§ 101(41A) and 107)?

- ◉ No
- ○ Yes

**68. Is there an amortization or other similar schedule available for any of the property listed in Part 10?**

- ◉ No
- ○ Yes

**69. Has any of the property listed in Part 10 been appraised by a professional within the last year?**

- ◉ No
- ○ Yes

**Part 11:  All other assets**

**70. Does the debtor own any other assets that have not yet been reported on this form?**
Include all interests in executory contracts and unexpired leases not previously reported on this form.

- ◉ No. Go to Part 12.
- ○ Yes. Fill in the information below.

| | Current value of debtor's interest |
|---|---|

**71. Notes receivable**
Description (include name of obligor)

71.1 _____  -  _____  =  ➡  $0.00
              total face amount           doubtful or uncollectible
                                          amount

**72. Tax refunds and unused net operating losses (NOLs)**
Description (for example, federal, state, local)

72.1 _____    Tax year _____    $0.00

**73. Interests in insurance policies or annuities**

73.1 _____    $0.00 _____


**74. Causes of action against third parties (whether or not a lawsuit has been filed)**

74.1 _____    $0.00 _____

**Nature of Claim**        _____

**Amount requested**       $ _____


**75. Other contingent and unliquidated claims or causes of action of every nature, including counterclaims of the debtor and rights to set off claims**

75.1 _____    $0.00 _____

**Nature of Claim**        _____

**Amount requested**       $ _____


**76. Trusts, equitable or future interests in property**

76.1 _____    $0.00 _____


**77. Other property of any kind not already listed** *Examples:* Season tickets, country club membership

77.1 _____    $0.00 _____


**78. Total of Part 11.**

Add lines 71 through 77. Copy the total to line 90.        $0.00


**79. Has any of the property listed in Part 11 been appraised by a professional within the last year?**

◉ No

◯ Yes

**Part 12:** Summary

**In Part 12 copy all of the totals from the earlier parts of the form.**

| Type of property | Current value of personal property | Current value of real property |
|---|---|---|
| **80. Cash, cash equivalents, and financial assets.** Copy line 5, Part 1. | $0.00 | |
| **81. Deposits and prepayments.** Copy line 9, Part 2. | $0.00 | |
| **82. Accounts receivable.** Copy line 12, Part 3. | $0.00 | |
| **83. Investments.** Copy line 17, Part 4. | $0.00 | |
| **84. Inventory.** Copy line 23, Part 5. | $0.00 | |
| **85. Farming and fishing-related assets.** Copy line 33, Part 6. | $0.00 | |
| **86. Office furniture, fixtures, and equipment; and collectibles.** Copy line 43, Part 7. | $0.00 | |
| **87. Machinery, equipment, and vehicles.** Copy line 51, Part 8. | $0.00 | |
| **88. Real property. Copy line 56, Part 9.** | ➡ | $0.00 |
| **89. Intangibles and intellectual property..** Copy line 66, Part 10. | $0.00 | |
| **90. All other assets.** Copy line 78, Part 11. | $0.00 | |
| **91. Total. Add lines 80 through 90 for each column** | 91a. $0.00 | 91b. $0.00 |
| **92. Total of all property on Schedule A/B.** Lines 91a + 91b = 92. | | $0.00 |

**Fill in this information to identify the case:**

Debtor name: **Reagor-Dykes Auto Mall I LLC**

United States Bankruptcy for the District of: **Northern Texas**

Case number: **18-50325**

☐ Check if this is an amended filing

<u>Official Form 206D</u>

## Schedule D: Creditors Who Have Claims Secured by Property

**Be as complete and accurate as possible.**

**Part 1:** List Creditors Who Have Claims Secured by Property

**1. Do any creditors have claims secured by debtor's property?**

○ No. Check this box and submit page 1 of this form to the court with debtor's other schedules. Debtor has nothing else to report on this form.

● Yes. Fill in all of the information below.

**2. List creditors who have secured claims.** If a creditor has more than one secured claim, list the creditor separately for each claim.

| | Column A<br>**Amount of Claim**<br>Do not deduct the value of collateral. | Column B<br>**Value of collateral that supports this claim** |
|---|---|---|

**2.1**

**Creditor's name and mailing address**
FORD MOTOR CREDIT CORPORATION, 9009 CAROTHERS PARKWAY FRANKLIN, TN 37067

**Date debt was incurred?**
UNKNOWN

**Last 4 digits of account number**
N/A

**Do multiple creditors have an interest in the same property?**
● No
○ Yes. Specify each creditor, including this creditor, and its relative priority.

**Describe debtor's property that is subject to the lien:**
ALL

**Describe the lien**
FIRST

**Is the creditor an insider or related party?**
● No
○ Yes

**Is anyone else liable on this claim?**
● No
○ Yes Fill out Schedule H: Codebtors (Official Form 206H)

**As of the petition filing date, the claim is:**
Check all that apply.
☐ Contingent
☐ Unliquidated
☐ Disputed

Amount of Claim: $0.00

Value of collateral: $ UNKNOWN

**3. Total of the dollar amounts from Part 1, Column A, including the amounts from the Additional Page, if any.**

$0.00

**Fill in this information to identify the case:**

Debtor name: **Reagor-Dykes Auto Mall I LLC**

United States Bankruptcy for the District of: **Northern Texas**

Case number: **18-50325**

☐ **Check if this is an amended filing**

Official Form 206E/F

## Schedule E/F: Creditors Who Have Unsecured Claims

Be as complete and accurate as possible. Use Part 1 for creditors with PRIORITY unsecured claims and Part 2 for creditors with NONPRIORITY unsecured claims. List the other party to any executory contracts or unexpired leases that could result in a claim. Also list executory contracts on Schedule A/B: Assets - Real and Personal Property (Official Form 206A/B) and on Schedule G: Executory Contracts and Unexpired Leases (Official Form 206G). Number the entries in Parts 1 and 2 in the boxes on the left. If more space is needed for Part 1 or Part 2, fill out and attach the Additional Page of that Part included in this form.

**Part 1:** **List All Creditors with PRIORITY Unsecured Claims**

**1. Do any creditors have priority unsecured claims?** (See 11 U.S.C. § 507).

◉ No. Go to Part 2.

○ Yes. Go to line 2.

**2. List in alphabetical order all creditors who have unsecured claims that are entitled to priority in whole or in part.** If the debtor has more than 3 creditors with priority unsecured claims, fill out and attach the Additional Page of Part 1.

| | | Total claim | Priority amount |
|---|---|---|---|
| 2.1 | Priority creditor's name and mailing address | $ _____ | $0.00 _____ |

As of the petition filing date, the claim is: *Check all that apply.*

Date or dates debt was incurred

☐ Contingent

☐ Unliquidated

Last 4 digits of account number

☐ Disputed

Basis for the claim:

Specify Code subsection of PRIORITY unsecured claim:

11 U.S.C. § 507(a) ( _____ )

Is the claim subject to offset?

◉ No

○ Yes

**Part 2:** **List All Creditors with NONPRIORITY Unsecured Claim**

**3. List in alphabetical order all of the creditors with nonpriority unsecured claims.** If the debtor has more than 6 creditors with nonpriority unsecured claims, fill out and attach the Additional Page of Part 2.

| | | Amount of claim |
|---|---|---|
| 3.1 | **Nonpriority creditor's name and mailing address** | $0.00 |

As of the petition filing date, the claim is: *Check all that apply.*

**Date or dates debt was incurred**

☐ Contingent

☐ Unliquidated

☐ Disputed

Basis for the claim:

Is the claim subject to offset?

◉ No

○ Yes

**Part 3:** **List Others to BE Notified About Unsecured Claims**

**4. List in alphabetical order any others who must be notified for claims listed in Parts 1 and 2.** Examples of entities that may be listed are collection agencies, assignees of claims listed above, and attorneys for unsecured creditors.

**If no others need to be notified for the debts listed in Parts 1 and 2, do not fill out or submit this page. If additional pages are needed, copy the next page.**

| Name and mailing address | On which line in Part 1 or Part 2 is the related creditor (if any) listed? | Last 4 digits of account number, if any |
|---|---|---|
| 4.1. _____ | Line _____ | _____ |
| | ☐ Not listed. Explain | |
| | _____ | |

---

**Part 4:** **Total Amounts of the Priority and Nonpriority Unsecured Claims**

**5. Add the amounts of priority and nonpriority unsecured claims.**

| | | Total of claim amounts |
|---|---|---|
| 5a. Total claims from Part 1 | 5a. | $0.00 |
| 5b. Total claims from Part 2 | 5b. | $0.00 |
| 5c. Total of Parts 1 and 2 Lines 5a + 5b = 5c. | 5c. | $0.00 |

**Fill in this information to identify the case:**

Debtor name: **Reagor-Dykes Auto Mall I LLC**

United States Bankruptcy for the District of: **Northern Texas**

Case number: **18-50325**

☐ **Check if this is an amended filing**

Official Form 206G

## Schedule G: Executory Contracts and Unexpired Leases

Be as complete and accurate as possible. If more space is needed, copy and attach the additional page, numbering the entries consecutively.

**Schedule G:** Executory Contracts and Unexpired Leases

**1. Does the debtor have any executory contracts or unexpired leases?**

◉ No. Check this box and file this form with the court with the debtor's other schedules. There is nothing else to report on this form.

○ Yes. Fill in all of the information below even if the contracts or leases are listed on Schedule A/B: Assets - Real and Personal Property (Official Form 206A/B).

| 2. List all contracts and unexpired leases | State the name and mailing address for all other parties with whom the debtor has an executory contract or unexpired lease |
|---|---|

2.1   State what the contract or lease is for and the nature of the debtor's interest

State the term remaining

List the contract number of any government contract

**Fill in this information to identify the case:**

Debtor name: Reagor-Dykes Auto Mall I LLC

United States Bankruptcy for the District of: Northern Texas

Case number: 18-50325

☐ Check if this is an amended filing

Official Form 206H

## Schedule H: Codebtors

Be as complete and accurate as possible. If more space is needed, copy the Additional Page, numbering the entries consecutively. Attach the Additional Page to this page.

**1. Does the debtor have any codebtors?**

◉ No. Check this box and submit this form to the court with the debtor's other schedules. Nothing else needs to be reported on this form.

○ Yes

**2. In Column 1, list as codebtors all of the people or entities who are also liable for any debts listed by the debtor in the schedules of creditors,** *Schedules D-G.* Include all guarantors and co-obligors. In Column 2, identify the creditor to whom the debt is owed and each schedule on which the creditor is listed. If the codebtor is liable on a debt to more than one creditor, list each creditor separately in Column 2.

| Column 1: **Codebtor** | | Column 2: **Creditor** | |
|---|---|---|---|
| **Name** | **Mailing Address** | **Name** | **Check all schedules that apply:** |
| 2.1 | | | ☐ D |
| | | | ☐ E/F |
| | | | ☐ G |

**Fill in this information to identify the case:**

Debtor name: **Reagor-Dykes Auto Mall I LLC**

United States Bankruptcy for the District of: **Northern Texas**

Case number: **18-50325**

☐ **Check if this is an amended filing**

---

## Declaration Under Penalty of Perjury for Non-Individual Debtors

**Declaration and signature**

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☑ *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)

☑ *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)

☑ *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)

☑ *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)

☑ *Schedule H: Codebtors* (Official Form 206G)

☑ *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)

☐ Amended *Schedule* _____

☐ *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)

☐ Other document that requires a _____
declaration

I declare under penalty of perjury that the foregoing is true and correct.

Executed on        12/17/2018

/s/ Robert Schleizer
Signature of individual signing on behalf of debtor

Robert Schleizer
Printed name

Chief Restructuring Officer
Position or relationship to debtor