# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# LUBBOCK DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| REAGOR-DYKES MOTORS, LP, *et al.*[1] | § | Case No. 18-50214-rlj-11 |
| | § | Jointly Administered |
| Debtors. | § | |

## STATEMENT OF FINANCIAL AFFAIRS FOR
## REAGOR AUTO MALL I LLC
## (18-50325)

---

[1] The Debtors are Reagor-Dykes Imports, LP (Case No. 18-50215), Reagor-Dykes Amarillo (Case No. 18-50216), Reagor-Dykes Auto Company, LP (Case No. 18-50217), Reagor-Dykes Plainview, LP (Case No. 18-50218), Reagor-Dykes Floydada, LP (Case No. 18-50219), Reagor-Dykes Snyder, L.P. (Case No. 18-50321), Reagor-Dykes III LLC (Case No. 18-50322), Reagor Dykes II LLC (Case No. 18-50323), Reagor Auto Mall, Ltd. (Case No. 18-50324) and Reagor-Dykes Auto Mall I LLC (Case No. 18-50325)

Marcus A. Helt (TX 24052187)
C. Ashley Ellis (TX 00794824)
**FOLEY GARDERE**
**FOLEY & LARDNER LLP**
2021 McKinney Avenue, Suite 1600
Dallas, TX  75201
Telephone: (214) 999-3000
Facsimile:  (214) 999-4667
mhelt@foley.com
aellis@foley.com

**COUNSEL TO DEBTORS**
**REAGOR-DYKES MOTORS, LP** *et al.*

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**LUBBOCK DIVISION**

| | | |
|---|---|---|
| **IN RE:** | § | |
| | § | |
| **REAGOR-DYKES MOTORS, LP,** *et al.*[1] | § | Case No. 18-50214-rlj-11 |
| | § | Jointly Administered |
| **Debtor.** | § | |

**GLOBAL NOTES AND STATEMENT OF LIMITATIONS,**
**METHODOLOGY, AND DISCLAIMER REGARDING**
<u>**SCHEDULES AND STATEMENTS OF DEBTORS**</u>

> ## These Global Notes Relate only to Debtor Reagor Auto Mall I LLC

The Schedules of Assets and Liabilities (the "**Schedules**")[2] and Statement of Financial Affairs (the "**Statements**" and, collectively with the Schedules, the "**Schedules and Statements**") filed by Reagor-Dykes Snyder, LP;  Reagor-Dykes II LLC;  Reagor-Dykes III LLC;  Reagor Auto Mall, Ltd.;  Reagor Auto Mall I LLC, as debtors and debtors-in-possession (collectively, "**Reagor-Dykes**" or the " **New Debtors**"), in the above-captioned bankruptcy cases pending before the United States Bankruptcy Court for the Northern District of Texas, Lubbock

---

[1] The Debtors are: Reagor-Dykes Motors, LP (Case No. 18-50214), Reagor-Dykes Imports, LP (Case No. 18-50215), Reagor-Dykes Amarillo (Case No. 18-50216), Reagor-Dykes Auto Company, LP (Case No. 18-50217), Reagor-Dykes Plainview, LP (Case No. 18-50218), Reagor-Dykes Floydada, LP (Case No. 18-50219), Reagor Auto Mall, Ltd. (Case No. 18-50324), Reagor Auto Mall I LLC (Case No. 18-50325), Reagor-Dykes II LLC (Case No. 18-50323), Reagor-Dykes III LLC (Case No. 18-50322), and Reagor-Dykes Snyder (Case No. 18-50321).

[2] The term "Schedules" includes: Schedules A/B, D, E/F, G, and H, along with the applicable summaries and all attachments appurtenant thereto.

Division (the "**Bankruptcy Court**") were prepared pursuant to 11 U.S.C. § 521 and Federal Rule of Bankruptcy Procedure 1007 by the Debtors' management, in coordination with the Debtors' Chief Restructuring Officer at BlackBriar Advisors LLC ("**BlackBriar**"). The Schedules and Statements are unaudited. While the persons responsible for the preparation of the Schedules and Statements have made a reasonable effort to ensure that the Schedules and Statements are accurate and complete based on information known to them at the time of preparation after reasonable inquiries, inadvertent errors may exist and/or the subsequent receipt of information may result in material changes in financial and other data contained in the Schedules and Statements that may warrant amendment of same. Moreover, because the Schedules and Statements contain unaudited information that is subject to further review and potential adjustment, there be can no assurance that these Schedules and Statements are complete or accurate. These Global Notes comprise an integral part of the Schedules and Statements and should be referred to and considered in connection with any review of them.

1. Cases. On November 2, 2018 (the "**Petition Date**"), the New Debtors filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.* (the "**Bankruptcy Code**"). The resulting cases (the "**Chapter 11 Cases**") were administratively consolidated into Case No. 18-50214. The New Debtors are authorized to continue operating their businesses and manage their property as debtors-in-possession pursuant to §§ 1107(a) and 1108 of the Bankruptcy Code. "**Chapter 11 Case**" shall mean the main bankruptcy case for Reagor Dykes Motors, LP Case No. 18-50214 with which the New Debtors are jointly administered. On December 3, 2018, the New Debtors filed an application to employ BlackBriar with the Court as Chief Restructuring Officer of the New Debtors.

2. Amendments. New Debtors reserve their right to amend the Schedules and Statements in all respects at any time as may be necessary or appropriate, including, without limitation, the right to dispute or to assert offsets or defenses to any claim reflected on the Schedules and Statements as to amount, to liability, or to classification, or to otherwise subsequently designate any claim as "disputed," "contingent," or "unliquidated." Any failure to designate a claim as "contingent," "unliquidated," or "disputed" does not constitute an admission by New Debtors that such claim is not "contingent," "unliquidated," or "disputed."

3. Estimates and Assumptions. The preparation of the Schedules and Statements requires the New Debtors to make estimates and assumptions that affect the reported amounts of assets and liabilities, the disclosures of contingent assets and liabilities on the date of the Schedules and Statements, and the reported amounts of revenues and expenses during the reporting period.

4. Unknown Amounts. Some of the scheduled assets and liabilities may be unknown and unliquidated at this time. In such cases, the amounts may be listed as "Unknown" or "Unliquidated." Accordingly, the Schedules and the Statements may not accurately reflect the aggregate amount of the New Debtors' assets and liabilities.

5. Prepetition v. Post-Petition. New Debtors have sought to allocate liabilities between the pre-petition and post-petition periods based on the information from research that was conducted with the preparation of these Schedules and Statements. As additional information becomes available and further research is conducted, the allocation of liabilities

between pre-petition and post-petition periods may change.

6. _GAAP_. Given the difference between the information requested in the Schedules and Statements, and the financial information utilized under generally accepted accounting principles in the United States ("**GAAP**"), the aggregate asset values and claim amounts set forth in the Schedules and Statements do not necessarily reflect the amounts that would be set forth in a balance sheet prepared in accordance with GAAP.

7. _Assets_. It would be prohibitively expensive, unduly burdensome, and time consuming to physically inspect all of the New Debtors' property interests. Therefore, there can be no assurance that the New Debtors owned such property on the Petition Date. To the extent an asset is listed on the Schedules and described in the Statements, unless otherwise noted therein, such assets disclosed in the Schedules and Statements were included therein as a result of the New Debtors' books and records having reflected the existence of such assets as of the Petition Date. The assets disclosed in the Schedules and Statements are not listed therein as a result of a comprehensive inspection conducted by the New Debtors.

8. _Asset Values_. It would likewise be prohibitively expensive, unduly burdensome, and time consuming to obtain current market valuations of the New Debtors' property interests. Accordingly, to the extent any asset value is listed herein, unless otherwise noted therein, net book values rather than current market values of the New Debtors' property interests are reflected in the applicable Schedule. As applicable, assets that have been fully depreciated or were expensed for accounting purposes have no net book value. And, unless otherwise indicated, all asset amounts are listed as of the New Debtors' November 1, 2018 Financial Statements, which is ending November 1, 2018.

9. _Causes of Action_. Despite making commercially reasonable efforts to identify all known assets, the New Debtors may not have listed all of their causes of action or potential causes of action against third-parties as assets in the Schedules and Statements, including, without limitation, causes of action arising under the provisions of chapter 5 of the Bankruptcy Code and any other relevant non-bankruptcy laws to recover assets or avoid transfers.

The New Debtors reserve all rights with respect to any cause of action (including avoidance actions), controversy, right of setoff, cross claim, counterclaim, equitable subordination rights, or recoupment and any claim on contracts or for breaches of duties imposed by law or in equity, demand, right, action, lien, indemnity, guaranty, suit, obligation, liability, damage, judgment, account, defense, power, privilege, license, and franchise of any kind or character whatsoever, known, unknown, fixed or contingent, matured or unmatured, suspected or unsuspected, liquidated or unliquidated, disputed or undisputed, secured or unsecured, assertable directly or derivatively, whether arising before, on, or after the Petition Date, in contract or in tort, in law or in equity, or pursuant to any other theory of law (collectively "Causes of Action") they may have, and neither these Global Notes nor the Schedules and Statements shall be deemed a waiver of any claims or Causes of Action or in any way prejudice or impair the assertion of such claims or Causes of Action.

10. _Insiders_. In the circumstances where the Schedules and Statements require information regarding insiders and/or officers and directors, included therein are New Debtors'

(a) managers, general partners, and/or limited partners (or persons in similar positions), (b) employees that are, or were during the relevant period, officers (or persons in control), (c) family members of managers/partners, and (d) affiliates as such term is defined in the Bankruptcy Code. The listing of a party as an insider is not intended to be nor should it be construed as a legal characterization of such party as an insider and does not act as an admission of any fact, claim, right, or defense, and all such rights, claims, and defenses are hereby expressly reserved. Further, employees that are not managers or partners have not been included in this disclosure. Nothing contained in the Schedules and Statements is deemed to be an admission or legal conclusion as the comprehensive scope of the inclusion or exclusion of persons qualifying as "insiders" in terms of control of the New Debtors, management responsibilities or functions, decision-making or corporate authority and/or as otherwise defined by applicable law, including, without limitation, the federal securities laws, or with respect to any theories of liability or for any other purpose. The New Debtors reserve all rights to amend, supplement, revise the Schedules and Statements with regard to any matters concerning its "insiders," as such term is defined in the Bankruptcy Code and their progeny. The New Debtors reserve all rights to require an order from the Bankruptcy Court regarding the scope of particular persons deemed to be "insiders." Item 4 of the Statements requires the New Debtors to disclose payments or transfers made within 1 year before filing the bankruptcy case on debts owed to an insider or guaranteed or co-signed by an insider unless the aggregate value of all property transferred to or for the benefit of the insider is less than $6,425.

11. <u>Administrative Claims</u>. The creditors and claims disclosed on the New Debtors' Schedule E table of claims subject to priority treatment are an estimate based on the New Debtors' books and records. Out of an abundance of caution, the New Debtors have included the creditors and claims in Schedule E; however, the New Debtors may have been over-inclusive in the claims and/or amounts set forth therein. Accordingly, the information set forth in Schedule E is not to be deemed an admission or an allowance as to the claims disclosed therein. No claims will be allowed as an administrative expense priority claim without a prior order from the Bankruptcy Court allowing such claim.

12. <u>Partners, Directors, or Officers</u>. The New Debtors disclosed the identity of certain officers and/or directors in Section 28 of each Statement. The New Debtors' inclusion of these persons in Section 28 of each Statement is not intended to be an admission or a legal conclusion as the status of such persons as "Directors," "Officers," "Managers," "Partners," "Insiders," or otherwise a "person in control" of the Debtor. For the sake of clarity and out of an abundance of caution, the New Debtors have included such persons in response to Section 28 of the Statement for the purpose of candid disclosure of information in these Bankruptcy Cases. The New Debtors reserve all rights to amend, supplement, revise the Schedules and Statements with regard to any matters concerning any persons deemed to be "Directors," "Officers," "Managers," "Partners," "Partnerships," "Insiders," or otherwise a "person in control" of the New Debtors, as such terms may be defined in the Bankruptcy Code and their progeny. The New Debtors reserve all rights to require an order from the Bankruptcy Court regarding the scope of particular persons deemed to be "Directors," "Officers," "Managers," "Partner,", "Partnership" "Insiders," or otherwise a "person in control" of the New Debtors.

13. <u>Schedule F</u>. As set forth in the New Debtors' Schedule F table of general unsecured creditors, there are multiple creditors disclosed therein whose names and other

information have been redacted to protect the New Debtors' confidential, proprietary and competitive information. The New Debtors intend to file a motion for protective order in the Bankruptcy Court seeking approval to disclose the redacted information under seal.

14. <u>Summary of Reporting Policies and Practices</u>. The following conventions were adopted by the New Debtors in preparation of the Schedules and Statements:

  a. <u>Fair Market Value; Book Value</u>. Unless otherwise noted therein, the Schedules and Statements reflect the carrying value of the assets/liabilities as listed in the New Debtors' books and records. Except as set forth above with respect to membership interests owned by the New Debtors, where the current market value of assets is unknown, the New Debtors have based their valuation on book values; however, the actual value may differ. Where known, accumulated depreciation of assets has been noted.

  b. <u>Inventories</u>. Unless otherwise noted therein, inventories are valued in the Schedules and Statements at the values indicated on the New Debtors' books and records, and at the current value of those inventories, as noted in the Schedules and Statements.

  c. <u>Leased Real and Personal Property</u>. In the ordinary course of its business, the New Debtors may lease real property and various articles of personal property, including, without limitation, furniture, fixtures and equipment, from certain third-party lessors. The New Debtors have endeavored to include all such leases in the Schedules and Statements. The property subject to leases is not reflected in the Schedules and Statements as either owned property or assets of the New Debtors or property or assets of third-parties within the control of the New Debtors. Nothing in the Schedules or Statements is or shall be construed as an admission or determination as to legal status of any lease (including whether to assume and assign or reject such lease or whether it is a true lease or a financing arrangement) or the assets subject to such leases, and the New Debtors reserve all of its rights with respect to all such issues, including any challenges thereto.

  d. <u>Disputed, Contingent and/or Unliquidated Claims</u>. Schedules D, E, and F permit the New Debtors to designate a claim as disputed, contingent, and/or unliquidated. A failure to designate a claim on any of these Schedules and Statements as disputed, contingent, and/or unliquidated does not constitute an admission that such claim is not subject to objection. The New Debtors reserve the right to dispute, or assert offsets or defenses to, any claim reflected on these Schedules and Statements as to amount, liability, or status.

  e. <u>Revenues</u>. In reference to Section 1 of Part 1 in Form 207 of the New Debtors' Statements, the New Debtors' disclosure of their

4814-6295-4627.2  5

    gross revenue includes revenue through November 1, 2018. The New Debtors' books and records for fiscal year 2018 has not yet been closed.

  f. <u>Claims</u>. Certain of the Schedules and Statements list creditors of the New Debtors as of the Petition Date. As discussed below, the Court has authorized (but not directed) the New Debtors to, among other things, continue certain prepetition practices regarding some of those claims. Under this authority, the New Debtors paid a number of prepetition claims, including, without limitation, certain prepetition wages and employee compensation/benefits.

  g. <u>Employee Claims</u>. The Bankruptcy Court entered an order on, November 9, 2018 [Docket No. 38] authorizing the New Debtors to pay prepetition and post-petition wages, salaries, benefits and other obligations. Accordingly, only employee claims against the New Debtors for prepetition amounts that have not been paid as of the time that the Schedules and Statements were prepared, if any, and employee claims for items not authorized to be paid by order of the Bankruptcy Court, if any, have been included in the Schedules and Statements.

  15. <u>First-Day Orders</u>. Pursuant to various orders issued by the Court, the New Debtors were authorized to pay certain outstanding prepetition claims, including, without limitation, to the following claims relating to employee compensation, benefits, and reimbursable business expenses. To the extent claims have been paid, such claims have not been listed on the Schedules and Statements. To the extent such a claim is listed on the Schedules and Statements, inadvertently or otherwise, the New Debtors do not waive any right to amend the Schedules and Statements or subsequently object to such claims.

  16. <u>Ordinary Course of Business</u>. In the ordinary course of its business, the New Debtors apply credits against amounts otherwise due to vendors. These credits arise because, among other matters, materials ordered and paid for may not be delivered, materials delivered are damaged or unusable, and vendors provide volume rebates and cash discounts. Certain of these credits are subject to change. Vendor claims are listed at the amounts entered on the New Debtors' books and records ***as of the Petition Date***, which may reflect credits or allowances due from such creditors to the Debtor. The actual amount owed or owing by such vendors is subject to change upon application of pending and/or future credits and debits. Accordingly, such vendor balances are subject to potential amendment in due course of treatment in this Bankruptcy Case. The Debtor reserves all of its rights respecting such credits and allowances.

  17. <u>Executory Contracts and Unexpired Leases</u>. For purposes of the Schedules and Statements, the New Debtors have only scheduled claims and executory contracts for which the New Debtors may be contractually and/or directly liable. While every reasonable effort has been made to ensure the accuracy of Schedule G regarding executory contracts and unexpired leases, inadvertent errors or omissions may have occurred. The New Debtors hereby reserve all of their rights to dispute the validity, status or enforceability of any contract, agreement, or lease set forth on Schedule G that may have expired or may have been modified, amended, and supplemented

from time to time by various amendments, restatements, waivers, estoppel certificates, letters and other documents, instruments, and agreements which may not be listed on Schedule G. Certain of the leases and contracts listed on Schedule G may contain certain renewal options, guarantees of payment, options to purchase, rights of first refusal, and other miscellaneous rights. Such rights, powers, duties and obligations are not set forth on Schedule G. Certain of the executory agreements may not have been memorialized in writing and could be subject to dispute. In addition, the New Debtors may have entered into various other types of agreements in the ordinary course of its business, such as easements, right of way, subordination, non-disturbance and attornment agreements, supplemental agreements, amendments/letter agreements, title agreements and confidentiality agreements. Such documents may not be set forth on Schedule G. The New Debtors reserve all of their rights to dispute or to challenge the characterization of the structure of any transaction, or any document or instrument related to a creditor's claim. In the ordinary course of business, each Debtor may have entered into agreements, written or oral, for the provision of certain services on a month-to-month or at-will basis. Such contracts may not be included on Schedule G. The New Debtors reserve the right to assert that such agreements constitute executory contracts. Listing a contract or agreement on Schedule G does not constitute an admission that such contract or agreement is an executory contract or unexpired lease. The New Debtors reserve all rights to challenge whether any of the listed contracts, leases, agreements or other documents constitute an executory contract or unexpired lease, including if any are unexpired non-residential real property leases. Any and all of the Debtor's rights, claims, and causes of action regarding the contracts and agreements listed on Schedule G are hereby reserved and preserved.

18. <u>Reservation of Rights</u>**.** Reasonable efforts have been made to prepare and file complete and accurate Statements and Schedules; however, inadvertent errors or omissions may exist. The New Debtors reserve all rights to (i) amend or supplement the Statements and Schedules from time to time, in all respects, as may be necessary or appropriate, including, without limitation, the right to amend the Statements and Schedules with respect to claim ("**Claim**") description or designation; (ii) dispute or otherwise assert offsets or defenses to any Claim reflected in the Statements and Schedules as to amount, liability, priority, status or classification; (iii) subsequently designate any Claim as "disputed," "contingent," or "unliquidated;" or object to the extent, validity, enforceability, priority, or avoidability of any Claim. Any failure to designate a Claim in the Statements and Schedules as "disputed," "contingent," or "unliquidated" does not constitute an admission by the New Debtors (or any individual debtor) that such Claim or amount is not "disputed," "contingent," or "unliquidated." Listing a Claim does not constitute an admission of liability by the Debtor against which the Claim is listed. Furthermore, nothing contained in the Statements and Schedules shall constitute a waiver of rights with respect to each Debtor's chapter 11 case, including, without limitation, issues involving Claims, substantive consolidation, defenses, equitable subordination, and/or causes of action arising under the provisions of chapter 5 of the Bankruptcy Code and any other relevant non-bankruptcy laws to recover assets or avoid transfers. Any specific reservation of rights contained elsewhere in the Global Notes does not limit in any respect the general reservation of rights contained in this paragraph. Notwithstanding the foregoing, the New Debtors shall not be required to update the Statements and Schedules except as may be required by applicable law.

19. <u>Liabilities</u>**.** The New Debtors have sought to allocate liabilities between the

prepetition and post-petition periods and between Debtor and Non-Debtor entities based on the information and research conducted in connection with the preparation of the Statements and Schedules. As additional information becomes available and further research is conducted, the allocation of liabilities between the prepetition and post-petition periods may change. Accordingly, each Debtor reserves all of its rights to amend, supplement, or otherwise modify its Statements and Schedules as is necessary or appropriate.

The liabilities listed on the Schedules do not reflect any analysis of Claims under section 503(b)(9) of the Bankruptcy Code. Accordingly, the New Debtors reserve all of their rights to dispute or challenge the validity of any asserted Claims under section 503(b)(9) of the Bankruptcy Code or the characterization of the structure of any such transaction or any document or instrument related to any creditor's Claim.

20. <u>Excluded Assets and Liabilities</u>**.**  The New Debtors have excluded certain categories of assets, and liabilities from the Statements and Schedules, including, without limitation, certain assets and liabilities that they believe are property or obligations of Non-Debtor affiliates. The New Debtors have also excluded rejection damage Claims of counterparties to executory contracts and unexpired leases that may or may not be rejected, to the extent such damage Claims exist. In addition, certain immaterial assets and liabilities may have been excluded.

The Bankruptcy Court has authorized (but not directed) the New Debtors to pay, in their discretion, certain outstanding Claims on a post-petition basis. Prepetition liabilities that have been paid post-petition or those that each Debtor anticipates paying via this authorization have not been included in the Schedules. Please see the notes to Schedule E/F for additional information.

21. <u>Intangibles and Intellectual Property</u>.  The Debtor may have disclosed on the Schedules and Statements various intangibles owned by the Debtor, including, without limitation, equity interests, intellectual property, trademarks, copyrights, domain names, websites, and the like. The value of such intangible property is listed in the aggregate, and is not assigned to any particular category of intellectual property or intangible. There can be no assurance that such values are complete or accurate.  Exclusion of any intellectual property shall not be construed as an admission that such intellectual property rights have been abandoned, terminated, assigned, expired by their terms, or otherwise transferred pursuant to a sale, acquisition, or other transaction.

22. <u>Challenge of Liens</u>.  The New Debtors reserve the right to dispute or to challenge the validity, perfection, or immunity from avoidance of any lien purported to be granted or perfected in any specific asset to a secured creditor listed on Schedule D.  Moreover, although the New Debtors may have scheduled claims of various creditors as secured claims, the New Debtors reserve all of their rights to dispute or to challenge the secured nature of any such creditor's claim or the characterization of the structure of any such transaction or any document or instrument related to such creditor's claim.  The descriptions provided on Schedule D are intended only to be a summary.  Reference to the applicable loan agreements and related documents is necessary for a complete description of the collateral and the nature, extent and priority of any liens.  Nothing in the Global Notes or the Schedules and Statements shall be

deemed a modification or interpretation of the terms of such agreements.

23. <u>Classifications</u>. Listing (a) a Claim on Schedule D as "secured," (b) a Claim on Schedule E/F as "priority," (c) a Claim on Schedule E/F as "unsecured," or (d) a contract on Schedule G as "executory" or "unexpired," does not constitute an admission by any Debtor of the legal rights of the claimant or a waiver of any Debtor's rights to re-characterize or reclassify such Claims or contracts or to setoff of such Claims.

24. <u>Currency</u>. Unless otherwise indicated, all amounts are reflected in U.S. dollars.

25. <u>Intercompany Payables and Receivables</u>. Intercompany receivables/payables are set forth on Schedules B and E/F, respectively. The listing by each Debtor of any account between a Debtor and another affiliate is a statement of what appears in the New Debtors' books and records and does not reflect any admission or conclusion of any Debtor regarding the allowance, classification, characterization, validity, or priority of such account. The New Debtors periodically record intercompany amounts for combined entities, which could result in discrepancies for allocation between legal entities. The New Debtors take no position in these Statements and Schedules as to whether such accounts would be allowed as a Claim, an Interest, or not allowed at all. The New Debtors and all parties in interest reserve all rights with respect to such accounts.

26. <u>Setoff or Recoupment Rights</u>. The Debtor has not included on Schedule D parties that may believe their claims are secured through setoff rights, deposits posted by or on behalf of the Debtor, or inchoate statutory lien rights.

27. <u>New Debtors' Addresses</u>. For the purposes of the Statements and Schedules, all addresses for all New Debtors have been reported as the New Debtors' headquarters address in Lubbock, Texas.

Neither the New Debtors, their agents, nor their attorneys guarantee or warrant the accuracy, the completeness, or correctness of the data that is provided herein or in the Schedules and Statements, and none are liable for any loss or injury arising out of or caused in whole or in part by the acts, errors or omissions, whether negligent or otherwise, in procuring, compiling, collecting, interpreting, reporting, communication or delivering the information herein. While every effort has been made to provide accurate and complete information herein, inadvertent errors or omissions may exist. The New Debtors and their agents, attorneys and advisors expressly do not undertake any obligation to update, modify, revise or re-categorize the information provided herein, or to notify any third party should the information be updated, modified, revised or re-categorized. In no event shall the New Debtors or their agents, attorneys and advisors be liable to any third party for any direct, indirect, incidental, consequential or special damages (including, but not limited to, damages arising from the disallowance of a potential claim against the New Debtors or damages to business reputation, lost business or lost profits), whether foreseeable or not and however caused, even if the New Debtors or their agents, attorneys and advisors are advised of the possibility of such damages.

#END OF GLOBAL NOTES#

**Fill in this information to identify the case:**

**Debtor name: Reagor-Dykes Auto Mall I LLC**

**United States Bankruptcy for the District of: Northern Texas**

**Case number: 18-50325**

☐ **Check if this is an amended filing**

Official Form 207

## Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy

The debtor must answer every question. If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and case number (if known).

### Part 1: Income

**1. Gross revenue from business**

☑ None

| Identify the beginning and ending dates of the debtor's fiscal year, which may be a calendar year | Sources of revenue Check all that apply | Gross revenue (before deductions and exclusions) |
|---|---|---|

**2. Non-business revenue**
Include revenue regardless of whether that revenue is taxable. Non-business income may include interest, dividends, money collected from lawsuits, and royalties. List each source and the gross revenue for each separately. Do not include revenue listed in line 1.

☑ None

| | Description of sources of revenue | Gross revenue from each source (before deductions and exclusions) |
|---|---|---|

### Part 2: List Certain Transfers Made Before Filing for Bankruptcy

**3. Certain payments or transfers to creditors within 90 days before filing this case**
List payments or transfers - including expense reimbursements - to any creditor, other than regular employee compensation, within 90 days before filing this case unless the aggregate value of all property transferred to that creditor is less than $6,425. (This amount may be adjusted on 4/01/19 and every 3 years after that with respect to cases filed on or after the date of adjustment.)

☑ None

| Creditor's name and address | Dates | Total amount or value | Reasons for payment or transfer Check all that apply |
|---|---|---|---|

**4. Payments or other transfers of property made within 1 year before filing this case that benefited any insider**
List payments or transfers, including expense reimbursements, made within 1 year before filing this case on debts owed to an insider or guaranteed or cosigned by an insider unless the aggregate value of all property transferred to or for the benefit of the insider is less than $6,425. (This amount may be adjusted on 4/01/19 and every 3 years after that with respect to cases filed on or after the date of adjustment.) Do not include any payments listed in line 3. Insiders include officers, directors, and anyone in control of a corporate debtor and their relatives; general partners of a partnership debtor and their relatives; affiliates of the debtor and insiders of such affiliates; and any managing agent of the debtor. 11 U.S.C. § 101(31).

☑ None

| Insider's name and address | Dates | Total amount or value | Reasons for payment or transfer |
|---|---|---|---|

### 5. Repossessions, foreclosures, and returns
List all property of the debtor that was obtained by a creditor within 1 year before filing this case, including property repossessed by a creditor, sold at a foreclosure sale, transferred by a deed in lieu of foreclosure, or returned to the seller.
Do not include property listed in line 6.

☑ None

| Creditor's name and address | Description of the property | Date | Value of property |
|---|---|---|---|
| | | | |

### 6. Setoffs
List any creditor, including a bank or financial institution, that within 90 days before filing this case set off or otherwise took anything from an account of the debtor without permission or refused to make a payment at the debtor's direction from an account of the debtor because the debtor owed a debt.

☑ None

| Creditor's name and address | Description of the action creditor took | Date action was taken | Amount |
|---|---|---|---|
| | | | |

## Part 3: Legal Actions or Assignments

### 7. Legal actions, administrative proceedings, court actions, executions, attachments, or governmental audits
List the legal actions, proceedings, investigations, arbitrations, mediations, and audits by federal or state agencies in which the debtor was involved in any capacity—within 1 year before filing this case.

☐ None

| | Case title | Nature of case | Court or agency's name and address | Status of case |
|---|---|---|---|---|
| 7.1 | **Name** FORD MOTOR CO VS. REAGOR-DYKES AMARILLO LP <br> **Case number** 18-EV-00186 | | **Name** NORTHERN DISTRICT OF TEXAS <br> **Street** 1205 TEXAS AVE. <br> **City** LUBBOCK **State** TX **Zip** 79401-409 | ☑ Pending <br> ☐ On appeal <br> ☐ Concluded |
| 7.2 | **Name** ZIEGLER MOTORS INC. VS. REAGOR AUTO MALL LTD <br> **Case number** DC 18-12949 | | **Name** DALLAS COUNTY COURT <br> **Street** 600 COMMERCE ST, SUITE 100 <br> **City** DALLAS **State** TX **Zip** 75202 | ☑ Pending <br> ☐ On appeal <br> ☐ Concluded |

### 8. Assignments and receivership
List any property in the hands of an assignee for the benefit of creditors during the 120 days before filing this case and any property in the hands of a receiver, custodian, or other court-appointed officer within 1 year before filing this case.

☑ None

| Custodian's name and address | Description of the property | Value |
|---|---|---|
| | | |

## Part 4: Certain Gifts and Charitable Contributions

### 9. List all gifts or charitable contributions the debtor gave to a recipient within 2 years before filing this case unless the aggregate value of the gifts to that recipient is less than $1,000

☑ None

| Recipient's name and address | Description of the gifts or contributions | Dates given | Value |
|---|---|---|---|
| | | | |

## Part 5: Losses

**10. All losses from fire, theft, or other casualty within 1 year before filing this case**

☑ None

| Description of the property lost and how the loss occurred | Amount of payments received for the loss<br>If you have received payments to cover the loss, for example, from insurance, government compensation, or tort liability, list the total received. List unpaid claims on Official Form 106A/B (Schedule A/B: Assets – Real and Personal Property). | Date of loss | Value of property lost |
|---|---|---|---|
| | | | |

### Part 6: Certain Payments or Transfers

**11. Payments related to bankruptcy**
List any payments of money or other transfers of property made by the debtor or person acting on behalf of the debtor within 1 year before the filing of this case to another person or entity, including attorneys, that the debtor consulted about debt consolidation or restructuring, seeking bankruptcy relief, or filing a bankruptcy case.

☑ None

| Who was paid or who received the transfer? | If not money, describe any property transferred | Dates | Total amount or value |
|---|---|---|---|
| | | | |

**12. Self-settled trusts of which the debtor is a beneficiary**
List any payments or transfers of property made by the debtor or a person acting on behalf of the debtor within 10 years before the filing of this case to a self-settled trust or similar device.
Do not include transfers already listed on this statement.

☑ None

| Name of trust or device | Describe any property transferred | Dates transfers were made | Total amount or value |
|---|---|---|---|
| | | | |

**13. Transfers not already listed on this statement**
List any transfers of money or other property☐by sale, trade, or any other means☐made by the debtor or a person acting on behalf of the debtor within 2 years before the filing of this case to another person, other than property transferred in the ordinary course of business or financial affairs. Include both outright transfers and transfers made as security. Do not include gifts or transfers previously listed on this statement.

☑ None

| Who received transfer? | Description of property transferred or payments received or debts paid in exchange | Date transfer was made | Total amount or value |
|---|---|---|---|
| | | | |

### Part 7: Previous Locations

**14. Previous addresses**
List all previous addresses used by the debtor within 3 years before filing this case and the dates the addresses were used.

☑ Does not apply

| Address | Dates of occupancy |
|---|---|
| | |

### Part 8: Health Care Bankruptcies

**15. Health Care bankruptcies**
Is the debtor primarily engaged in offering services and facilities for:

☐ diagnosing or treating injury, deformity, or disease, or

☐ providing any surgical, psychiatric, drug treatment, or obstetric care?

☑ No. Go to part 9.

☐ Yes. Fill in the information below.

| Facility name and address | Nature of the business operation, including type of services the debtor provides | If debtor provides meals and housing, number of patients in debtor's care |
|---|---|---|
|  |  |  |

### Part 9: Personally Identifiable Information

**16. Does the debtor collect and retain personally identifiable information of customers?**

☑ No.

☐ Yes. State the nature of the information collected and retained. _____

   Does the debtor have a privacy policy about that information?

   ☐ No

   ☐ Yes

**17. Within 6 years before filing this case, have any employees of the debtor been participants in any ERISA, 401(k), 403(b), or other pension or profit-sharing plan made available by the debtor as an employee benefit?**

☑ No. Go to Part 10.

☐ Yes. Does the debtor serve as plan administrator?

   ☐ No. Go to Part 10.

   ☐ Yes. Fill in below:

   **Name of plan**                                      **Employer identification number of the plan**

   _____                         _____

   Has the plan been terminated?

   ☐ No

   ☐ Yes

### Part 10: Certain Financial Accounts, Safe Deposit Boxes, and Storage Units

**18. Closed financial accounts**
Within 1 year before filing this case, were any financial accounts or instruments held in the debtor's name, or for the debtor's benefit, closed, sold, moved, or transferred?
Include checking, savings, money market, or other financial accounts; certificates of deposit; and shares in banks, credit unions, brokerage houses, cooperatives, associations, and other financial institutions.

☑ None

| Financial institution name and address | Last 4 digits of account number | Type of account | Date account was closed, sold, moved, or transferred | Last balance before closing or transfer |
|---|---|---|---|---|
|  |  |  |  |  |

**19. Safe deposit boxes**
List any safe deposit box or other depository for securities, cash, or other valuables the debtor now has or did have within 1 year before filing this case.

☑ None

| Depository institution name and address | Names of anyone with access to it | Description of the contents | Does debtor still have it? |
|---|---|---|---|

**20. Off-premises storage**
List any property kept in storage units or warehouses within 1 year before filing this case. Do not include facilities that are in a part of a building in which the debtor does business.

☑ None

| Facility name and address | Names of anyone with access to it | Description of the contents | Does debtor still have it? |
|---|---|---|---|

## Part 11: Property the Debtor Holds or Controls that the Debtor Does Not Own

**21. Property held for another**
List any property that the debtor holds or controls that another entity owns. Include any property borrowed from, being stored for, or held in trust. Do not list leased or rented property

☑ None

| Owner's name and address | Location of the property | Description of the property | Value |
|---|---|---|---|

## Part 12: Details About Environmental Information

**For the purpose of Part 12, the following definitions apply:**
- *Environmental law* means any statute or governmental regulation that concerns pollution, contamination, or hazardous material, regardless of the medium affected (air, land, water, or any other medium).
- *Site* means any location, facility, or property, including disposal sites, that the debtor now owns, operates, or utilizes or that the debtor formerly owned, operated, or utilized.
- *Hazardous material* means anything that an environmental law defines as hazardous or toxic, or describes as a pollutant, contaminant, or a similarly harmful substance.

**Report all notices, releases, and proceedings known, regardless of when they occurred.**

**22. Has the debtor been a party in any judicial or administrative proceeding under any environmental law?** Include settlements and orders

☑ No.

☐ Yes. Provide details below.

| Case title | Court or agency name and address | Nature of the case | Status of case |
|---|---|---|---|

**23. Has any governmental unit otherwise notified the debtor that the debtor may be liable or potentially liable under or in violation of an environmental law?**

☑ No

☐ Yes. Provide details below.

| Site name and address | Governmental unit name and address | Environmental law, if known | Date of notice |
|---|---|---|---|

**24. Has the debtor notified any governmental unit of any release of hazardous material?**

☑ No

☐ Yes. Provide details below.

| Site name and address | Governmental unit name and address | Environmental law, if known | Date of notice |
|---|---|---|---|

## Part 13: Details About the Debtor's Business or Connections to Any Business

**25. Other businesses in which the debtor has or has had an interest**
List any business for which the debtor was an owner, partner, member, or otherwise a person in control within 6 years before filing this case. Include this information even if already listed in the Schedules.

☑ None

| Business name and address | Describe the nature of the business | Employer Identification number<br>Do not include Social Security number or ITIN. |
|---|---|---|

**26. Books, records, and financial statements**

26a. List all accountants and bookkeepers who maintained the debtor's books and records within 2 years before filing this case.

☐ None

| Name and address | Dates of service | |
|---|---|---|
| 26a.1 Name and Address<br>SHANE SMITH, 3804 106TH ST., LUBBOCK, TX 79423 | From<br>UNKNOWN | to<br>8//2018 |

26b. List all firms or individuals who have audited, compiled, or reviewed debtor's books of account and records or prepared a financial statement within 2 years before filing this case.

☑ None

| Name and address | Dates of service |
|---|---|

26c. List all firms or individuals who were in possession of the debtor's books of account and records when this case is filed.

☐ None

| Name and address | If any books of account and records are unavailable, explain why |
|---|---|
| 26c.1 Name and Address<br>SHANE SMITH, 3804 106TH ST., LUBBOCK, TX 79423 | |

26d. List all financial institutions, creditors, and other parties, including mercantile and trade agencies, to whom the debtor issued a financial statement within 2 years before filing this case.

☑ None

| Name and address |
|---|

**27. Inventories**
Have any inventories of the debtor's property been taken within 2 years before filing this case?

☑ No

☐ Yes. Give the details about the two most recent inventories.

| Name of the person who supervised the taking of the inventory | Date of inventory | The dollar amount and basis (cost, market, or other basis) of each inventory |
|---|---|---|

**28.** List the debtor's officers, directors, managing members, general partners, members in control, controlling shareholders, or other people in control of the debtor at the time of the filing of this case.

| Name and Address | Position and nature of any interest | % of interest, if any |
|---|---|---|
| 28.1 BART REAGOR, 1215 AVE. J, LUBBOCK, TX 79401 | OWNER | 50% |
| 28.2 RICK DYKES, 1215 AVE. J, LUBBOCK, TX 79401 | OWNER | 50% |

**29. Within 1 year before the filing of this case, did the debtor have officers, directors, managing members, general partners, members in control of the debtor, or shareholders in control of the debtor who no longer hold these positions?**

☑ No

☐ Yes. Identify below.

| Name and Address | Position and nature of any interest | Period during which position or interest was held |
|---|---|---|

**30. Payments, distributions, or withdrawals credited or given to insiders**

Within 1 year before filing this case, did the debtor provide an insider with value in any form, including salary, other compensation, draws, bonuses, loans, credits on loans, stock redemptions, and options exercised?

☑ No

☐ Yes. Identify below.

| Name and address of recipient | Amount of money or description and value of property | Dates | Reason for providing the value |
|---|---|---|---|

**31. Within 6 years before filing this case, has the debtor been a member of any consolidated group for tax purposes?**

☑ No

☐ Yes. Identify below.

| Name of the parent corporation | Employer Identification number of the parent corporation |
|---|---|

**32. Within 6 years before filing this case, has the debtor as an employer been responsible for contributing to a pension fund?**

☑ No

☐ Yes. Identify below.

| Name of the pension fund | Employer Identification number of the pension fund |
|---|---|

**Fill in this information to identify the case:**

**Debtor name: Reagor-Dykes Auto Mall I LLC**

**United States Bankruptcy for the District of: Northern Texas**

**Case number: 18-50325**

☐ **Check if this is an amended filing**

## Part 14: Signature and Declaration

**WARNING** - Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

I have examined the information in this Statement of Financial Affairs and any attachments and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on  12/17/2018

/s/ Robert Schleizer  —  Robert Schleizer
Signature of individual signing on behalf of debtor  —  Printed name

Chief Restructuring Officer
Position or relationship to debtor

**Are additional pages to Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy (Official Form 207) attached?**

☑ No

☐ Yes