Mark S. Carder
*Admitted Pro Hac Vice*
Paul B. Lackey
Matthew R. Miller
Katy L. Hart
**STINSON LEONARD STREET LLP**
3102 Oak Lawn Avenue, Suite 777
Dallas, Texas 75219
Telephone: (214) 560-2201
Facsimile: (214) 999-4667
*Counsel for First Bank & Trust*

### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE NORTHERN DISTRICT OF TEXAS
### LUBBOCK DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| **REAGOR-DYKES MOTORS, LP,** *et al.*, | § | Case No. 18-50214-rlj-11 |
| | § | (Jointly-Administered) |
| Debtors. | § | |

THIS PLEADING RELATES ONLY TO REAGOR AUTO MALL, LTD.

### RESPONSE OF FIRST BANK & TRUST IN OPPOSITION TO DEBTORS' AMENDED MOTION TO COMPEL GLOBAL MEDIATION

TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:

COMES NOW FIRST BANK & TRUST ("FBT") and, for its response in opposition to Debtors' Amended Emergency Motion To Compel Global Mediation (the "Motion"), states:

1. FBT is the holder of claims in the bankruptcy case commenced by Reagor Auto Mall, Ltd. ("RAM").

2. FBT and the other principal lender in the RAM case, FirstCapital Bank of Texas, N.A., have repeatedly sought to resolve their claims by means of agreement with RAM. However, RAM has consistently declined to accept or counteroffer the resolution offered. Accordingly,

150546483.1

FBT's experience indicates that the Debtors are not sincerely interested in compromise and settlement of disputes.

3. Moreover, while the Debtors assert that the McDougal Group desires to participate in a mediation, Mr. McDougal issued a press release this week stating that he was withdrawing from participation in the plan process.

4. In any event, the logistics involved in the mediation contemplated by the Motion are simply not feasible. There are eleven bankruptcy cases with hundreds of creditors, all of which have differing claims against different debtors will different prospects of recovery. No mediator could meaningfully engage all the constituencies and differing claims in a mediation. The Debtors implicitly acknowledge this by suggesting that the mediation proceed in "stages."

5. The true motive for the Motion appears not to be such an impossible mediation, but instead securing a stay on pending motions. *Motion*, ¶ 14. This actually represents a request for an injunction against continued litigation, but the Debtors offer no grounds to meet the four common elements of injunctive relief used on occasion pursuant to Section 105(a).

6. The creditors in these cases have patiently waited for six months while the Debtors sought a Section 363 sale and then a reorganization plan. Those efforts failed. Unless and until the cases are converted to Chapter 7 liquidation, the Debtors remain able to amend their plan, file a supporting disclosure statement, and seek confirmation through direct negotiation with holders of claims or by cramdown. However, they are not entitled to a stay of assertion of creditors' rights pending a multi-stage mediation of the constellation of claims and creditors in lieu of that procedures established by the Bankruptcy Code.

WHEREFORE, FBT respectfully requests that the Court deny the Motion and allow the processes established by the Bankruptcy Code to play out in the normal course.

Respectfully submitted,

**STINSON LEONARD STREET LLP**

By: */s/ Katy L. Hart*
    Mark S. Carder
    *Admitted Pro Hac Vice*
    Paul B. Lackey
    State Bar. No. 00791061
    paul.lackey@stinson.com
    Matthew R. Miller
    State Bar No. 24013165
    matt.miller@stinson.com
    Katy L. Hart
    State Bar No. 24049983
    katy.hart@stinson.com
3102 Oak Lawn Avenue, Suite 777
Dallas, Texas 75219-4259
Telephone: (214) 560-2201
Telecopier: (214) 560-2203

**ATTORNEYS FOR
FIRST BANK & TRUST**

**CERTIFICATE OF SERVICE**

    I certify that on February 6, 2019, a true and correct copy of the foregoing document was served on all counsel of record via the Court's electronic filing system.

    */s/ Katy L. Hart*
    Katy L. Hart