Joe Rivera
Texas State Bar No. 24065981
NAMAN, HOWELL, SMITH & LEE, PLLC
P.O. Box 1470
Waco, TX 76703-1470
(254) 755-4100
(254) 754-6331 FAX
Email: jrivera@namanhowell.com
ATTORNEYS FOR VANDERGRIFF ACURA

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

| | | |
|---|---|---|
| IN RE: | § | Chapter 11 |
| | § | |
| **REAGOR AUTO MALL, Ltd.** | § | |
| | § | CASE No. 18-50324-rlj-11 |
| *DEBTOR* | § | |
| | § | |
| **VANDERGRIFF ACURA** | § | |
| | § | |
| *Plaintiff* | § | |
| | § | |
| v | § | |
| | § | |
| **REAGOR AUTO MALL, Ltd** | § | |
| | § | |
| *Defendant* | § | |

**COMPLAINT TO DETERMINE DISCHARGEABILITY
OF DEBT UNDER SECTION 523**

**TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE OF SAID COURT:**

**NOW COMES** Vandergriff Acura, a creditor of Debtor Reagor Auto Mall, and files this Complaint to Determine Dischargeability of Debt Under Section 523, in support thereof would respectfully show as follows:

## I. FACTUAL BACKGROUND

Vandergriff Acura is a corporation, organized and existing under the laws of the State of Texas, and is in the business of selling automobiles. On or about June 26, 2018, Debtor entered into a contract with Vandergriff Acura for the purchase of a 2016 ACURA MDX 5FRYD4H6XGB025926 (the "Vehicle"). Vandergriff Acura fully performed its obligations under the contract, providing Debtor with possession of the Vehicle.

The contract calls for immediate payment in full by Debtor. Debtor took possession of the Vehicle by providing a check for payment in the total amount of THIRTY THREE THOUSAND NINE HUNDRED DOLLARS & NO/100 ($33,900.00), the total amount due under the contract. However, the check was written on an account that did not have sufficient funds for payment.

Debtor not only misrepresented its financial ability to pay at the time of the purchase of the vehicle, when Vandergriff Acura contacted Debtor, Debtor continually represented that it had funds to pay and that payment would be promptly forthcoming. Debtor did so in an effort to buy itself time to sell the Vehicle, which it did, but still did not pay Vandergriff Acura, further defrauding Vandergriff Acura.

## II. JURISDICTION

This Court has jurisdiction over this objection pursuant to 28 U.S.C. § 1334 and 11 U.S.C. § 523. This is a core proceeding over which this Court has jurisdiction under 28 U.S.C. § 157(b).

## III. AUTHORITIES AND ANALYSIS

Title 11, Section 523 sets forth a list of debts that cannot be discharged in a chapter 11 bankruptcy. In relevant part, Section 523 states that an obligation "for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by--false pretenses, a

false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition" cannot be discharged. 11 U.S.C. § 523(a)(2)(A). Section 523 goes on to state that there can be no discharge of an obligation that was the result of "willful and malicious injury by the debtor to another entity or to the property of another entity." 11 U.S.C. § 523(a)(6).

Debtor purchased the Vehicle from Vandergriff Acura under an agreement pursuant to which payment was to be made at the time possession of the Vehicle was delivered to Debtor. Debtor provided a check to Vandergriff Acura, and on information and belief, Debtor knew at the time it did so the check was drawn on an account with insufficient funds. After the check was returned for insufficient funds, Vandergriff Acura contacted Debtor to seek payment. Debtor then continued to mislead Vandergriff Acura, representing on a number of occasions that payment for the Vehicle was being wired or was other was to be made. Payment was not ever made however, and it appears that Debtor made the representations to allow itself time to sell the Vehicle, likely placing the Vehicle beyond recovery by Vandergriff Acura. Even when the Vehicle sold, Debtor did not pay Vandergriff Acura. Thus, Debtor has had the benefit of both the Vehicle and its sale proceeds, which it obtained through deceiving Vandergriff Acura. Such course of conduct demonstrates that the debt associated with the Vehicle should not be discharged, pursuant to Sections 523(a)(2)(A) and 523(a)(6).

### IV. RESERVATION OF RIGHTS

In the event that Vandergriff Acura files a proof of claim, or seeks other relief through this bankruptcy, and such claim or request is made subject to, and without waiving, its request for the relief set out herein that the debt associated with the Vehicle is not subject to discharge.

## V. CONCLUSION

**WHEREFORE, PREMISES CONSIDERED**, Vandergriff Acura requests that the Court deny discharge of the debt related to the Vehicle. Creditor further prays that it have such other and further relief, at law or in equity, to which it may show it to be justly entitled.

Respectfully submitted,

/s/ Joe Rivera
Joe Rivera
State Bar No. 24065981
NAMAN, HOWELL, SMITH & LEE, PLLC
P.O. Box 1470
Waco, TX 76703-1470
(254) 755-4100
(254) 754-6331 Fax
Email: jrivera@namanhowell.com

ATTORNEYS FOR VANDERGRIFF ACURA

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing Complaint to Determine Dischargeability of Debt Under Section 523 was served in accordance with Fed. R. Bankr. P. 7005 and Local Rule 7005, via the Court's electronic transmission facilities on the 26th day of February 2019, on all parties of record.

/s/ Joe Rivera
Joe Rivera

**B1040 (FORM 1040) (12/15)**

| ADVERSARY PROCEEDING COVER SHEET<br>(Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER<br>(Court Use Only) |
|---|---|
| **PLAINTIFFS**<br>VANDERGRIFF ACURA | **DEFENDANTS**<br>REAGOR AUTO MALL, LTD. |
| **ATTORNEYS** (Firm Name, Address, and Telephone No.)<br>Joe Rivera, Naman, Howell, Smith & Lee, PLLC<br>P.O. Box 1470, Waco, Texas 76703, (254) 755-4100 | **ATTORNEYS** (If Known)<br>Marcus Alen Helt, Foley & Lardner, LLP<br>2021 McKinney Avenue, Suite 1600, Dallas, Texas 75201, (214)999-4526 |
| **PARTY** (Check One Box Only)<br>☐ Debtor  ☐ U.S. Trustee/Bankruptcy Admin<br>☒ Creditor  ☐ Other<br>☐ Trustee | **PARTY** (Check One Box Only)<br>☒ Debtor  ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor  ☐ Other<br>☐ Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)

Dischargeability of Debt Under Section 523

## NATURE OF SUIT

(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
☐ 11-Recovery of money/property - §542 turnover of property
☐ 12-Recovery of money/property - §547 preference
☐ 13-Recovery of money/property - §548 fraudulent transfer
☐ 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
☐ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
☐ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
☒ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny
**(continued next column)**

**FRBP 7001(6) – Dischargeability (continued)**
☐ 61-Dischargeability - §523(a)(5), domestic support
☒ 68-Dischargeability - §523(a)(6), willful and malicious injury
☐ 63-Dischargeability - §523(a)(8), student loan
☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
☐ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
☐ 71-Injunctive relief – imposition of stay
☐ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
☐ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
☐ 01-Determination of removed claim or cause

**Other**
☐ SS-SIPA Case – 15 U.S.C. §§78aaa *et.seq.*
☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☐ Check if a jury trial is demanded in complaint | Demand $ |
| Other Relief Sought | |

**B1040 (FORM 1040) (12/15)**

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | | | |
|---|---|---|---|
| NAME OF DEBTOR<br>REAGOR AUTO MALL, LTD. | | BANKRUPTCY CASE NO.<br>Case No. 18-50214-RLJ-11 | |
| DISTRICT IN WHICH CASE IS PENDING<br>Northern District of Texas | | DIVISION OFFICE<br>Lubbock Division | NAME OF JUDGE<br>Robert Jones |
| **RELATED ADVERSARY PROCEEDING (IF ANY)** | | | |
| PLAINTIFF | DEFENDANT | | ADVERSARY PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING | | DIVISION OFFICE | NAME OF JUDGE |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF)<br>*[signature]* | | | |
| DATE<br>02/26/2019 | | PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br>Joe A. Rivera | |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 1040, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 1040 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party**. Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.