

**CLERK, U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS**

# ENTERED
THE DATE OF ENTRY IS ON
THE COURT'S DOCKET

**The following constitutes the ruling of the court and has the force and effect therein described.**

Signed July 10, 2020

United States Bankruptcy Judge

___

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

| | | |
|---|---|---|
| IN RE: | § § | |
| REAGOR-DYKES MOTORS, LP, | § § | **Case No. 18-50214-rlj-11** |
| | § | (Jointly Administered)[1] |
| Debtor. | § | |

### AGREED ORDER REGARDING ADMINISTRATIVE EXPENSE CLAIM OF PATTI SUE NOEL, INDEPENDENT EXECUTOR

On February 12, 2020, came on for hearing the Plainview Landlord's Motion for Allowance of Administrative Claim [Doc. No. 1670] ("***the Plainview Admin App***"). The Plainview Admin App was filed January 8, 2020 and set for hearing February 12, 2020. No objection or response to the Plainview Admin App has been filed.

---

[1] The Debtors are Reagor-Dykes Imports, LP (Case No. 18-50215), Reagor-Dykes Amarillo (Case No. 18-50216), Reagor-Dykes Auto Company, LP (Case No. 18-50217), Reagor-Dykes Plainview, LP (Case No. 18-50218), Reagor-Dykes Floydada, LP (Case No. 18-50219), Reagor-Dykes Snyder, L.P. (Case No. 18-50321), Reagor-Dykes III LLC (Case No. 18-50322), Reagor-Dykes II LLC (Case No. 18-50323), Reagor Auto Mall Ltd. (Case No. 18-50324) and Reagor-Dykes Auto Mall I LLC (Case No. 18-50325).

As indicated by the signatures below, the Plainview Landlord and the Debtors and Debtors-in-Possession have stipulated to the facts set forth below, and they have further stipulated to the approval of previous estate expenditures and the allowance of an administrative claim as set forth below.[2]

## Stipulations

The following issues of fact and conclusions of law are stipulated as between the Plainview Landlord and the Debtors:

1. Plainview Landlord is the owner of the (nonresidential) real property that was the leased and licensed location of Reagor Dykes Ford Lincoln in Plainview, Texas. The subject property bears the street address of 808 N. I-27, Plainview, Texas ("***the Plainview Dealership***").[3]

2. The Plainview Dealership is non-residential real property consisting of approximately 25,000 square feet of building space on approximately 4.9 acres of land (more or less) at the intersection of Interstate 27 and Olton Road (U.S. 70) in Plainview.

3. The Plainview Dealership was originally occupied by Reagor Dykes Auto Company, LP ("***RDAC***"), pursuant to a lease arising out of a Dealership Purchase Agreement ("***DPA***") to which Reagor-Dykes Motors, LP ("***RDM***") is also a party. The DPA lease commenced September 1, 2010, with an initial term of ten years (for convenience, "***the Lease***").

4. Under the Lease, RDAC was required to pay, at a minimum, base rent of not less than $6,500.00 per month, plus all "triple net" expenses, including (among other things) payment of ad valorem (property) taxes on the Plainview Dealership, and to provide, at its cost, hazard and liability insurance on the Plainview Dealership.

---

[2] Terms and party definitions defined in the Plainview Admin App are used here.

[3] M.I. (Jack) Morris was the owner of record title at the time of his death.

5. The reasonable monthly rental value of the Plainview Dealership exceeds the $6,500.00 "base rent" described in the Lease.

6. RDAC and/or other Debtors, as Debtors-in-Possession, remained in occupancy of the Plainview Dealership from the date of the Order for Relief through and including February 12, 2020.

7. Occupancy of the Plainview Dealership was a critical component of the Debtors' prepetition operations, its post-petition operations, storage and preservation of tangible assets of the various bankruptcy estates (including property securing Ford Motor Credit's claims), and the Debtors' efforts to formulate and seek confirmation of a possible plan of reorganization. Therefore, cost of such occupancy was an actual, necessary cost of preserving these estates.

8. Payment of such costs and expenses (including the payment of rent) was also authorized and directed under Section 365(d)(3) of the Bankruptcy Code.

9. The Debtors, as Debtors-in-Possession, paid, or caused the payment of $96,500.00 in aggregate rental payments to the Plainview Landlord during the pendency of these Chapter 11 cases.

10. The Debtors, as Debtors-in-Possession, paid periodic insurance premiums to a third party provider for property and related insurance coverage on the Dealership Property.

11. The Debtors, as Debtors-in-Possession, paid or caused the payment of the 2018 ad valorem (property) taxes attributable to the Plainview Dealership, which payment was made directly by or on behalf of RDAC to the local taxing authorities in Hale County, Texas, in the amount of $43,605.65. Payment of such rent by the tenant was mandatory additional rent under the Lease and a condition of the Debtors' continued occupancy of the Plainview Dealership.

12. None of the Debtors paid the 2019 ad valorem (property) taxes attributable to the Plainview Dealership; rather, the Plainview Landlord directly paid such ad valorem taxes to the Hale County local taxing authorities on or about January 29, 2020, in the amount of **$42,440.98**.

13. Plainview Landlord has incurred direct cost and expense in maintenance, repair, or insurance coverage to or for the Plainview Dealership, including the following items:

| | | |
|---|---|---:|
| a. | Weed Control (Curtis Smites) | $ 500.00 |
| b. | Signage ("No Trucks") (Master Graphics) | $ 162.38 |
| c. | Weed Control (Ted Noel) | $ 500.00 |
| d. | Asphalt Repair | $ 7,500.00 |
| e. | Liability Insurance (Union Standard) | $ 1,480.00 |
| f. | Liability Insurance (Union Standard) | $ 1,521.00 |
| | **TOTAL** | **$11,663.38** |

14. Under the minimum requirements of the DPA, RDAC and/or the other Debtors were in arrears on payment of minimum base rental in the amount of **$27,000.00**, through and including February 2020.

15. The payment by or on behalf of the Debtors for rental, insurance, and ad valorem taxes attributable to the Plainview Property was reasonable, necessary, in the sound business judgment of the Debtors, and an actual, necessary expense in preserving the Debtors' estates under Sections 365(d)(3) and 503(b)(1)(A) of the Bankruptcy Code.

16. The amounts unpaid to (or direct expenditures by) Plainview Landlord that constitute Planview Landlord's administrative expense claim also are actual, necessary expenses in preserving the Debtors' estates under Section 503(b)(1)(A) of the Bankruptcy Code, or otherwise mandated under Section 365(d)(3) of the Bankruptcy Code.

17. On February 20, 2020, that Agreed Order Granting Relief From the Automatic Stay and Providing for Rejection of Lease [Doc. No. 1745] was entered by this court, pursuant to which the Lease was deemed rejected as of February 12, 2020.

18. The Plainview Landlord has established and is entitled to an allowed administrative expense claim of $81,104.36 as further provided in Section 1. of the Order below.[4]

## Order

The court approves the foregoing Stipulations as findings of fact and conclusions of law regarding the Plainview Admin App, and based upon the arguments of counsel and the agreement of the parties as evidenced by the signatures of counsel below, finds that the Plainview Landlord is entitled to an allowed administrative claim as follows.

IT IS THEREFORE ORDERED that:

1. The Plainview Landlord is allowed an administrative expense claim under 11 U.S.C. § 503(b)(1)(A), as against the estates of Reagor Dykes Auto Company, LP (Case No. 18-50217) and Reagor Dykes Motors, LP (Case No. 18-50214), in the aggregate amount of **$81,104.36**.

2. This allowed administrative expense claim is joint and several as between the above-referenced bankruptcy estates; however, Plainview Landlord is entitled to only one aggregate recovery in the amount stated in the preceding paragraph.

---

[4] Under a comprehensive settlement between the Plainview Landlord and the Debtors in Possession, as consideration for a waiver of any Chapter 5 claims by the estates, this allowed administrative claim will be reduced to **$70,000.00**, and any rejection damages claim arising out of the rejection and resulting termination of the Lease (see Stipulation 17 above) is waived Pursuant to such agreement, Plainview Landlord has further agreed that this reduced amount is to be paid consistent with the terms and conditions of a confirmed plan as and when other allowed administrative expenses are paid when funds are reasonably available (which Plainview Landlord acknowledges may not be in the form of cash on the Effective Date). Any such reduction will be the subject of a separate motion filed or to be filed under Rule 9019 of the Bankruptcy Rules or contained in a confirmed Chapter 11 plan or order confirming such plan.

3. The post-petition payment of $96,500.00 in aggregate rent paid to the Plainview Landlord by or on behalf of the Debtors for post-petition used and occupancy of the Plainview Dealership is confirmed and approved as an allowed actual and necessary administrative expense incurred in the course of the administration of these bankruptcy estates under 11 U.S.C. §§ 365(d)(3) and 503(b); the portion of the allowed administrative claim of **$81,104.36** allocated to rent is within the Plainview Landlord's discretion.

4. Payment of the 2018 ad valorem (property) taxes on the Plainview Dealership by or on behalf of the Debtors is confirmed and approved as an allowed administrative expense incurred in the course of the administration of these bankruptcy estates under 11 U.S.C. §§ 365(d)(3) and 503(b); the portion of the allowed administrative claim of **$81,104.36** allocated to ad valorem taxes is within the Plainview Landlord's discretion.

5. Payment of the post-petition insurance premiums on the Plainview Dealership by or on behalf of the Debtors is confirmed and approved as an allowed administrative expense incurred in the course of the administration of these bankruptcy estates under 11 U.S.C. §§ 365(d)(3) and 503(b); the portion of the allowed administrative claim of **$81,104.36** allocated to insurance premiums is within the Plainview Landlord's discretion.

6. This is not an adjudication of (and without prejudice regarding) any other issues or any other contested matter, if any, as between the Debtors and the Plainview Landlord, nor does this implicate Plainview Landlord's prepetition claim(s) as against any of these bankruptcy estates or her claims, if any, against any non-debtor persons.

###End of Order###

APPROVED, STIPULATED, AND AGREED:

*/s/ Roger S. Cox*
Roger S. Cox
Counsel for Patti Sue Noel, Independent Executor of the Estate of M.I. "Jack" Morris, Deceased, and Jack Morris Ford Lincoln Mercury, Inc.


*/s/ C. Ashley Ellis*
C. Ashley Ellis
Counsel for Debtors and Debtors-in-Possession

**AGREED ORDER REGARDING ADMINISTRATIVE EXPENSE CLAIM**          **Page 7**