

**CLERK, U.S. BANKRUPTCY COURT**
**NORTHERN DISTRICT OF TEXAS**

# ENTERED

THE DATE OF ENTRY IS ON
THE COURT'S DOCKET

**The following constitutes the ruling of the court and has the force and effect therein described.**

**Signed August 30, 2021**

_____
**United States Bankruptcy Judge**
_____

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

| | | |
|---|---|---|
| In re: | § | |
| | § | |
| REAGOR-DYKES MOTORS, LP,[1] | § | Case No.: 18-50214-RLJ-11 |
| | § | (Jointly Administered) |
| Debtors. | § | |
| | § | |
| DENNIS FAULKNER, Trustee of the Creditors Trust, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Adversary No. 21-05002 |
| | § | |
| LANE GORMAN TRUBITT, LLC, LEE ANN COLLINS, COLLIN KANELAKOS, and PATRICK REILLY, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

---

[1] The following chapter 11 cases are jointly administered in Case No. 18-50214: Reagor-Dykes Motors, LP, Reagor-Dykes Imports, LP (Case No. 18-50215), Reagor-Dykes Amarillo, LP (Case No. 18-50216), Reagor-Dykes Auto Company, LP (Case No. 18-50217), Reagor-Dykes Plainview, LP (Case No. 18-50218), Reagor-Dykes Floydada, LP (Case No. 18-50219), Reagor-Dykes Snyder, L.P. (Case No. 18-50321), Reagor-Dykes III LLC (Case No. 18-50322), Reagor-Dykes II LLC (Case No. 18-50323), Reagor Auto Mall, Ltd. (Case No. 18-50324), and Reagor Auto Mall I LLC (Case No. 18-50325).

On December 21, 2020, the plaintiff, Dennis Faulkner, Trustee of the Creditors Trust[2] ("Trustee"), sued the defendants, Lane Gorman Trubitt, LLC, Lee Ann Collins, Collin Kanelakos, and Patrick Reilly (collectively, "LGT Defendants"), for malpractice and breach of contract arising out of audits performed by the LGT Defendants for Reagor-Dykes.[3] This suit was filed in state court in Dallas. The LGT Defendants promptly removed the suit to the Court thus creating this adversary proceeding. The Trustee filed a motion to remand the suit back to state court, which is opposed by the LGT Defendants. The remand question has been abated pending the Court's resolution of two matters filed with the Court by the parties: the LGT Defendants filed a motion asking the Court to approve its right to assert setoff and recoupment defenses and counterclaims against the Trustee in the adversary proceeding [ECF No. 2155]; the Trustee filed his motion to enforce the injunction of the Reagor-Dykes confirmed chapter 11 plan to prevent the assertion of such defenses and counterclaims [ECF No. 2172].[4] Each party opposes the others' motion.

The two motions were jointly argued and heard by the Court. The LGT Defendants are, in effect, asking that the Court allow them to plead setoff and recoupment (and the underlying claims that support setoff and recoupment) defensively and not as a basis for a positive recovery—any recovery can only go to offset or defeat the Trustee's causes of action. The Trustee's motion seeks substantive relief to block even the mere assertion of setoff and recoupment because, the Trustee contends, the underlying claims that support setoff and recoupment are Disallowed Claims, a defined term under the confirmed Reagor-Dykes plan.

---

[2] The confirmed plan in the Reagor-Dykes Motors, LP bankruptcy case created the Reagor Dykes Auto Group Creditors Liquidating Trust; Dennis Faulkner was appointed the trustee of the trust.

[3] Reagor-Dykes refers collectively to the jointly administered debtor entities.

[4] ECF No. refers to a docket entry in the Reagor-Dykes jointly administered bankruptcy case, Case No. 18-50214, unless otherwise stated.

The LGT Defendants contend that any problems with its audits were caused by the fraud and misrepresentations of Reagor-Dykes's personnel and that the engagement letters for the auditing services contain indemnity provisions by which Reagor-Dykes indemnifies the LGT Defendants for all claims arising from a knowing misrepresentation by Reagor-Dykes in connection with the audits. Setoff and recoupment require that the parties have mutual claims. The LGT Defendants' setoff and recoupment rights arise from the alleged counterclaims and indemnity provisions of the engagement letters.

The Court grants the LGT Defendants' request to assert setoff and recoupment rights (and the underlying claims) defensively and denies the Trustee's request that the Court enjoin the LGT Defendants from asserting such rights.

First, the LGT Defendants' claims that they wish to assert are not, as described by the Trustee, "Disallowed Claims" under the confirmed plan. The Trustee bases this charge on the LGT Defendants' failure to timely file proofs of claim. But the Trustee is relying on one part of a two-part test for determining that a claim is a Disallowed Claim under the plan. Such a claim must also have been scheduled by Reagor-Dykes at a zero balance or labeled as contingent, disputed, or unliquidated. *See* ECF No. 1897 at 11. The Reagor-Dykes schedules do not include a claim of any of the LGT Defendants. Upon a review of the notice lists to creditors in the bankruptcy cases, there is no indication that the LGT Defendants, or any one of them, were ever provided with formal notice of the bankruptcy filings or other events in the cases.

Second, the LGT Defendants are not violating the confirmed plan by asserting their defensive claims. The Trustee says that the LGT Defendants are violating the injunctive provision of the plan by "taking steps to assert these Disallowed Claims." ECF No. 2172 at 4. This is an overly broad reading of the protections afforded Reagor-Dykes (and now the Trustee)

by the injunctive provision of the plan.  The plan states that all Holders of Claims are forever precluded and enjoined from asserting any Claim against Reagor-Dykes or the Trust other than as provided by the plan.  ECF No. 1897 at 38.  The plan specifically addresses setoff and recoupment at sections 10.4 and 10.5, respectively, and outlines the procedure by which such claims are handled.  For setoff, section 10.4 states (assuming it is corrected) that *no* "Party" is entitled to perform a setoff unless the Trustee consents to it or the setoff is allowed by the Court upon request made.  For recoupment, "in no event . . . shall any holder of Claims . . . be entitled to recoup any Claim . . . against any Claim, right or account receivable of the Debtors unless such holder" provides a required notice and the Trustee consents to the "requested recoupment."  ECF No. 1897 at 36.  If the Trustee does not consent, then recoupment may be allowed by order of the Court.

Third, the LGT Defendants are not estopped from asserting their claims.  The Trustee argues that the LGT Defendants had to know about their potential liability (and presumably the possible defenses and counterclaims) because of their professional relationship with Reagor-Dykes and by Ford Credit suing Reagor-Dykes in federal court in late July 2018 that triggered the initial bankruptcy filings.  *See* ECF No. 2172 at 5 n.7.  Declaring that they had to know something is hardly a legal argument.  As stated above, Reagor-Dykes never provided notice to the LGT Defendants.  The same events that supposedly put the LGT Defendants on notice should have also put Reagor-Dykes on notice of the LGT Defendants' potential claims against Reagor-Dykes.  The Trustee also refers to Reagor-Dykes preserving its claims against the LGT Defendants in its Disclosure Statement as providing additional notice to the LGT Defendants.  There are two problems with this point: first, there is no evidence that notice of the Disclosure Statement was sent to the LGT Defendants; and, second, the Disclosure Statement post-dates the

bar dates for filing proofs of claim.

Fourth, the Trustee offers no explanation of how the LGT Defendants would know that they had *any* claim against Reagor-Dykes until Reagor-Dykes or another party asserted a claim against them. At the hearing, it was clarified that the International Bank of Commerce-Oklahoma sued the LGT Defendants on June 27, 2019, not in January as represented by the Trustee; the suit here was filed on December 21, 2020. Both actions were thus filed after the bar dates in the two waves of bankruptcy filings by Reagor-Dykes.[5]

Fifth, and most important, notwithstanding the notice issues and plan provisions, the LGT Defendants' failure to file proofs of claim does not bar them from asserting their claims defensively. While the Fifth Circuit has not definitively ruled on this issue, the majority of lower courts have found that defensive assertion of setoff and recoupment is allowed, despite a failure to file a proof of claim. *See, e.g.*, *In re Columbia Hosp. for Women Med. Ctr., Inc.*, 461 B.R. 648, 672–73 (Bankr. D.D.C. 2011) (holding that a creditor did not have to file a proof of claim to preserve setoff rights); *In re M. Silverman Laces, Inc.*, 404 B.R. 345, 365–66 (Bankr. S.D.N.Y. 2009) (finding that "filing a proof of claim is not a prerequisite to asserting an otherwise valid setoff" raised as an affirmative defense); *Calderone v. Mancino (In re Calderone)*, 166 B.R. 825, 830 (Bankr. W.D. Pa. 1994) (same); *In re Nat'l Promoters & Servs. Inc.*, No. 13-00051, 2020 WL 1685755, at *8 (Bankr. D.P.R. Apr. 6, 2020) (same); *Montoya v. Pacheco (In re Salcido)*, No. 10-1166, 2012 WL 3904535, at *10 (Bankr. D.N.M. Sept. 7, 2012) ("However, to the extent the Trustee or estate has a claim against the Defendants they may assert offset or recoupment notwithstanding their failure to file a proof of claim."); *In re Twin Peaks Fin. Servs., Inc.*, 516

---

[5] The bar date for the first group of bankruptcy cases (Case Nos. 18-50214, 18-50215, 18-50216, 18-50217, 18-50218, 18-50219) was December 5, 2018; the bar date for the second group of cases (Case Nos. 18-50321, 18-50322, 18-50323, 18-50324, 18-50325) was April 24, 2019.

B.R. 651, 658 (Bankr. D. Utah 2014) (same); *see also* 5 *Collier on Bankruptcy* ¶ 553.07[1] (16th ed. 2011).[6]

And the Texas bankruptcy courts have held that a creditor is not prevented from defensively asserting recoupment even where the creditor did not file a proof of claim or even where the creditor's claim was disallowed. *See ABCO Inds., Inc. v. ESI, Inc. (In re ABCO Indus., Inc.)*, 270 B.R. 58, 61–62 (Bankr. N.D. Tex. 2001); *Aetna Life Ins. Co. v. Bram (In re Bram)*, 179 B.R. 824, 827 (Bankr. E.D. Tex. 1995) ("[T]he right to recoupment does not constitute a debt which is dischargeable."); *Northstar Offshore Grp., LLC v. Peregrine Oil & Gas LP (In re Northstar Offshore Grp., LLC)*, No. 17-03448, 2018 WL 4445082, at *3 (Bankr. S.D. Tex. Sept. 14, 2018) ("courts have viewed recoupment as an equitable remedy that is unbound by the restrictions on setoff that arise from the claims allowance process"). One court held that where a creditor does not file a proof of claim (and its claim is neither allowed nor disallowed), setoff may be asserted because "the Bankruptcy Code does not impose any additional procedural mechanism on a creditor seeking to assert an equitable right to setoff, even within the context of discharged debt." *Gilmour v. Aetna Health, Inc.*, No. 17-cv-00510, 2018 WL 4937072, at *4 (W.D. Tex. Oct. 11, 2018), *report and recommendation adopted*, 2018 WL 10374126 (W.D. Tex. Dec. 11, 2018) (finding that the creditor could assert its setoff counterclaims against the debtor, even though the debtor was a liquidating corporate debtor and not discharged in the bankruptcy).[7]

---

[6] "In general, a creditor must file a proof of claim in order to participate in any distribution from a debtor's bankruptcy estate. It does not necessarily follow, however, that a creditor who fails to file a proof of claim thereby waives a right of setoff for all purposes. The prevailing view is that the failure to file a proof of claim does not prevent the creditor from asserting the right as a defensive matter, although the creditor may be barred from collecting a dividend with respect to the amount of the claim that exceeds the creditor's offsetting debt to the debtor." 5 *Collier on Bankruptcy* ¶ 553.07[1] (16th ed. 2011).

[7] Several courts have noted that if a proof of claim is filed, and that claim is disallowed, then the creditor is not able to assert setoff under 11 U.S.C. § 553. *In re ABCO Indus., Inc.*, 270 B.R. at 63 ("Although, as noted, the defensive use of setoff (or recoupment) is not necessarily precluded by the failure to file a proof of claim, when a proof of claim

Courts have allowed creditor-defendants to defensively assert setoff and recoupment for two reasons. The first is that it would "be unfair to deny a creditor the right to recover an established obligation while requiring the creditor to fully satisfy a debt to a debtor." *Davidovich v. Welton (In re Davidovich)*, 901 F.2d 1533, 1539 (10th Cir. 1990) (quotations and citation omitted); *see also In re De Laurentiis Ent. Grp., Inc.*, 963 F.2d 1269, 1277 (9th Cir. 1992). The second reason is that the Code does not prevent setoff and recoupment where a proof of claim has not been filed because "[a] creditor asserting set-off is not requesting distribution from the bankruptcy estate res but is seeking instead to satisfy the debt owed to it by debtor to the extent of the debt it owes to debtor," *In re Calderone*, 166 B.R. at 830, and "The Bankruptcy Code says nothing about the defensive use of recoupment," *In re ABCO Indus., Inc.*, 270 B.R. at 62. "Although failure to file a proof of claim may preclude [defendant] from asserting any right to distribution under the plan, it does not bar [defendant] from asserting a right of setoff defensively." *In re Columbia Hosp.*, 461 B.R. at 672–73.

Upon the foregoing, it is hereby

ORDERED that the LGT Defendants' motion requesting authority to assert setoff and recoupment (and the underlying counterclaims and defenses) is granted. It is further

ORDERED that the relief requested by the Trustee's motion is denied.

### End of Memorandum Opinion and Order ###

---

is actually filed and eventually disallowed, § 553(a)(1) is clear that setoff is not to be permitted."); *In re Northstar Offshore Grp., LLC*, 2018 WL 4445082, at *3.