C. Ashley Ellis (TX 00794824)
Emily F. Shanks (TX 24110350)
**FOLEY & LARDNER LLP**
2021 McKinney Avenue, Suite 1600
Dallas, TX 75201
Telephone:  214.999.3000
Facsimile:  214.999.4667

**COUNSEL TO THE REAGOR-DYKES
AUTO GROUP CREDITORS LIQUIDATING TRUST,
SUCCESSOR IN INTEREST TO DEBTORS
REAGOR-DYKES MOTORS, LP,** *et al.*

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

| | | |
|---|---|---|
| IN RE: | § § | |
| **REAGOR-DYKES MOTORS, LP,** *et al.*[1] | § § § | Case No. 18-50214-rlj-11 Jointly Administered |
| Debtor. | § | |

**REAGOR-DYKES AUTO GROUP CREDITORS
LIQUIDATING TRUST'S OBJECTION TO CLAIMS OF THE
DEPARTMENT OF THE TREASURY - INTERNAL REVENUE SERVICE**[2]

**THE PROOFS OF CLAIM YOU FILED IN THE ABOVE-CAPTIONED BANKRUPTCY CASE IS SUBJECT TO AN OBJECTION.**

**NO HEARING WILL BE CONDUCTED ON THIS OBJECTION TO CLAIMS UNLESS A WRITTEN RESPONSE IS FILED WITH THE CLERK OF THE UNITED STATES BANKRUPTCY COURT AT ROOM 306, GEORGE MAHON BUILDING, 1205 TEXAS AVENUE, LUBBOCK, TEXAS 79401 BEFORE CLOSE OF BUSINESS ON JANUARY 7, 2022, WHICH IS AT LEAST 30 DAYS FROM THE DATE OF SERVICE HEREOF.**

**ANY RESPONSE SHALL BE IN WRITING AND FILED WITH THE CLERK, AND A COPY SHALL BE SERVED UPON COUNSEL FOR THE MOVING**

---

[1] The Debtors are Reagor-Dykes Imports, LP (Case No. 18-50215), Reagor-Dykes Amarillo (Case No. 18-50216), Reagor-Dykes Auto Company, LP (Case No. 18-50217), Reagor-Dykes Plainview, LP (Case No. 18-50218), Reagor-Dykes Floydada, LP (Case No. 18-50219), Reagor-Dykes Snyder, L.P. (Case No. 18-50321), (Reagor-Dykes III LLC, Case No. 18-50322), Reagor-Dykes II LLC (Case No. 18-50323), Reagor Auto Mall Ltd (Case No. 18-50324) and Reagor Auto Mall I LLC (Case No. 18-50325).

[2] Through this Objection, the Trust objects specifically to certain Claims (defined below) filed by Claimant (defined below) against the following Debtor entities: RD Motors, LP; RD Imports, LP; RD Snyder, LP; RD III, LLC; RD II, LLC; Reagor Auto Mall Ltd, as shown on Exhibits A through F.

**PARTY PRIOR TO THE DATE AND TIME SET FORTH HEREIN. IF A RESPONSE IS FILED, A HEARING MAY BE HELD WITH NOTICE TO THE OBJECTING PARTY.**

**IF NO HEARING ON SUCH NOTICE OR MOTION IS TIMELY REQUESTED, THE RELIEF REQUESTED SHALL BE DEEMED TO BE UNOPPOSED, AND THE COURT MAY ENTER AN ORDER GRANTING THE RELIEF SOUGHT OR THE NOTICED ACTION MAY BE TAKEN.**

Dennis Faulkner, in his capacity as Trustee of the Reagor-Dykes Auto Group Creditors Liquidating Trust (the "**Trustee**" and "**Trust**", respectively), successor in interest to Reagor-Dykes Motors, LP, *et al.* as debtors and debtors-in-possession (the "**Debtors**") in the above-captioned jointly administered bankruptcy cases ("**Bankruptcy Cases**"), files this *Objection to the Claim of the Department of the Treasury – Internal Revenue Service* (the "**Objection**").[3]

## I. EXECUTIVE SUMMARY

1. Claimant Department of the Treasury – Internal Revenue Service (the "**Claimant**") filed proofs of claim against various Debtors, which are set forth on **Exhibits A through F** attached hereto (the "**Claims**").

2. Exhibits A through F, attached hereto, identify the Claimant and its respective Claims by: (a) the name of the claimant; (b) debtor case number in which the Claims were filed; (c) the proof of claim number(s); (d) the date(s) the proof(s) of claim were filed; (e) the type(s) of proof(s) of claim filed—whether secured or unsecured; (f) the amount(s) of the Claim(s) as set forth on the filed proof(s) of claim; (g) the scheduled amount, if scheduled;[4] and (h) a description as to the bases for the claim. Additionally, Exhibits A through F identify the Trust's proposed treatment of each of the Claims by

---

[3] Capitalized terms not defined herein have the meaning as defined in the *Third Amended Chapter 11 Plan of Liquidation for Reagor-Dykes Auto Group, as Modified* [Docket No. 1897] (The "**Plan**").

[4] Recognizing that Claimant's filing of the proof of claims referenced on Exhibits A and F supersedes the scheduled amounts, the scheduled amounts, if any, are nonetheless included on Exhibits A through F for purposes of reference and completeness.

indicating the Trust's: (a) proposed treatment; (b) proposed priority of allowed Claim, if any; (c) proposed allowed amount, if any; and (d) reason(s) to allow/disallow.

3. With the exception of the priority Claims that the Trust indicates it believes should be allowed on Exhibits A through F totaling $129,949.64, the Trust objects to each of the Claims listed on the attached Exhibits A through F because the amounts sought in the Claims do not match the Debtors' books and records, no tax is due for the stated tax years based upon filed returns, and the Trust is not liable on the Claims in the amounts and/or priorities stated on the proofs of claim for the taxes or the subsequent penalties asserted because the subject Debtors were excepted from having to file returns under 26 U.S.C. § 6231(a)(1)(B), and/or reasonable cause exists excepting the Debtors from the assessment of penalties under the Internal Revenue Code. *See* 26 U.S.C. § 6698(a)(2).

4. If the Claims are allowed in the current amounts set forth on the proof of claim as filed, the Claimant will receive an improper recovery and windfall, and the amount available for distribution to valid claims against the Trust will be unfairly diluted.

5. Accordingly, with the exception of the priority Claims that the Trust indicates it believes should be allowed on Exhibits A through F totaling $129,949.64, the Trust objects to the Claimant's Claims and requests that the Court disallow the Claims where indicated as listed on Exhibits A through F attached hereto.

## II. JURISDICTION AND VENUE

6. The Court has jurisdiction over the subject matter of this Objection pursuant to 28 U.S.C. § 1334. This is a core matter pursuant to 28 U.S.C. § 157(b), which may be heard and finally determined by this Court. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

7. The statutory predicates for relief are Title 11 of the United States Code (the "**Bankruptcy Code**") sections 105 and 502, Federal Rule of Bankruptcy Procedure 3007, and Local Bankruptcy Rule 3007-1.

## III. RELEVANT BACKGROUND

8. On August 1, 2018 (the "**RD6 Petition Date**"), the following Debtors filed bankruptcy petitions under Chapter 11 of title 11 of the United States Code: Reagor-Dykes Motors, LP; Reagor-Dykes Imports, LP; Reagor-Dykes Amarillo, LP; Reagor Dykes Auto Company, LP; Reagor-Dykes Plainview, LP; Reagor-Dykes Floydada, LP (the "**RD6 Debtors**"). The RD6 Debtors operated multiple dealerships prepetition (collectively, the "**RD6 Dealerships**"). The RD6 Dealerships operated in the ordinary course and transacted business with consumers desiring to buy, lease, and/or trade in vehicles through July 31, 2018.

9. On November 2, 2018 (the "**RAM/Snyder Petition Date**"), the following Debtors also filed for bankruptcy under Chapter 11 of the Bankruptcy Code: Reagor-Dykes II LLC, Reagor-Dykes III LLC, Reagor Auto Mall LP, Reagor Auto Mall I LLC, Reagor-Dykes Snyder, LP. Prepetition, Reagor-Dykes Snyder, LP operated a dealership known as Reagor-Dykes Chevrolet Buick GMC and Reagor Auto Mall, LP operated multiple additional dealerships. The RD6 Petition Date and the RAM/Snyder Petition Date are collectively referred to as the "**Petition Dates**."

10. In accordance with the two Petition Dates, the Court set two bar dates for all claimants in the Bankruptcy Cases for filing non-governmental proofs of claim as December 5, 2018 and April 24, 2019, respectively, and January 28, 2019 and May 1, 2019 as the bar dates for filing claims of governmental units (the "**Governmental Bar Dates**").

11. On July 10, 2020, the Court entered the *Order Confirming Debtors' Third Amended Chapter 11 Plan of Liquidation for Reagor-Dykes Auto Group, as Modified* [Docket No. 1907] confirming the *Third Amended Chapter 11 Plan of Liquidation for Reagor-Dykes Auto Group, as Modified* [Docket No. 1897] (the "**Plan**").

12. The Plan created the Reagor-Dykes Auto Group Creditors Liquidating Trust as successor in interest to the Debtors and named Dennis Faulkner, of Lain Faulkner and Co., as the Trustee. The Trustee is charged with the review, analysis and reconciliation of all filed claims.

### IV. BASIS FOR RELIEF REQUESTED

**A. Legal Standards**

13. Bankruptcy Code § 502(a) governs objections to claims and provides that "[a] claim or interest, proof of which is filed under section 501 of this title, is deemed allowed, unless a party in interest . . . objects." 11 U.S.C. § 502(a). "If such objection to a claim is made, the court, after notice and hearing, shall determine the amount of such claim in lawful currency of the United States as of the date of the filing of the petition, and shall allow such claim in such amount." *Id.* § 502(b).

14. Federal Rule of Bankruptcy Procedure 3007 addresses the objections to claims. FED. R. BANKR. P. 3007. The burden of proof is on the objecting party to produce sufficient evidence to overcome the prima facie effect of the claim. *See In re O'Conner*, 153 F.3d 258, 260 (5th Cir. 1998). If the objecting party succeeds, the burden shifts to the party asserting the claim, who must then establish the validity of the claim by a preponderance of the evidence. *Id.* The ultimate burden of proof lies with the party who would bear the burden if the dispute arose outside of the bankruptcy context. *See In re Armstrong*, 320 B.R. 97 (Bankr. N.D. Tex. 2005).

**B. Basis for Objection**

15. The Trust and the Trust's professionals have reviewed, and continue to review, the proofs of claim filed in these Chapter 11 Cases as well as the Debtors' Schedules of Assets and Liabilities. During this ongoing review, the Trust and its professionals have identified certain claims to which the Trust objects pursuant to section 502 of the Bankruptcy Code, Federal Rule of Bankruptcy 3007, and Local Rule 3007-1.

16. Claimant filed and subsequently amended—in many cases, several times both before and after the Bar Dates—multiple proofs of claim for taxes allegedly due from multiple Debtors. Exhibits A through F, attached hereto, identify the Claimant and pertinent information regarding each of its respective Claims, including each Claim's proposed treatment, as explained in detail above. The Exhibits are split in accordance with the Claims filed by Claimant against separate Debtor entities as follows:

| *Exhibit Reference* | *Debtor* |
| --- | --- |
| Exhibit A | RD Motors, LP |
| Exhibit B | RD Imports, LP |
| Exhibit C | RD Snyder, LP |
| Exhibit D | RD III, LLC |
| Exhibit E | RD II, LLC |
| Exhibit F | Reagor Auto Mall Ltd |

17. With the exception of the priority Claims that the Trust indicates it believes should be allowed on Exhibits A through F totaling $129,949.64, the Trust objects to the remaining Claims listed on the attached Exhibits A through F because the amounts sought in the Claims do not match the Debtors' books and records, no tax is due for the stated tax years based upon filed returns, and the Trust is not liable on the Claims in the amounts and/or priorities stated on the proofs of claim for the taxes or the subsequent penalties asserted for the reasons stated herein.

18. All penalties assessed by Claimant were filed in amendments to the proofs of claims after the Bar Dates—that is, the previously filed proofs of claims did not assert any penalties, and all penalties were asserted for the first time only *after* the respective Bar Dates. Although the penalties assessed on certain of the Claims were not added until after the Bar Dates, such penalties, based on the nature of these partnership tax Claims, had to be known to the Claimant at the time the initial proofs of claim were filed and should have been included in the original proofs of claim to give the Debtors fair notice of the penalties assessed.

19. Specifically, any such penalties are not based on the amount of the tax due and therefore are not based on and do not relate back to the original tax liability as asserted in the initial timely filed proof of claims; rather, any such penalties are calculated based on the number of partners in the partnership for purposes of assessing penalties. The number of partners was known to or ascertainable by Claimant at all relevant times prior to the Bar Dates and did not change. Therefore, at the time each of the initial proofs of claim was filed, Claimant knew of any alleged penalties (based on the number of partners in the partnership) and should have included any valid penalties in that proof of claim. Because Claimant had to know of any penalties at the time of filing the original proof of claim, Claims based on penalties in Claims amended after the Bar Dates cannot be allowed. *See generally In re Kolstad*, 928 F.2d 171 (5th Cir. 1991) ("Amendments do not vitiate the role of bar dates: indeed, courts that authorize amendments must ensure that corrections or adjustments do not set forth wholly new grounds of liability.") (citation omitted)).

20. Moreover, to the extent the untimely amended Claims assessing penalties are valid, the requisite "reasonable cause" exists excepting the Debtors from the penalties under the Internal Revenue Code. *See* 26 U.S.C. § 6698(a)(2) (explaining that penalties are assessed for untimely returns unless it is shown that the failure to file is due to reasonable cause). Section 6698(a)(2) allows a partnership to late file returns without a penalty if there is "reasonable cause." *See id.* Here, there is more than ample reasonable cause for the Debtors' failure to timely file partnership tax returns because at or around the time the return filings were due, the Debtors had filed the Bankruptcy Cases on an emergent basis, and were suddenly embroiled in multi-million litigation with Ford Motor Credit Company. The Court will certainly recall that there was no "soft landing" into these Bankruptcy cases: hundreds of the Debtors' historical employees were let go or simply walked away, and the scant employees that remained were otherwise preoccupied in assisting the Court-appointed professionals in stabilizing what was left of the business and managing the chaotic early days of the Bankruptcy

Cases, and therefore no personnel or resources were available to file the returns. An FBI investigation was underway into criminal charges against certain employees, and a massive effort was undertaken to gather the Debtors' business records from multiple dealership locations as rapidly as possible, making adequate indexing a challenge. In short, not only were the Debtors dealing with the onset of incredibly complex Chapter 11 Bankruptcy Cases which was, in and of itself, no small undertaking, but that endeavor was complicated by allegations of extensive fraud and, among other things, the additional complication that essential funds for case administration were either seized or limited. The time, attention and resources of the Debtors' professionals were limited and strained.

21. Moreover, under Internal Revenue Code section 6231(a)(1)(B), a partnership is excepted from filing a return as a partnership with ten (10) or fewer partners who are individuals. *See* 26 U.S.C. § 6231(a)(1)(B) (excluding partnerships having 10 or fewer partners, each of whom is an individual). Although certain Debtor entities had a 1% partner that was an LLC, each LLC was held only by two of the limited partners, as explained in **Exhibit G.** Thus, in each instance the taxpayer was effectively owned by the same two/three individuals, and such partnerships may have been excepted from filing a return.[5]

22. In summary, with the exception of the priority Claims in the amount of $129,949.64, the Claims filed by Claimant should be disallowed. The partnership returns ultimately filed by or on behalf of the subject Debtors indicate no tax due, the penalty portion of the Claims was not asserted until long past the Bar Dates, and the Trust maintains that, in any event and regardless of when filed, either the subject Debtors were excepted from having to file returns under 26 U.S.C. § 6231(a)(1)(B), and/or reasonable cause exists excepting the Debtors from the assessment of penalties under the Internal Revenue Code. *See* 26 U.S.C. § 6698(a)(2)

---

[5] Excerpts of the relevant Internal Revenue Code provisions are attached hereto as **Exhibit H**.

23. Accordingly, to avoid the possibility of improper recovery against the Trust and the improper dilution of a distribution to valid claims against the Trust, the Trustee requests that the Court grant this Objection and enter an Order: (a) granting this Objection; (b) allowing a priority tax claim in favor of Claimant in the amount of $129,949.64; and (c) disallowing all remaining Claims filed by Claimant.

## V. RESERVATION OF RIGHTS

24. The Trustee hereby reserve the right to amend, modify, and/or supplement this Objection at any time.

## VI. CONCLUSION

WHEREFORE, based on the foregoing, Dennis Faulkner, in his capacity as the Trustee, respectfully requests that the Court (a) grant this Objection; (b) allow a priority tax claim in favor of Claimant in the amount of $129,949.64; (c) disallow all remaining Claims filed by Claimant; and (d) grant such other and further relief to which the Trust is justly entitled.

*[Signature page to follow]*

| | |
|---|---|
| DATED: December 8, 2021 | Respectfully submitted by:<br><br>*/s/ C. Ashley Ellis*<br>C. Ashley Ellis (TX 00794824)<br>Emily F. Shanks (TX 24110350)<br>**FOLEY & LARDNER LLP**<br>2021 McKinney Avenue, Suite 1600<br>Dallas, TX 75201<br>Telephone: 214.999.3000<br>Facsimile: 214.999.4667<br>aellis@foley.com<br>eshanks@foley.com<br><br>**COUNSEL TO THE REAGOR-DYKES AUTO GROUP CREDITORS LIQUIDATING TRUST, SUCCESSOR IN INTEREST TO DEBTORS REAGOR-DYKES MOTORS, LP** |

## **CERTIFICATE OF SERVICE**

        I certify that, on December 8, 2021, a true and correct copy of the foregoing Objection was served via ECF to all parties authorized to receive electronic notice in this case and on the Claimant's counsel at the address listed below.

Office of Acting U.S. Attorney Chad Meacham
c/o Donna K. Webb
Assistant United States Attorney
1100 Commerce St., Ste. 300
Dallas, TX 75242
donna.webb@usdoj.gov

                                                       */s/ Emily F. Shanks*
                                                       Emily F. Shanks

**EXHIBIT A**
**REAGOR-DYKES AUTO GROUP CREDITORS LIQUIDATING TRUST**
**RD Motors, LP - Case #18-50214**

| | | PROOF OF CLAIMS | | | | | | | PROPOSED TREATMENT | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Name of Claimant | Debtor Case Number | Stretto Claim Number | PACER Claim Number | Date Proof of Claim Filed | Proof of Claim Type | Proof of Claim Amount | Scheduled Amount | Description | Proposed | Proposed to Allow Type | Proposed to Allow Amount | Reason to Allow / Disallow |
| Dept of the Treasury - Internal Revenue Service | 18-50214 RD Motors, LP | | | | | | 37,143.00 | Schedule E | Disallow | | 0.00 | Superseded by POC |
| Dept of the Treasury - Internal Revenue Service | 18-50214 RD Motors, LP | 25 | 16-1 | 8/30/2018 | Priority Tax / General Unsecured | 157,342.35 | | WT-FICA 6/30/2018 & 9/30/2018; FUTA 12/31/2018; PTRSHP 12/31/2017 & 12/31/2018; Amended by POC 26 | Disallow | | 0.00 | Superseded by claim amendment |
| Dept of the Treasury - Internal Revenue Service | 18-50214 RD Motors, LP | 26 | 16-2 | 9/5/2018 | Priority Tax / General Unsecured | 53,838.39 | | WT-FICA 9/30/2018; FUTA 12/31/2018; PTRSHP 12/31/2017 & 12/31/2018; Amended by POC 196 | Disallow | | 0.00 | Superseded by claim amendment |
| Dept of the Treasury - Internal Revenue Service | 18-50214 RD Motors, LP | 196 | 16-3 | 4/23/2019 | Priority Tax / General Unsecured | 200.00 | | PTRSHP 12/31/2017 & 12/31/2018 Amended by POC 235 | Disallow | | 0.00 | Superseded by claim amendment |
| Dept of the Treasury - Internal Revenue Service | 18-50214 RD Motors, LP | 235 | 16-4 | 6/2/2020 | General Unsecured | 7,300.00 | | PTRSHP 12/31/2018 - estimated tax; Penalties | Disallow | General Unsecured | 0.00 | 2018 Partnership return filed; No tax due; Reasonable cause for late filing; Penalty asserted after bar date. |
| | | | | | | | | 18-50214 R-D Motors, LP - TOTAL | | | 0.00 | |

**EXHIBIT B**
**REAGOR-DYKES AUTO GROUP CREDITORS LIQUIDATING TRUST**
**RD Imports, LP - Case #18-50215**

| | | | | PROOF OF CLAIMS | | | | | PROPOSED TREATMENT | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Name of Claimant | Debtor Case Number | Stretto Claim Number | PACER Claim Number | Date Proof of Claim Filed | Proof of Claim Type | Proof of Claim Amount | Scheduled Amount | Description | Proposed | Proposed to Allow Type | Proposed to Allow Amount | Reason to Allow / Disallow |
| Dept of the Treasury - Internal Revenue Service | 18-50215 RD Imports, LP | | | | | | 26,594.00 | Schedule E | Disallow | | 0.00 | Superseded by POC |
| Dept of the Treasury - Internal Revenue Service | 18-50215 RD Imports, LP | 7 | 6-1 | 9/7/2018 | Priority Tax / General Unsecured | 2,500.00 | | WT-FICA 9/30/2018; FUTA 12/31/2018 PTRSHP 12/31/2017 & 12/31/2018; Amended by POC 63 | Disallow | | 0.00 | Superseded by claim amendment |
| Dept of the Treasury - Internal Revenue Service | 18-50215 RD Imports, LP | 63 | 6-2 | 12/21/2018 | Priority Tax / General Unsecured | 1,000.00 | | FUTA 12/31/2018; PTRSHP 12/31/2017; Amended by POC 76 | Disallow | | 0.00 | Superseded by claim amendment |
| Dept of the Treasury - Internal Revenue Service | 18-50215 RD Imports, LP | 76 | 6-3 | 9/27/2019 | Priority Tax / General Unsecured | 1,545.78 | | Int to petition date WT-FICA 9/30/19; Penalty to petition WT-FICA 3/30/19; Amended by POC 80 | Disallow | | 0.00 | Superseded by claim amendment |
| Dept of the Treasury - Internal Revenue Service | 18-50215 RD Imports, LP | 80-A | 6-4 | 7/29/2020 | Priority Tax | 55.72 | | WT-FICA 09/30/2018 Interest to petition date | Allow | Priority Tax | 55.72 | 3rd Qtr 2018 Form 941 interest amt owed |
| | | 80-B | | | General Unsecured | 1,490.06 | | WT-FICA 03/30/2019 Penalty to date of petition on Pri claims Penalty to date of petition on GUC | Disallow | General Unsecured | 0.00 | Penalties first asserted after bar date. |
| Dept of the Treasury - Internal Revenue Service | 18-50215 RD Imports, LP | -- | 67-1 | 7/30/2021 | Admin | 7,200.00 | | Penalty on PTRSHP 12/31/2018 | Disallow | | 0.00 | 2018 Partnership return filed; No tax due; Reasonable cause for late filing; Claim filed after bar date. |
| | | | | | | | | | 18-50215 RD Imports, LP - TOTAL | | 55.72 | |

# EXHIBIT C
## REAGOR-DYKES AUTO GROUP CREDITORS LIQUIDATING TRUST
### RD Snyder, LP - Case #18-50321

| | | | PROOF OF CLAIMS | | | | | | PROPOSED TREATMENT | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Name of Claimant | Debtor Case Number | Stretto Claim Number | PACER Claim Number | Date Proof of Claim Filed | Proof of Claim Type | Proof of Claim Amount | Scheduled Amount | Description | Proposed | Proposed to Allow Type | Proposed to Allow Amount | Reason to Allow / Disallow |
| Dept of the Treasury - Internal Revenue Service | 18-50321 RD Snyder, LP | | | | | | 1,902.00 | Schedule E | Disallow | | 0.00 | Superseded by POC |
| Dept of the Treasury - Internal Revenue Service | 18-50321 RD Snyder, LP | 17 | 16-1 | 12/13/2018 | Priority Tax | 145,310.25 | | WH-FICA 12/31/16, 09/30/18 & 12/31/18 FUTA 12/31/2016 & 12/31/2018 PTRSHP 12/31/2017 & 12/31/2018 Amended by POC 53 | Disallow | | 0.00 | Superseded by claim amendment |
| Dept of the Treasury - Internal Revenue Service | 18-50321 RD Snyder, LP | 53 | 16-2 | 8/19/2020 | Priority Tax | 200.00 | | WT-FICA 12/31/2016 FUTA 12/31/2016 | Disallow | Priority Tax | 0.00 | Estimated amounts; no documentation; debtor has no record of tax owed |
| | | | | | General Unsecured | 2,746.28 | | PTRSHP 12/31/2017 & 12/31/2018 estimates; Penalty to petition date on Priority claims | Disallow | General Unsecured | 0.00 | 2018 Partnership return filed; No tax due; Reasonable cause for late filing; Penalty asserted after bar date. |
| | | | | | | | | | 18-50221 RD Snyder, LP - TOTAL | | 0.00 | |

**EXHIBIT D**
**REAGOR-DYKES AUTO GROUP CREDITORS LIQUIDATING TRUST**
**RD III, LLC - Case #18-50322**

| | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | PROOF OF CLAIMS | | | | | | PROPOSED TREATMENT | | | |
| Name of Claimant | Debtor Case Number | Stretto Claim Number | PACER Claim Number | Date Proof of Claim Filed | Proof of Claim Type | Proof of Claim Amount | Scheduled Amount | Description | Proposed | Proposed to Allow Type | Proposed to Allow Amount | Reason to Allow / Disallow |
| Dept of the Treasury - Internal Revenue Service | 18-50322 RD III, LLC | 4 | 4-1 | 12/13/2018 | General Unsecured | 100.00 | | Estimated 12/31/2013 PTRSHP | Disallow | General Unsecured | 0.00 | Estimated 2013 amount; Debtor believes there are no amounts owed; formed 9/03/2013 so probably never filed stub period return. |
| | | | | | General Unsecured | 100.00 | | Estimated 12/31/2017 PTRSHP | Disallow | General Unsecured | 0.00 | 2017 Partnership return filed; No tax due. |
| | | | | | General Unsecured | 100.00 | | Estimated 12/31/2018 PTRSHP | Disallow | General Unsecured | 0.00 | 2018 Partnership return filed; No tax due. |
| | | | | | | | | | 18-50221 RD III, LP - TOTAL | | 0.00 | |

**EXHIBIT E**
**REAGOR-DYKES AUTO GROUP CREDITORS LIQUIDATING TRUST**
**RD II, LLC - Case #18-50323**

| | | | PROOF OF CLAIMS | | | | | | PROPOSED TREATMENT | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Name of Claimant | Debtor Case Number | Stretto Claim Number | PACER Claim Number | Date Proof of Claim Filed | Proof of Claim Type | Proof of Claim Amount | Scheduled Amount | Description | Proposed | Proposed to Allow Type | Proposed to Allow Amount | Reason to Allow / Disallow |
| Dept of the Treasury - Internal Revenue Service | 18-50323 RD II, LLC | 4 | 4-1 | 12/13/2018 | General Unsecured | 100.00 | | Estimated 12/31/2017 PTRSHP | Disallow | General Unsecured | 0.00 | 2017 Partnership return filed; No tax due. |
| | | | | | General Unsecured | 100.00 | | Estimated 12/31/2018 PTRSHP | Disallow | General Unsecured | 0.00 | 2018 Partnership return filed; No tax due. |
| | | | | | | | | | 18-50221 RD II, LLC - TOTAL | | 0.00 | |

**EXHIBIT F (1 of 2)**
**REAGOR-DYKES AUTO GROUP CREDITORS LIQUIDATING TRUST**
**Reagor Auto Mall LTD - Case #18-50324**

| | PROOF OF CLAIM AND/OR PAYMENT NOTICE DETAILS | | | | | | | | PROPOSED TREATMENT | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Name of Claimant | Debtor Case Number | Stretto Claim Number | PACER Claim Number | Date Proof of Claim Filed | Proof of Claim Type | Proof of Claim Amount | Scheduled Amount | Description | Proposed | Proposed to Allow Type | Proposed to Allow Amount | Reason to Allow / Disallow |
| Dept of the Treasury - Internal Revenue Service | 18-50324 Reagor Auto Mall LTD | | | | | | 1,902.00 | Schedule E | Disallow | | 0.00 | Superseded by POC |
| Dept of the Treasury - Internal Revenue Service | 18-50324 Reagor Auto Mall LTD | 28 | 27-1 | 12/13/2018 | Priority Tax / General Unsecured | | 1,392,982.56 | Estimated Taxes: Excise 12/31/2012 - 12/31/2018 WT-FICA 9/30/2018 & 12/31/2018 FUTA 12/31/2018 PTRSHP 12/31/2017 & 12/31/2018 Amended by POC 98 | Disallow | | 0.00 | Superseded by claim amendment |
| Dept of the Treasury - Internal Revenue Service | 18-50324 Reagor Auto Mall LTD | 98 | 27-2 | 10/8/2019 | Priority Tax | 529.39 | | Estimated 12/31/2015 Excise Tax | Disallow | Priority Tax | 0.00 | No supporting documentation is provided relating to the Excise Taxes; Debtor does not believe these taxes are owed. |
| | | | | | Priority Tax | 525.07 | | Estimated 03/31/2016 Excise Tax | | | | |
| | | | | | Priority Tax | 416.26 | | Estimated 09/30/2016 Excise Tax | | | | |
| | | | | | Priority Tax | 412.10 | | Estimated 12/31/2016 Excise Tax | | | | |
| | | | | | Priority Tax | 408.11 | | Estimated 03/31/2017 Excise Tax | | | | |
| | | | | | Priority Tax | 1,034.23 | | Estimated 09/30/2017 Excise Tax | | | | |
| | | | | | Priority Tax | 1,023.88 | | Estimated 12/31/2017 Excise Tax | | | | |
| | | | | | Priority Tax | 1,013.11 | | Estimated 03/31/2018 Excise Tax | | | | |
| | | | | | Priority Tax | 1,996.20 | | Estimated 09/30/2018 Excise Tax | | | | |
| | | | | | Priority Tax | 701.77 | | Estimated 12/31/2018 Excise Tax | | | | |
| | | | | | Priority Tax | 129,861.67 | | Payroll Tax - 9/30/2018 WT-FICA | Allow | Priority Tax | 129,861.67 | 2018 3rd Qtr Form 941 - taxes owed |
| | | | | | Priority Tax | 32.25 | | Payroll Tax - 12/31/2018 FUTA | Allow | Priority Tax | 32.25 | 2018 Form 940 - taxes owed |
| | | | | | General Unsecured | 100.00 | | Estimated 12/31/2012 Excise Tax | Disallow | General Unsecured | 0.00 | No tax or penalties due; No supporting documentation is provided relating to the Excise Taxes; Debtor does not believe these taxes are owed. |
| | | | | | General Unsecured | 100.00 | | Estimated 03/31/2013 Excise Tax | | | | |
| | | | | | General Unsecured | 105.61 | | Estimated 09/30/2013 Excise Tax | | | | |
| | | | | | General Unsecured | 104.78 | | Estimated 12/31/2013 Excise Tax | | | | |
| | | | | | General Unsecured | 104.00 | | Estimated 03/31/2014 Excise Tax | | | | |
| | | | | | General Unsecured | 258.46 | | Estimated 09/30/2014 Excise Tax | | | | |
| | | | | | General Unsecured | 256.50 | | Estimated 12/31/2014 Excise Tax | | | | |
| | | | | | General Unsecured | 254.63 | | Estimated 03/31/2015 Excise Tax | | | | |
| | | | | | General Unsecured | 533.41 | | Estimated 09/30/2015 Excise Tax | | | | |

# EXHIBIT F (2 of 2)
# REAGOR-DYKES AUTO GROUP CREDITORS LIQUIDATING TRUST
## Reagor Auto Mall LTD - Case #18-50324

| | PROOF OF CLAIM AND/OR PAYMENT NOTICE DETAILS | | | | | | | | PROPOSED TREATMENT | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Name of Claimant | Debtor Case Number | Stretto Claim Number | PACER Claim Number | Date Proof of Claim Filed | Proof of Claim Type | Proof of Claim Amount | Scheduled Amount | Description | Proposed | Proposed to Allow Type | Proposed to Allow Amount | Reason to Allow / Disallow |
| | | | | | General Unsecured | 100.00 | | Estimated 12/31/2017 PTRSHP | Disallow | General Unsecured | 0.00 | 2017 Partnership return filed; No taxes due. |
| | | | | | General Unsecured | 100.00 | | Estimated 12/31/2018 PTRSHP | Disallow | General Unsecured | 0.00 | 2018 Partnership return filed; No taxes due. |
| | | | | | General Unsecured | 56,169.20 | | Penalty to date of petition on unsecured priority claims | Disallow | General Unsecured | 0.00 | Reasonable cause for late filing; Penalty amount seems excessive; No detail support provided to reflect how the amount was calculated and on what tax; Claim filed after the bar date. |

| 18-50224 Reagor Auto Mall LTD - TOTAL | 129,893.92 |
|---|---|

| GRAND TOTAL (all Debtors) | 129,949.64 |
|---|---|

**EXHIBIT G**
**REAGOR-DYKES AUTO GROUP CREDITORS LIQUIDATING TRUST**
**Ownership Summary for Partnership Penalty Waiver**

| Debtor | Individual | % | Individual | % | Individual | % | LLC (a) | % |
|---|---|---|---|---|---|---|---|---|
| Reagor Auto Mall, LTD | Bart Reagor | 47% | Rick Dykes | 47% | David Thomas | 5% | Reagor Auto Mall I, LLC | 1% |
| Reagor Dykes Imports | Bart Reagor | 49.5% | Rick Dykes | 49.5% | --- | --- | Reagor Auto Mall I, LLC | 1% |
| Reagor Dykes Motors LP | Bart Reagor | 49.5% | Rick Dykes | 49.5% | --- | --- | Reagor Auto Mall I, LLC | 1% |
| Reagor Dykes Snyder, L.P. | Bart Reagor | 49.5% | Rick Dykes | 49.5% | --- | --- | Reagor Auto Mall I, LLC | 1% |

Footnotes:

(a) Reagor Auto Mall I, LLC owners:
    Bart Reagor - 50%
    Rick Dykes - 50%

# EXHIBIT H
# INTERNAL REVENUE CODE EXCERPTS

**6698(a) General Rule —**

In addition to the penalty imposed by section 7203 (relating to willful failure to file return, supply information, or pay tax), if any partnership required to file a return under section 6031, or a partnership adjustment tracking report under section 6226(b)(4)(A), for any taxable year—

**6698(a)(1)** — fails to file such return, or such report, at the time prescribed therefor (determined with regard to any extension of time for filing), or

**6698(a)(2)** — files a return or a report which fails to show the information required under section 6031 or 6226(b)(4)(A), respectively, such partnership shall be liable for a penalty determined under subsection (b) for each month (or fraction thereof) during which such failure continues (but not to exceed 12 months), ==unless it is shown that such failure is due to reasonable cause.==

---

6231. Definitions and special rules

    (a) Definitions. --For purposes of this subchapter—

**6231(a)(1) Partnership.—**

6231(a)(1)(A) In general. –

Except as provided in subparagraph (B), the term "partnership" means any partnership required to file a return under section 6031(a).

**6231(a)(1)(B) Exception for small partnerships.—**

6231(a)(1)(B)(i) In general. --==The term "partnership" shall not include any partnership having 10 or fewer partners each of whom is an individual (other than a non-resident alien), a C corporation, or an estate of a deceased partner.== For purposes of the preceding sentence, a husband and wife (and their estates) shall be treated as 1 partner.

6231(a)(1)(B)(ii) Election to have subchapter apply. --A partnership (within the meaning of subparagraph (A)) may for any taxable year elect to have clause (i) not apply. Such election shall apply for such taxable year and all subsequent taxable years unless revoked with the consent of the Secretary.