C. Ashley Ellis (TX 00794824)
Emily F. Shanks (TX 24110350)
**FOLEY & LARDNER LLP**
2021 McKinney Avenue, Suite 1600
Dallas, TX 75201
Telephone: 214.999.3000
Facsimile: 214.999.4667

**COUNSEL TO THE REAGOR-DYKES
AUTO GROUP CREDITORS LIQUIDATING TRUST,
SUCCESSOR IN INTEREST TO DEBTORS
REAGOR-DYKES MOTORS, LP,** *et al.*

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION**

| | | |
|---|---|---|
| **IN RE:** | § § | |
| **REAGOR-DYKES MOTORS, LP,** *et al.*[1] | § § | **Case No. 18-50214-rlj-11** |
| | § | **Jointly Administered** |
| **Debtor.** | § | |

**REAGOR-DYKES AUTO GROUP CREDITORS LIQUIDATING TRUST'S
<u>OBJECTION TO CLAIM OF DAVID THOMAS</u>**

**THE PROOF OF CLAIM YOU FILED IN THE ABOVE-CAPTIONED BANKRUPTCY CASE IS SUBJECT TO AN OBJECTION. YOUR CLAIM WITH THE CORRESPONDING BASIS FOR THE OBJECTION IS IDENTIFIED IN EXHIBIT "A."**

**NO HEARING WILL BE CONDUCTED ON THIS OBJECTION TO CLAIM UNLESS A WRITTEN RESPONSE IS FILED WITH THE CLERK OF THE UNITED STATES BANKRUPTCY COURT AT ROOM 306, GEORGE MAHON BUILDING, 1205 TEXAS AVENUE, LUBBOCK, TEXAS 79401 BEFORE CLOSE OF BUSINESS ON <u>JANUARY 17, 2022</u> WHICH IS AT LEAST 30 DAYS FROM THE DATE OF SERVICE HEREOF.**

**ANY RESPONSE SHALL BE IN WRITING AND FILED WITH THE CLERK, AND A COPY SHALL BE SERVED UPON COUNSEL FOR THE MOVING PARTY PRIOR TO THE DATE AND TIME SET FORTH**

---

[1] The Debtors are Reagor-Dykes Imports, LP (Case No. 18-50215), Reagor-Dykes Amarillo (Case No. 18-50216), Reagor-Dykes Auto Company, LP (Case No. 18-50217), Reagor-Dykes Plainview, LP (Case No. 18-50218), Reagor-Dykes Floydada, LP (Case No. 18-50219), Reagor-Dykes Snyder, L.P. (Case No. 18-50321), (Reagor-Dykes III LLC, Case No. 18-50322), Reagor-Dykes II LLC (Case No. 18-50323), Reagor Auto Mall Ltd (Case No. 18-50324) and Reagor Auto Mall I LLC (Case No. 18-50325).

**HEREIN. IF A RESPONSE IS FILED A HEARING MAY BE HELD WITH NOTICE ONLY TO THE OBJECTING PARTY.**

**IF NO HEARING ON SUCH NOTICE OR MOTION IS TIMELY REQUESTED, THE RELIEF REQUESTED SHALL BE DEEMED TO BE UNOPPOSED, AND THE COURT MAY ENTER AN ORDER GRANTING THE RELIEF SOUGHT OR THE NOTICED ACTION MAY BE TAKEN.**

Dennis Faulkner, in his capacity as Trustee of the Reagor-Dykes Auto Group Creditors Liquidating Trust (the "**Trust**ee" and "**Trust**", respectively), successor in interest to Reagor-Dykes Motors, LP, *et al.* as debtors and debtors-in-possession (the "**Debtors**") in the above-captioned jointly administered bankruptcy cases ("**Bankruptcy Cases**"), files this *Objection to Claim of David Thomas,* which is listed on **Exhibit A** attached hereto (the "**Objection**").[2]

## I. EXECUTIVE SUMMARY

1. Claimant David Thomas (the "**Claimant**") filed: (1) claim no. 54 in the Reagor Dykes Auto Mall, Ltd Debtor case for $68,091.21; and (2) claim no. 84 in the Reagor Dykes Auto Mall, Ltd Debtor case for $68,091.21 (the "**Claims**"). The stated basis for each claim is reimbursement for business expenses that Claimant personally expended.

2. In support of the Claims, Claimant attaches various receipts and invoices for expenses. Claimant, however, does not provide documentation or an explanation as to how the various receipts and invoices are related or connected to the Debtors' business, a description stating if and to the extent such expenses were incurred in the ordinary course of the Debtors' business, or any documentation that shows that Claimant is entitled to reimbursement for these expenses from the Debtors. Nor has the Claimant provided a detailed summary of the total expenses incurred.

---

[2] Capitalized terms not defined herein have the meaning as defined in the *Third Amended Chapter 11 Plan of Liquidation for Reagor-Dykes Auto Group, as Modified* [Docket No. 1897] (The "**Plan**").

3. Upon reasonable due diligence and review of the Debtors' books and records, Trust object to the Claim for the following reasons:

a) Claim no. 84 is duplicative of Claim no. 54 and should be disallowed as a duplicate claim; and

b) The proofs of claim lack supporting documentation such that the Trust can accurately assess the validity of the Claims as legitimate business expenses to which Claimant is entitled to reimbursement or the total expenses incurred, if and to the extent they are legitimate business expenses.

4. Accordingly, Claimant has not met his burden to establish prima facie validity of the Claims, and the Trust requests that the Court disallow and expunge the Claims in their entirety.

## II. JURISDICTION AND VENUE

5. The Court has jurisdiction over the subject matter of this Objection pursuant to 28 U.S.C. § 1334. This is a core matter pursuant to 28 U.S.C. § 157(b), which may be heard and finally determined by this Court. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

6. The statutory predicates for relief are Title 11 of the United States Code (the "Bankruptcy Code") sections 105 and 502, Federal Rule of Bankruptcy Procedure 3007, and Local Bankruptcy Rule 3007-1.

## III. RELEVANT BACKGROUND

7. On August 1, 2018 (the "**RD6 Petition Date**"), the following Debtors filed bankruptcy petitions under Chapter 11 of title 11 of the United States Code: Reagor-Dykes Motors, LP; Reagor-Dykes Imports, LP; Reagor-Dykes Amarillo, LP; Reagor Dykes Auto Company, LP; Reagor-Dykes Plainview, LP; Reagor-Dykes Floydada, LP (the "**RD6 Debtors**"). The RD6 Debtors operated multiple dealerships prepetition (collectively, the "**RD6 Dealerships**"). The RD6 Dealerships operated in the ordinary course and transacted business with consumers desiring to buy, lease, and/or trade in vehicles through July 31, 2018.

8. On November 2, 2018 (the "**RAM/Snyder Petition Date**"), the following Debtors also filed for bankruptcy under Chapter 11 of the Bankruptcy Code: Reagor-Dykes II LLC, Reagor-Dykes III LLC, Reagor Auto Mall LP, Reagor Auto Mall I LLC, Reagor-Dykes Snyder, LP. Prepetition, Reagor-Dykes Snyder, LP operated a dealership known as Reagor-Dykes Chevrolet Buick GMC and Reagor Auto Mall, LP operated multiple additional dealerships. The RD6 Petition Date and the RAM/Snyder Petition Date are collectively referred to as the "**Petition Dates**."

9. In accordance with the two Petition Dates, the Court set two bar dates for all claimants in the Bankruptcy Cases for filings proofs of claim as December 5, 2018 and April 24, 2019, respectively (the "**Bar Dates**").

10. On July 10, 2020, the Court entered the *Order Confirming Debtors' Third Amended Chapter 11 Plan of Liquidation for Reagor-Dykes Auto Group, as Modified* [Docket No. 1907] confirming the *Third Amended Chapter 11 Plan of Liquidation for Reagor-Dykes Auto Group, as Modified* [Docket No. 1897] (the "**Plan**").

11. The Plan created the Reagor-Dykes Auto Group Creditors Liquidating Trust as successor in interest to the Debtors and named Dennis Faulkner, of Lain Faulkner and Co., as the Trustee.

## IV. BASIS FOR RELIEF REQUESTED

### A. Legal Standards

12. Bankruptcy Code § 502(a) governs objections to claims and provides that "[a] claim or interest, proof of which is filed under section 501 of this title, is deemed allowed, unless a party in interest . . . objects." 11 U.S.C. § 502(a). "If such objection to a claim is made, the court, after notice and hearing, shall determine the amount of such claim in lawful currency of the

United States as of the date of the filing of the petition, and shall allow such claim in such amount." *Id.* § 502(b).

13. Federal Rule of Bankruptcy Procedure 3007 addresses the objections to claims. FED. R. BANKR. P. 3007. The burden of proof is on the objecting party to produce sufficient evidence to overcome the prima facie effect of the claim. *See In re O'Conner*, 153 F.3d 258, 260 (5th Cir. 1998). If the objecting party succeeds, the burden shifts to the party asserting the claim, who must then establish the validity of the claim by a preponderance of the evidence. *Id.* The ultimate burden of proof lies with the party who would bear the burden if the dispute arose outside of the bankruptcy context. *See In re Armstrong*, 320 B.R. 97 (Bankr. N.D. Tex. 2005).

**B.    Basis for Objection**

14. The Trust and the Trust's professionals have reviewed, and continue to review, the proofs of claim filed in these Chapter 11 Cases as well as the Debtors' Schedules of Assets and Liabilities. During this ongoing review, the Trust and its professionals have identified certain claims to which the Trust objects pursuant to section 502 of the Bankruptcy Code, Federal Rule of Bankruptcy 3007, and Local Rule 3007-1.

15. Exhibit A, attached hereto, identifies the Claimant and his Claims by: (a) the name of the claimant; (b) debtor case number in which the Claims were filed; (c) the proof of claim numbers; (d) the date(s) the proof(s) of claim were filed; (e) type of claim scheduled by the Debtors, if scheduled; (f) the scheduled amount, if scheduled;[3] (g) the type(s) of proof(s) of claim filed—whether secured or unsecured; and (h) the amount(s) of the Claim(s) as set forth on the filed proof(s) of claim.[4]

---

[3] Recognizing that Claimant's filing of the proofs of claim referenced on Exhibit A supersedes the scheduled amount, the scheduled amount, if any, is nonetheless included on Exhibit A for purposes of reference and completeness.

[4] To be clear, the Trust does not assert that the Claim was not timely filed by the respective Bar Date, and thus the Trust is not basing this Objection based on an untimely filed claim.

16. The Trust objects to Claim no. 84 as duplicative of Claim no. 54 and asserts that Claim no. 84 should be disallowed as a duplicate claim to avoid an improper double recovery against the Trust.

17. Additionally, the Trust objects to Claim no. 54 on the basis that the Claimant has not provided sufficient documentation to support the prima facie validity of the Claim as alleged. Specifically, Claimant has merely attached various invoices and receipts without any explanation as to how these documents are connected to the Debtors. Nor has the Claimant provided a detailed list of the total expenses incurred that comprise the total Claim amount. Without documentation or a valid explanation as to how these expenses were actually incurred on behalf of, for the benefit of, and in the ordinary course of the Debtors' business, the Trust cannot accurately evaluate the validity of the Claims, or determine if and to what extent such alleged expenses are entitled to reimbursement. Therefore, the Claimant has not met its burden to establish the prima facie validity of the Claims.

18. Accordingly, to avoid the possibility of improper recovery against the Trust and the inequitable dilution of a distribution to valid claims, the Trustee requests that the Court grant this Objection and enter an Order holding that (a) Claim no. 84 is disallowed and expunged with prejudice as duplicative of Claim no. 54; and (b) Claim no. 54 is disallowed and expunged with prejudice on the basis that Claimant has not established prima facie validity of the Claims as legitimate business expenses of the Debtors for which Claimant is entitled to reimbursement.

## V. CONCLUSION

WHEREFORE, based on the foregoing, Dennis Faulkner, in his capacity as the Trustee, respectfully requests that the Court (a) grant this Motion; and (b) enter an Order that (i) Claim no. 84 is disallowed and expunged with prejudice as duplicative of Claim no. 54; (ii) Claim no. 54 is

disallowed and expunged with prejudice on the basis that Claimant has not established prima facie validity of the Claims as legitimate business expenses of the Debtors for which Claimant is entitled to reimbursement, and (iii) granting such other and further relief to which the Trustee may be justly entitled.

DATED: December 16, 2021

Respectfully submitted by:

*/s/ C. Ashley Ellis*
C. Ashley Ellis (TX 00794824)
Emily F. Shanks (TX 24110350)
**FOLEY & LARDNER LLP**
2021 McKinney Avenue, Suite 1600
Dallas, TX 75201
Telephone: 214.999.3000
Facsimile: 214.999.4667
aellis@foley.com
eshanks@foley.com

**COUNSEL TO THE REAGOR-DYKES AUTO GROUP CREDITORS LIQUIDATING TRUST, SUCCESSOR IN INTEREST TO DEBTORS REAGOR-DYKES MOTORS, LP**

### CERTIFICATE OF SERVICE

I certify that, on December 16, 2021, a true and correct copy of the foregoing motion was served via ECF to all parties authorized to receive electronic notice in this case and on the Claimant listed on Exhibit A at the addresses listed below:

David Thomas
c/o William L. Siegel
Cowles & Thompson, PC
901 Main Street, Suite 3900
Dallas, TX 75202
bsiegel@cowlesthompson.com

David Thomas
P/O. Box 862
Addison, TX 75001
davidthomastx@aol.com

*/s/ Emily F. Shanks*
Emily F. Shanks

# EXHIBIT A

## REAGOR-DYKES AUTO GROUP CREDITORS LIQUIDATING TRUST

| NAME OF CLAIMANT | DEBTOR CASE NUMBER | PROOF OF CLAIM NUMBER | DATE PROOF OF CLAIM FILED | SCHEDULED TYPE | SCHEDULED AMOUNT | PROOF OF CLAIM TYPE | PROOF OF CLAIM AMOUNT |
|---|---|---|---|---|---|---|---|
| DAVID THOMAS | 18-50324  REAGOR AUTO MALL, LTD | 54 | 4/1/2019 | | | General Unsecured | 68,091.21 |
| DAVID THOMAS | 18-50324  REAGOR AUTO MALL, LTD | 84 | 3/28/2019 | | | General Unsecured | 68,091.21 |