C. Ashley Ellis (TX 00794824)
Emily F. Shanks (TX 24110350)
**FOLEY & LARDNER LLP**
2021 McKinney Avenue, Suite 1600
Dallas, TX 75201
Telephone: 214.999.3000
Facsimile: 214.999.4667

**COUNSEL TO THE REAGOR-DYKES
AUTO GROUP CREDITORS LIQUIDATING TRUST,
SUCCESSOR IN INTEREST TO DEBTORS
REAGOR-DYKES MOTORS, LP,** *et al.*

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

| | | |
|---|---|---|
| IN RE: | § § | |
| **REAGOR-DYKES MOTORS, LP,** *et al.*[1] | § § § | Case No. 18-50214-rlj-11 Jointly Administered |
| Debtor. | § | |

**REAGOR-DYKES AUTO GROUP CREDITORS LIQUIDATING TRUST'S OBJECTION
TO CLAIMS OF FORD MOTOR COMPANY**

**THE PROOF(S) OF CLAIM YOU FILED IN THE ABOVE-CAPTIONED BANKRUPTCY CASE IS SUBJECT TO AN OBJECTION. YOUR CLAIMS WITH THE CORRESPONDING BASIS FOR OBJECTION ARE IDENTIFIED ON EXHIBIT "A."**

**NO HEARING WILL BE CONDUCTED ON THIS OBJECTION TO CLAIMS UNLESS A WRITTEN RESPONSE IS FILED WITH THE CLERK OF THE UNITED STATES BANKRUPTCY COURT AT ROOM 306, GEORGE MAHON BUILDING, 1205 TEXAS AVENUE, LUBBOCK, TEXAS 79401 BEFORE CLOSE OF BUSINESS ON JANUARY 31, 2022, WHICH IS AT LEAST 30 DAYS FROM THE DATE OF SERVICE HEREOF.**

**ANY RESPONSE SHALL BE IN WRITING AND FILED WITH THE CLERK, AND A COPY SHALL BE SERVED UPON COUNSEL FOR THE MOVING PARTY PRIOR TO THE DATE AND TIME SET FORTH HEREIN. IF A RESPONSE IS FILED A HEARING MAY BE HELD WITH**

---

[1] The Debtors are Reagor-Dykes Imports, LP (Case No. 18-50215), Reagor-Dykes Amarillo (Case No. 18-50216), Reagor-Dykes Auto Company, LP (Case No. 18-50217), Reagor-Dykes Plainview, LP (Case No. 18-50218), Reagor-Dykes Floydada, LP (Case No. 18-50219), Reagor-Dykes Snyder, L.P. (Case No. 18-50321), (Reagor-Dykes III LLC, Case No. 18-50322), Reagor-Dykes II LLC (Case No. 18-50323), Reagor Auto Mall Ltd (Case No. 18-50324) and Reagor Auto Mall I LLC (Case No. 18-50325).

**NOTICE TO THE OBJECTING PARTY.**

**IF NO HEARING ON SUCH NOTICE OR MOTION IS TIMELY REQUESTED, THE RELIEF REQUESTED SHALL BE DEEMED TO BE UNOPPOSED, AND THE COURT MAY ENTER AN ORDER GRANTING THE RELIEF SOUGHT OR THE NOTICED ACTION MAY BE TAKEN.**

Dennis Faulkner, in his capacity as Trustee of the Reagor-Dykes Auto Group Creditors Liquidating Trust (the "**Trustee**" and "**Trust**", respectively), successor in interest to Reagor-Dykes Motors, LP, *et al.* as debtors and debtors-in-possession (the "**Debtors**") in the above-captioned jointly administered bankruptcy cases ("**Bankruptcy Cases**"), files this *Objection to Claims of Ford Motor Company* to the claims listed on **Exhibit A** attached hereto (the "**Objection**").[2]

## I. EXECUTIVE SUMMARY

1. Claimant Ford Motor Company ("**Claimant**") filed the following proofs of claim listed on Exhibit A (collectively, "**Claims**"): (1) Claim no. 62, which was amended by Claim no. 100 filed in the Reagor-Dykes Auto Company, LP Debtor case for a general unsecured claim of $290,658.83 for "[goods] sold; lease; services performed; and (2) Claim no. 111, which was amended by Claim no. 228 filed in the Reagor-Dykes Motors, LP for a general unsecured claim of $486,890.87 for "[goods] sold; lease; services performed."

2. While Claimant attached documents in support of the Claims, the documents appear to be Claimant's internal documents that do not provide sufficient information such that the Trust can accurately assess the validity of the Claims. Without additional supporting documentation, the Trust cannot adequately assess the validity of the claims or the alleged bases therefore, compare them against the Debtors' books and records, and/or otherwise verify the validity of the claims as alleged.

---

[2] Capitalized terms not defined herein have the meaning as defined in the *Third Amended Chapter 11 Plan of Liquidation for Reagor-Dykes Auto Group, as Modified* [Docket No. 1897] (The "**Plan**").

3. The Trustee objects to these Claims because the Claimant has not provided sufficient support, explanation or documentary evidence to meet its burden to establish the prima facie validity of the Claims. Therefore, the Trust requests that the Claims be disallowed. If such Claims are allowed in the current amounts as set forth on the proofs of claim, the Claimants may receive an improper recovery and windfall, and the amount available for distribution to valid unsecured claims may be unfairly diluted.

4. Accordingly, the Trust objects to these Claims and requests that the Court disallow the Claims specified on Exhibit A, unless the Claimant files a timely response to this Objection and provides sufficient information and documentation supporting its Claim by January 31, 2022, the response deadline to this Objection.

## II. JURISDICTION AND VENUE

5. The Court has jurisdiction over the subject matter of this Objection pursuant to 28 U.S.C. § 1334. This is a core matter pursuant to 28 U.S.C. § 157(b), which may be heard and finally determined by this Court. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

6. The statutory predicates for relief are Title 11 of the United States Code (the "**Bankruptcy Code**") sections 105 and 502, Federal Rule of Bankruptcy Procedure 3007, and Local Bankruptcy Rule 3007-1.

## III. RELEVANT BACKGROUND

7. On August 1, 2018 (the "**RD6 Petition Date**"), the following Debtors filed bankruptcy petitions under Chapter 11 of title 11 of the United States Code: Reagor-Dykes Motors, LP; Reagor-Dykes Imports, LP; Reagor-Dykes Amarillo, LP; Reagor Dykes Auto Company, LP; Reagor-Dykes Plainview, LP; Reagor-Dykes Floydada, LP (the "**RD6 Debtors**"). The RD6 Debtors operated multiple dealerships prepetition (collectively, the "**RD6 Dealerships**"). The RD6

Dealerships operated in the ordinary course and transacted business with consumers desiring to buy, lease, and/or trade in vehicles through July 31, 2018.

8. On November 2, 2018 (the "**RAM/Snyder Petition Date**"), the following Debtors also filed for bankruptcy under Chapter 11 of the Bankruptcy Code: Reagor-Dykes II LLC, Reagor-Dykes III LLC, Reagor Auto Mall LP, Reagor Auto Mall I LLC, Reagor-Dykes Snyder, LP. Prepetition, Reagor-Dykes Snyder, LP operated a dealership known as Reagor-Dykes Chevrolet Buick GMC and Reagor Auto Mall, LP operated multiple additional dealerships. The RD6 Petition Date and the RAM/Snyder Petition Date are collectively referred to as the "**Petition Dates**."

9. In accordance with the two Petition Dates, the Court set two bar dates for all claimants in the Bankruptcy Cases for filings proofs of claim as December 5, 2018 and April 24, 2019, respectively (the "**Bar Dates**").

10. On July 10, 2020, the Court entered the *Order Confirming Debtors' Third Amended Chapter 11 Plan of Liquidation for Reagor-Dykes Auto Group, as Modified* [Docket No. 1907] confirming the *Third Amended Chapter 11 Plan of Liquidation for Reagor-Dykes Auto Group, as Modified* [Docket No. 1897] (the "**Plan**").

11. The Plan created the Reagor-Dykes Auto Group Creditors Liquidating Trust as successor in interest to the Debtors and named Dennis Faulkner, of Lain Faulkner and Co., as the Trustee. The Trustee is charged with the review, analysis and reconciliation of all claims.

### IV. BASIS FOR RELIEF REQUESTED

**A.  Legal Standards**

12. Bankruptcy Code § 502(a) governs objections to claims and provides that "[a] claim or interest, proof of which is filed under section 501 of this title, is deemed allowed, unless a party in interest . . . objects." 11 U.S.C. § 502(a). "If such objection to a claim is made, the court, after notice

and hearing, shall determine the amount of such claim in lawful currency of the United States as of the date of the filing of the petition, and shall allow such claim in such amount." *Id.* § 502(b).

13. Federal Rule of Bankruptcy Procedure 3007 addresses the objections to claims. FED. R. BANKR. P. 3007. The burden of proof is on the objecting party to produce sufficient evidence to overcome the prima facie effect of the claim. *See In re O'Conner*, 153 F.3d 258, 260 (5th Cir. 1998). If the objecting party succeeds, the burden shifts to the party asserting the claim, who must then establish the validity of the claim by a preponderance of the evidence. *Id.* The ultimate burden of proof lies with the party who would bear the burden if the dispute arose outside of the bankruptcy context. *See In re Armstrong*, 320 B.R. 97 (Bankr. N.D. Tex. 2005).

**B.     Basis for Objection**

14. The Trust and the Trust's professionals have reviewed, and continue to review, the proofs of claim filed in these Chapter 11 Cases as well as the Debtors' Schedules. During this ongoing review, the Trust and its professionals have identified certain claims to which the Trust objects pursuant to section 502 of the Bankruptcy Code, Federal Rule of Bankruptcy 3007, and Local Rule 3007-1 through this Objection.

15. Exhibit A, attached hereto, identifies the Claimant and its Claims by: (a) the name of the claimant; (b) debtor case number in which the Claim was filed; (c) the proof of claim number(s); (d) the date(s) the proof(s) of claim were filed; (e) type of claim scheduled by the Debtors, if scheduled; (f) the scheduled amount, if scheduled;[3] (g) the type(s) of proof(s) of claim filed—whether secured or unsecured; and (h) the amount(s) of the Claim(s) as set forth on the filed proof(s) of claim.[4]

---

[3] Recognizing that Claimant's filing of the proof(s) of claim referenced on Exhibit A supersedes the scheduled amounts, the scheduled amounts, if any, are nonetheless included on Exhibit A for purposes of reference and completeness.

[4] To be clear, the Trust does not assert that the Claim was not timely filed by the applicable Bar Date, and thus the Trust is not basing this Objection based on an untimely filed claim.

16. The Trust objects to each of the Claimant's Claims listed on Exhibit A on the basis that the Claims lack sufficient supporting documentation or explanatory information and are therefore not prima facie valid as alleged. Claimant has not attached sufficient documentation to establish the validity of the Claims. As filed, the Trustee is unable to assess the authenticity of the Claims, the basis therefor, or the validity of the amounts asserted. Without this critical information, the Trust is unable to compare the Claims to the Debtors' books and records—which, based on the information available, do not show any Claims are owed—or otherwise assess the validity of the Claims.

17. The Trust must reconcile each and every filed proof of claim and determine the validity, character, and amount of allowable claims against the Trust for the benefit of all parties in interest and creditors. The Trust is unable to reconcile the Claims with the Debtors' books and records or otherwise verify the validity of the Claims as alleged because there is not sufficient verifiable information or documentation supporting the Claims. Therefore, Claimant has not met its burden to establish the prima facie validity of the Claims.

18. Accordingly, to avoid the possibility of improper recovery against the Trust and prevent the improper dilution of a distribution to valid claims against the Trust, the Trustee requests that the Court grant this Objection with regard to the Claims and disallow and expunge Claimant's Claims specified on Exhibit A, unless Claimant provides sufficient documentation to support the Claims by January 31, 2022, which is the deadline to respond to this Objection.

## CONCLUSION

WHEREFORE, based on the foregoing, Dennis Faulkner, in his capacity as the Trustee, respectfully requests that the Court (a) grant this Objection; (b) disallow and expunge the Claims specified in Exhibit A attached hereto, unless Claimant files a timely response to the Objection and

provide sufficient information and documentation to support their Claims by January 31, 2022; (c) and grant such other and further relief to which the Trust is justly entitled.

DATED: December 30, 2021               Respectfully submitted by:

*/s/ C. Ashley Ellis*
C. Ashley Ellis (TX 00794824)
Emily F. Shanks (TX 24110350)
**FOLEY & LARDNER LLP**
2021 McKinney Avenue, Suite 1600
Dallas, TX 75201
Telephone: 214.999.3000
Facsimile: 214.999.4667
aellis@foley.com
eshanks@foley.com

**COUNSEL TO THE REAGOR-DYKES AUTO GROUP CREDITORS LIQUIDATING TRUST, SUCCESSOR IN INTEREST TO DEBTORS REAGOR-DYKES MOTORS, LP**

### CERTIFICATE OF SERVICE

I certify that, on December 30, 2021, a true and correct copy of the foregoing objection was served via ECF to all parties authorized to receive electronic notice in this case and on the Claimant listed on Exhibit A at the address below.

Ford Motor Company
c/o Mark D. Sherrill
Eversheds Sutherland (US) LLP
1001 Fannin Street, Suite 3700
Houston, TX 77002

*/s/ Emily F. Shanks*
Emily F. Shanks

**EXHIBIT A**

**REAGOR-DYKES AUTO GROUP CREDITORS LIQUIDATING TRUST**

| NAME OF CLAIMANT | DEBTOR CASE NUMBER | PROOF OF CLAIM NUMBER | DATE PROOF OF CLAIM FILED | SCHEDULED TYPE | SCHEDULED AMOUNT | PROOF OF CLAIM TYPE | PROOF OF CLAIM AMOUNT | COMMENTS |
|---|---|---|---|---|---|---|---|---|
| FORD MOTOR COMPANY | 18-50214 R-D MOTORS, LP | 111 | 12/5/2018 | | | General Unsecured | 332,529.00 | Amended by POC 228 |
| FORD MOTOR COMPANY | 18-50214 R-D MOTORS, LP | 228 | 12/31/2019 | | | General Unsecured | 486,890.87 | |
| FORD MOTOR COMPANY | 18-50217 R-D AUTO COMPANY, LP | 62 | 12/5/2019 | | | General Unsecured | 113,282.00 | Amended by POC 100 |
| FORD MOTOR COMPANY | 18-50217 R-D AUTO COMPANY, LP | 100 | 12/31/2019 | | | General Unsecured | 290,658.83 | |