Thomas M. Herrin
Texas State Bar No. 09533500
Attorney, Tax Division
Department of Justice
717 N. Harwood, Suite 400
Dallas, Texas  75201
(214) 880-9745
FAX (214) 880-9741
thomas.m.herrin@usdoj.gov

**ATTORNEY FOR UNITED STATES OF AMERICA
(INTERNAL REVENUE SERVICE)**

### IN THE UNITED STATES BANKRUPTCY COURT FOR THE

### NORTHERN DISTRICT OF TEXAS

### LUBBOCK DIVISION

| | |
|---|---|
| IN RE: § <br> § <br> **REAGOR-DYKES MOTORS, L.P., et al.,** § <br> § <br> **Debtors.** § <br> § | Case No. 18-50214-rlj-11 <br> Jointly Administered |

**UNITED STATES OF AMERICA'S RESPONSE TO
CREDITORS LIQUIDATING TRUST'S OBJECTION
<u>TO THE CLAIMS OF THE INTERNAL REVENUE SERVICE</u>**

The United States of America responds to Creditors Liquidating Trust's ("Trust") Objection to the Claims of the Internal Revenue Service (ECF 2327) as follows:

1. The United States admits the allegations contained in paragraph 1 of Trust's Objection.

2. The United States admits the allegations contained in paragraph 2 of Trust's Objection.  However, the United States denies that Trust's proposed treatment of the allowed

IRS claims is correct. The United States avers, instead, that the claims should be allowed as filed and paid in accordance with the priority scheme afforded those claims under the Bankruptcy Code. The United States further avers that where Trust has objected to estimated claims based on unfiled tax returns, the respective debtor(s) should be compelled to file the unfiled returns before the Trust's Objection on those claims is heard.

   3. The United States lacks sufficient knowledge or information to form a belief about the truth of the allegations regarding Trust's beliefs and the Debtors' books and records. Except as stated above, the United States denies the remaining allegations contained in paragraph 3 of Trust's Objection. The United States avers instead that Trust's proposed treatment of the allowed claims is incorrect. Instead, the tax claims should be allowed as filed and paid in accordance with the priority scheme afforded those claims under the Bankruptcy Code. The United States further avers that where Trust has objected to estimated claims based on unfiled tax returns, the respective debtor(s) should be compelled to file the unfiled returns before the Trust's Objection on those claims is heard.

   4. The United States denies the allegations contained in paragraph 4 of Trust's Objection. The United States avers instead that the claims filed by the IRS should be allowed as filed and paid in accordance with the priority scheme afforded those claims under the Bankruptcy Code. The United States further avers that where Trust has objected to estimated claims based on unfiled tax returns, the respective debtor(s) should be compelled to file the unfiled returns before the Trust's Objection on those claims is heard.

5. The United States lacks sufficient knowledge or information to form a belief about the truth of the allegations regarding Trust's beliefs. Except as stated above, the United States denies the remaining allegations contained in paragraph 5 of Trust's Objection. The United States avers instead that Trust's proposed treatment of the allowed claims is incorrect. Instead, the claims should be allowed as filed and paid in accordance with the priority scheme afforded those claims under the Bankruptcy Code. The United States further avers that where Trust has objected to estimated claims based on unfiled tax returns, the respective debtor(s) should be compelled to file the unfiled returns before the Trust's Objection on those claims is heard.

6. The United States admits the allegations contained in paragraph 6 of Trust's Objection.

7. The United States admits the allegations contained in paragraph 7 of Trust's Objection.

8. The United States admits the allegations contained in paragraph 8 of Trust's Objection.

9. The United States admits the allegations contained in paragraph 9 of Trust's Objection.

10. The United States admits the allegations contained in paragraph 10 of Trust's Objection.

11. The United States admits the allegations contained in paragraph 11 of Trust's Objection.

12. The United States admits the allegations contained in paragraph 12 of Trust's Objection.

13. The United States admits the allegations contained in paragraph 13 of Trust's Objection.

14. The United States admits the allegations contained in paragraph 14 of Trust's Objection.

15. The United States lacks sufficient knowledge or information to form a belief about the truth of the allegations contained in paragraph 15 of Trust's Objection.

16. The United States admits the allegations contained in paragraph 16 of Trust's Objection. However, the United States denies that Trust's proposed treatment of the allowed IRS claims is correct. The United States avers, instead, that the IRS claims should be allowed as filed and paid in accordance with the priority scheme afforded those claims under the Bankruptcy Code. The United States further avers that where Trust has objected to estimated claims based on unfiled tax returns, the respective debtor(s) should be compelled to file the unfiled returns before the Trust's Objection on those claims is heard.

17. The United States lacks sufficient knowledge or information to form a belief about the contents of Debtors' books and records. Except as stated above, the United States denies the remaining allegations contained in paragraph 17 of Trust's Objection. The United States avers instead, that the IRS claims should be allowed as filed and paid in accordance with the priority scheme afforded those claims under the Bankruptcy Code. The United States further avers that where Trust has objected to estimated claims based on unfiled tax returns, the

respective debtor(s) should be compelled to file the unfiled returns before the Trust's Objection on those claims is heard.

18. The United States denies the allegations contained in paragraph 18 of Trust's Objection. The United States avers the following instead.

(a) For Case No. 18-50214, the initial Proof of Claim asserted a combined penalty of $600. This penalty was reduced to $100 on the IRS's Second Amended Proof of Claim, and then increased to $7,300 on the IRS's Third Amended Proof of Claim. Because the required returns to which they related (Forms 940, 941 and 1065) had not yet been filed, the initially claimed penalty could only be estimated. After this Debtor filed some of the missing returns, the IRS amended its claim to reflect the correct tax and corresponding penalty due based on those returns. The United States notes that the 2017 Partnership Return (Form 1065) was not filed until after the bar date for filing governmental claims. To date the 2018 Partnership Return (Form 1065) has not been filed. After the still missing return are filed, if appropriate, the IRS will amend its claim to reflect the correct tax and corresponding penalty due for the tax period.

(b) For Case No. 18-50215, the initial Proof of Claim asserted a combined penalty of $1,000. This penalty was reduced to $500 on the IRS's First Amended Proof of Claim, and then increased to $1,490.06 on the IRS's Second Amended Proof of Claim. Because the required returns to which they related (Forms 940, 941 and 1065) had not yet been filed, the initially claimed penalty could only be estimated. After this Debtor filed the missing returns, the IRS amended its claim to reflect the correct tax and corresponding penalty due based on those

returns. The United States notes that the 2019 Partnership Return (Form 1065) was not filed until after the bar date for filing governmental claims.

(c) For Case No. 18-50321, the initial Proof of Claim asserted a combined penalty of $200. This penalty was increased to $2,746.28 on the IRS's First Amended Proof of Claim. Because the required returns to which they related (Forms 940, 941 and 1065) had not yet been filed, the initially claimed penalty could only be estimated. After this Debtor filed two of the missing returns, the IRS amended its claim to reflect the correct tax and corresponding penalty due for those tax periods based on the filed returns. To date, debtor has not filed returns for four of the seven tax periods on the amended claim. After the missing returns are filed, if appropriate, the IRS will amend its claim to reflect the correct tax and corresponding penalty due for those tax periods.

(d) For Case No. 18-50322, the IRS Proof of Claim asserted a combined penalty of $300. Because the required returns to which they related (Forms 1065) had not yet been filed, the initially claimed penalty could only be estimated. To date, debtor has not filed returns for the tax periods on the amended claim. After the missing returns are filed, if appropriate, the IRS will amend its claim to reflect the correct tax and corresponding penalty due for those tax periods on its claim.

(e) For Case No. 18-50323, the IRS Proof of Claim asserted a combined penalty of $200. Because the required returns to which they related (Forms 1065) had not yet been filed, the initially claimed penalty could only be estimated. After the missing Form 1065 returns are

filed, if appropriate, the IRS will amend its claim to reflect the correct tax and corresponding penalty due for those tax periods on its claim.

(f) For Case No. 18-50324, the initial Proof of Claim asserted a combined penalty of $2,017.39. This penalty was increased to $58,186.59 on the IRS's First Amended Proof of Claim. Because the required returns to which they related (Forms 720, 940, 941, and 1065) had not yet been filed, the initially claimed penalty could only be estimated. After Debtor filed one of the missing Form 941 returns and the missing Form 940 return, the IRS amended its claim to reflect the correct tax and corresponding penalty due for those periods. The United States notes that the Form 941 return for the second quarter of 2018 was not filed until after the bar date for filing governmental claims. To date, debtor has not filed returns for the twenty of the tax periods on the amended claim. After the missing returns are filed, if appropriate, the IRS will amend its claim to reflect the correct tax and corresponding penalty due for those periods on its claim.

19. The United States denies the allegations contained in paragraph 19 of Trust's Objection. The United States avers, instead, that in each instance the initial Proofs of Claims filed by the IRS were timely. The United States further avers that the IRS claims were amended and the increased penalties asserted based on returns filed by the debtors after the IRS filed its initial Proof of Claim in their respective bankruptcy. These amendments corrected both the tax and its corresponding penalties owed based on those returns.

The United States further avers that Trust's reliance on *In re Kolstad*, 928 F.2d 171 (5th Cir. 1991) is misplaced. As held in *Kolstad*, "[t]he claims filing deadlines, however, by no

means fix in stone the final 'allowed' amounts of claims. … [W]hile bar dates establish the universe of participants in the debtor's case, they have little correlation to the final relative amounts in which creditors will share any distribution. … Once a claim is timely filed under Rule 3004, however, the essential role of the bar date has been fulfilled. The process of claims adjudication may then adjust the rights of creditors among themselves." *Id.*, at 928 F.2d 173–74. As *Kolstad* further holds, "[a]mendments to timely creditor proofs of claim have been liberally permitted to 'cure a defect in the claim as originally filed, to describe the claim with greater particularity or to plead a new theory of recovery on the facts set forth in the original claim.'" *Id.*, at 175. Here, as in *Kolstad*, the amended claims relate back to a liability previously asserted on a timely filed Proof of Claim. Further, not allowing the Service to amend its claim after the debtors filed missing returns providing the information needed to determine their correct liability would allow the debtors to "game' the system and profit from their own misfeasance (here the failure to timely file required tax returns).

20.     The United States denies the allegations contained in paragraph 20 of Trust's Objection. The United States avers, instead, that reasonable cause may only excuse a failure to file penalty if, while exercising ordinary business care and prudence, a taxpayer is nevertheless unable to timely file a prescribed return. 26 C.F.R. § 301.6651-1(c). Here, Debtors exercised neither.

In determining if the taxpayer exercised ordinary business care and prudence consideration will be given to the nature of the tax which the taxpayer has failed to pay. For example, facts and circumstances which may constitute reasonable cause for income taxes may

not constitute reasonable cause for taxes described in section 7501 that are collected or withheld from any other person. *Id.*, at (c)(2). *Compare, In re Sykes & Sons, Inc.*, 188 B.R. 507, 514 (Bankr. E.D. Pa. 1995) ("[T]he test here is more stringent than would be the case if the unpaid taxes were income or other taxes.")

Trust argues that debtor's financial difficulties support a finding of reasonable cause for not timely filing their Form 940 and 941 returns. As noted in *Wolfe v. United States*, 612 F. Supp. 605, 608 (D. Mont. 1985), *aff'd,* 798 F.2d 1241 (9th Cir. 1986), *opinion amended on denial of reh'g*, 806 F.2d 1410 (9th Cir. 1986), "[a]lmost every non-willful failure to pay taxes is the result of financial difficulties. But to allow businesses to postpone filing returns and paying taxes until economic conditions improve would severely restrict the Service's ability to raise revenue for the operation of the federal government." Nor can debtors legitimately argue a lack of resources to hire an accountant. *Compare Olsen v. C.I.R.*, 70 T.C.M. (CCH) 83 (T.C. 1995) (bankruptcy judge refusal to allow petitioners to hire an accountant, standing alone, will not constitute reasonable cause for petitioners' failure to file timely their 1987 tax return). It cannot go unnoted that debtors had sufficient resources to employ bankruptcy counsel.

Debtors made a conscious decision not to timely comply with known filing obligations. That choice is not the exercise of ordinary business care and prudence and it will not support a reasonable cause defense in these consolidated bankruptcies.

21. The United States denies the allegations contained in paragraph 21 of Trust's Objection. 26 U.S.C. § 6031(a) requires partnerships to file Form 1065 informational tax returns with the IRS identifying the distributive share of income, deductions, and credits

attributable to each partner in the partnership. *See Hamdan v. United States*, 02-384T, 2009 WL 612326, at *3 (Fed. Cl. Mar. 9, 2009); *see also Kaplan v. United States*, 133 F.3d 469, 471 (7th Cir. 1998). Similarly, all employers are required to file: (1) Employer's Quarterly Federal Tax Returns (Form 941) reporting the income and FICA taxes withheld from the employees' wages as well as their own FICA taxes; and (2) Employer's Annual Federal Unemployment Tax Returns (Form 940) reporting FUTA taxes. *See* 26 U.S.C. §§ 6011, 6071; 26 C.F.R. § 31.6071(a)–1. *See also United States v. China China Inc.*, C-11-02065 EDL, 2011 WL 4404941, at *2 (N.D. Cal. Aug. 31, 2011), *report and recommendation adopted*, C 11-02065 SC, 2011 WL 4404154 (N.D. Cal. Sept. 21, 2011). The United States notes that the debtors in Case Nos. 18-50214, 18-50321, and 18-50324 (the debtors for which Trust has objected to the IRS claims) continued to operate and to pay wages at least through May 2020. (See ECF 1863, 1866, and 1871). The Trust's reliance on Section 6231(a)(1)(B) for small partnerships is misplaced as those rules excluded certain small partnerships from the TEFRA combined partnership audit procedures for tax years before 2018 rather than excusing them from filing annual information income tax returns on Form 1065 or penalties for failure to file such returns. For tax 2018 and later, Section 6231 does not even reference small partnerships, and the amendments to the BBA rules make it possible for a partnership to be liable for income tax – especially if it has not filed a timely return.

22. The United States denies the allegations contained in paragraph 22 of Trust's Objection. The United States avers, instead, that for the reasons set out in this Response the IRS claims filed in the debtors' respective bankruptcies should be allowed as filed and paid in

accordance with the priority scheme set out in the Bankruptcy Code. The United States further avers that where Trust has objected to estimated claims based on unfiled tax returns, the unfiled returns should be filed before the Trust's Objection on those claims is heard.

Wherefore the United States requests that the Court deny the relief sought by Trust's Objection and grant the United States such other and further relief for which it may be entitled.

    Respectfully submitted,

/s/ Thomas M. Herrin
THOMAS M. HERRIN
Texas State Bar No. 09533500
Attorney, Tax Division
Department of Justice
717 N. Harwood, Suite 400
Dallas, Texas   75201
(214) 880-9745
FAX (214) 880-9741
thomas.m.herrin@usdoj.gov

**ATTORNEY FOR UNITED STATES (INTERNAL REVENUE SERVICE)**

## CERTIFICATE OF SERVICE

IT IS HEREBY CERTIFIED that service of the foregoing Response will be made on January 5, 2022, by the Clerk through electronic notice to all parties authorized to receive electronic notice in this case including the Creditors Liquidating Trust's counsel through email address listed below:

    C. Ashley Ellis
    Emily F. Shanks
    FOLEY & LARDNER LLP
    2021 McKinney Avenue, Suite 1600
    Dallas, TX 75201
    aellis@foley.com
    eshanks@foley.com

                                      /s/ Thomas M. Herrin
                                      THOMAS M. HERRIN